LEE C. ROSENTHAL, State Bar #58778
lrosenthal@goldfarblipman.com
ROBERT C. MILLS, State Bar #158097
rmills@goldfarblipman.com
JULIET E. COX, State Bar #214401
jcox@goldfarblipman.com
GOLDFARB & LIPMAN LLP
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, California 94612
Telephone:  (510) 836-6336
Facsimile:  (510) 836-1035

Attorneys for Respondents and Real Parties in Interest DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA; SCS DEVELOPMENT COMPANY; and EDEN HOUSING, INC.

JOSEPH M. QUINN, State Bar #171898
jquinn@meyersnave.com
ARIANA MOHIT, State Bar #211407
amohit@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, California 94105
Telephone:  (415) 421-3711
Facsimile:  (415) 421-3767

Attorneys for Respondent CITY OF DUBLIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASS'N et al.,<br><br>   Petitioners,<br><br>   v.<br><br>CITY OF DUBLIN et al.,<br><br>   Respondents,<br><br>SCS DEVELOPMENT COMPANY et al.,<br><br>   Real Parties in Interest. | Case No.: 3:07-cv-05794-EMC<br><br>**ANSWER TO PETITION FOR WRIT OF MANDATE** |

1
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST

1460\02\501247.3

Respondents DUBLIN HOUSING AUTHORITY ("DHA"), HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA ("HACA," erroneously named in the Petition in this action as the HOUSING AUTHORITY OF ALAMEDA COUNTY), and CITY OF DUBLIN (the "City") (together, "Respondents"), on their own behalf and on behalf of Real Parties in Interest SCS DEVELOPMENT COMPANY dba CITATION HOMES CENTRAL ("Citation") and EDEN HOUSING INC. ("Eden") (together, "Real Parties"), hereby answer the Verified Petition for Writ of Mandate (the "Petition") filed in this action by Petitioners ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, and ELISE VEAL by admitting, denying, and alleging as follows:

1. Respondents admit that a Rhenae Keyes, an Andres Arroyo, a Darlene Brown, and an Elise Veal are tenants at the 150-unit Arroyo Vista public housing complex ("Arroyo Vista") located generally at 6700 Dougherty Road in Dublin. To the extent that Paragraph 1 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

2. Respondents admit that on July 17, 2007, the City Council of the City adopted City Resolution 136-07, approving execution by the City of a Disposition and Development Agreement (the "DDA") for redevelopment of Arroyo Vista. Respondents allege further that on the same date, the Board of Commissioners of DHA adopted DHA Resolution 10-07, approving execution of the DDA by DHA; and that on July 25, 2007, the HACA Housing Commission adopted HACA Resolution 18-07, approving execution of the DDA by HACA. Respondents admit further that the City, Respondents, and Real Parties executed the DDA on or around July 25, 2007. To the extent that Paragraph 2 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

3. Respondents admit and allege that the DDA provides for demolition of the 150 public housing units at Arroyo Vista if, but only if, the United States Department of Housing and Urban Development ("HUD") approves the disposition plan described in the DDA. Respondents allege further that the DDA permits DHA to terminate the DDA without further obligation to the

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

2
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST
1460\02\501247.3

1  City, HACA, Eden, or Citation if HUD disapproves the disposition plan described in the DDA. To the extent that Paragraph 3 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

4.  Respondents admit that DHA has provided relocation assistance to some former Arroyo Vista residents in compliance with law. To the extent that Paragraph 4 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

5.  Respondents admit that the DDA calls for replacement of the 150 public housing units at Arroyo Vista with a mixed-income development including not less than 150 affordable housing units. Respondents allege that the DDA conditions replacement of these public housing units with a mixed-income development on approval by HUD of the disposition plan described in the DDA. To the extent that Paragraph 5 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

6.  To the extent that Paragraph 6 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

7.  To the extent that Paragraph 7 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

8.  To the extent that Paragraph 8 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

9.  Respondents admit that a Rhenae Keyes is a tenant at Arroyo Vista, and that Ms. Keyes and two other household members occupy a four-bedroom housing unit. Respondents admit further that Ms. Keyes presently pays $549 per month in rent for her housing unit at Arroyo Vista. To the extent that Paragraph 9 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

10. Respondents admit that a Darlene Brown is a tenant at Arroyo Vista, and that Ms. Brown occupies a two-bedroom housing unit. Respondents admit further that Ms. Brown

