25 CCR § 6000

Cal. Admin. Code tit. 25, § 6000

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2
§ 6000. Order of Adoption.

This subchapter (hereinafter referred to as the "Guidelines") is adopted pursuant to the provisions of Section 41135, Health and Safety Code, in order to implement, interpret and to make specific provisions of Division 7, commencing with Section 7260 of the Government Code (hereinafter referred to as the "Act"), relating to relocation assistance, last resort housing and real property acquisition.


Note: Authority cited for Chapter 6: Sections 41134, 41135, and 41226, Health and Safety Code.
Reference: Section 7260 et seq., Government Code; 41134, 41135, and 41226, Health and Safety Code.

HISTORY

1. Amendment filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44). For prior history, see Register 76, No. 44.

2. Redesignation of Chapter 6 (Sections 6000-6198, not consecutive) to Chapter 6, Subchapter 1 (Sections 6000-6198, not consecutive) filed 1-28-77 as procedural and organizational; effective upon filing (Register 77 No. 5).

3. Amendment filed 1-28-77 as procedural and organizational; effective upon filing (Register 77, No. 5).

4. Certificate of Compliance as to filing of 11-5-76 filed 2-16-77 (Register 77, No. 8).

25 CCR § 6000, 25 CA ADC § 6000
1CAC

25 CA ADC § 6000

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6002

Cal. Admin. Code tit. 25, § 6002

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2

§ 6002. Statement of Purpose and Policy.

(a) The purpose of the Guidelines is to assist public entities in the development of regulations and procedures implementing the Act.

(b) The Guidelines are designed to carry out the following policies of the Act:

(1) To ensure that uniform, fair and equitable treatment is afforded persons displaced from their homes, businesses or farms as a result of the actions of a public entity in order that such persons shall not suffer disproportionate injury as a result of action taken for the benefit of the public as a whole; and

(2) In the acquisition of real property by a public entity, to ensure consistent and fair treatment for owners of real property to be acquired, to encourage and expedite acquisition by agreement with owners of such property in order to avoid litigation and relieve congestion in courts, and to promote confidence in public land acquisition.

(c) A public entity shall not participate in or undertake a project that will displace individuals from their homes unless comparable replacement dwellings (see subsection 6008(c)) will be available within a reasonable period of time prior to displacement.

(d) The Guidelines are intended to establish only minimum requirements for relocation assistance and payments. They shall not be construed to limit any other authority or obligation which a public entity may have to provide additional assistance and payments.

(e) The Act and the Guidelines are intended for the benefit of displaced persons, to ensure that such persons receive fair and equitable treatment and do not suffer disproportionate injuries as the result of programs designed for the benefit of the public as a whole. The Act, Guidelines and all applicable regulations on which determinations are based shall be construed to effect this intent.

25 CCR § 6002, 25 CA ADC § 6002
1CAC

25 CA ADC § 6002

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6004

Cal. Admin. Code tit. 25, § 6004

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2

§ 6004. Applicability and Supersedure.

(a) Except as otherwise noted in this section, the Guidelines are applicable to all displacement and acquisition
occurring on or after their effective date, January 1, 1977.

(b) These Guidelines supersede those adopted by the Commission of Housing and Community Development
on October 17, 1973. The guidelines so superseded shall not apply to any displacement or acquisition
occurring on or after the effective date of these Guidelines. Any such displacement or acquisition shall be
governed solely by these Guidelines and the California Relocation Act, found at Government Code section
7260 et seq.

The provisions of these Guidelines, however, shall not be construed retroactively to apply to action(s)
undertaken by a public entity prior to their effective date where the purpose of the action was to fulfill
obligations imposed by the Act and the action is in compliance with the requirements of the Act and the
existing Guidelines. For the purpose of this section the term "action" shall include but is not limited to: the
provision of information, notice, other assistance, comparable replacement housing, payments and other
benefits; the preparation of relocation and last resort housing plans, including the survey and analysis of
needs and resources; the processing of grievances; and the various steps taken in connection with the
acquisition of property for public use.

These guidelines shall apply to relocation plans and notices to displacees subsequent to the effective date of
any regulatory provision. The right of displacees shall not be reduced in reliance on any amendment to these
guidelines where it may be demonstrated that the displacee has acted in reliance on a notice given to that
household prior to the effective date of any guideline.

(c) To the extent that these Guidelines are from time to time amended, the amendments shall be effective
prospectively from the date that they become effective.


  Note: Authority cited: Section 50460, Health and Safety Code. Reference: Article 4, Section 8, California
Constitution.

HISTORY

1. Amendment of subsection (b) filed 11-5-76 as an emergency; designated
effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

3. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register
97, No. 33).

25 CCR § 6004, 25 CA ADC § 6004
1CAC

25 CA ADC § 6004

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6006

Cal. Admin. Code tit. 25, § 6006

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2

§ 6006. Regulations.

(a) Each public entity before undertaking or participating in activity which will result in the displacement of persons shall adopt rules and regulations that implement the requirements of the Act, are in accordance with the provisions of the Guidelines, and prescribe additional procedures and requirements that are appropriate to the particular activities of the public entity and not inconsistent with the Act or Guidelines.

(b) Rules and regulations issued under this section shall be promptly revised as necessary, to conform to any amendment of the Act or Guidelines.

25 CCR § 6006, 25 CA ADC § 6006
1CAC

25 CA ADC § 6006

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6008

Cal. Admin. Code tit. 25, § 6008

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2

§ 6008. Definitions.

The following terms shall mean:
(a) Acquisition.

Obtaining ownership or possession of property by lawful means.

(b) Business.

Any lawful activity, except a farm operation provided such lawful activity is not in an unlawful occupancy as defined in subsection (v), conducted primarily:

(1) For the purchase, sale, lease, or rental of personal and real property, and for the manufacture, processing, or marketing of products, commodities, or any other personal property;

(2) For the sale of services to the public;

(3) By a nonprofit organization; or

(4) Solely for the purpose of a moving expense payment (see section 6090), for assisting in the purchase, sale, resale, manufacture, processing, or marketing of products, commodities, personal property, or services by the erection and maintenance of an outdoor advertising display, whether or not such display is located on the premises on which any of the above activities are conducted.

(c) Comparable Replacement Dwelling.

A dwelling which satisfies each of the following standards:

(1) Decent, safe and sanitary (as defined in subsection 6008(d)), and comparable to the acquired dwelling with respect to number of rooms, habitable living space and type and quality of construction, but not lesser in rooms or living space than necessary to accommodate the displaced person.

(2) In an area not subjected to unreasonable adverse environmental conditions from either natural or manmade sources, and not generally less desirable than the acquired dwelling with respect to public utilities, public and commercial facilities and neighborhood conditions, including schools and municipal services, and reasonably accessible to the displaced person's present or potential place of employment; provided that a potential place of employment may not be used to satisfy the accessibility requirement if the displaced person objects.

The Act and Guidelines do not require that the replacement dwelling be generally as desirable as the acquired dwelling with respect to environmental characteristics. Though a displaced person does not have to accept a dwelling subject to unreasonable adverse environmental conditions, neither is a public entity required to duplicate environmental characteristics, such as scenic vistas or proximity to the ocean, lakes, rivers, forests or other natural phenomena.

If the displaced person so wishes, every reasonable effort shall be made to relocate such person within or near to his existing neighborhood. Whenever practicable the replacement dwelling shall be

reasonably close to relatives, friends, services or organizations with whom there is an existing dependency relationship.

(3) Available on the private market to the displaced person and available to all persons regardless of race, color, sex, marital status, religion, or national origin in a manner consistent with Title VIII of the Civil Rights Act of 1968 or any other applicable state or federal anti-discrimination law.

(4) To the extent practicable and where consistent with paragraph (c)(1) of this section, functionally equivalent and substantially the same as the acquired dwelling, but not excluding newly constructed housing.

(5)(A) Within the financial means of the displaced person. A replacement dwelling is within the financial means of a displaced person if the monthly rental cost (including utilities and other reasonable recurring expenses) minus any replacement housing payment available to the person (as provided in section 6104) does not exceed thirty percent (30%) [FN1] of the person's average monthly income (as defined in subsection 6008(1)).

(B) For homeowners; a replacement dwelling is within the financial means of a displaced person if the purchase price of the dwelling including related increased interest costs and other reasonable expenses including closing costs (as described in section 6102) does not exceed the total of the amount of just compensation provided for the dwelling acquired and the replacement housing payment available to the person (as provided in section 6102).

If a dwelling which satisfies these standards is not available the public entity may consider a dwelling which exceeds them.

(d) Decent, Safe and Sanitary.

(1) Housing in sound, clean and weather tight condition, in good repair and adequately maintained, in conformance with the applicable state and local building, plumbing, electrical, housing and occupancy codes or similar ordinances or regulations and which meets the following minimum standards:

(A) Each housekeeping unit shall include a kitchen with a fully usable sink, a stove or connection for a stove, a separate and complete bathroom, hot and cold running water in both bathroom and kitchen, an adequate and safe wiring system for lighting and other electrical services and heating as required by climatic conditions and local codes.

(B) Each nonhousekeeping unit shall be in conformance with state and local code standards for boarding houses, hotels and other dwellings for congregate living.

(2) When the term decent, safe and sanitary is interpreted, under local, state or federal law, as establishing a higher standard, the elements of that higher standard, which exceed the provision of paragraph (1) of this subsection, are incorporated herein. A unit which is occupied by no more than the maximum number of people allowed under the State Building Code shall be considered to be in compliance with the occupancy provisions of this subsection.

(e) Department. Department of Housing and Community Development.

(f) Displaced Person. Any person who moves from real property, or who moves his personal property from real property, either:

(1) As a result of a written notice of intent to acquire by a public entity or as a result of the acquisition of such real property, in whole or in part, by a public entity or by any person having an agreement with or acting on behalf of a public entity, or as the result of a written order from a public entity to vacate the real property, for public use; or

(2) As a result of the rehabilitation, demolition or other displacing activity undertaken by a public entity or by any person having an agreement with or acting on behalf of a public entity of real property on which the person is in lawful occupancy or conducts a business, and the displacement, except as provided in Government Code section 7262.5, lasts longer than 90 days.

This definition shall be construed so that persons displaced as a result of public action receive relocation

benefits in cases where they are displaced as a result of an owner participation agreement or an acquisition carried out by a private person for or in connection with a public use where the public entity is otherwise empowered to acquire the property to carry out the public use.

(3) Except persons or families of low and moderate income, as defined in Section 50093 of the Health and Safety Code, who are occupants of housing which was made available to them on a permanent basis by a public agency and who are required to move from that housing, a displaced person shall not include any of the following:

(A) Any person who has been determined to be in unlawful occupancy of the displacement property as defined in subsection 6008(v).

(B) Any person who is a post-acquisition occupant of the displacement dwelling, as provided in section 6034(b);

(C) Any person who occupied the property for the purpose of obtaining relocation benefits and assistance;

(D) Any person who is an occupant of a "Qualified affordable housing preservation project" and all requirements of Government Code section 7262.5 are met; or

(E) Any person occupying private property (not otherwise entitled to relocation benefits as a result of an acquisition, rehabilitation or demolition program) who is required to move as a result of the displacing agency's routine enforcement of building, housing or health codes unless the code enforcement is undertaken for the purpose of causing displacement in coordination with an identified rehabilitation, construction, or demolition program or project.

(F) A person who is not required to move permanently or temporarily as a result of the project as long as they are notified they are not required to move and the project does not impose an unreasonable change in the character or use of the property.

(G) An owner-occupant who moves as a result of an acquisition meeting the requirements of Government Code section 7277.

(g) Dwelling. The place of permanent or customary and usual abode of a person, including a single-family dwelling, a single-family unit in a two-family dwelling, multi-family or multipurpose dwelling, a unit of a condominium or cooperative housing project, a nonhousekeeping unit, a mobilehome, a recreational vehicle as described in Health and Safety Code Section 18010, or any other residential unit which either is considered to be real property under State law or cannot be moved without substantial damage or unreasonable cost. A residence need not be decent, safe and sanitary to be a dwelling.

A second home shall be considered to be a dwelling only for the purpose of establishing eligibility for payment for moving and related expenses (as provided in section 6090).

(h) Economic Rent. The amount of rent a tenant or homeowner would have to pay for a dwelling similar to the acquired dwelling in a comparable area.

(i) Elderly Household. A household in which the head of household or spouse is 62 years or older.

(j) Family. Two or more individuals who by blood, marriage, adoption, or mutual consent live together as a family unit.

(k) Farm Operation. Any activity conducted solely or primarily for the production of one or more agricultural products or commodities, including timber, for sale or home use, and customarily producing such products or commodities in sufficient quantity to be capable of contributing materially to the operator's support.

( l ) Gross Income. Gross income means the total annual income of an individual, or where a family is displaced total annual income of the parents or adult heads of household, less the following:

(1) A deduction of $500 for each dependent in excess of three.

(2) A deduction of ten percent (10%) of total income for an elderly or handicapped household.

(3) A deduction for recurring, extraordinary medical expenses, defined for this purpose to mean medical expenses in excess of three percent of total income, where not compensated for or covered by insurance or other sources, such as public assistance or tort recovery.

(4) A deduction of reasonable amounts paid for the care of children or sick or incapacitated family members when determined to be necessary to employment of the head or spouse, except that the amount deducted shall not exceed the amount of income received by the person thus released.

Gross income is divided by twelve to ascertain the average monthly income. Relocation and property acquisition payments are not to be considered as income for the determination of financial means.

(m) Handicapped Household. A household in which any member is handicapped or disabled.

(n) Initiation of Negotiations. The initial written offer made by the acquiring entity to the owner of real property to be purchased, or the owner's representative.

(o) Manufactured Home or Mobilehome. A structure described in Health and Safety Code sections 18007 and 18008.

(p) Mortgage. Such classes of liens as are commonly given to secure advances on, or the unpaid purchase price of, real property, together with the credit instruments, if any, secured thereby.

(q) Ownership. Holding any of the following interests in a dwelling, or a contract to purchase one of the first six interests:

(1) A fee title.

(2) A life estate.

(3) A 50-year lease.

(4) A lease with at least 20 years to run from the date of acquisition of the property.

(5) A proprietary interest in a cooperative housing project which includes the right to occupy a dwelling.

(6) A proprietary interest in a mobilehome.

(7) A leasehold interest with an option to purchase.

In the case of one who has succeeded to any of the foregoing interests by devise, bequest, inheritance or operation of law, the tenure of ownership, but not occupancy, of the succeeding owner shall include the tenure of the preceding owner.

(r) Person. Any individual, family, partnership, corporation, limited liability corporation or association.

(s) Public Entity. Includes the state, the Regents of the University of California, a county, city, city and county, district, public authority, public agency, and any other political subdivision or public corporation in the state when acquiring real property, or any interest therein, or ordering that acquired property be vacated, in any city or county for public use.

(t) Public Use. A use for which property may be acquired by eminent domain.

(u) Tenant. A person who rents or is otherwise in lawful possession of a dwelling, including a sleeping room, which is owned by another.

(v) Unlawful Occupancy. A person is considered to be in unlawful occupancy if the person has been ordered to move by a court of competent jurisdiction or if the person's tenancy has been lawfully terminated by the owner for cause, the tenant has vacated the premises, and the termination was not undertaken for the purpose of evading relocation assistance obligations.

[FN1] For those who, pursuant to the criteria set forth in Government Code section 7260(i)(3)(A) through

(J), would have qualified as a "displaced person" prior to January 1, 1998, the applicable figure shall be twenty-five percent (25%) of the person's average monthly income.


Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260(b), (c)(2)(A), (l)(1) and 7277, Government Code; Section 17000, Corporations Code; and Sections 18007, 18008, 18010 and 50093, Health and Safety Code.

HISTORY

1. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

2. Redesignation and amendment of former subsection (c)(5) as subsections (c)(5)(A)-(B) and amendment of subsections (f)(2) and (f)(3)(D) filed 10-7-99; operative 11-6-99 (Register 99, No. 41).

25 CCR § 6008, 25 CA ADC § 6008
1CAC

25 CA ADC § 6008

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6010

Cal. Admin. Code tit. 25, § 6010

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2

§ 6010. Prior Determinations.

(a) Displacement. No public entity may proceed with any phase of a project or other activity which will result in the displacement of any person, business or farm until it makes the following determinations:

(1) Fair and reasonable relocation payments will be provided to eligible persons as required by Article 3 of the Guidelines.

(2) A relocation assistance program offering the services described in Article 2 of the Guidelines will be established.

(3) Eligible persons will be adequately informed of the assistance, benefits, policies, practices and procedures, including grievance procedures, provided for in these Guidelines.

(4) Based upon recent survey and analysis of both the housing needs of persons who will be displaced and available replacement housing and considering competing demands for that housing, comparable replacement dwellings will be available, or provided, if necessary, within a reasonable period of time prior to displacement sufficient in number, size and cost for the eligible persons who require them.

(5) Adequate provisions have been made to provide orderly, timely, and efficient relocation of eligible persons to comparable replacement housing available without regard to race, color, religion, sex, marital status, or national origin with minimum hardship to those affected.

(6) A relocation plan meeting the requirements of section 6038 has been prepared.

(b) Acquisition. No public entity may proceed with any phase of a project or any other activity which will result in the acquisition of real property until it determines that with respect to such acquisition and to the greatest extent practicable,

(1) Adequate provisions have been made to be guided by the provisions of Article 6 of the Guidelines, and

(2) Eligible persons will be informed of the pertinent benefits, policies and requirements of the Guidelines.

HISTORY

1. Amendment of subsection (b) filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

25 CCR § 6010, 25 CA ADC § 6010
1CAC

25 CA ADC § 6010

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6012

Cal. Admin. Code tit. 25, § 6012

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2
§ 6012. Citizen Participation.

(a) All persons who will be displaced, neighborhood groups and any relocation committee shall be given an
opportunity and should be encouraged fully and meaningfully to participate in reviewing the relocation plan
and monitoring the relocation assistance program.

(b) When a substantial number of persons will be displaced from their dwellings the public entity shall
encourage the residents and community organizations in the displacement area to form a relocation
committee. The committee shall include, when applicable, residential owner occupants, residential tenants,
business people, and members of existing organizations within the area. In lieu of initiating a new process of
citizen participation, public entities which have conducted or are conducting a citizen participation process as
part of an existing development program may substitute such process if it satisfies the requirements of this
section.

If a substantial number of persons will not be displaced from their dwellings, the public entity shall at least
consult with and obtain the advice of residents and community organizations and make the relocation plan
available to such persons and organizations prior to submitting it to the legislative body for approval. (See
section 6038.)

(c) At a minimum the displacing entity shall guarantee the following:

(1) Timely and full access to all documents relevant to the relocation program. A public entity may
reasonably restrict access to material where its confidentiality is protected by law or its disclosure is
prohibited by law.

The displacing entity shall ensure that the information in documents the provision of which would result in
disclosure of the identity of eligible persons is provided in a manner designed to avoid such disclosure.
This obligation to avoid improper disclosure shall not affect the right of the person to which the
information relates (or any other person authorized in writing by such person) to inspect such documents.

(2) The provision of technical assistance necessary to interpret elements of the relocation plan and other
pertinent materials.

(3) The right to submit written or oral comments and objections, including the right to submit written
comments on the relocation plan and to have these comments attached to the plan when it is forwarded
to the local legislative body or the head of the state agency for approval.

(4) Prompt, written response to any written objections or criticisms.

25 CCR § 6012, 25 CA ADC § 6012
1CAC

25 CA ADC § 6012

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6014

Cal. Admin. Code tit. 25, § 6014


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2
§ 6014. Prerequisite to Displacement.

No person shall be displaced until the public entity has fulfilled the obligations imposed by the Act and
Guidelines.

25 CCR § 6014, 25 CA ADC § 6014
1CAC

25 CA ADC § 6014

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6016

Cal. Admin. Code tit. 25, § 6016

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2

§ 6016. Remedies.

(a) If the public entity has not fulfilled or is not substantially fulfilling its relocation responsibilities, it shall cease displacement until such time as its responsibilities are fulfilled. When appropriate project implementation shall be suspended or terminated.

(b) Eligible persons who move without offers of assistance and benefits, after the public entity was required to offer assistance or benefits, shall be provided such assistance and payments and, when appropriate, compensation for additional costs incurred. The displacing entity shall make every effort to identify and locate such persons.

(c) A public entity may pay a complainant's attorney's fees and costs and is encouraged to consider doing so when a complainant institutes a successful administrative appeal or judicial action.

(d) The enumeration of remedies in this section is not intended to discourage or preclude the use of other remedies consistent with the intent of the Act and Guidelines. Rather a public entity is encouraged to consider and adopt other remedies.

25 CCR § 6016, 25 CA ADC § 6016
1CAC

25 CA ADC § 6016

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6018

Cal. Admin. Code tit. 25, § 6018

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2
§ 6018. Priority of Federal Law.

If a public entity undertakes a project with federal financial assistance and consequently must provide
relocation assistance and benefits as required by federal law, the provisions of the Act and Guidelines shall
not apply; but if an obligation to provide relocation assistance and benefits is not imposed by federal law the
provisions of the Act and Guidelines shall apply.

25 CCR § 6018, 25 CA ADC § 6018
1CAC

25 CA ADC § 6018

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6020

Cal. Admin. Code tit. 25, § 6020

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 1. GENERAL
This database is current through 1/11/08, Register 2008, No. 2
§ 6020. Severability.

If any provision of the Guidelines or the application thereof is held invalid, such invalidity shall not affect
other provisions or applications of the Guidelines which can be given effect without the invalid provision or
application, and to this end the provisions of the Guidelines are severable.

25 CCR § 6020, 25 CA ADC § 6020
1CAC

25 CA ADC § 6020

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6030

Cal. Admin. Code tit. 25, § 6030

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6030. Purpose.

The purpose of this part is to set forth requirements with respect to the development and implementation of a relocation assistance advisory program for the provision of specified services and to prescribe the obligation of a public entity not to displace or cause the displacement of any person from his dwelling without adequate notice and unless comparable replacement housing is available.

25 CCR § 6030, 25 CA ADC § 6030
1CAC

25 CA ADC § 6030

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6032

Cal. Admin. Code tit. 25, § 6032

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6032. Relocation Assistance Advisory Program.

Public entities shall develop and implement a relocation assistance advisory program which satisfies the
requirements of this article and of Title VI of the Civil Rights Act of 1964, Title VIII of the Civil Rights Act of
1968, the Unruh Civil Rights Act, the Rumford Act and applicable state and federal anti-discrimination laws.
Such program shall be administered so as to provide advisory services which offer maximum assistance to
minimize the hardship of displacement and to ensure that (a) all persons displaced from their dwellings are
relocated into housing meeting the criteria for comparable replacement housing, and (b) all persons displaced
from their places of business or farm operations are assisted in reestablishing with a minimum of delay and
loss of earnings.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7261, Government Code.

HISTORY

1. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register
97, No. 33).

25 CCR § 6032, 25 CA ADC § 6032
1CAC

25 CA ADC § 6032

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6034

Cal. Admin. Code tit. 25, § 6034

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6034. Eligibility.

(a) Relocation assistance and benefits shall be available to:

(1) Any person who occupies property from which he will be displaced.

(2) Any person who will move from real property or will move his personal property from real property, because he will be displaced from other real property on which he conducts a business or farm operation.

(3) Any person who moves from real property as a result of its acquisition by a public entity whether the move is voluntary or involuntary.

(4) Any person who, following the initiation of negotiations by a public entity, moves as the result of the pending acquisition.

(5) Any person who moves as the result of pending acquisition, rehabilitation or demolition by a public entity either following receipt of a Notice of Intent to Displace (see section 6086) or as a result of inducement or encouragement by the public entity.

(b)(1) Post-acquisition tenants, those who lawfully occupy property only after a public entity acquires it, or who lawfully occupy property after the private acquisition of property by a person with a written agreement with a public entity for the purpose of financing the purchase or development of the property, are not eligible for assistance and benefits other than advisory assistance to the extent determined by the displacing agency.

A public entity shall inform post-acquisition tenants regarding the pro-jected date of displacement and, periodically, should inform post-acquisition tenants of any changes in this projection.(2) When the displacement of a post-acquisition tenant causes a hardship for that person because of a critical housing shortage, age, handicap, infirmity, lack of financial means or other circumstance, the displacing entity shall provide relocation advisory assistance and, may in its discretion, provide other financial relocation benefits. In such hardship situations a public entity is encouraged to provide advisory assistance and payment for moving expenses.(3) Where a public entity, or property it owns, is making housing available on a permanent basis, a post-acquisition tenant who moves as the result of a written order from the public entity to vacate is eligible for relocation assistance and benefits if the order to vacate is related to a plan to demolish, rehabilitate or change the use of such units.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7260(c), Government Code.

HISTORY

1. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6034, 25 CA ADC § 6034
1CAC

25 CA ADC § 6034

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6036

Cal. Admin. Code tit. 25, § 6036

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6036. Rehabilitation and Demolition.

If a public entity undertakes a rehabilitation or demolition program and as a result a person or business is
displaced from privately owned property, the public entity shall provide assistance and benefits. If a person
or business is displaced by such an undertaking from property acquired by a public entity, the public entity
shall provide assistance and benefits.


   Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7260(c), Government
Code.

                              HISTORY

1. Amendment of section heading and section and new Note filed 8-12-97;
operative 9-11-97 (Register 97, No. 33).

25 CCR § 6036, 25 CA ADC § 6036
1CAC

25 CA ADC § 6036

END OF DOCUMENT

                              (C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6038

Cal. Admin. Code tit. 25, § 6038

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6038. Relocation Plan.

(a) As soon as possible following the initiation of negotiations and prior to proceeding with any phase of a project or other activity that will result in displacement a public entity shall prepare a Relocation Plan and submit it for approval to the local legislative body, or in the case of a state agency, the head of the agency. When the public entity's action will only result in an insignificant amount of non-residential displacement a displacing entity shall provide benefits as required by these Guidelines and state Relocation Law without compliance with this section. For residential projects of 15 or less households, the full and accurate completion of the Model Relocation Plan HCD-832(new), which is incorporated by reference as if set forth in full, shall be presumed to be in compliance with the planning requirements of this section. Copies of the Model Relocation Plan HCD-832(6/8/99) as well as the Informational Notice HCD-833(6/8/99), which is incorporated by reference as if set forth in full, may be downloaded from the Department's internet web site at www.hcd.ca.gov. This form can be obtained from the Department by telephoning 916-323-7288.

(b) A Relocation Plan shall include the following:

(1) A diagrammatic sketch of the project area.

(2) Projected dates of displacement.

(3) A written analysis of the aggregate relocation needs of all persons to be displaced (as required by section 6048) and a detailed explanation as to how these needs are to be met.

(4) A written analysis of relocation housing resources (as required by section 6052).

(5) A detailed description of the relocation advisory services program, including specific procedures for locating and referring eligible persons to comparable replacement housing.

(6) A description of the relocation payments to be made (pursuant to Article 3) and a plan for disbursement.

(7) A cost estimate for carrying out the plan and identification of the source of the necessary funds.

(8) A detailed plan by which any last resort housing (as described in section 6054 and Article 4) is to be built and financed.

(9) A standard information statement to be sent to all renters who will be permanently displaced (as required by section 6046).

(10) Temporary relocation plans, if any.

(11) A description of relocation office operation procedures.

(12) Plans for citizen participation.

(13) An enumeration of the coordination activities undertaken (pursuant to section 6052).

(14) The comments of the relocation committee, if any (pursuant to section 6012).

(15) A written determination by the public entity that the necessary resources will be available as required.

(c) A Plan prepared by a local public entity shall be consistent with the local housing element.

(d) In the event of delay of more than one year in the implementation of the relocation program, the plan shall be updated prior to implementation of that program.

(e)(1) Copies of the plan shall be submitted for review to the relocation committee 30 days prior to submission to the local legislative body or head of state agency for approval. Copies shall be available to the public upon request. A copy of the final relocation plan shall be forwarded to the department which shall act as a central repository.

(2) General notice of the plan shall be provided. Notice shall be designed to reach the occupants of the property; it shall be in accordance with the provisions of paragraph 6046(a)(3) and subsection 6046(b); and it shall be provided 30 days prior to submission to the local legislative body or head of state agency for approval.

(f) Any displaced person or interested organization may petition the department to review the relocation plan required to be submitted by the displacing agency. The department shall review the plan in accordance with the time constraints and the procedures established in Article 5.


   Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260.5 and 7261, Government Code.

HISTORY

1. Amendment of subsection (c) filed 1-28-77 as procedural and organizational; effective upon filing (Register 77, No. 5).

2. Amendment of subsections (a) and (c)-(e)(1), new subsection (f)  and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

3. Amendment of subsections (a), (b)(9) and (e)(1) filed 10-7-99; operative 11-6-99 (Register 99, No. 41).

25 CCR § 6038, 25 CA ADC § 6038
1CAC

25 CA ADC § 6038

END OF DOCUMENT

                                        (C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6040

Cal. Admin. Code tit. 25, § 6040

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6040. Minimum Requirements of Relocation Assistance Advisory Program.

(a) Each relocation assistance advisory program undertaken pursuant to this Article shall include, at a minimum, such measures, facilities or services as may be necessary or appropriate in order to:

(1) Fully inform eligible persons under this Article within 60 days following the initiation of negotiations but not later than the close of escrow on the property, for a parcel as to the availability of relocation benefits and assistance and the eligibility requirements therefor, as well as the procedures for obtaining such benefits and assistance, in accordance with the requirements of section 6046. For projects by private parties with an agreement with a public entity, the "initiation of negotiations" shall be the later of the date of acquisition or the date of the written agreement between the private entity and the public entity for purposes of acquiring or developing the property for the project.

(2) Determine the extent of the need of each such eligible person for relocation assistance in accordance with the requirements of section 6048.

(3) Assure eligible persons that within a reasonable period of time prior to displacement there will be available comparable replacement housing, meeting the criteria described in section 6008(c), sufficient in number and kind for and available to such eligible persons.

(4) Provide current and continuing information on the availability, prices, and rentals of comparable sales and rental housing, and of comparable commercial properties and locations, and as to security deposits, closing costs, typical down payments, interest rates, and terms for residential property in the area.

(5) Assist each eligible person to complete applications for payments and benefits.

(6) Assist each eligible, displaced person to obtain and move to a comparable replacement dwelling.

Only adequate inspection will insure that a particular unit meets this standard. If a displaced person occupies a unit to which he is referred by the public entity and the unit does not satisfy the comparable replacement dwelling standard, the public entity has not fulfilled its obligation to assist the displaced person to obtain such a dwelling. Whenever this occurs the public entity shall offer to locate such a dwelling for the displaced person and to pay again all moving and related expenses. If the displaced person chooses not to move from the unit that he occupied following referral, the public entity shall not assert that he is ineligible to receive relocation assistance and benefits on the basis of that unit's failure to satisfy the comparable replacement dwelling standard.

(7) Assist each eligible person displaced from his business or farm operation in obtaining and becoming established in a suitable replacement location.

(8) Provide any services required to insure that the relocation process does not result in different or separate treatment on account of race, color, religion, national origin, sex, marital status, familial status, or any basis protected by state or federal anti-discrimination laws, or any other arbitrary circumstances.

(9) Supply to such eligible persons information concerning federal and state housing programs, disaster loan and other programs administered by the Small Business Administration, and other federal or state

programs, offering assistance to displaced persons.

(10) Provide other advisory assistance to eligible persons in order to minimize their hardships. It is recommended that, as needed, such assistance include counseling and referrals with regard to housing, financing, employment, training, health and welfare, as well as other assistance.

(11) Inform all persons who are expected to be displaced about the eviction policies to be pursued in carrying out the project, which policies shall be in accordance with the provisions of section 5058.

(b) Relocation Office.

When a substantial number of persons will be displaced and the relocation staff's office is not easily accessible to those persons, a displacing entity is encouraged to establish at least one appropriately equipped site office which is accessible to all the area residents who may be displaced and is staffed with trained or experienced relocation personnel. Office hours should be scheduled to accommodate persons unable to visit the office during normal business hours.

(c) Each displacing entity shall establish and maintain a formal grievance procedure for use by displaced persons seeking administrative review of the entity's determinations. The procedure shall be in accordance with the requirements of Article 5.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260.5 and 7261, Government Code.

HISTORY

1. Amendment of subsections (a)(1) and (a)(8) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6040, 25 CA ADC § 6040
1CAC

25 CA ADC § 6040

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6042

Cal. Admin. Code tit. 25, § 6042

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6042. Replacement Housing Prior to Displacement; Notices to Displaced Persons.

(a) No eligible person shall be required to move from his dwelling unless within a reasonable period of time
prior to displacement comparable replacement dwellings (as defined in subsection 6008(c)) or, in the case of
a temporary move (as defined in section 6044), adequate replacement dwellings (as defined in subsection (b)
below) are available to such person.

(b) The criteria for adequate replacement dwellings are in all respects identical to those for comparable
replacement dwellings, except that an adequate replacement dwelling, with respect to the number of rooms,
habitable living space and type of construction, need be only adequate not comparable.

(c) Reasonable Offer of Replacement Housing.

The requirements of this section shall be deemed to have been satisfied if a person is offered and refuses
without justification reasonable choices of specifically identified comparable replacement dwellings which fully
satisfy the criteria set forth in the Guidelines. The offers shall be in writing, in a language understood by the
displaced person. The number of offers determined to be reasonable should be not less than three.

(d) Notice.

No eligible person occupying property shall be required to move from a dwelling or to move a business or
farm operation, without at least 90 days written notice from the public entity requiring the displacements.
Public entities shall notify each individual tenant to be displaced as well as each owner-occupant. (These
requirements are in addition to those contained in sections 6040 and 6046.)

(e) Waiver.

The requirement in subsection (a) above may be waived only when immediate possession of real property is
of crucial importance and by one of the following circumstances:

    (1) When displacement is necessitated by a major disaster as defined in Section 102(2) of the Hazard
    Mitigation and Relocation Assistance Act of 1993 (42 U.S.C. 5121) and/or the California Natural Disaster
    Assistance Act.

    (2) During periods of declared national or state emergency.


  Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260.5, 7261 and
7264.5, Government Code.

HISTORY

1. Amendment of subsections (a) and (e)(1) and new Note filed 8-12-97;
operative 9-11-97 (Register 97, No. 33).

25 CCR § 6042, 25 CA ADC § 6042

1CAC

25 CA ADC § 6042

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6044

Cal. Admin. Code tit. 25, § 6044

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6044. Temporary Move.

(a) General.

(1) A public entity shall be required to minimize to the greatest extent feasible the use of temporary relocation resources (as defined in section 6042) but, when a project plan anticipates moves back into completed project accommodations, temporary relocation resources may be used, at the displaced person's election for a limited period of time.

(2) Temporary relocation does not diminish the responsibility of the pubic entity to provide relocation assistance, services and benefits designed to achieve permanent relocation of displaced persons into comparable replacement dwellings.

(b) Requirements.

(1) Temporary replacement housing may not be relied upon if comparable replacement housing will not be available to the displaced person within 12 months of the date of the temporary move.

(2) Prior to the move, the public entity shall have determined and have provided written assurance to each displaced person that:

(A) Comparable replacement housing will be made available at the earliest possible time but in any event no later than 12 months from the date of the move to temporary housing. Temporarily housed persons may agree to extend the 12 month limitation but, if they do not, the public entity shall ensure that comparable replacement dwellings are available within the 12 month period.

(B) Comparable replacement housing will be made available, on a priority basis, to the individual or family who has been temporarily rehoused.

(C) The move to temporary housing will not affect a claimant's eligibility for a replacement housing payment nor deprive him of the same choice of replacement housing units that would have been made available had the temporary move not been made and the costs of a temporary move will not be considered as all or a part of the relocation payments to which a displaced person is entitled.

(D) If a project plan anticipates moves back into replacement housing accommodations in the project or program area, the person who has been temporarily displaced will be given priority opportunity to obtain such housing accommodations.

(E) The public entity will pay all costs in connection with the move to temporary housing, including increased housing costs.

25 CCR § 6044, 25 CA ADC § 6044
1CAC

25 CA ADC § 6044

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6046

Cal. Admin. Code tit. 25, § 6046

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6046. Informational Program.

(a) Basic Requirements.

The displacing entity shall establish and maintain an information program that provides for the following:

(1) Preparation and distribution of informational material as early as practicable, to each occupant of the property. This material shall be distributed within 60 days following the initiation of negotiations (see paragraph 6040(a)(1)) and not less than 90 days in advance of displacement except for those situations described in subsection 6042(e). Where appropriate, separate informational statements shall be prepared for residential and for non-residential occupants.

(2) Conducting personal interviews and maintaining personal contacts with occupants of the property to the maximum extent practicable.

(3) Utilizing meetings, newsletters, and other mechanisms, including local media available to all persons, for keeping occupants of the property informed on a continuing basis. The criterion for selecting among various alternatives shall be the likelihood of actually communicating information to such persons. Legal publications, legal ads in local newspapers of general circulation and similar means which may go unnoticed are deemed to be inadequate.

(b) Language. Informational material should be prepared in the language(s) most easily understood by the recipients. In displacement areas where there are significant concentrations of persons who do not read, write, or understand English fluently, the native language of the people should be used and all informational material should be provided in the native language(s) and English.

(c) Method of Delivery. To assure receipt of the informational material, the local agency should arrange to have the material either hand-delivered to each occupant of the property with a request for a written receipt, or sent by certified mail, return receipt requested.

(d) General and Specific Information. In addition to disseminating general information of the type described in this section, the displacing entity shall also provide each person with individual, written notification as soon as his eligibility status has been established.

(e) Content of Informational Statement. Attachment A identifies the kinds of information required to be included in statements distributed to occupants of the property. The figure lists minimum requirements. The displacing entity should include any additional information that it believes would be helpful. (See Attachment A.)

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260, 7260.5 and 7261, Government Code.

HISTORY

1. Amendment of subsection (a)(1) filed 11-5-76 as an emergency; designated

effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

3. Amendment of subsection (a)(1) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6046, 25 CA ADC § 6046
1CAC

25 CA ADC § 6046

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6048

Cal. Admin. Code tit. 25, § 6048

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6048. Survey and Analysis of Relocation Needs.

(a) (1) Requirement. Immediately following the initiation of negotiations interview all eligible persons, business concerns, including nonprofit organizations, and farm operations to obtain information upon which to plan for housing and other accommodations, as well as counseling and assistance needs.

(2) Coordination with Other Agencies. Other agencies may also be conducting surveys in the area at the same time. Coordination will be necessary to avoid duplication and to ensure that necessary information is available at the appropriate time. Surveys utilized to gather data for social service referrals should be planned in cooperation with social service agencies and a referral system should be established.

(3) Information to Persons to Be Displaced. The local agency shall carefully explain and discuss fully with each person interviewed the purpose of the survey and the nature and extent of relocation payments and assistance that will be made available. All persons shall be advised and encouraged to visit the relocation office for information and assistance.

(4) Relocation Records. Based on information obtained during the survey and other sources as applicable, the local agency shall prepare and maintain an accurate relocation record for each person to be displaced. The record shall contain a description of the pertinent characteristics of the persons to be displaced and the assistance deemed to be necessary.

(b) The survey shall be by direct, personal interview, except where repeated efforts indicate that is not possible. When a person cannot be interviewed or the interview does not produce the information to be obtained reasonable efforts shall be made to obtain the information by other means. Eligible persons should be encouraged to bring any change in their needs to the attention of relocation officials. The survey shall be updated at least annually.

(c) A public entity shall endeavor to obtain the following information: income; whether a person is elderly or handicapped; size of family; age of children; location of job and factors limiting accessibility; area of preferred relocation; type of unit preferred; ownership or tenant preference; need for social and public services, special schools and other services; eligibility for publicly assisted housing; and with reference to the present dwelling, the rent, the type and quality of construction, the number of rooms and bedrooms, the amount of habitable living space, and locational factors including among others public utilities, public and commercial facilities (including transportation and schools) and neighborhood conditions (including municipal services). Other matters that concern a household as its members contemplate relocation should also be included.

(d) A written analysis of relocation housing needs shall be prepared. It shall be prepared in sufficient detail to enable determination of the availability for all potential displaces of housing which meets the standards set forth in the definition of comparable replacement housing. The information concerning home ownership and rental units shall be provided separately. The number of units needed shall be identified by cost for each size category. The needs of elderly and handicapped households shall be shown separately and shall include information on the number of such households requiring special facilities and the nature of such facilities.

The statement of relocation housing needs shall include a description of the locational characteristics of the displacement area neighborhoods corresponding to the requirements of comparable replacement housing.

Information shall be provided concerning proximity to present employment sources, medical and recreational facilities, parks, community centers, shopping, transportation and schools. Information concerning proximity to other relevant needs and amenities is essential to ensuring that no residents are incapacitated by the relocation and such information also should be provided.

25 CCR § 6048, 25 CA ADC § 6048
1CAC

25 CA ADC § 6048

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6050

Cal. Admin. Code tit. 25, § 6050

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6050. Failure to Conduct Timely and Effective Survey.

When a survey is not conducted in a timely and effective manner, the public entity shall be obligated to make
every effort to locate all eligible persons who have moved so that their needs can be included in the survey
and the impact on the housing stock in the community can be more accurately determined. The public entity
shall offer such persons all relocation assistance and benefits for which they otherwise qualify and, in
addition, shall compensate such persons for all costs occasioned by the entity's failure to provide timely
notice and offers of relocation assistance and benefits.

25 CCR § 6050, 25 CA ADC § 6050
1CAC

25 CA ADC § 6050

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6052

Cal. Admin. Code tit. 25, § 6052

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6052. Survey and Analysis of Available Relocation Resources.

(a) (1) To enable a public entity reasonably to determine that the requisite comparable replacement dwellings will be available, the public entity, within 60 days following the initiation of negotiations, shall initiate a survey and analysis of available comparable relocation resources.

If a recent survey that provides the information identified in this section is not available, the public entity shall conduct a survey and analysis of the housing market. If a recent survey is available, but it does not reflect more recent, significant changes in housing market conditions, the survey shall be updated or it shall not be relied upon.

(2) When more than 15 households will be displaced, survey results shall be submitted for review to local housing, development and planning agencies and shall be compared to other existing information on housing availability.

(3) The survey shall be updated at least annually.

(b) The survey area shall be reasonably related to the displacement area and to the needs and preferences of the persons to be displaced, as indicated in the written analysis prepared pursuant to section 6048. The survey area shall have relevant characteristics (see subsection 6008(c)) which equal or exceed those of the neighborhood from which persons are to be displaced.

(c) A written analysis of relocation housing resources shall be prepared in sufficient detail to enable determination of the availability for all potential displacees of housing which meets the standards set forth in the definition of comparable replacement housing. The information concerning homeownership and rental units shall be provided separately. The number of units available shall be identified by cost for each size category. Resources available to meet the needs of elderly and handicapped households shall be shown separately and shall include information on the number of units with special facilities and the nature of such facilities.

The analysis of resources shall include a description of the locational characteristics of the survey area neighborhoods corresponding to the requirements of comparable replacement housing. Information shall be provided concerning proximity to present employment sources (with the consent of the displaced person a potential employer may be substituted), medical and recreational facilities, parks, community centers, shopping, transportation and schools. Information concerning proximity to other relevant needs and amenities is essential to ensuring that residents are not incapacitated by the relocation and such information should also be provided.

(d) (1) Units which do not satisfy the standards of comparable replacement housing, including the locational criteria, shall not be counted as a relocation resource.

(2) Uncompleted new construction or rehabilitation shall not be included in the gross figure unless there is a substantial likelihood that the units will be available when needed and at housing or rental costs within the financial means of the prospective occupants.

(3) In addition to the other requirements of this section, the gross figure representing the number of

units available shall be discounted to reflect both concurrent displacement and the extent to which turnover is represented. Concurrent displacement by the federal government and its agencies, including federally-assisted projects, as well as displacement by other public entities shall be taken into account. Turnover is the dynamic operation by which occupancy changes occur within a standing inventory over a period of time and theoretically could occur in the complete absence of vacancies on a person to person basis. The use of turnover for relocation is not permissible. The displacing entity shall assume that four percent of the rental and one percent of the ownership units which meet the standards of comparable replacement dwellings (see section 6008(c)) represents turnover. The displacing entity shall use a higher percentage figure if such figure is more accurate. The displacing entity may use a lower figure if it establishes that the lower figure is a more accurate assumption.

(4) Publicly subsidized housing, including public housing, shall not be counted as a resource unless it reasonably can be established that:

(A) The units will be available when needed;

(B) The governmental body providing the subsidy has made, in writing, a reasonably binding commitment of assistance; and

(C) The units have been inspected and determined to be decent, safe and sanitary and the income ceilings, rent ranges and age restrictions, if any, have been considered.

(D) The number of units available in the community exceeds the number of households in need of the units. This requirement may be waived by the department if the public entity can establish that such units will be replaced by last resort housing within two years. To establish that last resort housing will be developed as required the public entity must have site control with permissive zoning, preliminary plans and conditional commitments for subsidy and financing or the equivalent. The public entity also must identify ownership.

(e) Uncompleted new construction or rehabilitation which is subsidized by public funds shall not be counted as a relocation resource unless the units are being subsidized to provide relocation resources.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260.5 and 7261, Government Code.

HISTORY

1. Amendment of subsections (a)(1) and (a)(2), correction of subsection (e) designator,  and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6052, 25 CA ADC § 6052
1CAC

25 CA ADC § 6052

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6054

Cal. Admin. Code tit. 25, § 6054

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6054. Last Resort Housing.

(a) No eligible person shall be required to move from his dwelling because of the action of a public entity unless comparable replacement housing is available to him.

(b) If on the basis of its survey and analysis of relocation needs and resources a public entity cannot determine that comparable replacement housing will be available as required, the public entity may not proceed with any phase of a project or other activity which will result in displacement unless it provides such housing. (See Article 4.)

(c) If the action of a public entity has resulted or is resulting in displacement and comparable replacement housing is not available as needed, the public entity shall use its funds, or funds authorized for the project to provide such housing (see Article 4), or shall terminate or suspend further implementation of the project activity in accordance with the provisions of section 6018.

(d) Temporary relocation resources may be relied upon in the interim only if the provisions of section 6004 are satisfied.

25 CCR § 6054, 25 CA ADC § 6054
1CAC

25 CA ADC § 6054

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6056

Cal. Admin. Code tit. 25, § 6056

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6056. Termination of Relocation Assistance.

A public entity's relocation obligations cease under the following circumstances:

(a) A displaced person moves to a comparable replacement dwelling and receives all assistance and
payments to which he is entitled.

(b) The displaced person moves to substandard housing, refuses reasonable offers of additional
assistance in moving to a decent, safe and sanitary replacement dwelling and receives all payments to
which he is entitled.

(c) All reasonable efforts to trace a person have failed. To ensure that the action of a public entity does
not reduce the housing supply in critical categories or locations, unsuccessful efforts to trace a particular
displaced person shall not lessen the obligation to provide last resort housing. (See Article 4.)

(d) The business concern or farm operation has received all assistance and payments to which it is
entitled and has been successfully relocated or has ceased operations.

(e) A person displaced from his dwelling, business or farm refuses reasonable offers of assistance,
payments and comparable replacement housing.

25 CCR § 6056, 25 CA ADC § 6056
1CAC

25 CA ADC § 6056

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6058

Cal. Admin. Code tit. 25, § 6058

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6058. Eviction.

(a) Eviction is permissible only as a last resort. It in no way affects the eligibility of evicted displaced persons for relocation payments. Relocation records must be documented to reflect the specific circumstances surrounding the eviction.

(b) Eviction shall be undertaken only for one or more of the following reasons:

(1) Failure to pay rent, except in those cases where the failure to pay is due to the lessor's failure to keep the premises in habitable condition, is the result of harassment or retaliatory action or is the result of discontinuation or substantial interruption of services.

(2) Performance of a dangerous, illegal act in the unit.

(3) Material breach of the rental agreement and failure to correct breach within 30 days of notice.

(4) Maintenance of a nuisance and failure to abate within a reasonable time following notice.

(5) Refusal to accept one of a reasonable number of offers of replacement dwellings.

(6) The eviction is required by State or local law and cannot be prevented by reasonable efforts on the part of the public entity.

25 CCR § 6058, 25 CA ADC § 6058
1CAC

25 CA ADC § 6058

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6060

Cal. Admin. Code tit. 25, § 6060

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 2. RELOCATION ASSISTANCE ADVISORY PROGRAM AND ASSURANCE OF
COMPARABLE REPLACEMENT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6060. Evaluation of Relocation.

(a) A public entity is encouraged to evaluate its relocation program, assessing the quality and quantity of services provided as well as displacee satisfaction, to determine the adequacy of program planning and to ascertain whether any persons have been denied the full benefits and services to which they are entitled. The evaluation should be based upon an annual or continual inspection of files and records, case interviews, and inspection of replacement housing and business and farm replacement locations and discussions with local individuals or organizations familiar with relocation issues. A written evaluation should be prepared at least annually.

(b) The files and records of displaced persons and property owners should be selected at random. The review should include any cases that were identified by previous monitoring as requiring corrective action and should assess the public entity's progress in taking corrective action. Both relocation and acquisition activities should be covered by the review.

(1) The relocation sample should include cases in which all payments have been completed and cases in which the person has been displaced but all payments have not yet been made. The sample should provide a basis for the reviewer to determine not only whether payments were computed properly and made promptly, but also whether displaced persons received proper notice of the full range of relocation assistance and services to which they are entitled. Priority attention should be given to cases in which a grievance has been filed or the agency has determined that a person is ineligible for relocation benefits.

(2) The acquisition sample should be based on cases in which settlement has been completed. However, if necessary to provide a representative sample of acquisition activities, the reviewer should include incomplete transactions in which negotiations have been initiated.

(c) After the records and files have been reviewed, the reviewer should select cases for further evaluation through personal interviews with displaced persons and/or owners and the inspection of housing to which persons have moved. The interviews and housing inspections should serve both to spot check the accuracy of the information obtained in the examination of the records and files and give the reviewer a better perspective on the agency's performance.

The number and type of cases for which interviews and housing inspections are to be carried out should reflect the reviewer's judgment based on the information he has just reviewed. Generally, an interview and inspection should be carried out for at least one of every five cases for which the files and records have been reviewed. Only where the number of persons displaced is less than 25 should the number of interviews and inspections be less than 10. In no case should the number of interviews and inspections be lower than the lesser of five and the number of persons displaced. To the extent possible, the interviews should cover a representative cross section of the types of cases in the agency's workload: e.g., relocation cases involving families of various sizes as well as individuals and business concerns (including both owners and tenants), and acquisition transactions involving residential, commercial and industrial properties.

(d) In addition to the above, the following factors are among those which should be considered:

(1) The effectiveness of efforts to provide relocation services to displaced persons, including timeliness of notice and correctness of eligibility determinations.

(2) The satisfaction of relocated families, individuals and business concerns in their new locations.

(3) The extent to which self-moves to substandard housing have been minimized.

(4) The effectiveness of efforts to provide relocation services to business concerns, including counseling services and SBA loans to aid in their reestablishment.

(5) The promptness of processing claims and the making of payments, including the amounts, delivery, and use of relocation payments.

(6) The number and magnitude of rent increases following acquisition and displacement.

(7) The effectiveness of methods used to resolve difficulties experienced by site occupants.

(8) The effectiveness of the public entity's grievance procedures.

(9) The extent of resident involvement in planning the relocation program.

(10) The effectiveness in assuring equal opportunity for displaced persons and in reducing patterns of minority-group concentration.

(11) The effectiveness of relocation in upgrading the housing and overall environmental conditions of persons displaced.

(12) The effectiveness of the social service program, including counseling services, in helping residents adjust to relocation and in helping solve individual and family problems.

(13) The impact on those segments of the housing market serving the income groups displaced.

25 CCR § 6060, 25 CA ADC § 6060
1CAC

25 CA ADC § 6060

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6080

Cal. Admin. Code tit. 25, § 6080

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2

§ 6080. Purpose.

The purpose of this Article is to set forth the types of, and specific eligibility criteria for, relocation payments to displaced persons. Basic eligibility conditions are set forth in section 6084. Specific conditions relating to particular payments are described in later sections.

25 CCR § 6080, 25 CA ADC § 6080
1CAC

25 CA ADC § 6080

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6082

Cal. Admin. Code tit. 25, § 6082

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6082. Relocation Payments by Public Entity.

A public entity shall make relocation payments to or on behalf of eligible displaced persons in accordance with and to the full extent permitted by this Article. The obligations described in this Article are in addition to those in Article 6.

25 CCR § 6082, 25 CA ADC § 6082
1CAC

25 CA ADC § 6082

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6084

Cal. Admin. Code tit. 25, § 6084

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6084. Basic Eligibility Conditions.

A person establishes basic eligibility for relocation payments if he satisfies the conditions described in section 6034. A person who moves from real property or who moves his personal property from real property because he will be displaced from other real property on which he conducts a business or farm operation, establishes eligibility on the basis of the move from such other property only for payments made pursuant to section 6090.

25 CCR § 6084, 25 CA ADC § 6084
1CAC

25 CA ADC § 6084

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6086

Cal. Admin. Code tit. 25, § 6086

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6086. Notice of Intent to Displace.

A public entity may issue a written Notice of Intent to Displace at any time after forming a reasonable
expectation of acquiring real property. Such a notice, by establishing eligibility prior to acquisition, will enable
a public entity to respond to hardship and other situations.

25 CCR § 6086, 25 CA ADC § 6086
1CAC

25 CA ADC § 6086

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6088

Cal. Admin. Code tit. 25, § 6088

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6088. Filing of Claims; Submission of Tax Returns.

All claims filed with the public entity shall be submitted within eighteen months of the date on which the claimant receives final payment for the property or the date on which he moves, whichever is later. The displacing entity may extend this period upon a proper showing of good cause.
Except where specifically provided otherwise a claimant shall not be required to submit a copy of his tax returns in support of a claim for relocation payments.

25 CCR § 6088, 25 CA ADC § 6088
1CAC

25 CA ADC § 6088

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6090

Cal. Admin. Code tit. 25, § 6090

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2

§ 6090. Actual Reasonable Moving Expenses.

(a) General. A public entity shall make a payment to a displaced person who satisfies the pertinent eligibility requirements of section 6084 and the requirements of this section, for actual reasonable expenses specified below and subject to the limitations set forth in subsection (c) of this section for moving himself, his family, business, farm operation or other personal property. In all cases the amount of a payment shall not exceed the reasonable cost of accomplishing the activity in connection with which a claim has been filed.

The moving and related expenses for which claims may be filed shall include:

(1) Transportation of persons and property not to exceed a distance of 50 miles from the site from which displaced, except where relocation beyond such distance of 50 miles is justified;

(2) Packing, crating, unpacking and uncrating personal property;

(3) Such storage of personal property, for a period generally not to exceed 12 months, as determined by the public entity to be necessary in connection with relocation;

(4) Insurance of personal property while in storage or transit; and

(5) The reasonable replacement value of property lost, stolen or damaged (not through the fault or negligence of the displaced person, his agent, or employee) in the process of moving, where insurance covering such loss, theft or damage is not reasonably available.

(6) The cost of disconnecting, dismantling, removing, reassembling, reconnecting and reinstalling machinery, equipment or other personal property (including goods and inventory kept for sale) not acquired by the public entity, including connection charges imposed by public utilities for starting utility service.

(b) Actual Reasonable Moving Expenses -Displaced Business Concerns and Farm Operations.

In addition to those compensable expenses set forth in subsection (a) of this section, a displaced business concern or farm operation may file a claim for the following moving and related expenses:

(1) The cost, directly related to displacement of modifying the machinery, equipment, or other personal property to adapt it to the replacement location or to utilities available at the replacement location or modifying the power supply.

(2) Claims for payment under this subsection shall be subject to the following limitations:

(A) Reimbursable costs shall be reasonable in amount.

(B) The cost could not be avoided or substantially reduced at an alternate available and suitable site to which the business was referred.

(3) The cost of any license, permit or certification required by a displaced business concern to the extent such cost is necessary to the reestablishment of its operation at a new location.

(4) The reasonable cost of any professional services (including but not limited to, architects', attorneys' or engineers' fees, or consultants' charges) necessary for planning the move of personal property, moving the personal property, or installation of relocated personal property at the replacement site.

(5) Where an item of personal property which is used in connection with any business or farm operation is not moved but is replaced with a comparable item, reimbursement in an amount not to exceed (1) the replacement cost, minus any net proceeds received from its sale, or (2) the estimated cost of moving, whichever is less.

(c) Advance Payments. A displaced person may be paid for his anticipated moving expenses in advance of the actual move. A public entity shall provide advance payment whenever later payment would result in financial hardship. Particular consideration shall be given to the financial limitations and difficulties experienced by low and moderate income persons and small farm and business operations.

(d) The specific provisions contained in this section are not intended to preclude a public entity's reliance upon other reasonable means of effecting a move, including contracting moves and arranging for assignment of moving expense payments by displaced persons.

(e) Self-moves. Without documentation of moving expenses actually incurred, a displaced person electing to self-move may submit a claim for his moving expenses to the public entity in an amount not to exceed an acceptable low bid or an amount acceptable to the displacing entity.

(f) Personal Property of Low Value and High Bulk -Business or Farm Operation. Where, in the judgment of the public entity, the cost of moving any item of personal property of low value and high bulk which is used in connection with any business or farm operation would be disproportionate in relation to its value, the allowable reimbursement for the expense of moving such property shall not exceed the difference between the cost of replacing the same with a comparable item available on the market and the amount which would have been received for such property on liquidation. This provision may in appropriate situations be applied to claims involving the moving of junkyards, stockpiles, sand, gravel, minerals, metals and similar property.

(g) Documentation in Support of a Claim.

(1) General. Except in the case of a displaced person conducting a self-move as provided in subsection (e) above, a claim for a payment under this section shall be supported by a bill or other evidence of expenses incurred. By prearrangement between the public entity, the site occupant, and the mover, evidenced in writing, the claimant or the mover may present an unpaid moving bill to the public entity, and the public entity may pay the mover directly.

(2) Business and Farm Operations. Each claim in excess of $1,000 for the costs incurred by a displaced person for moving his business or farm operation shall be supported by competitive bids in such number as are practical. If the public entity determines that compliance with the bid requirement is impractical or if estimates in an amount of less than $1,000 are obtained, a claim may be supported by estimates in lieu of bids.

(h) Whenever a public entity must pay the actual cost of moving a displaced person the costs of such move shall be exempt from regulation by the Public Utilities Commission as provided by section 7262(e) of the Act. The public entity may solicit competitive bids from qualified bidders for performance of the work. Bids submitted in response to such solicitations shall be exempt from regulation by the Public Utilities Commission.

(i)(1) Reestablishment Expenses. In addition to moving expense payments, a farm, nonprofit organization or small business of not more than 500 employees, shall be entitled to actual and reasonable reestablishment expenses, not to exceed $10,000.00. Reestablishment expenses shall be only those expenses that are reasonable and necessary and include, but are not limited to:

(A) Repairs or improvements to the replacement property as required by Federal, State or local law, code or ordinance.

(B) Modifications to the replacement property to accommodate the business operation or make replacement structures suitable for conducting the business.

(C) Construction and installation costs for exterior signing to advertise the business.

(D) Provision of utilities from right-of-way to improvements on the replacement site.

(E) Redecoration or replacement of soiled or worn surfaces at the replacement site, such as paint, panelling or carpeting.

(F) Licenses, fees and permits when not paid as part of moving expenses.

(G) Feasibility surveys, soil testing and marketing studies.

(H) Advertisement of replacement location.

(I) Professional services in connection with the purchase or lease of a replacement site.

(J) Estimated increased costs of operation during the first 2 years at the replacement site for such items as:

    1. Lease or rental charges,

    2. Personal or real property taxes,

    3. Insurance premiums, and

    4. Utility charges, excluding impact fees.

(K) Impact fees or one-time assessments for anticipated heavy usage.

(L) Other items essential to the reestablishment of the business.

(M) For purposes of this subsection the term "small business" shall mean a business having not more than 500 employees working at the site being acquired or displaced by a program or project, which site is the location of economic activity. Sites occupied solely by outdoor advertising signs, displays, or devices do not qualify as a small business for purposes of this subsection.

(2) Ineligible expenses. The following is a nonexclusive listing of reestablishment expenditures not considered to be reasonable, necessary, or otherwise eligible:

(A) Purchase of capital assets, such as, office furniture, filing cabinets, machinery, or trade fixtures.

(B) Purchase of manufacturing materials, production supplies, product inventory, or other items used in the normal course of the business operation.

(C) Interior or exterior refurbishments at the replacement site which are for aesthetic purposes, except as provided in paragraph (i)(1)(E) of this section.

(D) Interest on money borrowed to make the move or purchase the replacement property.

(E) Payment to a part-time business in the home which does not contribute materially to the household income.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7262(a)(4), Government Code.

HISTORY

1. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6090, 25 CA ADC § 6090
1CAC

25 CA ADC § 6090

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6092

Cal. Admin. Code tit. 25, § 6092

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6092. Actual Direct Losses of Tangible Personal Property.

(a) General. A public entity shall make a payment to a displaced person who satisfies the eligibility requirements of section 6090 and this section, for actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, in an amount determined by the public entity to be in accordance with the provisions of this section.

(b) Determining Actual Direct Loss of Property. Actual direct loss of property shall be determined on the basis of the lesser of the following:

(1) The fair market value of the property for continued use at its location prior to displacement.

(2) The estimated reasonable costs of relocating the property.

The public entity may require that the owner first make a bona fide effort to sell the property or it may permit the owner not to do so. The proceeds realized from any sale of all or part of the property shall be deducted from the determination of loss. In calculating payment under this section the reasonable cost of an effort to sell shall be added to the determination of loss.

(c) Documentation to Support Claim. A claim for payment hereunder shall be supported by written evidence of loss which may include appraisals, certified prices, bills of sale, receipts, cancelled checks, copies of advertisements, offers to sell, auction records, and other records appropriate to support the claim or the public entity may agree as to the value of the property left in place.

25 CCR § 6092, 25 CA ADC § 6092
1CAC

25 CA ADC § 6092

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6094

Cal. Admin. Code tit. 25, § 6094

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6094. Actual Reasonable Expenses in Searching for a Replacement Business or Farm.

A displaced person who satisfies the pertinent eligibility requirements of section 6090 with respect to actual reasonable moving expenses, shall be eligible for a payment in an amount not to exceed $1,000, in searching for a replacement business or farm, including expenses incurred for:

(a) Transportation;

(b) Meals and lodging away from home;

(c) Time spent in searching, based on the hourly wage rate of the salary or earnings of the displaced person or his representative; and

(d) Fees paid to a real estate agent or broker to locate a replacement business or farm.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7262(a)(3), Government Code.

HISTORY

1. Amendment of first paragraph and subsection (c) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6094, 25 CA ADC § 6094
1CAC

25 CA ADC § 6094

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6096

Cal. Admin. Code tit. 25, § 6096

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6096. Moving Expenses -Outdoor Advertising Businesses.

A displaced person who conducts a lawful activity primarily for assisting in the purchase, sale, resale, manufacture, processing, or marketing of products, commodities, personal property, or services by the erection and maintenance of outdoor advertising displays is entitled to payment for the reasonable cost of moving such displays or their in-place value, whichever is lesser.

25 CCR § 6096, 25 CA ADC § 6096
1CAC

25 CA ADC § 6096

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6098

Cal. Admin. Code tit. 25, § 6098

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6098. Alternate Payments -Individuals and Families.

A person or family, who is displaced from a dwelling and is eligible for a payment for actual reasonable moving expenses under section 6090, may elect to receive and shall be paid, in lieu of such payment a moving expense and dislocation allowance determined in accordance with established Federal Highway Administration schedules maintained by the California Department of Transportation.


  Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7262(b), Government Code.

HISTORY

1. Amendment of subsection (a) filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

3. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6098, 25 CA ADC § 6098
1CAC

25 CA ADC § 6098

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6100

Cal. Admin. Code tit. 25, § 6100

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6100. Alternate Payments -Businesses and Farm Operations.

(a) General.

(1) A person who is displaced from his place of business or farm operation and is eligible for payments under sections 6090, 6092, 6094, or 6096, and complies with the requirements of this section, may elect to receive and shall be paid, in lieu of such payments, a payment equal to the average annual net earnings of the business or farm operation (but not including a business as described in section 6096) as determined in accordance with subsection (b) below, except that such payment shall be not less than $1,000 nor more than $20,000. For purposes of this section, the dollar limitation specified in the preceding sentence shall apply to a single business, regardless of whether it is carried on under one or more legal entities.

(2) Loss of Goodwill. When payment under this section will precede settlement of a claim for compensation for loss of goodwill under the Eminent Domain Law, the public entity before tendering payment shall state in writing what portion of the payment, if any, is considered to be compensation for loss of goodwill and shall explain in writing that any payment made pursuant to Code of Civil Procedure, Sections 1263.510 et seq. (the Eminent Domain Law, Chapter 9, Article 6 - "Compensation for Loss of Goodwill") will be reduced in the same amount. The portion considered to be compensation for loss of goodwill shall not exceed the difference between the payment made under this section and an amount which reasonably approximates the payments for which the displaced person otherwise would be eligible under Sections 6090, 6092, 6094, and 6096. Failure to provide such written statement and explanation shall constitute a conclusive indication that no portion of the payment is considered to be compensation for loss of goodwill for the purposes of that portion of the Code of Civil Procedure referenced above.

(b) Requirements -Businesses. Payment shall not be made under this section unless the public entity determines that:

(1) The business is not operated solely for rental purposes and cannot be relocated without a substantial loss of its existing patronage, based on a consideration of all pertinent circumstances including such factors as the type of business conducted, the nature of the clientele, the relative importance to the displaced business of its present and proposed location, and the availability of a suitable relocation site;

(2) The business is not part of a commercial enterprise having no more than three (3) other establishments which are not being acquired for a project and which is engaged in the same or similar business. Whenever the sole remaining facility of a business which has been displaced from its principal location:

(A) Has been in operation for less than two years;

(B) Has had average annual gross receipts of less than $2,000 during the two taxable years prior to displacement of the major component of the business; or

(C) Has had average annual net earnings of less than $1,000 during the two taxable years prior to the displacement of the major component of the business, the remaining facility will not be considered another "establishment" for purposes of this section; and

(3) The displaced business:

(A) Had average annual gross receipts of at least $5,000 during the two taxable years prior to displacement; or

(B) The displaced business had average annual net earnings of at least $1,000 during the two taxable years prior to displacement; or

(C) The displaced business contributed at least 33 1/3 percent of the total gross income of the owner(s) during each of the two taxable years prior to displacement. If in any case the public entity determines that the two year period prior to displacement is not representative of average receipts, earnings or income, it may make use of a more representative period.

(D) If the application of the above criteria creates an inequity or hardship, the displacing agency may use other criteria as permitted in 49 CFR 24.306.

(c) Determination of Number of Businesses.

In determining whether one or more legal entities, all of which have been acquired, constitute a single business, the following factors among others shall be considered:

(1) The extent to which the same premises and equipment are shared.

(2) The extent to which substantially identical or intimately interrelated business functions are pursued and business and financial affairs are commingled.

(3) The extent to which such entities are held out to the public, and to those customarily dealing with such entities, as one business.

(4) The extent to which the same person or closely related persons own, control or manage the affairs of the entities.

(d) Requirements -Farms. In the case of a farm operation, no payment shall be made under this section unless the public entity determines that the farm met the definition of a farm operation prior to its acquisition. If the displacement is limited to only part of the farm operation, the operator will be considered to have been displaced from a farm operation if: the part taken met the definition of a farm operation prior to the taking and the taking caused such a substantial change in the nature of the existing farm operation as to constitute a displacement.

(e) Requirements -Nonprofit Organizations. In the case of a nonprofit organization, no payment shall be made under this section unless the public entity determines that:

(1) The nonprofit organization cannot be relocated without a substantial loss of its existing patronage (the term "existing patronage" as used in connection with a nonprofit organization includes the membership, persons, community, or clientele served or affected by the activities of the nonprofit organization); and

(2) The nonprofit organization is not a part of an enterprise having more than three (3) other establishments not being acquired which is engaged in the same or similar activity.

(f) Net Earnings. The term "average annual net earnings" as used in this section means one-half of any net earnings of the business or farm operation, before federal and state income taxes, during the two (2) taxable years immediately preceding the taxable year in which the business or farm operation moves from the real property acquired for such project, or during such other period as the head of the public entity determines to be more equitable for establishing such earnings, and includes any compensation paid by the business or farm operation to the owner, his spouse or his dependents during such period. The term "owner" as used in this section includes the sole proprietor in a sole proprietorship, the principal partners in a partnership, and the principal stockholders of a corporation, as determined by the public entity. For purposes of determining a principal stockholder, stock held by a husband, his wife and their dependent children shall be treated as one unit.

(g) If a displaced person who conducts a business or farm operation elects to receive a fixed payment under this section, he shall provide proof of his earnings from the business or farm operation to the agency

concerned. Proof of earnings may be established by income tax returns, financial statements and accounting records or similar evidence acceptable to the public entity.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7262(c), Government Code.

HISTORY

1. Amendment of subsection (e)(2) filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

3. Amendment of subsections (a)(1)-(b)(2) and (b)(3)(A), new subsection (b)(3)(D), amendment of subsections (e)(2) and (f), and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6100, 25 CA ADC § 6100
1CAC

25 CA ADC § 6100

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6102

Cal. Admin. Code tit. 25, § 6102

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2

§ 6102. Replacement Housing Payments for Homeowners.

(a) General. A public entity shall make to a person who is displaced from a dwelling and who satisfies the pertinent eligibility requirements of section 6084 and the conditions of subsection (b) of this section, a payment not to exceed a combined total of $22,500 for:

(1) The amount, if any, which when added to the acquisition cost of the dwelling acquired for the project equals the reasonable cost, as determined in accordance with subsection (c), of a comparable replacement dwelling. This amount shall not exceed the difference between the acquisition price of the acquired dwelling and the actual purchase price of the replacement dwelling, except where a displaced person, in the circumstance described in paragraph 6108(a)(1), is willing to use the extra money to improve the condition of the dwelling.

(2) The amount, if any, to compensate the displaced person for any increased interest costs, as determined in accordance with subsection (c), he is required to pay for financing the acquisition of a replacement dwelling. The payment shall not be made unless the dwelling acquired by the public entity was encumbered by a bona fide mortgage which was a valid lien on the dwelling for not less than 180 days prior to the initiation of negotiations for acquisition of such dwelling. (This time requirement may be modified in accordance with the provisions of subsection (b) below.)

(3) Reasonable expenses, determined in accordance with subsection (c) of this section, incurred by the displaced person incident to the purchase of the replacement dwelling.

(4) In accordance with section 6108, the cost of rehabilitating a dwelling which does not satisfy the decent, safe and sanitary standard.

(b) Eligibility Conditions.

(1) A displaced person is eligible for payment under this section if such person:

(A) Is displaced from a dwelling that is acquired;

(B) Has actually owned and occupied such dwelling for not less than 180 days prior to the initiation of negotiations for its acquisition; and

(C) Purchases and occupies a replacement dwelling within one year subsequent to the date on which he received final payment from the public entity of all costs of the acquired dwelling or the date on which he moves from the acquired dwelling, whichever is later.

(2) If an owner satisfies all but the 180 day requirement and can establish to the satisfaction of the public entity that he bought the dwelling with the intention of making it his place of residence, that the move was not motivated by a desire to receive relocation assistance and benefits, and that he neither knew nor should have known that public acquisition was intended the public entity may reduce the requirement as necessary.

(3) Where for reasons beyond the control of the displaced person completion of construction, rehabilitation, or relocation of a replacement dwelling is delayed beyond the date by which occupancy is

required, the public entity shall determine the date of occupancy to be the date the displaced person enters into a contract for such construction, rehabilitation, or relocation or for the purchase, upon completion, of a dwelling to be constructed or rehabilitated, if, in fact, the displaced person occupies the replacement dwelling when the construction or rehabilitation is completed.

(4) Where, for reasons of hardship or circumstances beyond the control of the displaced person, such person is unable to occupy the replacement dwelling by the required date, the public entity may extend the deadline as necessary. If by the deadline the displaced person has contracted to purchase a replacement dwelling, the public entity should extend the deadline.

(5) No person otherwise eligible for a payment under this section or under section 6104 shall be denied such eligibility as a result of his being unable, because of a major state or national disaster, to meet the occupancy requirements.

(c) Computation of Replacement Housing Payment.

(1) Cost of Comparable Replacement Dwelling.

(A) In determining the reasonable cost of a comparable replacement dwelling, the public entity concerned shall use one of the following methods:

1. Comparative Method. On a case-by-case basis by determining the listing price of dwellings which have been selected by the public entity and which are most representative of the acquired dwelling unit and meet the definition of comparable replacement dwelling set out in subsection 6008(c). Whenever possible the listing price of at least three dwellings shall be considered.

2. Schedule Method. Where the public entity determines that the comparative method is not feasible, it may establish a schedule of reasonable acquisition costs for the various types of comparable replacement dwellings. If more than one entity is administering a project causing displacement in the area, it shall cooperate with the other entities in establishing a uniform schedule for the area. The schedule shall be based on a current analysis of the market to determine a reasonable cost for each type of dwelling to be purchased. In large urban areas this analysis may be confined to the sub-area from which persons are displaced or may cover several different sub-areas, if they satisfy or exceed the criteria listed in subsection 6008(c). To assure the greatest comparability of dwellings in any analysis, the analysis shall be divided into classifications of the type of construction, number of bedrooms, and price ranges.

3. Alternative Method. Where the public entity determines that neither the schedule, nor comparative method is feasible in a given situation, by the use of another reasonable method.

(B) Whichever method is selected the cost shall be updated to within three months of the date of purchase of the replacement dwelling.

(2) Interest Payments. Interest payments shall be equal to the discounted present value of the difference between the aggregate interest applicable to the amount of the principal of the mortgage on the acquired dwelling over its remaining term at the time of acquisition, and other debt service costs, and the aggregate interest paid on the mortgage on the replacement dwelling, and other debt service costs. The term and amount of the mortgage on the replacement dwelling for purposes of this paragraph shall be the lesser of the remaining term and amount of the mortgage on the acquired dwelling, or the actual term and amount of the mortgage on the replacement dwelling. The amount of the debt service cost with respect to the replacement dwelling shall be the lesser of the debt service cost based on the cost required for a comparable dwelling, or the debt service cost based on the actual cost of the replacement dwelling.

Prepaid interest or "points" shall be considered in the determination of aggregate interest.

In calculating the amount of compensation, increased interest cost shall be reduced to discounted present value using the prevailing interest rate paid on savings deposits by commercial banks in the general area in which the replacement dwelling is located.

(3) Expenses Incident to the Purchase of the Replacement Dwelling.

Payment under this section shall include the amount necessary to reimburse the displaced person for

actual costs incurred by him incident to the purchase of the replacement dwelling, including but not limited to the following: legal, closing, and related costs including title search, preparing conveyance contracts, notary fees, surveys, preparing drawings or plats, and charges paid incident to recordation; lender, FHA, VA or similar appraisal cost; FHA, VA or similar application fee; cost for certification of structural soundness; credit report charges; charge for owner's and mortgagee's evidence or assurance of title; escrow agent's fee; and sales or transfer taxes. Payment for any such expenses shall not exceed the amount attributable to the purchase of a replacement dwelling. Such expenses shall be reasonable and legally required or customary in the community.

Reimbursement shall not be made under the provisions of this paragraph for any fee, cost, charge, or expense which is determined to be a part of the debt service or finance charge under Title I of the Truth in Lending Act (Pub. L. 90-321), and Regulation Z issued pursuant thereto by the Board of Governors of the Federal Reserve System. Any such sum should be considered in the determination of interest payments.

(d) Multi-family Dwelling. In the case of a displaced homeowner who is required to move from a one-family unit of a multi-family building which he owns, the replacement housing payment shall be based on the cost of a comparable one-family unit in a multi-family building of approximately the same density or if that is not available in a building of the next less density, or, if a comparable one-family unit in such a multi-family building is not available, the cost of an otherwise comparable single-family structure.

(e) Owner Retention.

(1) If a displaced homeowner elects to retain, move, and occupy his dwelling, the amount payable under this section is the difference between the acquisition price of the acquired property and the sum of the moving and restoration expenses, the cost of correcting decent, safe, and sanitary deficiencies, if any, and the actual purchase price of a comparable relocation site. A public entity may limit the payment made under this subsection to the amount of the replacement housing payment for which the homeowner would otherwise be eligible.

(2) The payment shall not exceed $22,500.

(f) Provisional Payment Pending Condemnation.

If the exact amount of a replacement housing payment cannot be determined because of a pending condemnation suit, the public entity concerned may make a provisional replacement housing payment to the displaced homeowner equal to the difference between the public entity's maximum offer for the property and the reasonable cost of a comparable replacement dwelling, but only if the homeowner enters into an agreement that upon final adjudication of the condemnation suit the replacement housing payment will be recomputed on the basis of the acquisition price determined by the court. If the acquisition price as determined by the court is greater than the maximum offer upon which the provisional replacement housing payment is based, the difference will be refunded by the homeowner to the public entity. If the acquisition price as determined by the court is less than the maximum offer upon which the provisional replacement housing payment is based, the difference will be paid to the homeowner.

(g) Lease of Condominium. For the purposes of this section, the leasing of a condominium for a 99-year period, or for a term which exceeds the life expectancy of the displaced person as determined by the most recent life tables in Vital Statistics of the United States, as published by the Public Health Service of the Department of Health, Education and Welfare, shall be deemed a purchase of the condominium.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7263, Government Code.

HISTORY

1. Amendment of subsections (a)(1) and (a)(4) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

2. Amendment of subsection (e)(2) filed 10-7-99; operative 11-6-99 (Register 99, No. 41).

25 CCR § 6102, 25 CA ADC § 6102

1CAC

25 CA ADC § 6102

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6104

Cal. Admin. Code tit. 25, § 6104

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6104. Replacement Housing Payments for Tenants and Certain Others.

(a) General. A public entity shall make to a displaced person who satisfies the eligibility requirements of section 6084 and the conditions of subsection (b) below, a payment not to exceed $5,250 for either:

(1) An amount, computed in accordance with paragraph (d)(1) of this section, necessary to enable such person to lease or rent a replacement dwelling for a period not to exceed 42 months [FN2]; or

(2) An amount, computed in accordance with paragraph (d)(2) of this section, necessary to enable such person to make a downpayment on the purchase of a replacement dwelling (including incidental expenses described in section 6102).

(b) Eligibility Conditions.

A displaced person is eligible for the payments specified in subsection (a) if he satisfies the following conditions:

(1) Has occupied the dwelling from which he is displaced for a period of not less than 90 days prior to the initiation of negotiation for acquisition of such dwelling.

(2) Is not eligible to receive a replacement housing payment for homeowners under section 6102 or elects not to receive such payment. Where the displaced person is the owner-occupant of the dwelling, the payment made under paragraph 6104(a)(2) shall not exceed the amount of payment to which the person would be eligible under section 6102.

(3) Whenever a payment under subsection (a)(2) is sought the displaced person shall within one year from the date of displacement purchase and occupy a replacement dwelling.

(c) The provisions in subsection 6102(b) for modifying the conditions of eligibility also apply to this section.

(d) Computation of Payment.

(1) Rentals. Except for projects commenced prior to January 1, 1998 (see footnotes 1 and 2) the amount of payment necessary to lease or rent a comparable replacement dwelling, under subsection (a)(1), shall be computed by subtracting 42 times the base monthly rental of the displaced person (as determined in accordance with this subsection), from 42 times the monthly rental for a comparable replacement dwelling (as determined in accordance with this subsection): Provided, that in no case may such amount exceed the difference between 42 times the base monthly rental as determined in accordance with this subsection and 42 times the monthly rental actually required for the replacement dwelling occupied by the displaced person.

(A) Base Monthly Rental. The base monthly rental shall be the lesser of the average monthly rental paid by the displaced person for the 3-month period prior to initiation of negotiations or 30 percent of the displaced person's average monthly income. (See subsection 6008(1).) Where the displaced person was the owner of the dwelling from which he was displaced or was not required to pay rent for that dwelling, the economic rent (see subsection 6008(h)) shall be used in lieu of the average monthly rental to calculate base monthly rental.

(B) Comparable Rental. The monthly rental for a comparable replacement dwelling shall be the amount of rent determined by the public entity by one of the methods described in paragraph 6102(c)(1), considering rental charges instead of listing price or acquisition cost.

(C) Whichever method is selected the cost shall be updated to within three months of the date of rental of the replacement dwelling.

(2) Downpayment. The downpayment for which a payment specified under paragraph (a)(2) of this section may be made, shall not exceed the amount of a reasonable downpayment for the purchase of a comparable replacement dwelling where such purchase is financed, plus expenses incident to the purchase of a replacement dwelling computed in accordance with Section 6102. The full amount of a downpayment under this section shall be applied to the purchase of the replacement dwelling and shall be shown on the closing statement or other document acceptable to the public entity.

(e) Rental Payments for Displaced Owners and Dependents.

(1) Owners. A displaced owner who elects to rent rather than purchase a replacement dwelling and who meets the eligibility conditions specified in subsection (b) is eligible for the payment specified in paragraph (a)(1).

(2) Dependents. A dependent who is residing separate and apart from the person or family providing support, whether such separate residence is permanent or temporary, shall be entitled to payment under this section, but such payment shall be limited to the period during which the displaced dependent resides in the replacement dwelling. At the time the displaced dependent vacates that dwelling, no further payment under this section shall be made to such person. For the purposes of this paragraph a 'dependent' shall be a person who derives fifty-one percent or more of his income in the form of gifts from any private person or any academic scholarship or stipend. Full-time students shall be presumed to be dependents but may rebut this presumption by demonstrating that fifty percent or more of their income is derived from sources other than gifts from another private person or academic scholarships or stipends.

Dependents residing with the family of which they are a part shall not be entitled to any payment except as a part of the family.

(f) Disbursement. Except where specifically provided otherwise, the public entity shall have the authority to disburse payments under this section in a lump sum, monthly or at other intervals acceptable to the displaced person.

[FN2] For those who, pursuant to the criteria set forth in Government Code section 7260(i)(3)(A) through (J), would have qualified as a "displaced person" prior to January 1, 1998, benefits shall be provided for 48 months provided they do not exceed $5,250.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260(i) and 7264, Government Code.

HISTORY

1. Amendment of subsections (a), (a)(2), (d)(1), (d)(1)(A) and (d)(2) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

2. Amendment of subsection (a)(1) and (d)(1)-(d)(1)(A) filed 10-7-99; operative 11-6-99 (Register 99, No. 41).

25 CCR § 6104, 25 CA ADC § 6104
1CAC

25 CA ADC § 6104

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6106

Cal. Admin. Code tit. 25, § 6106

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2

§ 6106. Proration of Payments.

For the purpose of calculating an alternate payment under section 6098 or a replacement housing payment under section 6102 or 6104, two or more individuals (whether they are members of one family or not) living together in and displaced from a single dwelling shall be regarded as one person.

Where a tenant is sharing a single-family dwelling with an owner-occupant and paying the owner-occupant rent for the privilege, the tenant shall not be entitled to more than one-half of the rental supplement otherwise payable. The owner-occupant shall not be required to share the payment to which he is entitled or accept a prorated amount.

HISTORY

1. Amendment filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

25 CCR § 6106, 25 CA ADC § 6106
1CAC

25 CA ADC § 6106

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6108

Cal. Admin. Code tit. 25, § 6108

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6108. Condition of Replacement Dwelling.

(a) When a displaced person qualifies for a replacement housing payment (under section 6102 or 6104) by purchasing or renting a replacement dwelling, the unit, as a general rule, must be decent, safe and sanitary. There are three exceptions. One is described in paragraph 6040(a)(6). The others are:

(1) If the purchase of such a dwelling is the result of the public entity's failure to identify a reasonable number of comparable replacement dwellings as required or if the dwelling is one to which the person was referred by the public entity, the condition of the dwelling does not affect eligibility for a replacement housing payment.

(2) If the purchase of such a dwelling is not the result of a public entity's referral or failure to refer, the otherwise eligible person qualifies for a replacement housing payment if the unit is brought into compliance with the decent, safe and sanitary standard. In this situation payment shall be limited to the amount that would be provided in connection with the purchase of a similar, comparable replacement dwelling or the sum of the actual costs of acquisition (including related expenses) and rehabilitation, whichever is less.

(b) A public entity shall not induce or encourage a displaced person to acquire a dwelling which does not satisfy the comparable replacement housing standard. (See section 6008(c).)

25 CCR § 6108, 25 CA ADC § 6108
1CAC

25 CA ADC § 6108

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6110

Cal. Admin. Code tit. 25, § 6110

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2

§ 6110. Certificate of Eligibility.

Upon request by a displaced homeowner or tenant who has not yet purchased and occupied a replacement dwelling, but who is otherwise eligible for a replacement housing payment, the public entity concerned shall certify to any interested party, financial institution, or lending agency, that the displaced homeowner or tenant will be eligible for the payment of a specific sum if he purchases and occupies a dwelling within the time limits prescribed.

25 CCR § 6110, 25 CA ADC § 6110
1CAC

25 CA ADC § 6110

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6112

Cal. Admin. Code tit. 25, § 6112

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2
§ 6112. Manufactured Homes and Mobilehomes.

(a) General. A manufactured home or mobilehome is a dwelling. (See subsection 6008(g).) A person displaced from a manufactured home or mobilehome must satisfy the same eligibility requirements and must be provided the same assistance, assurance and payments as a person displaced from a conventional dwelling.

(b) Moving Expenses. If a manufactured home or mobilehome is moved to another site, the displaced person shall be compensated for moving expenses in accordance with sections 6090 and 6092. The provisions of these sections which generally apply only to businesses and farms shall also apply to displaced persons who move a manufactured home or mobilehome.

(c) Replacement Housing Payments.

(1) A person who owns a manufactured home or mobilehome and site and as a replacement purchases both a dwelling and site shall be provided a replacement housing payment in accordance with section 6102. A person who owns a manufactured home or mobilehome and site, and as a replacement rents both a dwelling and site, shall be provided a payment in accordance with section 6104.

(2) A person who rents a manufactured home or mobilehome and site, and as a replacement rents or purchases a dwelling and site, shall be provided a payment in accordance with section 6104.

(3) A person who owns a manufactured home or mobilehome and site, and as a replacement purchases a dwelling and rents a site, shall be provided a payment in accordance with sections 6102 and 6104. The payment shall be limited to the lesser of:

(A) The amount necessary to purchase a conventional comparable replacement manufactured home and mobilehome; or

(B) The amount necessary to purchase a replacement manufactured home or mobilehome (in accordance with section 6102) plus the amount necessary to rent a replacement site (in accordance with section 6104). In calculating this amount, the economic rent for the site shall be used in lieu of average monthly rental to determine the base monthly rental (as provided in paragraph 6104(d)(1)).

(4) A person who owns a site from which he moves a manufactured home or mobilehome shall be provided a replacement housing payment under section 6102 if he purchases a replacement site and under section 6104 if he rents a replacement site.

(5) A person who owns a manufactured home or mobilehome which is acquired and rents the site shall be provided payment as follows:

(A) If a manufactured home or mobilehome, as appropriate, is not available the amount required to purchase a conventional replacement dwelling (in accordance with section 6102);

(B) The amount necessary to purchase a replacement manufactured home or mobilehome (in accordance with section 6102) plus the amount necessary to lease, rent or make a downpayment on a replacement site (in accordance with section 6104); or

(C) If he elects to rent a replacement manufactured home or mobilehome and site, the amount required to do so in accordance with section 6104. In calculating this payment, the average monthly rental shall equal the economic rent for the manufactured home or mobilehome plus the actual rent for the site.

(6) Similar principles shall be applied to other possible combinations of ownership and tenancy upon which a claim for payment might be based.


Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 18007 and 18008, Health and Safety Code.

HISTORY

1. Amendment of section and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6112, 25 CA ADC § 6112
1CAC

25 CA ADC § 6112

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6114

Cal. Admin. Code tit. 25, § 6114

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 3. RELOCATION PAYMENTS
This database is current through 1/11/08, Register 2008, No. 2

§ 6114. Affected Property.

(a) In addition to the payments required by Section 7262 of the Act (see sections 6090, 6092, 6094, 6096, 6098 and 6100), as a cost of acquisition, the public entity shall make a payment to any affected property owner meeting the requirements of this section.

(b) Such affected property is immediately contiguous to property acquired for airport purposes and the owner shall have owned the property affected by acquisition by the public entity not less than 180 days prior to the initiation of negotiation for acquisition of the acquired property.

(c) Such payment, not to exceed fifteen thousand dollars ($22,500), shall be the amount, if any, which equals the actual decline in the fair market value of the property of the affected property owner caused by the acquisition by the public entity for airport purposes of other real property and a change in the use of such property.

(d) The amount, if any, of actual decline in fair market value of affected property shall be determined according to rules and regulations adopted by the public entity. Such rules and regulations shall limit payment under this section only to such circumstances in which the decline in fair market value of affected property is reasonably related to objective physical change in the use of acquired property.

(e) "Affected property" means any real property which actually declines in fair market value because of acquisition by a public entity for public use of other real property and a change in the use of the real property acquired by the public entity.

HISTORY

1. Amendment of subsection (c) filed 10-7-99; operative 11-6-99 (Register 99, No. 41).

25 CCR § 6114, 25 CA ADC § 6114
1CAC

25 CA ADC § 6114

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6120

Cal. Admin. Code tit. 25, § 6120


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6120. Purpose.

The purpose of this part is to set forth the criteria and procedures for assuring that if the action of a public entity results, or will result in displacement, and comparable replacement housing will not be available as needed, the public entity shall use its funds or funds authorized for the project to provide such housing.

25 CCR § 6120, 25 CA ADC § 6120
1CAC

25 CA ADC § 6120

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6122

Cal. Admin. Code tit. 25, § 6122

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6122. Determination of Need for Last Resort Housing.

If on the basis of data derived from surveys and analyses which satisfy the requirements of sections 6048
and 6052, the public entity is unable to demonstrate that comparable replacement housing will be available
as required, the head of the public entity shall determine whether to use the public entity's funds or the funds
authorized for the project to provide such necessary replacement housing or to modify, suspend or terminate
the project or undertaking.

25 CCR § 6122, 25 CA ADC § 6122
1CAC

25 CA ADC § 6122

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6124

Cal. Admin. Code tit. 25, § 6124

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6124. Development of Replacement Housing Plan.

(a) General.

(1) Following the determination pursuant to section 6122, the head of the displacing public entity shall develop or cause to be developed a replacement housing plan to produce a sufficient number of comparable replacement dwellings. The plan shall specify how, when and where the housing will be provided, how it will be financed and the amount of funds to be diverted to such housing, the prices at which it will be rented or sold to the families and individuals to be displaced, the arrangements for housing management and social services as appropriate, the suitability of the location and environmental impact of the proposed housing, the arrangements for maintaining rent levels appropriate for the persons to be rehoused, and the disposition of proceeds from rental, sale, or resale of such housing. If a referendum requirement or zoning presents an obstacle, the issue shall be addressed.

(2) All contracts and subcontracts for the construction, rehabilitation or management of last resort housing shall be let without discrimination as to race, sex, marital status, color, religion, national origin, ancestry or other arbitrary circumstance and pursuant to an affirmative action program. The public entity shall encourage participation by minority persons in all levels of construction, rehabilitation, planning, financing and management of last resort housing. When the housing will be located in an area of minority concentration, the public entity shall seek to secure significant participation of minorities in these activities. The public entity shall require that, to the greatest extent feasible, opportunities for training and employment arising in connection with the planning, construction, rehabilitation, and operation of last resort housing be given to persons of low income residing in the area of such housing and shall determine and implement means to secure the participation of small businesses in the performance of contracts for such work.

(b) Citizen Participation.

(1) If the need for last resort housing exceeds 25 units, the head of the displacing public entity shall establish a committee which will consult with and provide advice and assistance to the displacing public entity in the development of the plan. The committee should include appointed representatives of the displacing entity and state and local agencies knowledgeable regarding housing in the area, including but not limited to the local housing authority and the central relocation agency, if any. In addition, the committee should include representatives of other appropriate public groups (for example, local and areawide planning agencies) and private groups knowledgeable regarding housing and the problems of housing discrimination.

(2) The committee shall include representatives of the residents to be displaced. These representatives may be appointed by the displacing entity or elected by the residents, as the residents wish. Resident representatives shall, at a minimum, constitute one-third of the committee membership. Votes shall be allocated so that the total votes of resident representatives shall equal one-half of the total votes of the committee membership.

(3) The plan must be approved by the vote of a simple majority of the committee membership. In the event the committee fails to approve the plan, the local governing body or, where the displacing entity is a state agency, the head of the state agency may substitute its approval.

(c) Consultation with Other Housing Agencies and Organizations.

The head of the displacing public entity may consult or contract with the department, a local housing authority, or other agency or organization having experience in the administration or conduct of housing programs to provide technical assistance and advice in the development of the replacement housing plan.

25 CCR § 6124, 25 CA ADC § 6124
1CAC

25 CA ADC § 6124

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6126

Cal. Admin. Code tit. 25, § 6126

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6126. Submission of Plan for Comment.

The head of the displacing public entity shall submit the plan and all significant amendments to the local housing and planning agencies for comment and to assure that the plan accurately reflects housing conditions and needs in the relocation area. Reviewing agencies shall have 30 calendar days following receipt of the plan to prepare their comments. Copies of all comments received shall be forwarded to the committee and available to all interested persons.

General notice of the plan shall be provided. Notice shall be designed to reach the residents of the relocation area; it shall be in accordance with the provisions of paragraph 6046(a)(3) and subsection 6046(b); and it shall be provided 30 days prior to submission to the committee, or the local governing body or head of state agency for approval.

    Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7260.5(a)(5) and 7264.5, Government Code.

HISTORY

1. Amendment of first paragraph and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6126, 25 CA ADC § 6126
1CAC

25 CA ADC § 6126

END OF DOCUMENT

                                        (C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6128

Cal. Admin. Code tit. 25, § 6128

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6128. Determination by Displacing Public Entity of Feasibility and Compliance.

Upon receipt and consideration of the comments, the displacing public entity shall determine whether or not:
(a) The plan is feasible.

(b) The plan complies with applicable environmental standards and procedures.

(c) The plan is compatible with the local general plan and housing element and the areawide housing plan or strategy.

If any of the above determinations by the displacing public entity is negative the displacing public entity shall revise the plan as necessary. Substantial modifications in the plan shall be submitted for review and comment as provided in section 6126. If necessary for timely implementation of the plan or execution of the project, the head of the displacing public entity may shorten the time allowed in section 6126 for review of modifications.

25 CCR § 6128, 25 CA ADC § 6128
1CAC

25 CA ADC § 6128

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6130

Cal. Admin. Code tit. 25, § 6130

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6130. Implementation of the Replacement Housing Plan.

Upon making the determinations required by section 6128, the head of the displacing entity may expend funds and take such other actions as necessary to provide, rehabilitate, or construct replacement housing pursuant to the approved replacement housing plan through methods including but not limited to the following:
(a) Transfer of funds to state and local housing agencies.

(b) Contract with organizations experienced in the development of housing.

(c) Direct construction by displacing public entity.

Whenever practicable, the head of the displacing public entity should utilize the services of federal, state, or local housing agencies, or other agencies having experience in the administration or conduct of similar housing programs.

25 CCR § 6130, 25 CA ADC § 6130
1CAC

25 CA ADC § 6130

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6132

Cal. Admin. Code tit. 25, § 6132


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6132. Housing Production.

The head of the displacing public entity shall monitor the production of the last resort housing to ensure that it is in accordance with the plan.

25 CCR § 6132, 25 CA ADC § 6132
1CAC

25 CA ADC § 6132

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6134

Cal. Admin. Code tit. 25, § 6134

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6134. Jointly Sponsored Development.

Where several agencies are administering programs resulting in residential displacement, opportunities shall be sought for joint development and financing to aggregate resources in order most efficiently to provide replacement housing in sufficient quantity to satisfy the aggregate needs of such programs.

25 CCR § 6134, 25 CA ADC § 6134
1CAC

25 CA ADC § 6134

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6136

Cal. Admin. Code tit. 25, § 6136


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6136. Last Resort Housing in Lieu of Payments.

A public entity shall not require a displaced person to accept a dwelling provided pursuant to this Article in lieu of the displaced person's acquisition payment, if any, for the real property from which he is displaced or the relocation payments for which he may be eligible.

25 CCR § 6136, 25 CA ADC § 6136
1CAC

25 CA ADC § 6136

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6138

Cal. Admin. Code tit. 25, § 6138

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2
§ 6138. Conformity with the Act and Other Statutes, Policies and Procedures.

(a) Civil Rights and Other Acts. The administration of this Article shall be in accord with the provisions of all applicable federal and state non-discrimination laws and regulations issued pursuant thereto.

(b) Dwelling and Relocation Standards. Determinations made pursuant to section 6122 and any plan developed and implemented for providing replacement housing and all such housing provided thereunder shall be in conformity with the standards established in the Act and Guidelines.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7260.5(c)(4), Government Code.

HISTORY

1. Amendment of subsection (a) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6138, 25 CA ADC § 6138
1CAC

25 CA ADC § 6138

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6139

Cal. Admin. Code tit. 25, § 6139

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 4. LAST RESORT HOUSING
This database is current through 1/11/08, Register 2008, No. 2

§ 6139. Last Resort Housing.

(a) Whenever comparable replacement dwellings are not available, or are not available within the monetary limits of Government Code sections 7263 and 7264, as appropriate, the displacing agency shall provide additional or alternative assistance under the provisions of this part.

(b) The methods of providing replacement housing of last resort include, but are not limited to:

(1) A replacement housing payment calculated in accordance with the provisions of sections 6102 or 6104, as appropriate, even if the calculation is in excess of the monetary limits of Government Code sections 7263 and 7264. A rental assistance payment under this part shall be paid to the displaced person in a lump sum, or at the discretion of the displacing agency, $5,250 shall be paid to the displaced person in a lump sum upon displacement and the remainder of the payments shall be paid to the displacee in periodic payments over a period not to exceed 42 months unless otherwise specified by statute.

(2) Major rehabilitation of and/or additions to an existing replacement dwelling in a sum equal to or greater than the payment to which the displaced person is entitled under subsection (b)(1).

(3) The construction of a new replacement dwelling in a sum equal to or greater than the payment to which the displaced person is entitled under subsection (b)(1) of this section.

(4) The relocation and, if necessary, rehabilitation of a dwelling.

(5) The purchase of land and/or a replacement dwelling by the displacing agency and subsequent sale or lease to, or exchange with a displaced person.

(6) For purposes of accommodating the needs of handicapped persons, the removal of barriers to the handicapped.

(c) Only at the discretion of displacing agencies are post-acquisition tenants entitled to last resort housing payments.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Sections 7263, 7264 and 7264.5, Government Code.

HISTORY

1. New section filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

2. Amendment of subsection (b)(1) filed 10-7-99; operative 11-6-99 (Register 99, No. 41).

25 CCR § 6139, 25 CA ADC § 6139
1CAC

25 CA ADC § 6139

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6150

Cal. Admin. Code tit. 25, § 6150

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2

§ 6150. Purpose.

The purpose of this article is to set forth guidelines for processing appeals from public entity determinations as to eligibility, the amount of payment, and for processing appeals from persons aggrieved by a public entity's failure to refer them to comparable permanent or adequate temporary replacement housing. Public entities shall establish procedures to implement the provisions of this Article.

25 CCR § 6150, 25 CA ADC § 6150
1CAC

25 CA ADC § 6150

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6152

Cal. Admin. Code tit. 25, § 6152

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6152. Right of Review.

(a) Any complainant, that is any person who believes himself aggrieved by a determination as to eligibility, the amount of payment, the failure of the public entity to provide comparable permanent or adequate temporary replacement housing or the public entity's property management practices may, at his election, have his claim reviewed and reconsidered by the head of the public entity or an authorized designee (other than the person who made the determination in question) in accordance with the procedures set forth in this article, as supplemented by the procedures the public entity shall establish for such review and reconsideration.

(b) A person or organization directly affected by the relocation plan may petition the department to review the final relocation plan of a public entity to determine if the plan is in compliance with state laws and guidelines or review the implementation of a relocation plan to determine if the public entity is acting in compliance with its relocation plan. Review undertaken by the department under this section shall be in accordance with the provisions of sections 6158 and may be informal. Before conducting an investigation, the department should attempt to constrain disputes between parties.

Failure to petition the department shall not limit a complainant's right to seek judicial review.

(c) If a relocation appeals board has been established pursuant to Section 33417.5 of the Health and Safety Code, a city by ordinance may designate the board to hear appeals from local public entities which do not have an appeal process. In the absence of such an ordinance, public entities shall establish procedures to implement the provisions of this Article.

Note: Authority cited: Section 50460, Health and Safety Code. Reference: Section 7266, Government Code.

HISTORY

1. Amendment of subsection (b) and new Note filed 8-12-97; operative 9-11-97 (Register 97, No. 33).

25 CCR § 6152, 25 CA ADC § 6152
1CAC

25 CA ADC § 6152

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6154

Cal. Admin. Code tit. 25, § 6154

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6154. Notification to Complainant.

If the public entity denies or refuses to consider a claim, the public entity's notification to the complainant of
its determination shall inform the complainant of its reasons and the applicable procedures for obtaining
review of the decision. If necessary, such notification shall be printed in a language other than English in
accordance with section 6046.

25 CCR § 6154, 25 CA ADC § 6154
1CAC

25 CA ADC § 6154

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6156

Cal. Admin. Code tit. 25, § 6156

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6156. Stages of Review by a Public Entity.

(a) Request for Further Written Information. A complainant may request the public entity to provide him with a full written explanation of its determination and the basis therefore, if he feels that the explanation accompanying the payment of the claim or notice of the entity's determination was incorrect or inadequate. The public entity shall provide such an explanation to the complainant within three weeks of its receipt of his request.

(b) Informal Oral Presentation. A complainant may request an informal oral presentation before seeking formal review and reconsideration. A request for an informal oral presentation shall be filed within the period described in subsection (d) of this section, and within 15 days of the request the public entity shall afford the complainant the opportunity to make such presentation. The complainant may be represented by an attorney or other person of his choosing. This oral presentation shall enable the complainant to discuss the claim with the head of the public entity or a designee (other than the person who made the initial determination) having authority to revise the initial determination on the claim. The public entity shall make a summary of the matters discussed in the oral presentation to be included as part of its file. The right to formal review and reconsideration shall not be conditioned upon requesting an oral presentation.

(c) Written Request for Review and Reconsideration. At any time within the period described in subsection (d) a complainant may file a written request for formal review and reconsideration. The complainant may include in the request for review any statement of fact within the complainant's knowledge or belief or other material which may have a bearing on the appeal. If the complainant requests more time to gather and prepare additional material for consideration or review and demonstrates a reasonable basis therefor, the complainant's request should be granted.

(d) Time Limit for Requesting Review. A complainant desiring either an informal oral presentation or seeking a formal review and reconsideration shall make a request to the public entity within eighteen months following the date he moves from the property or the date he receives final compensation for the property, whichever is later.

25 CCR § 6156, 25 CA ADC § 6156
1CAC

25 CA ADC § 6156

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6158

Cal. Admin. Code tit. 25, § 6158

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2

§ 6158. Formal Review and Reconsideration by the Public Entity.

(a) General. The public entity shall consider the request for review and shall decide whether a modification of its initial determination is necessary. This review shall be conducted by the head of the public entity or an authorized, impartial designee. (The designee may be a committee). A designee shall have the authority to revise the initial determination or the determination of a previous oral presentation. The public entity shall consider every aggrieved person's complaint regardless of form, and shall, if necessary provide assistance to the claimant in preparing the written claim. When a claimant seeks review, the public entity shall inform him that he has the right to be represented by an attorney, to present his case by oral or documentary evidence, to submit rebuttal evidence, to conduct such cross-examination as may be required for a full and true disclosure of facts, and to seek judicial review once he has exhausted administrative appeal.

(b) Scope of Review. The public entity shall review and reconsider its initial determination of the claimant's case in light of:

(1) All material upon which the public agency based its original determination including all applicable rules and regulations, except that no evidence shall be relied upon where a claimant has been improperly denied an opportunity to controvert the evidence or cross-examine the witness.

(2) The reasons given by the claimant for requesting review and reconsideration of the claim.

(3) Any additional written or relevant documentary material submitted by the claimant.

(4) Any further information which the public entity in its discretion, obtains by request, investigation, or research, to ensure fair and full review of the claim.

(c) Determination on Review by Public Entity.

(1) The determination on review by the public entity shall include, but is not limited to:

(A) The public entity's decision on reconsideration of the claim.

(B) The factual and legal basis upon which the decision rests, including any pertinent explanation or rationale.

(C) A statement to the claimant of the right to further administrative appeal, if the public entity has such an appeal structure, or if not, a statement to the claimant that administrative remedies have been exhausted and judicial review may be sought.

(2) The determination shall be in writing with a copy provided to the claimant.

(d) Time Limits.

(1) The public entity shall issue its determination of review as soon as possible but no later than 6 weeks from receipt of the last material submitted for consideration by the claimant of the date of the hearing, whichever is later.

(2) In the case of complaints dismissed for untimeliness or for any other reason not based on the merits of the claim, the public entity shall furnish a written statement to the claimant stating the reason for the dismissal of the claim as soon as possible but no later than 2 weeks from receipt of the last material submitted by the claimant or the date of the hearing, whichever is later.

25 CCR § 6158, 25 CA ADC § 6158
1CAC

25 CA ADC § 6158

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6160

Cal. Admin. Code tit. 25, § 6160

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6160. Refusals to Waive Time Limitation.

Whenever a public entity rejects a request by a claimant for a waiver of the time limits provided in section 6088, a claimant may file a written request for review of this decision in accordance with the procedures set forth in sections 6156 and 6158, except that such written request for review shall be filed within 90 days of the claimant's receipt of the public entity's determination.

25 CCR § 6160, 25 CA ADC § 6160
1CAC

25 CA ADC § 6160

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6162

Cal. Admin. Code tit. 25, § 6162

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6162. Extension of Time Limits.

The time limits specified in Section 6156 may be extended for good cause by the public entity.

25 CCR § 6162, 25 CA ADC § 6162
1CAC

25 CA ADC § 6162

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6164

Cal. Admin. Code tit. 25, § 6164

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6164. Recommendations by Third Party.

Upon agreement between the claimant and the public entity, a mutually acceptable third party or parties may review the claim and make advisory recommendations thereon to the head of the public entity for its final determination. In reviewing the claim and making recommendations to the public entity, the third party or parties shall be guided by the provisions of this Article.
Except to the extent the confidentiality of material is protected by law or its disclosure is prohibited by law, a public entity shall permit the claimant to inspect all files and records bearing upon his claim or the prosecution of the claimant's grievance. If a claimant is improperly denied access to any relevant material bearing on the claim, such material may not be relied upon in reviewing the initial determination.

25 CCR § 6164, 25 CA ADC § 6164
1CAC

25 CA ADC § 6164

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6166

Cal. Admin. Code tit. 25, § 6166

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6166. Review of Files by Claimant.

Except to the extent the confidentiality of material is protected by law or its disclosure is prohibited by law, a public entity shall permit the claimant to inspect all files and records bearing upon his claim or the prosecution of the claimant's grievance. If a claimant is improperly denied access to any relevant material bearing on the claim, such material may not be relied upon in reviewing the initial determination.

25 CCR § 6166, 25 CA ADC § 6166
1CAC

25 CA ADC § 6166

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6168

Cal. Admin. Code tit. 25, § 6168

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6168. Effect of Determination on Other Persons.

The principles established in all determinations by a public entity shall be considered as precedent for all eligible persons in similar situations regardless of whether or not a person has filed a written request for review. All written determinations shall be kept on file and available for public review.

25 CCR § 6168, 25 CA ADC § 6168
1CAC

25 CA ADC § 6168

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6170

Cal. Admin. Code tit. 25, § 6170


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2

§ 6170. Right to Counsel.

Any aggrieved party has a right to representation by legal or other counsel at his expense at any and all stages of the proceedings set forth in these sections.

25 CCR § 6170, 25 CA ADC § 6170
1CAC

25 CA ADC § 6170

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6172

Cal. Admin. Code tit. 25, § 6172

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2

§ 6172. Stay of Displacement Pending Review.

If a complainant seeks to prevent displacement, the public entity shall not require the complainant to move until at least 20 days after it has made a determination and the complainant has had an opportunity to seek judicial review. In all cases the public entity shall notify the complainant in writing 20 days prior to the proposed new date of displacement.

25 CCR § 6172, 25 CA ADC § 6172
1CAC

25 CA ADC § 6172

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6174

Cal. Admin. Code tit. 25, § 6174

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6174. Joint Complainants.

Where more than one person is aggrieved by the failure of the public entity to refer them to comparable permanent or adequate temporary replacement housing the complainants may join in filing a single written request for review. A determination shall be made by the public entity for each of the complainants.

25 CCR § 6174, 25 CA ADC § 6174
1CAC

25 CA ADC § 6174

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6176

Cal. Admin. Code tit. 25, § 6176

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 5. GRIEVANCE PROCEDURES
This database is current through 1/11/08, Register 2008, No. 2
§ 6176. Judicial Review.

Nothing in this Article shall in any way preclude or limit a claimant from seeking judicial review of a claim upon exhaustion of such administrative remedies as are available under this Article.

25 CCR § 6176, 25 CA ADC § 6176
1CAC

25 CA ADC § 6176

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6180

Cal. Admin. Code tit. 25, § 6180

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6180. Purpose.

The purpose of this Article is to set forth the practices to be followed with respect to acquisition of real property by a public entity. Public entities shall, to the greatest extent practicable, be guided by these practices.

25 CCR § 6180, 25 CA ADC § 6180
1CAC

25 CA ADC § 6180

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6182

Cal. Admin. Code tit. 25, § 6182

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2

§ 6182. Acquisition.

(a) A public entity shall make every reasonable effort to acquire property by negotiation and to do so expeditiously.

(b) Before negotiations are initiated (see subsection 6008(n)) a public entity shall:

(1) Have the property appraised, giving the owner or his representative designated in writing an opportunity, by reasonable advance written notice, to accompany the appraiser during the inspection of the property;

(2) If the owner of real property is also the owner of a business conducted on the real property to be acquired or on the remainder, inform him of his possible right to compensation for loss of goodwill. The public entity should include a copy of the pertinent provisions of the Eminent Domain Law (Code of Civil Procedure Sections 1230.010 et seq. ).

(3) Establish an amount it believes to be just compensation for the property, which amount shall, in no event, be less than the public entity's approved appraisal of the fair market value of the property as improved.

(c) The determination of just compensation shall be based upon consideration of:

(1) The real property being acquired;

(2) Where the real property acquired is part of a larger parcel, the injury, if any, to the remainder; and

(3) Loss of goodwill, where the owner of the real property is also the owner of a business conducted upon the property to be acquired or on the remainder and where the provisions of the Eminent Domain Law pertaining to compensation for loss of goodwill are satisfied. Goodwill consists of the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage.

(d) As soon as possible after the amount of just compensation is established, the public entity shall offer to acquire the property for the full amount so established and shall provide the owner with a written statement of the basis for determination of just compensation. The statement shall include the following:

(1) A general statement of the public use for which the property is to be acquired.

(2) A description of the location and extent of the property to be taken, with sufficient detail for reasonable identification, and the interest to be acquired.

(3) An inventory identifying the buildings, structures, fixtures, and other improvements.

(4) A recital of the amount of the offer and a statement that such amount:

(A) Is the full amount believed by the public entity to be just compensation for the property taken;

(B) Is not less than the approved appraisal of the fair market value of the property as improved;

(C) Disregards any decrease or increase in the fair market value of the real property to be acquired prior to the date of valuation caused by the public improvement for which the property is to be acquired for such public improvement, other than that due to physical deterioration within the reasonable control of the owner or occupant; and

(D) Does not reflect any consideration of or allowance for any relocation assistance and payments or other benefits which the owner is entitled to receive under an agreement with the public entity, except for an amount to compensate the owner for that portion of loss of goodwill provided in accordance with Section 6100.

(5) If the real property is a portion of a larger parcel, the statement shall include an apportionment of the total estimated just compensation for the partial acquisition between the value of the property being taken and the amount of damage, if any, to the remainder of the larger parcel from which such property is taken.

(6) If the owner of the real property to be acquired is also the owner of a business conducted upon the property or the remainder, the statement shall include an indication of the amount of compensation for loss of goodwill.

(e) At the initiation of negotiations (see subsection 6008(n)) a public entity shall provide written notification to the owner of a business conducted on the real property to be acquired or on the remainder, who is not also the owner of the real property, concerning his possible right to compensation for loss of goodwill. The public entity should include a copy of the pertinent provisions of the Eminent Domain Law (Code of Civil Procedure, Section 1230.010 et seq.).

(f) (1) If after receiving the public entity's offer the owner requests additional information regarding the determination of just compensation, the public entity shall provide the following information to the extent that the determination of just compensation is based thereon:

(A) The date of valuation used.

(B) The highest and best use of the property.

(C) The applicable zoning.

(D) Identification of some of the sales, contracts to sell and purchase, and leases supporting the determination of value.

(E) If the property is a portion of a larger parcel, a description of the larger parcel, with sufficient detail for reasonable identification.

(2) With respect to each sale, contract, or lease provided in accordance with (1)(D) above, the following data should be provided:

(A) The names and business or residence addresses, if known, of the parties to the transaction.

(B) The location of the property subject to the transaction.

(C) The date of transaction.

(D) The price and other significant terms and circumstances of the transaction, if known. In lieu of stating the other terms and circumstances, the public entity may, if the document is available for inspection, state the place where and the times when it is available for inspection.

(3) The requirements of this subsection do not apply to requests made after an eminent domain proceeding is commenced.

(g) Whenever a part of a parcel of property is to be acquired by a public entity for public use and the remainder, or a portion of the remainder, will be left in such size, shape or condition as to constitute an uneconomic remnant the public entity shall offer to acquire the remnant if the owner so desires. For the

purposes of these Guidelines an "uneconomic remnant" shall be a parcel of real property in which the owner retains an interest after partial acquisition of his property and which has little or no utility or value to such owner. (Nothing in this subsection is intended to limit a public entity's authority to acquire real property.)

(h) Nothing in this section shall be construed to deprive a tenant of the right to obtain payment for his property interest as otherwise provided by law.

(i) (1) Prior to commencement of an eminent domain proceeding the public entity shall make reasonable efforts to discuss with the owner its offer to purchase the owner's real property. The owner shall be given a reasonable opportunity to present material which he believes to be relevant as to the question of value and to suggest modification in the proposed terms and conditions of the purchase, and the public entity shall carefully consider the owner's presentation.

(2) Prior to commencement of an eminent domain proceeding, if the evidence presented by an owner or a material change in the character or condition of the property indicates the need for a new appraisal or if a significant delay has occurred since the determination of just compensation, the public entity shall have its appraisal updated. If a modification in the public entity's determination of just compensation is warranted, an appropriate price adjustment shall be made and the new amount determined to be just compensation shall be promptly offered in writing to the owner.

(j) (1) In no event shall the public entity either advance the time of condemnation, or defer negotiations or condemnation on the deposit of funds in court for the use of the owner, or take any other action coercive or misleading in nature, in order to compel or induce an agreement on the price to be paid for the property.

(2) If any interest in property is to be acquired by exercise of the power of eminent domain, the public entity shall promptly institute formal condemnation proceedings. No public entity shall intentionally make it necessary for an owner to institute legal proceedings to prove the fact of the taking of this real property.

25 CCR § 6182, 25 CA ADC § 6182
1CAC

25 CA ADC § 6182

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6184

Cal. Admin. Code tit. 25, § 6184

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6184. Notice of Decision to Appraise.

The public entity shall provide the owner with written notice of its decision to appraise the real property as soon as possible after the decision to appraise has been reached. The notice shall state, as a minimum, that:
(a) A specific area is being considered for a particular public use;

(b) The owner's property has been determined to be located within the area; and

(c) The owner's property, which shall be generally described, may be acquired in connection with the public use.

25 CCR § 6184, 25 CA ADC § 6184
1CAC

25 CA ADC § 6184

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6186

Cal. Admin. Code tit. 25, § 6186

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2

§ 6186. Time of Offer.

The public entity shall make its first written offer as soon as practicable following service of the Notice of Decision to Appraise. (See section 6184.)

25 CCR § 6186, 25 CA ADC § 6186
1CAC

25 CA ADC § 6186

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6188

Cal. Admin. Code tit. 25, § 6188

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2

§ 6188. Notice of Land Acquisition Procedures.

(a) At the time the public entity notifies an owner of its decision to appraise real property it shall furnish the owner a written explanation of its land acquisition procedures, describing in non-technical, understandable terms the public entity's acquisition procedures and the principal rights and options available to the owner.

(b) The notice shall include the following:

(1) A description of the basic objective of the public entity's land acquisition program and a reference to the availability of the public entity's statement covering relocation benefits for which an owner-occupant may be eligible;

(2) A statement that the owner or his representative designated in writing shall be given the opportunity to accompany each appraiser during his inspection of the property.

(3) A statement that if the acquisition of any part of real property would leave the owner with an uneconomic remnant as defined in subsection 6182(g) the public entity will offer to acquire the uneconomic remnant; if the owner so desires;

(4) A statement that if the owner is not satisfied with the public entity's offer of just compensation he will be given a reasonable opportunity to present relevant material, which the public entity will carefully consider, and that if a voluntary agreement cannot be reached the public entity, as soon as possible, will either institute a formal condemnation proceeding against the property or abandon its intention to acquire the property, giving notice of the latter as provided in section 6190.

(5) A statement that construction or development of a project shall be so scheduled that no person lawfully occupying real property shall be required to move from a dwelling (assuming a replacement dwelling as required by these Guidelines will be available) or to move his business or farm operation without at least 90 days written notice from the public entity of the date by which the move is required; and

(6) A statement that, if arrangements are made to rent the property to an owner or his tenant for a short term or for a period subject to termination by the public entity on short notice, the rental will not exceed the lesser of the fair rental value of the property to short term occupier or the pro rata portion of the fair rental value for a typical rental period.

If the owner or tenant is an occupant of a dwelling, the rental for the dwelling shall be within his financial means. (See subsection 6008(c).)

25 CCR § 6188, 25 CA ADC § 6188
1CAC

25 CA ADC § 6188

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6190

Cal. Admin. Code tit. 25, § 6190


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6190. Notice of Public Entity's Decision Not to Acquire.

Whenever a public entity which has forwarded a Notice of Decision to Appraise or has made a firm offer subsequently decides not to acquire the property, the public entity shall serve a notice in writing on the owner, all persons occupying the property and all other persons potentially eligible for relocation payments and assistance. This notice shall state that the public entity has decided not to acquire the property. It shall be served not later than 10 days following the date of the public entity decision not to acquire.

25 CCR § 6190, 25 CA ADC § 6190
1CAC

25 CA ADC § 6190

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6192

Cal. Admin. Code tit. 25, § 6192

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2

§ 6192. Incidental Expenses.

If the real property is acquired by purchase, the public entity shall pay all reasonable expenses incident to transfer. Among the expenses requiring payment are: recording fees, transfer fees and similar expenses incident to the conveyance of real property, and the pro rata portion of charges for public service such as water, sewage and trash collection which are allowable to a period subsequent to the date of transfer of title to the public entity or the effective date of possession of such property by the public entity, whichever is earlier. The public entity shall inform the owner that he may apply for a rebate of the pro rata portion of any real property taxes paid.

HISTORY

1. Amendment filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

25 CCR § 6192, 25 CA ADC § 6192
1CAC

25 CA ADC § 6192

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6194

Cal. Admin. Code tit. 25, § 6194


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6194. Short Term Rental.

(a) If the public permits an owner or tenant to occupy the real property acquired on a rental basis for a short-term or for a period subject to termination by the public entity on short notice, the amount of rent required shall not exceed the lesser of the fair rental value to a short-term occupier or the pro rata portion of the fair rental value for a typical rental period.

If the owner or tenant is an occupant of a dwelling, the rental for the dwelling shall be within his financial means. (See subsection 6008(c).)

(b) A post-acquisition tenant who occupies real property acquired on a rental basis for a short term and who is informed that the property has been acquired for a public use shall be given not less than 30 days notice of termination of the tenancy.

HISTORY

1. Amendment of subsection (b) filed 11-5-76 as an emergency; designated effective 11-27-76 (Register 76, No. 44).

2. Certificate of Compliance filed 2-16-77 (Register 77, No. 8).

25 CCR § 6194, 25 CA ADC § 6194
1CAC

25 CA ADC § 6194

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6195

Cal. Admin. Code tit. 25, § 6195


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6195. Public Information.

The purchase price and other consideration paid by the public entity is public information and shall be made available upon request.

25 CCR § 6195, 25 CA ADC § 6195
1CAC

25 CA ADC § 6195

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6196

Cal. Admin. Code tit. 25, § 6196


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6196. Service of Notice.

Service of all notices required by this article shall be made either by first class mail or by personal service upon the person to be notified.

25 CCR § 6196, 25 CA ADC § 6196
1CAC

25 CA ADC § 6196

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

25 CCR § 6198

Cal. Admin. Code tit. 25, § 6198

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 25. HOUSING AND COMMUNITY DEVELOPMENT
DIVISION 1. HOUSING AND COMMUNITY DEVELOPMENT
CHAPTER 6. DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT PROGRAMS
SUBCHAPTER 1. RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION GUIDELINES
ARTICLE 6. ACQUISITION POLICIES
This database is current through 1/11/08, Register 2008, No. 2
§ 6198. Nonpossessory Interest Exception.

The provisions of 6182(b), (c), (d)(4), and (f) and 6188 shall not apply to the acquisition of any easement, right-of-way, covenant or other nonpossessory interest in real property to be acquired for the construction, reconstruction, alteration, enlargement, maintenance, renewal, repair or replacement of sub-surface sewers, waterlines or appurtenance, drains, septic tanks, or storm water drains.

Attachment A Minimum Contents of Informational Statement(s)

| Item To Be Included | For Distribution To | |
| --- | --- | --- |
| | Displaced Persons | Business Concerns and Others |
| 1. General description of the nature and types of activities that will be undertaken, including an identification of areas which may involve displacement. A diagrammatic sketch of the project area should be attached. | x | x |
| 2. Statement that public action may result in displacement but that no one lawfully occupying property will be required to surrender possession with out at least 90 days' written notice from the public entity and no one will be required to move until 90 days after the provision of information. | x | x |
| 3. Assurance that families and individuals will not be required to move before reasonable offers of decent, safe, sanitary and otherwise comparable housing within their financial means have been made, except for the causes set forth in the local agency's eviction policy (which shall be in accordance with section 6058.) | x | |
| 4. General description of types of relocation payments available, including general eligibility criteria and a caution against premature moves that might result in loss of eligibility for a payment. | x | x |
| 5. Identification of the agency's relocation program and a description of the relocation services and aids that will be available. | x | x |
| 6. Encouragement to visit the agency's relocation office and cooperate with the staff. The address, telephone number, and hours of the relocation office should be specified. | x | x |
| 7. Information on replacement housing, including: | | |
| a. Brief description of what constitutes comparable replacement housing, including physical standards. | x | |

b. Laymen's description of Federal fair housing law                                x
   (Title VIII of Civil Rights Act of 1968), and
   applicable State and local fair housing laws, as well
   as rights under Title IV of the Civil Rights Act of
   1964.

c. Statement that the public entity (or its agent) will                            x
   identify comparable replacement dwellings within the
   financial means of and otherwise available to
   displaced persons and will provide assistance to
   persons in obtaining housing of their choice,
   including assistance in the referral of complaints of
   discrimination to the appropriate Federal, State or
   local fair housing enforcement agency.

d. Statement that persons may seek their own housing                               x
   accommodations and urging them, if they do so, to
   notify the relocation office prior to making a
   commitment to purchase or occupy the property.

8. Statement that the public entity will provide maximum                           x
   assistance in locating relocation
   accommodations,including consultation with the Small
   Business Administration and other governmental
   agencies which might be of assistance.

9. Statement describing requirement for prior                                      x
   notification to the agency of the business concern's
   intention to move.

10. Summary of the local agency's eviction policy, which                           x              x
    shall be in accordance with the provisions of section
    6058.

11. Statement describing the agency's grievance                                    x              x
    procedure, its purpose, and how it may be used, which
    procedure shall be in accordance with the provisions
    of Article 5.

   Note: Authority cited: Sections 41226 and 50626, Health and Safety Code. Reference: Sections
41220-41229 and 50625-50629, Health and Safety Code.

25 CCR § 6198, 25 CA ADC § 6198
1CAC

25 CA ADC § 6198

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.