1  BAY AREA LEGAL AID
   LISA S. GREIF (State Bar No. 214537)
2  NAOMI YOUNG (State Bar No. 105041)
   PHILLIP R. MORGAN (State Bar No. 99979)
3  405 14th Street, 11th Floor
   Oakland, California 94612
4  Telephone: 510-663-4744
   Facsimile: 510-663-4740
5  Email: lgreif@baylegal.org
          nyoung@baylegal.org
6         pmorgan@baylegal.org

7  THE CALIFORNIA AFFORDABLE HOUSING LAW
   PROJECT OF THE PUBLIC INTEREST LAW PROJECT
8  DEBORAH COLLINS (State Bar No. 154532)
   MICHAEL RAWSON (State Bar No. 95868)
9  CRAIG CASTELLANET (State Bar No. 176054)
   449 15th Street, Suite 301
10 Oakland, California 94612
   Telephone: 510-891-9794, ext. 156
11 Facsimile: 510-891-9727
   Email: dcollins@pilpca.org
12        mrawson@pilpca.org
          ccastellanet@pilpca.org
13
   Attorneys for Petitioners ARROYO VISTA TENANTS ASSOCIATION, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, ELISE VEAL<br><br>Petitioner/Plaintiff,<br><br>vs.<br><br>CITY OF DUBLIN; DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF ALAMEDA COUNTY; and DOES 1 through 20, inclusive,<br><br>Respondents.<br><br>SCS DEVELOPMENT COMPANY, dba Citation Homes Central, a California Corporation; EDEN HOUSING, INC., a California Nonprofit, and DOES 21 through 50,<br><br>Real Parties in Interest. | CASE NO. C 07-05794 MHP<br><br>**SECOND SUPPLEMENTAL DECLARATION OF RHENAE KEYES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: March 3, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge: Honorable Marilyn Hall Patel |

I, Rhenae Keyes, hereby declare:

1. If called as a witness in this matter, I could and would testify competently to the facts set forth herein.

2. I am a person with multiple disabilities who has had a live-in-aide in the past to assist me with the activities of daily living. When I was thinking of moving from Arroyo Vista I applied for a voucher, but was told that I would only get a 2 bedroom voucher. At that time, my son was still living with me and my daughter and we shared a four bedroom house in Arroyo Vista.

3. I was told when I met with people at HACA that I could request a reasonable accommodation if I wanted a 3 bedroom voucher. When I asked for a reasonable accommodation so that my daughter and son would not have to share a bedroom, my daughter's doctor wrote a letter explaining why my daughter's condition prevented her from sharing a room with my son. HACA never granted my request for a reasonable accommodation.

4. In August 2007 I attended a meeting to find out about the voucher program. Mary Rizzo-Shuman from HACA was leading this meeting. At this meeting Ms. Shuman repeated that the first step to getting a voucher was to turn in a 30-day notice. She said that before we could qualify for a Section 8 Voucher we had to turn in this notice and that we could get the form from the office.

5. I specifically recall Mary Rizzo-Shuman stating that if residents did not move out, we would see the bulldozers coming. It was one of the things she said that made me feel like I had no option but to apply for a Section 8 voucher and start looking for another place to live.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Dublin, California on ___February 18, 2008_____.

/s/ Rhenae Keyes
Rhenae Keyes

1  I hereby attest that I have on file all holograph signatures for any signatures indicated by
2  a "conformed" signature (/s/) within this efiled document.

4  Dated: February 19, 2008        /s/ Lisa S. Greif_____
5                                  Lisa S. Greif
                                   Attorney for Plaintiffs