LEE C. ROSENTHAL, State Bar #58778
lrosenthal@goldfarblipman.com
ROBERT C. MILLS, State Bar #158097
rmills@goldfarblipman.com
JULIET E. COX, State Bar #214401
jcox@goldfarblipman.com
GOLDFARB & LIPMAN LLP
1300 Clay Street, Ninth Floor
Oakland, California 94612
Telephone:  (510) 836-6336
Facsimile:  (510) 836-1035

Attorneys for Respondents and Real Parties in Interest DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA; SCS DEVELOPMENT COMPANY; and EDEN HOUSING, INC.

JOSEPH M. QUINN, State Bar #171898
jquinn@meyersnave.com
ARIANA MOHIT, State Bar #211407
amohit@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 421-3711
Facsimile:  (415) 421-3767

Attorneys for Respondent CITY OF DUBLIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASS'N *et al.*,<br><br>Petitioners,<br><br>v.<br><br>CITY OF DUBLIN *et al.*,<br><br>Respondents,<br><br>SCS DEVELOPMENT COMPANY *et al.*<br><br>Real Parties in Interest. | Case No.: Case No.: 3:07-cv-05794-MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      March 3, 2008<br>Time:      2:00 p.m.<br>Location:  Courtroom 15, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102 |

I. **JURISDICTION AND SERVICE**

This Court has original jurisdiction of the federal questions presented by this civil action under 28 U.S.C. § 1331, and supplemental jurisdiction over Petitioners' state-law claims under 28 U.S.C. §§ 1367(a) and 1441(c). Respondents are subject to personal jurisdiction, and venue is proper in this district. All Respondents and Real Parties have appeared in this action.

II. **FACTS**

A. **Facts on Which Petitioners and Respondents Agree**

Arroyo Vista is a 150-unit federally funded public housing complex located on Dougherty Road in Dublin. The complex is the only public housing complex in Dublin. It is owned by the Dublin Housing Authority ("DHA") and administered on DHA's behalf by the Housing Authority of Alameda County ("HACA"). HACA also administers the Housing Choice ("Section 8") Voucher program in areas of Alameda County.

Some Arroyo Vista residents have "very low" incomes and some have "extremely low" incomes, as the United States Department of Housing and Urban Development ("HUD") defines these terms. Tenant rents at the entire complex generally average less than $500 per month. Petitioners Rhenae Keyes, Andres Arroyo, Darlene Brown, and Elise Veal are tenants at Arroyo Vista. Ms. Keyes is also the chair of Petitioner Arroyo Vista Tenants Association, a 31-member association formed in October 2007.

On July 24, 2006, DHA adopted DHA Resolution No. 11-06, electing not to rehabilitate the Arroyo Vista project but instead to redevelop the property. DHA also adopted DHA Resolution 12-06, selecting the developer team of Eden Housing, Inc. (a non-profit developer) ("Eden") and Citation Homes Central (a for-profit developer) ("Citation") to redevelop the Arroyo Vista property and authorizing staff to negotiate the appropriate documents with that team. On April 3, 2007, DHA approved an Exclusive Negotiating Rights Agreement among DHA, the City, and HACA (together, "Respondents") and Eden and Citation (together, "Real Parties"); and on November 21, 2006, DHA adopted DHA Resolution 17-06 approving amendments to DHA's Annual and Five-Year Plans to provide for disposition or demolition of Arroyo Vista and authorizing DHA staff to submit these amendments to HUD.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

On July 17, 2007, the Dublin City Council ("City") adopted City Council Resolution No. 136-07, approving a Disposition and Development Agreement for the Arroyo Vista Redevelopment Project with DHA, HACA, Eden, Citation, and the City ("DDA"). On July 17, 2007, DHA authorized execution of the DDA. On or about July 25, 2007, Respondents and Real Parties executed the DDA for the Redevelopment of Arroyo Vista.

On August 14, 2007, DHA submitted a Disposition Application (the "Application") to HUD for the Arroyo Vista public housing complex. At the time of submission, DHA's Application was incomplete, and DHA has not yet submitted an environmental review of the proposed project. HUD has not yet approved or disapproved the Application.

Among other things, if HUD approves DHA's proposal to dispose of Arroyo Vista, the DDA calls for DHA to relocate all Arroyo Vista's tenants in accordance with applicable state and federal laws. The DDA calls for HACA to provide up to 150 Section 8 vouchers to Arroyo Vista households who are eligible for the Section 8 program. The DDA then calls for DHA to convey the Arroyo Vista property to Real Parties, who will (subject to City permit approvals) demolish the public housing units at Arroyo Vista and replace them with a mixed-income development described in the DDA. The DDA calls for the City to contribute funding for the project.

Beginning in 2006, DHA distributed newsletters regarding Arroyo Vista's potential redevelopment. In April 2007, DHA began holding tenant meetings to explain the redevelopment and relocation processes. On or about February 12, 2008, DHA distributed notice that a proposed relocation plan for Arroyo Vista's residents was available for review and public comment, and that the plan would be considered at DHA's April 15, 2008, meeting. No Respondent has yet adopted a comprehensive relocation plan for Arroyo Vista of the type described in the California Relocation Assistance Act (the "CRAA").

DHA began in July 2007 providing relocation assistance to at least some tenants. When DHA submitted the Application to HUD, approximately 12 households had moved using Section 8 Vouchers provided by HACA. To date, approximately 50 Arroyo Vista households have relocated. DHA has not re-rented those units, but has instead boarded them. All Petitioners remain Arroyo Vista residents.

### B. Principal Factual Issues in Dispute

#### 1. Petitioners' Statement

Petitioners contend that Respondents (1) have not submitted a comprehensive relocation plan to HUD in support of their Application; (2) have relocated Arroyo Vista tenants without a relocation plan approved by HUD or any local legislative body; (3) have urged tenants of Arroyo Vista to move prior to HUD approval; (4) have led tenants to believe that the sale and demolition of Arroyo Vista is a *fait accompli*; (5) have engaged in a concerted effort to frighten and/or cajole tenants into moving from Arroyo Vista; (6) have misrepresented and provided misleading information to tenants regarding the relocation assistance that may be available to tenants; (7) have provided some relocation assistance to some Arroyo Vista tenants, but have not provided the notice, advisory services, or relocation benefits required by state and federal law; (8) have not provided the relocation benefits that respondents told HUD and some tenants they would provide; (9) began removing Arroyo Vista units from the public housing stock in or about March 2007 by refusing to re-rent units vacated by residents that have moved; and (10) have caused blight and hazardous conditions by boarding up vacant units.

#### 2. Respondents' Statement

Respondents contend that (1) the DDA conditions disposition and redevelopment of Arroyo Vista on HUD's approval; (2) HUD does not require any more information than the Application already includes regarding DHA's relocation plan for Arroyo Vista's tenants; (3) in April 2007, DHA distributed written notice to tenants about the redevelopment proposal and about the possibility of relocation assistance to tenants; (4) all tenants who have moved away from Arroyo Vista since Respondents approved the DDA have done so voluntarily; (5) Respondents have not urged any tenant to move; (6) Respondents have not attempted to frighten or cajole any tenant into moving before that tenant must do so; (7) Respondents have not led tenants to believe that the sale and demolition of Arroyo Vista is a *fait accompli*; (8) Respondents have not given tenants information regarding available relocation assistance that has been either incorrect or misleading; (9) the notice, advisory services, and relocation benefits DHA has provided to Arroyo Vista's households has exceeded the requirements of both state and

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

federal law; (10) DHA did not begin refusing to re-rent units at Arroyo Vista due to Arroyo Vista's proposed redevelopment until August 1, 2007; and (11) boarding up Arroyo Vista's vacant units has protected Arroyo Vista's remaining residents rather than exposing them to hazards.

### III. LEGAL ISSUES IN DISPUTE

Petitioners contend that the following legal issues are in dispute in this matter:

1. Whether respondents have violated the United States Housing Act of 1937, as amended (42 U.S.C. § 1437p) and its implementing regulations (24 C.F.R. § 970.1 *et seq*.) (the "Housing Act") by: (a) entering into and implementing the DDA without prior written approval by HUD of the Application; (b) relocating Arroyo Vista tenants without prior written approval by HUD of the Application; (c) providing relocation assistance to some Arroyo Vista tenants without prior written approval by HUD of the Application, including approval of a relocation plan, timeline, and the relocation assistance respondents propose in the Application; (d) relocating Arroyo Vista tenants without providing written notice of HUD's determination of the Application and the relocation assistance and benefits available pursuant to the Housing Act as approved by HUD; (e) refusing to re-rent vacant public housing units without a complete disposition application or a demolition application pending before HUD; and (f) boarding up vacant public housing units and exposing remaining Arroyo Vista residents to blight and hazardous conditions without a complete disposition application or a demolition application pending before HUD.

2. Whether respondents have violated the CRAA (Cal. Govt. Code § 7260 *et seq*.) and its implementing regulations (25 Cal. Code Regs. § 6000 *et seq*.) by: (a) failing to prepare and adopt a relocation assistance plan pursuant to the CRAA as soon as negotiations of the Arroyo Vista Redevelopment Project began and before displacing Arroyo Vista tenants; (b) issuing unauthorized notices to some Arroyo Vista tenants regarding the relocation services and benefits available to them; (c) displacing Arroyo Vista tenants without providing the notices, advisory services, and relocation benefits required by the CRAA.

Respondents contend that the following legal issues are in dispute in this matter:

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

1. Does the Housing Act prohibit a public housing authority's entering into an agreement to dispose of public housing if that agreement makes performance of the obligations it creates expressly contingent upon approval by HUD for the disposition?

2. Is Petitioners' challenge under the Housing Act to the DDA ripe for this Court's adjudication before HUD has acted on Respondents' application to HUD for approval of the actions conditionally required by the DDA?

3. Does the CRAA apply to a federally funded public housing authority undertaking disposition of a public housing complex?

4. Does the DDA call for any violation of either the Housing Act or the CRAA?

5. Has DHA violated the Housing Act or the CRAA by providing relocation assistance to Arroyo Vista tenants before HUD has approved disposition of Arroyo Vista?

6. Has DHA violated the Housing Act or the CRAA by providing relocation assistance to Arroyo Vista tenants before DHA and HUD have approved a relocation plan for Arroyo Vista?

7. Has DHA violated the Housing Act or the CRAA by failing to provide adequate relocation assistance to Petitioners?

8. Has DHA violated the Housing Act or the CRAA by failing to provide relocation assistance to Arroyo Vista's tenants before April 2007?

9. Do Petitioners have standing to pursue claims on behalf of any person not a party to this action without seeking and obtaining certification of this action as a class action in accordance with the procedures set forth in Rules 23 and 23.2 of the Federal Rules of Civil Procedure?

### IV. MOTIONS

Petitioners have filed a motion seeking a preliminary injunction, which is scheduled for hearing on Monday, March 3, 2008, immediately before the case management conference. Respondents have filed a motion for summary judgment or, in the alternative, summary adjudication of issues, which is scheduled for hearing on Monday, March 31, 2008. Absent a stipulation between the parties, Petitioners anticipate filing a motion for leave to file a First

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

Amended Petition and Complaint. Petitioners also anticipate filing a Motion for Permanent Injunction and/or a Motion for Summary Judgment or Adjudication of Issues after completion of relevant discovery.

## V. AMENDMENT OF PLEADINGS

Petitioners anticipate seeking leave to file a First Amended Petition and Complaint to allege further violations of the Housing Act; the Housing and Community Development Act of 1974, as amended; and state and federal fair housing laws. Petitioners anticipate they will seek declaratory and injunctive relief as to these claims. Petitioners will seek Respondents' stipulation to any amendment prior to filing the motion.

## VI. EVIDENCE PRESERVATION

The parties certify that any evidence relevant to the issues reasonably evident in this action is being preserved.

## VII. DISCLOSURES

In accordance with this Court's order, the parties will exchange initial disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure on February 25, 2008. Disclosures will include identification of individuals likely to have discoverable information the parties may use to support their claims and defenses, and description of documents the parties may use to support their claims and defenses. The parties will disclose additional witnesses and documents if and when they identify them. Petitioners have not sought damages, and Respondents contend that they have no insurance covering the allegations of the Petition.

## VIII. DISCOVERY PLAN

A.   **Subjects for Discovery; Timing; Phasing**

1.   **Timing.**

The parties have not yet commenced discovery and do not anticipate propounding or responding to any discovery requests before April 1, 2008.

2.   **Subjects for Discovery.**

The parties agree that discovery will be necessary and appropriate as to the following subjects: (a) relocation assistance notice(s), advisory services and relocation benefits offered or

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

provided by Respondents to Arroyo Vista tenants; and (b) activities of Respondents' relocation consultant(s).

In addition, Petitioners contend that discovery will be necessary and appropriate as to the following subjects: (a) information relating to rehabilitation, disposition, and/or demolition of Arroyo Vista, including but not limited to application(s) to HUD for disposition and/or demolition; (b) communications between Respondents and HUD regarding such application(s); (c) relocation plan(s) prepared or adopted by Respondents and their agents; (d) residents of Arroyo Vista who have moved since July 2006; (e) information relating to administration of DHA; (f) information relating to the administration of HACA, including but not limited to HACA's participation in the plans for rehabilitation, disposition and/or demolition of Arroyo Vista; and (g) other subjects that may be relevant in the event Petitioners' Motion to Amend is granted.

Respondents contend that discovery will be necessary and appropriate as to the following subjects: (a) the identities of those persons claiming entitlement to additional relocation assistance; (b) the nature and amount of assistance those persons seek; (c) communications between Arroyo Vista's tenants and Respondents and Respondents' agents regarding Arroyo Vista's proposed redevelopment; (d) Petitioners' bases for asserting the City's liability to Petitioners; and (e) Petitioners' bases for alleging HACA's liability to Petitioners.

**3.    Document Production.**

In producing documents responsive to document requests, the parties agree to identify by set and number the documents responsive to particular request(s), and to consecutively mark all documents with distinguishing letters and numbers beginning at R0001 for Respondents and P0001 for Petitioners.

**4.    Limits and Phasing.**

The parties agree that no special orders regarding limits or phasing of discovery are necessary at this time.

### B. Disclosure and Discovery of Electronically Stored Information

Petitioners propose that the parties produce or disclose unprivileged electronically stored information in electronic formats, and produce or disclose all versions of electronically stored information. Respondents contend that they use no special electronic recordkeeping or database management systems (such as bookkeeping software) for information that might be material to this action. Accordingly, Respondents propose to produce unprivileged electronically stored documents and information by printing those documents or information on paper for Petitioners, marked for identification in the same manner as documents produced directly from paper files.

### C. Privilege and Attorney Work Product Protection

The parties reserve their rights to raise claims of attorney-client privilege, attorney work-product, or confidentiality of personal information and, in such event, to produce privilege logs at the time of production. The parties will comply with Civil Local Rule 37-1 in attempting to resolve such disputes.

## IX. CLASS ACTION

Petitioners have not brought this action as a class action. Respondents contend that Petitioners may not pursue claims on behalf of any person not a party to this action without seeking and obtaining certification of this action as a class action in accordance with the procedures set forth in Rules 23 and 23.2 of the Federal Rules of Civil Procedure.

## X. RELATED CASES

The parties know of no related cases or proceedings pending before any court or administrative body.

## XI. RELIEF

Petitioners seek an alternative or peremptory writ of mandate ordering Respondents to rescind or set aside the DDA; an injunction enjoining implementation of the DDA, with the exception of planning activities necessary to defendants' Application; an injunction commanding Respondents to cease displacement of Arroyo Vista residents without prior HUD approval of the Application and without a relocation plan adopted pursuant to the CRAA; an injunction ordering Respondents to locate persons already displaced and permit them to return to their homes or, at

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

such displaced persons' option, to provide relocation assistance and compensation to all eligible persons that moved from Arroyo Vista after July 2006; and an injunction ordering Respondents to restore and re-rent vacant public housing units without prior HUD approval of the Application. Petitioners also seek costs incurred; an award of attorneys' fees to the Public Interest Law Project; and such other and further relief as the Court deems just and proper. Respondents do not seek any relief by way of counter-claim in this action at this time.

## XII. SETTLEMENT AND ADR

DHA, HACA, and Petitioners have held informal discussions regarding Petitioners' demands. Pursuant to ADR L.R. 3-5 and the parties' notice, this Court has set a telephonic ADR conference for February 28, 2008, at 2:00 p.m.

## XIII. CONSENT TO MAGISTRATE JUDGE AND OTHER REFERENCES

DHA and HACA decline to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition.

## XIV. NARROWING OF ISSUES

Petitioners' pending motion for preliminary injunction and Respondents motion for summary judgment or, in the alternative, summary adjudication may narrow the issues in dispute. The parties also may stipulate to facts at trial in order to narrow issues.

## XV. SCHEDULING AND EXPEDITED SCHEDULE

The parties propose the following dates:

1. Petitioners' motion for leave to amend: Filed on or before March 15, 2008;
2. Non-expert discovery cut-off: February 13, 2009;
3. Expert disclosure and reports to be completed: February 27, 2009;
4. Rebuttal expert disclosure: March 31, 2009;
5. Expert discovery cut-off: April 30, 2009;
6. Hearing of dispositive motions: June 15, 2009;
7. Pre-trial conference: June 29, 2009;
8. Trial is requested for July 2009.

The parties have no need for expedited scheduling at this time, but agree to reconsider the need for an expedited schedule following rulings on the pending motions.

## XVI. TRIAL

This case will be tried to the Court. The parties anticipate that trial will last no more than five (5) days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Petitioners will file a certification of interested parties or entities in their proposed amended complaint, to be submitted with a Motion for Leave to Amend on or before March 15, 2008.

As governmental entities, DHA, HACA, and the City are exempt under Civil Local Rule 3-16(a) from the duty to file a Certification of Interested Entities or Persons.

Real Party in Interest Citation is a California corporation, duly organized and existing and authorized to do business in California, the formal name of which is SCS Development Company. Citation has no parent corporation, and no publicly held corporation owns 10% or more of Citation's stock.

Real Party in Interest Eden is a California nonprofit public benefit corporation, duly organized and existing and authorized to do business in California. Eden has no parent corporation and no stockholders.

DATED: February 25, 2008                    GOLDFARB & LIPMAN LLP

By:  /s/_____
JULIET E. COX
Attorneys for Respondents and Real Parties in Interest DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA; SCS DEVELOPMENT COMPANY; and EDEN HOUSING, INC.

| | | |
|---|---|---|
| DATED:  February 25, 2008 | | MEYERS, NAVE, RIBACK, SILVER & WILSON |
| | By: | /s/_____<br>ARIANA MOHIT<br>Attorneys for Respondent CITY OF DUBLIN |
| DATED:  February 25, 2008 | | BAY AREA LEGAL AID<br><br>CALIFORNIA AFFORDABLE HOUSING LAW PROJECT OF THE PUBLIC INTEREST LAW PROJECT |
| | By: | /s/_____<br>DEBORAH COLLINS<br>Attorneys for Petitioners |

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX