BAY AREA LEGAL AID
LISA S. GREIF (State Bar No. 214537)
NAOMI YOUNG (State Bar No. 105041)
PHILLIP R. MORGAN (State Bar No. 99979)
405 14th Street, 11th Floor
Oakland, California 94612
Telephone: 510-663-4744
Facsimile: 510-663-4740
Email: lgreif@baylegal.org
    nyoung@baylegal.org
    pmorgan@baylegal.org

THE CALIFORNIA AFFORDABLE HOUSING LAW
PROJECT OF THE PUBLIC INTEREST LAW PROJECT
DEBORAH COLLINS (State Bar No. 154532)
MICHAEL RAWSON (State Bar No. 95868)
CRAIG CASTELLANET (State Bar No. 176054)
449 15th Street, Suite 301
Oakland, California 94612
Telephone: 510-891-9794, ext. 156
Facsimile: 510-891-9727
Email: dcollins@pilpca.org
    mrawson@pilpca.org
    ccastellanet@pilpca.org

Attorneys for Petitioners ARROYO VISTA TENANTS ASSOCIATION, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, ELISE VEAL<br><br>    Petitioner/Plaintiffs,<br><br>    vs.<br><br>CITY OF DUBLIN; DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF ALAMEDA COUNTY; and DOES 1 through 20, inclusive,<br>    Respondents/Defendants.<br><br>SCS DEVELOPMENT COMPANY, dba Citation Homes Central, a California Corporation; EDEN HOUSING, INC., a California Nonprofit, and DOES 21 through 50,<br><br>    Real Parties in Interest. | CASE NO. C 07-05794 MHP<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PETITIONERS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:  March 3, 2008<br>Time:  2:00 p.m.<br>Courtroom:  15, 18th Floor<br>Judge:  Honorable Marilyn Hall Patel |

Defendants' numerous objections to plaintiffs' declarations are meritless, harassing, and redundant.  It is well established that the "Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (citations omitted); *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (responding to allegations of hearsay, the Court allowed the testimony since the "urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits").  Furthermore, defendants' perfunctory objections were not significant enough to merit any mention in their Opposition to the Motion for Preliminary Injunction.  Indeed, defendants do not contend that such objections will have any affect on the outcome of the Motion for Preliminary Injunction, and did not even file them until after plaintiffs' Reply on the matter.  Thus, these 65 objections, most of which are alleged upon unexplained grounds of relevance and prejudice, should be denied in their entirety.

Nevertheless, plaintiffs specifically address each of the objections, below.

## I.    DECLARATION OF ANDRES ARROYO

**Objection No. 1:**

**Statement:**        "I am a 66 year old Hispanic man and I am disabled."

(Page 2, ¶ 2, at line 4)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to Federal Rules of Evidence ("FRE"), Rule 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law. No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

**Objection No. 2:**

**Statement:**     "my wife, who is 69 years old"

(Page 2, ¶ 2, at lines 5-6)

**Objection:**     Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**     "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and his family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 3:**

**Statement:**     "I get Social Security retirement benefits… $996 per month."

(Page 2, ¶ 3, at lines 7-9)

**Objection:**     Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**     "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 4:**

**Statement:**     "In October 2007, … good deal to move."

(Page 2, ¶ 5, at lines 16-18)

**Objection:**     Irrelevant, FRE 402; Lacks foundation, FRE 602.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the relocation activities of defendants, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation law. Declarant is testifying as to his assessment of the merits of moving his family from his residence, he "has personal knowledge" of the relocation activities taking place at Arroyo Vista, FRE 602.

**Objection No. 5:**

**Statement:**        "My wife and I … San Ramon and Dublin."

(Page 2, ¶ 6, at lines 19-24)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and his family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.   No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

## II.    DECLARATION OF DARLENE BROWN

**Objection No. 1:**

**Statement:**        "I am a 54-year-old disabled African-American woman."

(Page 2, ¶ 2, at lines 4-5)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide

3

relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.   No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 2:**

**Statement:**          "I live on a fixed … Supplemental Security Income."

(Page 2, ¶ 3, at lines 6-7)

**Objection:**          Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**          "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.   No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 3:**

**Statement:**          "My health is not good … doctors and family."

(Page 2, ¶ 4, at lines 6-9)

**Objection:**          Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**          "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

1

**Objection No. 4:**

2      **Statement:**        "Around September 2007 … Arroyo Vista was being sold."

3      (Page 2, ¶ 5, at lines 10-14)

4      **Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within

5      any exception if offered to prove either the amount of relocation assistance to which Ms.

6      Brown may be entitled under state or federal law or that Arroyo Vista is being sold, FRE

7      801, 802.

8      **Response:**        The fact in consequence is the relocation activities of the defendants,

9      which is relevant to the Preliminary Injunction on First, Second, and Third Causes of

10     Action to provide relocation counseling, assistance and advisory services that must be

11     provided each resident under the Housing Act and state relocation law. "All relevant

12     evidence is admissible," pursuant to FRE 402.  Declarant is testifying as to her assessment

13     of the merits of moving her family from her residence, she "has personal knowledge" of

14     the relocation activities taking place at Arroyo Vista.  FRE 602. The statements offered

15     are not offered to prove the amount of relocation assistance available to Ms. Brown, but to

16     show her state of mind that Arroyo Vista was being sold, that relocation was required and

17     the type of relocation assistance that would be offered.  The evidence of the statements

18     made by OPC representatives falls within the hearsay exception for the declarant's "state

19     of mind." FRE 803(3).  The statements also are not hearsay to the extent that they are

20     statements "by a person authorized by the party to make a statement concerning the

21     subject," in this case the admission that they are engaging in relocation activity.  FRE

22     801(d)(2)(C).

23

24     **Objection No. 5:**

25     **Statement:**        "I asked them how … move out."

26     (Page 2, ¶ 6, at lines 15-16)

27     **Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within

28     any exception if offered to prove the amount of relocation assistance to which Ms. Brown

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

may be entitled under state or federal law, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the defendants, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation law. "All relevant evidence is admissible," pursuant to FRE 402. Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of the relocation activities taking place at Arroyo Vista.  FRE 602.  The statements offered are not offered to prove the amount of relocation assistance available to Ms. Brown, but to show her state of mind that Arroyo Vista was being sold, that relocation was required and the type of relocation assistance that would be offered.  The evidence of the statements made by OPC representatives falls within the hearsay exception for the declarant's "state of mind." FRE 803(3).  The statements also are not hearsay to the extent that they are statements "by a person authorized by the party to make a statement concerning the subject," in this case the admission that they are engaging in relocation activity.  FRE 801(d)(2)(C).

**Objection No. 6:**

**Statement:**        "I did not find anything … qualified to live there."
(Page 3, ¶ 10, at lines 7-8)

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove Ms. Brown's ineligibility for the residences she says that she called, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation law. "All relevant evidence is admissible," pursuant to FRE 402. Declarant is testifying as to her assessment

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities. FRE 602. Ms. Brown's statement that she was unable to locate alternative housing is a direct statement of facts within her knowledge, not hearsay, since they include only statements "made by the declarant." FRE 801(c). Furthermore, the statements reflect the declarant's state of mind regarding her eligibility for residences where she sought housing, therefore falls within the state of mind exception. FRE 803(3).

## III. DECLARATION OF SHAWN COSTELLO

**Objection No. 1:**

**Statement:**    "I am a 46-year-old man living with cerebral palsy."

(Page 2, ¶ 2, at line 4)

**Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**    "All relevant evidence is admissible," pursuant to FRE 402. The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law. No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 2:**

**Statement:**    "Earlier in 2007 I used a government grant … perfect for me."

(Page 2, ¶ 4, at lines 7-11)

**Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**    "All relevant evidence is admissible," pursuant to FRE 402. The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.


**Objection No. 3:**

**Statement:**        "I have always, and will always, need medical treatment, … condition

deteriorates."

(Page 2, ¶ 5, at lines 12-17)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.


**Objection No. 4:**

**Statement:**        Over the past 23 years I have developed strong ties … in order to do

so."

(Page 2, ¶ 6, at line 18-22)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 5:**

**Statement:**    "I am afraid that, if Arroyo Vista were rebuilt, … safe for me to return." (Page 2, ¶ 7, at lines 23-24)

**Objection:**    Irrelevant, FRE 402; Lacks foundation, FRE 602; Expert opinion by unqualified witness, FRE 701, 703.

**Response:**    "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  Declarant is testifying as to his assessment of the merits of moving his family from his residence, he "has personal knowledge" of his family's living needs.  FRE 602.  Mr. Costello is offering statements that are rationally based on his perception of the safety of the proposed replacement project, based on his experience operating his wheel chair at similar properties.  This is not expert testimony.  FRE 701.

**Objection No. 6:**

**Statement:**    "I have been hit by cars 7 or 8 times … dangerous for me." (Page 2, ¶ 7, at lines 24-27)

**Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks foundation, FRE 602; Expert opinion by unqualified witness, FRE 701, 703.

**Response:**    "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to his assessment of the merits of moving his family from his residence, he "has personal knowledge" of his family's living needs.  FRE 602.  Mr. Costello is offering statements that are rationally based on his perception of the safety of the proposed replacement project, based on his experience operating his wheel chair at similar properties.  This is not expert testimony.  FRE 701.

**Objection No. 7:**

**Statement:**        "I can see that the residents … moved out of their units."
(Page 3, ¶ 8, at lines 1-2)

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602.

**Response:**        The fact in consequence is the relocation activities of defendants, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation law. "All relevant evidence is admissible," pursuant to FRE 402.  Declarant is testifying as to his assessment of the merits of moving his family from his residence, he "has personal knowledge" of the relocation activities taking place at Arroyo Vista.  FRE 602.

**Objection No. 8:**

**Statement:**        "Since the Dublin Housing Authority has begun … of the complex."
(Page 3, ¶ 10, at lines 11-14)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        The fact in consequence is the individualized living needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation law. "All

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

relevant evidence is admissible," pursuant to FRE 402.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation activity.

**Objection No. 9:**

**Statement:**        "I consider Arroyo Vista to be unique … talk of us moving."
(Page 3, ¶ 11, at lines 15-18)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks foundation, FRE 602.

**Response:**        The fact in consequence is the individualized living needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation law. "All relevant evidence is admissible," pursuant to FRE 402.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to his assessment of the merits of moving his family from his residence, he "has personal knowledge" of his family's living needs.  FRE 602.

**Objection No. 10:**

**Statement:**        "I would like to live ….. accessible accommodations in my unit."
(Page 3, ¶ 12, at lines 19-21)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks foundation, FRE 602.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.   No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to his

assessment of the merits of moving his family from his residence, he "has personal

knowledge" of his family's living needs.  FRE 602.

## IV.    DECLARATION OF CAROLYN EVANS

### Objection No. 1:

**Statement:**      "I am a 23 year old woman of African-American descent."

(Page 2, ¶ 2, at line 4)

**Objection:**      Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**      "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.

### Objection No. 2:

**Statement:**      "I was in a domestic violence shelter … boarded up units when

residents moved out and I am still living in Unit #22."

(Page 2, ¶ 4, at lines 9-10 and page 3, ¶ 7, at line 12)

**Objection:**      Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**      "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.


**Objection No. 3:**

**Statement:**        "Theresa told me that I have … wants the unit back as soon as

possible."

(Page 5, ¶ 15, at lines 12-15)

**Objection:**        Hearsay not within any exception, if offered to prove the intent of the

Housing Authority, FRE 801, 802.

**Response:**        The defendants' agents were authorized to make statements regarding

the housing authority's desire to have Arroyo Vista vacant, thus they are not hearsay

because they admit to relocation activity.  FRE 801(d)(2)(C).  The statements also

demonstrate declarant's state of mind that she was obligated to vacate the property, within

the state of mind exception.  FRE 803(3).


**V.     DECLARATION OF GRETTA EVANS**

**Objection No. 1:**

**Statement:**        "I am a 63 year old woman of African-American descent."

(Page 2, ¶ 2, at line 4)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

**Objection No. 2:**

**Statement:**          "I am disabled … income."

(Page 2, ¶ 3, at line 7)

**Objection:**          Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**          "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.


**Objection No. 3:**

**Statement:**          "When I learned Arroyo Vista … going to be torn down."

(Page 2, ¶ 4, at line 12 and page 2, ¶ 6, at line 25-26)

**Objection:**          Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove that Arroyo Vista is going to be torn down, FRE 801, 802.

**Response:**          "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of her family's living needs.  FRE 602.  The statements by defendants' agents that Arroyo Vista vacated units will be demolished are not hearsay because they admit that

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

1    they are engaging in relocation activity.  FRE 801(d)(2)(C).  The statements also

2    demonstrate declarant's state of mind that she was obligated to vacate the property, within

3    the state of mind exception.  FRE 803(3).

4

5    **Objection No. 4**:

6    **Statement:**        "After I lost my voucher … helped me find Arroyo Vista."

7    (Page 2, ¶ 5, at lines 20-24)

8    **Objection:**        Irrelevant, FRE 402.

9    **Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

10   consequence is the individualized relocation needs of the declarant, which is relevant to

11   the Preliminary Injunction on First, Second, and Third Causes of Action to provide

12   relocation counseling, assistance and advisory services to each resident under the Housing

13   Act and state relocation law.

14

15   **Objection No. 5**:

16   **Statement:**        "My next door neighbors … find out if she could get a voucher."

17   (Page 3, ¶ 7, at lines 4-6)

18   **Objection:**        Irrelevant, FRE 402.

19   **Response:**        The fact in consequence is the relocation activity of defendants, which

20   is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to

21   provide relocation counseling, assistance and advisory services that must be provided each

22   resident under the Housing Act and state relocation law. "All relevant evidence is

23   admissible," pursuant to FRE 402.

24

25   **Objection No. 6:**

26   **Statement:**        "I started searching … the places I called did not know about Section

27   8."

28   (Page 3, ¶ 8, at lines 7-11)

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove potential landlords' knowledge about Section 8, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to FRE 402. Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities.  FRE 602.  Statements made by landlords regarding their knowledge of the Section 8 program is not offered for the truthfulness of their knowledge of the program, but rather for their unwillingness to participate in Section 8, therefore it is not hearsay.  FRE 801(c).  These statements also reflect the declarant's state of mind regarding the availability of housing that will accept Section 8.  FRE 803(d)(2)(C).

**Objection No. 7:**

**Statement:**        "The search to find another … and there was no elevator."
(Page 3, ¶ 9, at lines 12-19)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove the reason for landlord's failure to rent, FRE 801, 802.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law. No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to her

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

assessment of the merits of moving her family from her residence, she "has personal knowledge" of her family's living needs.  FRE 602.  Statements made by a landlord regarding his willingness to make alterations to his property is not offered for the truthfulness of his statement, but rather for his refusal to reach agreement to the alterations, therefore it is not hearsay.  FRE 801(c).

**Objection No. 8:**

**Statement:**        "I want to stay in Dublin … looking at listings in other places."
(Page 3, ¶ 10, at lines 20-27)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law. No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 9:**

**Statement:**        "In late September 2007 … willing to look into it."
(Page 3, ¶ 11, at lines 28 to page 4, at lines 1-3)

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove Ms. Evans' eligibility for Section 8 assistance in Merced County and/or the reason Ms. Evans was unable to use her Section 8 voucher, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

provided each resident under the Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to FRE 402. Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities. FRE 602. Paragraph 11 of Ms. Evans' Declaration does not include any discussion of Ms. Evans' eligibility for Section 8 in Merced County, therefore Objection No. 9 is unintelligible. To the extent that any part of her declaration discusses Ms. Evans eligibility for Section 8, statements regarding her eligibility for Section 8 from the Merced County Housing Authority reflects both records kept in the regular course of business and public records, under those exceptions to the hearsay rule. FRE 803(6) and 803(8).

**Objection No. 10:**

**Statement:**     "and brought a refrigerator … did not need a voucher."

(Page 4, ¶ 12, at lines 9-14)

**Objection:**     Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove potential landlords' knowledge about Section 8, FRE 801, 802.

**Response:**     The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to FRE 402. Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities. FRE 602. Paragraph 12 of Ms. Evans' Declaration does not include any discussion of a potential landlord's knowledge of the Section 8 program, therefore Objection No. 10 is unintelligible. As recited above, to the extent that any parts of Ms. Evans' declaration discusses landlords' knowledge of the Section 8 program, such statements are not hearsay because they are not offered for the truthfulness of the

landlord's knowledge of the program, but rather for their unwillingness to participate in Section 8.  FRE 801(c).

**Objection No. 11:**

**Statement:**        "and the lady said … Section 8 tenants."

(Page 4, ¶ 13, at line 28 to page 5, at lines 1-2)

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove the potential landlord's view on Section 8, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to FRE 402.  Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities.  FRE 602.  To the extent that Ms. Evans' declaration discusses landlords' views of the Section 8 program, such statements are not hearsay because they are not offered for the truthfulness of the landlord's views, but rather for their unwillingness to participate in Section 8, and Ms. Evans state of mind when attempting to rent housing with a Section 8 voucher.  FRE 801(c), 803(3).

**Objection No. 12:**

**Statement:**        "I don't want to live in Antioch … just did not feel safe to me."

(Page 5, ¶ 14, at lines 7-16)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks foundation, FRE 602.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.  Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of her family's living needs.  FRE 602.

**Objection No. 13:**

**Statement:**        "Living among boarded up … I might become homeless again."
(Page 5, ¶ 16, at lines 26-27)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 14:**

**Statement:**        "Since Arroyo Vista would not … even though she has priority on the waiting list."
(Page 6, ¶ 17, at lines 2-3)[1]

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

---

[1]  Please note that Defendants originally cited this quotation to "(Page 6, ¶ 19, at lines 2-3)." Plaintiffs have changed this in our own response for purposes of clarification.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

1   consequence is the individualized relocation needs of the declarant, which is relevant to

2   the Preliminary Injunction on First, Second, and Third Causes of Action to provide

3   relocation counseling, assistance and advisory services to each resident under the Housing

4   Act and state relocation law.  Declarant is testifying as to her assessment of the merits of

5   moving her family from her residence, she "has personal knowledge" of her family's

6   living needs.  FRE 602.

7

8   **Objection No. 15:**

9   **Statement:**        "but there are not going to be enough units … able to afford."

10  (Page 6, ¶ 20, at lines 23-25)

11  **Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within

12  any exception, if offered to prove actual affordability or rent levels in new development,

13  FRE 801, 802.

14  **Response:**         "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

15  consequence is the individualized relocation needs of the declarant, which is relevant to

16  the Preliminary Injunction on First, Second, and Third Causes of Action to provide

17  relocation counseling, assistance and advisory services to each resident under the Housing

18  Act and state relocation law.  Declarant is testifying as to her assessment of the merits of

19  moving her family from her residence, she "has personal knowledge" of her family's

20  living needs.  FRE 602.  Statements regarding the rent levels in the proposed replacement

21  project for Arroyo Vista are matters of public record and therefore fall under that

22  exception to the hearsay rule.  FRE 803(8).

23

24  **Objection No. 16:**

25  **Statement:**        "I feel that the City … attract a different population."

26  (Page 6, ¶ 20, at lines 25-27)

27  **Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602.

28  **Response:**         "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  Declarant is testifying as to her assessment of the merits of

moving her family from her residence, she "has personal knowledge" of her family's

living needs.  FRE 602.

## VI.    DECLARATION OF RHENAE KEYES

**Objection No. 1:**

**Statement:**        "I am a 48-year-old African-American woman."

(Page 2, ¶ 2, at line 4)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**         "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 2:**

**Statement:**        "In November of 2006, I was honorably discharged, … continue my

treatment."

(Page 2, ¶ 4, at lines 9-14)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**         "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.


**Objection No. 3:**

**Statement:**        "My son suffers from two disabilities … high-functioning autistic." (Page 2, ¶ 5, at lines 15-19)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and her family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.


**Objection No. 4:**

**Statement:**        "Jemar is in the continuing education … despite his disabilities." (Page 2, ¶ 6, at lines 20-23)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and her family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction            Case No. C-07-05794 MHP

**Objection No. 5:**

**Statement:**        "Genaya attends Wells Middle School … migraine headaches."

(Page 2, ¶ 7, at lines 24-27)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and her family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 6:**

**Statement:**        "Although I would not otherwise … lives of my children."

(Page 3, ¶ 8, at lines 1-2)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and her family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 7:**

**Statement:**        "In a two-bedroom unit, … health and well-being."

(Page 4, ¶ 15, at lines 19-21)

**Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

1    foundation, FRE 602.

2    **Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

3    consequence is the individualized relocation needs of the declarant and her family, which

4    is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to

5    provide relocation counseling, assistance and advisory services to each resident under the

6    Housing Act and state relocation law.  No prejudicial statement is identified, and the

7    probative value of the statements are not "substantially outweighed by the danger of unfair

8    prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to her

9    assessment of the merits of moving her family from her residence, she "has personal

10   knowledge" of her family's living needs.  FRE 602.

11

12   **VII.    DECLARATION OF SHIRLEY SANDERS**

13   **Objection No. 1:**

14   **Statement:**        "I am a 36-year-old single mother."

15   (Page 2, ¶ 2, at line 4)

16   **Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

17   **Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

18   consequence is the individualized relocation needs of the declarant, which is relevant to

19   the Preliminary Injunction on First, Second, and Third Causes of Action to provide

20   relocation counseling, assistance and advisory services to each resident under the Housing

21   Act and state relocation law.  No prejudicial statement is identified, and the probative

22   value of the statements are not "substantially outweighed by the danger of unfair

23   prejudice," FRE 403, in that they identify relocation needs.

24

25   **Objection No. 2:**

26   **Statement:**        "I moved to Arroyo Vista 13 years … and pick him up during lunch."

27   (Page 2, ¶ 3-5, at lines 6-16)

28   **Objection:**        Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

**Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant and her family, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  No prejudicial statement is identified, and the probative value of the statements are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 3:**

**Statement:**        "They also told us that it would … certain income level to qualify." (Page 2, ¶ 6, at lines 21-23)

**Objection:**        Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove actual affordability or rent levels in new development, FRE 801, 802.

**Response:**        Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of relocation activities taking place at Arroyo Vista.  FRE 602.  Statements regarding the rent levels in the proposed replacement project for Arroyo Vista are matters of public record and therefore fall under that exception to the hearsay rule.  FRE 803(8).

**Objection No. 4:**

**Statement:**        "When one woman … I believe that … told at this meeting." (Page 3, ¶ 7, at lines 2-5)

**Objection:**        Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove that tenants were told to move "right now," FRE 801, 802.

**Response:**        Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of relocation activities taking place at Arroyo Vista.  FRE 602.  The defendants' employees were authorized to make statements regarding the housing authority's requirement to vacate Arroyo Vista, thus they

are not hearsay because they admit to relocation activity.  FRE 801(d)(2)(C).  The

statements also demonstrate declarant's state of mind that she was obligated to vacate the

property, within the state of mind exception.  FRE 803(3).


**Objection No. 5:**

**Statement:**          "I do not want to leave the community … with my current salary."

(Page 3, ¶ 8, at line 9 to page 4, ¶ 11 to line 3)

**Objection:**          Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks

foundation, FRE 602.

**Response:**          "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to her

assessment of the merits of moving her family from her residence, she "has personal

knowledge" of her family's living needs.  FRE 602.


**Objection No. 6:**

**Statement:**          "Many of my nearest neighbors … that is available in Dublin."

(Page 4, ¶ 12, at lines 5-6)

**Objection:**          Irrelevant, FRE 402; Lacks foundation, FRE 602.

**Response:**          "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  Declarant is testifying as to her assessment of the merits of

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

1   moving her family from her residence, she "has personal knowledge" of relocation

2   activities taking place at Arroyo Vista.  FRE 602.

3

4   **Objection No. 7:**

5   **Statement:**    "I am also very concerned …. continue to live in my home."

6   (Page 4, ¶ 14, at line 11 to page 5, ¶ 16, at lines 1-2)

7   **Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks

8   foundation, FRE 602.

9   **Response:**    "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

10   consequence is the individualized relocation needs of the declarant, which is relevant to

11   the Preliminary Injunction on First, Second, and Third Causes of Action to provide

12   relocation counseling, assistance and advisory services to each resident under the Housing

13   Act and state relocation law.  No prejudicial statement is identified, and the probative

14   value of the statements are not "substantially outweighed by the danger of unfair

15   prejudice," FRE 403, in that they identify relocation needs. Declarant is testifying as to her

16   assessment of the merits of moving her family from her residence, she "has personal

17   knowledge" of her family's living needs.  FRE 602.

18

19   **VIII. DECLARATION OF ELISE VEAL**

20   **Objection No. 1:**

21   **Statement:**    "I am a 37 year old woman of African-American descent."

22   (Page 2, ¶ 2, at line 2)

23   **Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

24   **Response:**    "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

25   consequence is the individualized relocation needs of the declarant, which is relevant to

26   the Preliminary Injunction on First, Second, and Third Causes of Action to provide

27   relocation counseling, assistance and advisory services to each resident under the Housing

28   Act and state relocation law.  No prejudicial statement is identified, and the probative

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.

**Objection No. 2:**

**Statement:**          "In September 2007, I saw a rental listing … rentals in Dublin or

Pleasanton."

(Page 2, ¶ 4, at lines 12-18)

**Objection:**          Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within

any exception, if offered to prove the potential landlord's or management agent's views on

Section 8, FRE 801, 802.

**Response:**          The fact in consequence is the relocation activities of the declarant,

which is relevant to the Preliminary Injunction on First, Second, and Third Causes of

Action to provide relocation counseling, assistance and advisory services that must be

provided each resident under the Housing Act and state relocation laws. "All relevant

evidence is admissible," pursuant to FRE 402.  Declarant is testifying as to her assessment

of the merits of moving her family from her residence, she "has personal knowledge" of

these relocation activities.  FRE 602.  To the extent that Ms. Veal's declaration discusses

landlords' or leasing agents' views of the Section 8 program, such statements are not

hearsay because they are not offered for the truthfulness of the landlord's views, but rather

for their unwillingness to participate in Section 8, and Ms. Veal's state of mind when

attempting to rent housing with a Section 8 voucher.  FRE 801(c), 803(3).

**Objection No. 3:**

**Statement:**          "In October 2007, I saw …… landlord would not take Section 8."

(Page 2, ¶ 5, at lines 19-23)

**Objection:**          Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within

any exception, if offered to prove the potential landlord's or leasing agent's view on

Section 8, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to FRE 402.  Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities.  FRE 602.  To the extent that Ms. Veal's declaration discusses landlords' or leasing agents' views of the Section 8 program, such statements are not hearsay because they are not offered for the truthfulness of the landlord's views, but rather for their unwillingness to participate in Section 8, and Ms. Veal's state of mind when attempting to rent housing with a Section 8 voucher.  FRE 801(c), 803(3).

**Objection No. 4:**

**Statement:**        "I also saw a Ross … rented to someone else."

(Page 2, ¶ 6, at lines 24-28)

**Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within any exception, if offered to prove the potential landlord's or leasing agent's views on Section 8, FRE 801, 802.

**Response:**        The fact in consequence is the relocation activities of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services that must be provided each resident under the Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to FRE 402.  Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities.  FRE 602.  To the extent that Ms. Veal's declaration discusses landlords' or leasing agents' views of the Section 8 program, such statements are not hearsay because they are not offered for the truthfulness of the landlord's views, but rather

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

for their unwillingness to participate in Section 8, and Ms. Veal's state of mind when attempting to rent housing with a Section 8 voucher.  FRE 801(c), 803(3).

**Objection No. 5:**

**Statement:**         "Several of the places I found … before she would rent to me."
(Page 3, ¶ 10, at lines 21-27)

**Objection:**         Irrelevant, FRE 402; Lacks foundation, FRE 602.

**Response:**         "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of her family's living needs.  FRE 602.

**Objection No. 6:**

**Statement:**         "I drove 91 miles to Elk Grove … from OPC for these costs."
(Page 3, ¶ 11, at line 28 to page 4, ¶ 11, at lines 1-4)

**Objection:**         Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**         "All relevant evidence is admissible," pursuant to FRE 402.  The fact in consequence is the individualized relocation needs of the declarant, which is relevant to the Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation counseling, assistance and advisory services to each resident under the Housing Act and state relocation law.  Declarant is testifying as to her assessment of the merits of moving her family from her residence, she "has personal knowledge" of these relocation activities.  FRE 602.

///

///

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

**Objection No. 7:**

**Statement:**       "I found a place in Antioch … the housing authority."

(Page 4, ¶ 12, at lines 5-11)

**Objection:**       Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks

foundation, FRE 602.

**Response:**       "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

consequence is the individualized relocation needs of the declarant, which is relevant to

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

relocation counseling, assistance and advisory services to each resident under the Housing

Act and state relocation law.  No prejudicial statement is identified, and the probative

value of the statements are not "substantially outweighed by the danger of unfair

prejudice," FRE 403, in that they identify relocation needs.  Declarant is testifying as to

her assessment of the merits of moving her family from her residence, she "has personal

knowledge" of these relocation activities.  FRE 602.


**Objection No. 8:**

**Statement:**       "On December 8, 2007, … can have her own bedroom."

(Page 4, ¶ 13, at lines 12-15)

**Objection:**       Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

**Response:**       The fact in consequence is the individualized relocation needs of the

declarant and the relocation activities of the declarant, which are relevant to the

Preliminary Injunction on First, Second, and Third Causes of Action to provide relocation

counseling, assistance and advisory services that must be provided each resident under the

Housing Act and state relocation laws. "All relevant evidence is admissible," pursuant to

FRE 402.  No prejudicial statement is identified, and the probative value of the statements

are not "substantially outweighed by the danger of unfair prejudice," FRE 403, in that they

identify relocation needs.

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP

1

**Objection No. 9**:

2

**Statement:**    "My children have grown … from my home."

3

(Page 5, ¶ 19, at lines 19-27)

4

**Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403.

5

**Response:**    "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

6

consequence is the individualized relocation needs of the declarant, which is relevant to

7

the Preliminary Injunction on First, Second, and Third Causes of Action to provide

8

relocation counseling, assistance and advisory services to each resident under the Housing

9

Act and state relocation law.  No prejudicial statement is identified, and the probative

10

value of the statements are not "substantially outweighed by the danger of unfair

11

prejudice," FRE 403, in that they identify relocation needs.

12

13

**Objection No. 10**:

14

**Statement:**    "I am extremely frustrated … comparable rent for my house is $2400."

15

(Page 5, ¶ 20, at line 28 to page 6, at lines 1-7)

16

**Objection:**    Irrelevant, FRE 402; More prejudicial than probative, FRE 403; Lacks

17

foundation, FRE 602; Hearsay not within any exception, if offered to prove whether Ms.

18

Veal was instructed not to sue her voucher, FRE 801, 802.

19

**Response:**    The fact in consequence is the relocation actvities of the declarant,

20

which is relevant to the Preliminary Injunction on First, Second, and Third Causes of

21

Action to provide relocation counseling, assistance and advisory services that must be

22

provided each resident under the Housing Act and state relocation laws. "All relevant

23

evidence is admissible," pursuant to FRE 402.  No prejudicial statement is identified, and

24

the probative value of the statements are not "substantially outweighed by the danger of

25

unfair prejudice," FRE 403, in that they identify relocation needs.  Declarant is testifying

26

as to her assessment of the merits of moving her family from her residence, she "has

27

personal knowledge" of these relocation activities.  FRE 602. Ms. Veal's Declaration does

28

make no reference to instructions for her "not to sue her voucher" so that therefore

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction        Case No. C-07-05794 MHP

1    Objection No. 10 is unintelligible.  Furthermore, instructions by Overland Pacific and

2    Cutler to Ms. Veal regarding a Section 8 voucher are not hearsay to the extent they are

3    statements by defendants' agents authorized to admit that they are engaging in relocation

4    activity.  FRE 801(d)(2)(C).  Furthermore, the amount of rent that a Section 8 voucher will

5    pay is a matter of public record, and statements are offered to show Ms. Veal's state of

6    mind when attempting to rent housing with a Section 8 voucher.  FRE 803(3).

7

8    **Objection No. 11:**

9    **Statement:**        "I do not believe the redevelopment … indicated they will charge."

10   (Page 6, ¶ 21, at lines 8-12)

11   **Objection:**        Irrelevant, FRE 402; Lacks foundation, FRE 602; Hearsay not within

12   any exception, if offered to prove actual affordability, rent levels, or number of "larger

13   homes" in new development, FRE 801, 802.

14   **Response:**        "All relevant evidence is admissible," pursuant to FRE 402.  The fact in

15   consequence is the individualized relocation needs of the declarant, which is relevant to

16   the Preliminary Injunction on First, Second, and Third Causes of Action to provide

17   relocation counseling, assistance and advisory services to each resident under the Housing

18   Act and state relocation law.  Declarant is testifying as to her assessment of the merits of

19   moving her family from her residence, she "has personal knowledge" of her family's

20   living needs.  FRE 602.  Statements regarding the rent levels and unit sizes for the

21   proposed replacement project for Arroyo Vista are matters of public record and therefore

22   fall under that exception to the hearsay rule.  FRE 803(8).

23

24

25

26

27

28

34

1

2    DATED:  February 27, 2008                          By:   /s/ Lisa S. Greif

3                                                        BAY AREA LEGAL AID
                                                         Lisa S. Greif
4                                                        Phillip R. Morgan
                                                         Naomi Young
5
                                                         CALIFORNIA AFFORDABLE
6                                                        HOUSING LAW PROJECT OF THE
                                                         PUBLIC INTEREST LAW PROJECT
7                                                        Deborah Collins
                                                         Michael Rawson
8                                                        Craig Castellanet

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Response to Defendants' Objections to
Evidence Submitted in Support of Preliminary Injunction          Case No. C-07-05794 MHP