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

3
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST
1460\02\501247.3

presently pays $179 per month in rent for her housing unit at Arroyo Vista. To the extent that Paragraph 10 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

11. Respondents admit that an Andres Arroyo is a tenant at Arroyo Vista, and that Mr. Arroyo and one other household member occupy a two-bedroom housing unit. Respondents admit and allege further that Mr. Arroyo presently pays $192 per month in rent for his housing unit at Arroyo Vista. To the extent that Paragraph 11 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

12. Respondents admit that an Elise Veal is a tenant at Arroyo Vista, and that Ms. Veal and seven other household members occupy a four-bedroom housing unit. Respondents admit further that Ms. Veal presently pays $524 per month in rent for her housing unit at Arroyo Vista. To the extent that Paragraph 12 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

13. Respondents admit and allege that the City is a municipal corporation organized and existing under the general laws of the State of California. To the extent that Paragraph 13 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

14. Respondents admit and allege that DHA is a public body, corporate and politic, organized and existing under the California Housing Authorities Law (Cal. Health & Saf. Code § 34200 *et seq*.). Respondents admit further that DHA is a Public Housing Agency within the meaning of 42 U.S.C. § 1437. Respondents admit further that DHA owns Arroyo Vista and that DHA receives an annual contribution from HUD for operation of Arroyo Vista. To the extent that Paragraph 14 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

15. Respondents admit and allege that HACA is a public body, corporate and politic, organized and existing under the California Housing Authorities Law (Cal. Health & Saf. Code § 34200 *et seq*.). Respondents admit further that HACA is a Public Housing Agency within the

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

4
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST
1460\02\501247.3

meaning of 42 U.S.C. § 1437 and that HACA is the managing agent for DHA. Respondents admit and allege further that the DDA requires HACA to provide up to 150 Housing Choice ("Section 8") Vouchers to the Arroyo Vista households who may relocate or be displaced because of the DDA. To the extent that Paragraph 15 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

16. Respondents admit and allege that Citation is a California corporation, duly organized and existing and authorized to do business in California. Respondents admit and allege further that Citation is a party to the DDA, and that the DDA requires Citation to develop for-sale housing at the Arroyo Vista site if, but only if, HUD approves the disposition plan described in the DDA. To the extent that Paragraph 16 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

17. Respondents admit and allege that Eden is a California nonprofit public benefit corporation, duly organized and existing and authorized to do business in California. Respondents admit and allege further that Eden is a party to the DDA, and that the DDA requires Eden to develop affordable rental housing at the Arroyo Vista site if, but only if, HUD approves the disposition plan described in the DDA. To the extent that Paragraph 17 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

18. Respondents admit that Arroyo Vista includes 150 public housing units and that Arroyo Vista is in the City of Dublin. Respondents admit that no other housing owned by a Public Housing Agency exists within the jurisdictional limits of the City of Dublin. Respondents admit that tenant-paid rents at Arroyo Vista average less than $500 per month. To the extent that Paragraph 18 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

19. Respondents admit that DHA's Five-Year Plan for fiscal years 2005–2009 describes DHA's mission in substantially the manner alleged in the Petition. To the extent that

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

5
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST
1460\02\501247.3

Paragraph 19 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

20. To the extent that Paragraph 20 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

21. Respondents admit that some Arroyo Vista residents have "very low" incomes, as HUD defines "very low"; and that others have "extremely low" incomes, as HUD defines "extremely low." To the extent that Paragraph 21 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

22. Respondents admit and allege that DHA has a waiting list for public housing at Arroyo Vista, and that this list includes approximately 280 names. To the extent that Paragraph 22 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

23. Respondents admit and allege that on July 26, 2006, DHA adopted its Resolution 12-06, authorizing DHA staff members to negotiate appropriate documents with Eden and Citation for redevelopment of Arroyo Vista. To the extent that Paragraph 23 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

24. Respondents admit and allege that on November 21, 2006, DHA adopted its Resolution 17-06, approving amendments to DHA's Annual and Five-Year Plans to provide for sale and redevelopment of Arroyo Vista and authorizing DHA staff members to submit these amendments to HUD. To the extent that Paragraph 24 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

25. Respondents admit that on July 17, 2007, the City Council of the City adopted City Resolution 136-07, approving execution by the City of the DDA. Respondents admit that the DDA calls for replacement of the 150 public housing units at Arroyo Vista with a mixed-income development including not less than 150 affordable housing units. Respondents allege

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

6
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST
1460\02\501247.3

further that the DDA conditions replacement of these public housing units with a mixed-income development on approval by HUD of the disposition plan described in the DDA. To the extent that Paragraph 25 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

26. Respondents admit that the DDA includes estimates of likely rent levels for the affordable rental units in the mixed-income development that may result from performance of the DDA. To the extent that Paragraph 26 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

27. To the extent that Paragraph 27 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

28. Respondents admit that on or around August 14, 2007, DHA submitted an application to HUD for permission to dispose of Arroyo Vista in the manner described in the DDA. To the extent that Paragraph 28 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

29. Respondents admit that as of the date of this Answer, HUD had not approved DHA's application for permission to dispose of Arroyo Vista in the manner described in the DDA. To the extent that Paragraph 29 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

30. Respondents admit that as of the date of this Answer, they had not presented a complete relocation plan for Arroyo Vista's residents to Petitioners or to any other Arroyo Vista tenant or tenants' group for comment. Respondents allege further that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes preparation of such a plan a prerequisite. To the extent that Paragraph 30 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

31. Respondents admit that as of the date of this Answer, neither DHA's Board of Commissioners nor the City Council of the City had approved a complete relocation plan for

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

Arroyo Vista's residents. Respondents allege further that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes approval of such a plan a prerequisite. To the extent that Paragraph 31 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

32. To the extent that Paragraph 32 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

33. Respondents allege that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes provision of a "90-day notice" a prerequisite. To the extent that Paragraph 33 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

34. To the extent that Paragraph 34 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

35. Respondents incorporate by reference all responses to Paragraphs 1 through 34 of the Petition, inclusive.

36. To the extent that Paragraph 36 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

37. To the extent that Paragraph 37 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

38. To the extent that Paragraph 38 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

39. To the extent that Paragraph 39 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

40. To the extent that Paragraph 40 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

41. To the extent that Paragraph 41 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

42. To the extent that Paragraph 42 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

43. To the extent that Paragraph 43 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

44. To the extent that Paragraph 44 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

45. Respondents admit that the HUD Special Applications Center in Chicago and the HUD local field office are responsible for evaluating and for approving or denying an applicant's compliance with federal laws governing disposition of public housing projects. To the extent that Paragraph 45 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

46. To the extent that Paragraph 46 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

47. Respondents admit that Respondents approved the DDA before HUD had acted on DHA's application to HUD for permission to dispose of Arroyo Vista in the manner described in the DDA. Respondents allege that the DDA expressly conditions disposition and demolition of Arroyo Vista in the manner described in the DDA upon approval by HUD of that disposition. To the extent that Paragraph 47 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

48. Respondents admit and allege that the DDA requires Respondents to comply with all laws pertaining to relocation of Arroyo Vista's current residents. Respondents allege further that as of the date of this Answer, no Respondent and no Real Party had taken any action for which HUD approval of a relocation plan is a prerequisite. To the extent that Paragraph 48 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

49. Respondents admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Respondents allege further that DHA has provided relocation assistance to these former

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

1 Arroyo Vista residents in compliance with law. To the extent that Paragraph 49 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

50. To the extent that Paragraph 50 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

51. To the extent that Paragraph 51 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

52. To the extent that Paragraph 52 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

53. To the extent that Paragraph 53 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

54. To the extent that Paragraph 54 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

55. Respondents incorporate by reference all responses to Paragraphs 1 through 34 of the Petition, inclusive.

56. To the extent that Paragraph 56 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

57. To the extent that Paragraph 57 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

58. To the extent that Paragraph 58 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

59. To the extent that Paragraph 59 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

60. To the extent that Paragraph 60 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

61. To the extent that Paragraph 61 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

62. To the extent that Paragraph 62 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

63. Respondents admit and allege that on July 26, 2006, DHA adopted its Resolution 12-06, authorizing DHA staff members to negotiate appropriate documents with Eden and Citation for redevelopment of Arroyo Vista. Respondents admit and allege further that on July 17, 2007, the City Council of the City adopted City Resolution 136-07, approving execution by the City of the DDA; that on the same date, the Board of Commissioners of DHA adopted DHA Resolution 10-07, approving execution of the DDA by DHA; that on July 25, 2007, the HACA Housing Commission adopted HACA Resolution 18-07, approving execution of the DDA by HACA; and that the City, Respondents, and Real Parties executed the DDA on or around July 25, 2007. Respondents admit that the DDA calls for replacement of the 150 public housing units at Arroyo Vista with a mixed-income development including not less than 150 affordable housing units. Respondents allege further that the DDA conditions replacement of these public housing units with a mixed-income development on approval by HUD of the disposition plan described in the DDA. Respondents admit that as of the date of this Answer, they had not presented a complete relocation plan for Arroyo Vista's residents to Petitioners or to any other Arroyo Vista tenant or tenants' group for comment; and that as of the date of this Answer, neither DHA's Board of Commissioners nor the City Council of the City had approved a complete relocation plan for Arroyo Vista's residents. Respondents allege further that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes preparation, review, or approval of such a plan a prerequisite. To the extent that Paragraph 63 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

64. Respondents admit and allege that DHA's application to HUD for permission to dispose of Arroyo Vista in the manner described in the DDA requires DHA to give notice to Petitioners and to all other Arroyo Vista tenants in compliance with all laws governing relocation. To the extent that Paragraph 64 of the Petition includes any additional factual

allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

65. Respondents admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Respondents allege further that DHA has provided relocation assistance to these former Arroyo Vista residents in compliance with law. Respondents admit that they have not re-rented those former residents' units, and that they have secured those vacant housing units against unlawful occupancy. To the extent that Paragraph 65 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

66. To the extent that Paragraph 66 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

67. To the extent that Paragraph 67 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

68. To the extent that Paragraph 68 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

69. To the extent that Paragraph 69 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

70. Respondents incorporate by reference all responses to Paragraphs 1 through 34 and 56 through 69 of the Petition, inclusive.

71. To the extent that Paragraph 71 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

72. Respondents admit and allege that the DDA requires Respondents to comply with all laws pertaining to relocation of Arroyo Vista's current residents. Respondents allege further that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any makes preparation of a relocation plan a prerequisite. To the extent that Paragraph 72 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

12
ANSWER BY RESPONDENTS AND REAL PARTIES IN INTEREST
1460\02\501247.3

73. Respondents admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Respondents allege further that DHA has provided relocation assistance to these former Arroyo Vista residents in compliance with law. To the extent that Paragraph 73 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

74. Respondents admit that as of the date of this Answer, they had not presented a complete relocation plan for Arroyo Vista's residents to Petitioners or to any other Arroyo Vista tenant or tenants' group for comment. Respondents allege further that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes preparation of such a plan a prerequisite. To the extent that Paragraph 74 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

75. Respondents admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Respondents allege further that DHA has provided relocation assistance to these former Arroyo Vista residents in compliance with law. To the extent that Paragraph 75 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

76. Respondents allege that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes provision of "notices to vacate" a prerequisite. To the extent that Paragraph 76 of the Petition includes any additional factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

77. To the extent that Paragraph 77 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

78. To the extent that Paragraph 78 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

79. To the extent that Paragraph 79 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

80. To the extent that Paragraph 80 of the Petition includes any factual allegations potentially material to Petitioners' claims, Respondents and Real Parties deny those allegations.

**FIRST AFFIRMATIVE DEFENSE**

The Petition fails to state any claim upon which this Court may grant relief to Petitioners.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over any potential claim stated in the Petition, because any such claim is not yet ripe for this Court's adjudication.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over any potential claim stated in the Petition, because some or all Petitioners lack standing to bring those claims.

**FOURTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over persons whose participation in this action is necessary to accomplish complete adjudication of any claims stated by Petitioners, because Petitioners have failed to join all indispensable parties.

**FIFTH AFFIRMATIVE DEFENSE**

Petitioners' unclean hands bar any recovery by them on the claims alleged in the Petition.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all Petitioners, by their own acts and omissions, have caused any harm to Petitioners of which Petitioners complain.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all Petitioners have waived any right to the recovery they seek in the Petition.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all Petitioners are estopped by their own acts to claim the recovery they seek in the Petition.

WHEREFORE, Respondents and Real Parties pray:

1. That Petitioners take nothing by their Petition in this action;

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

2. That Respondents and Real Parties be awarded costs of suit herein; and

3. For such other and further relief as this Court may deem just and proper.

DATED: November 21, 2007                    GOLDFARB & LIPMAN LLP

By: /s/ Juliet E. Cox
JULIET E. COX
Attorneys for Respondents and Real Parties in Interest DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA; SCS DEVELOPMENT COMPANY; and EDEN HOUSING, INC.

DATED: November 21, 2007                    MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/ Joseph M. Quinn
JOSEPH M. QUINN
Attorneys for Respondent CITY OF DUBLIN

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX