1  LEE C. ROSENTHAL, State Bar #58778
   lrosenthal@goldfarblipman.com

2  ROBERT C. MILLS, State Bar #158097
   rmills@goldfarblipman.com

3  JULIET E. COX, State Bar #214401
   jcox@goldfarblipman.com

4  GOLDFARB & LIPMAN LLP
   1300 Clay Street, Ninth Floor

5  Oakland, California 94612
   Telephone:  (510) 836-6336

6  Facsimile:  (510) 836-1035

7  Attorneys for Respondents and Real Parties in
   Interest DUBLIN HOUSING AUTHORITY;

8  HOUSING AUTHORITY OF THE COUNTY OF
   ALAMEDA; SCS DEVELOPMENT COMPANY;

9  and EDEN HOUSING, INC.

10 JOSEPH M. QUINN, State Bar #171898
   jquinn@meyersnave.com

11 ARIANA MOHIT, State Bar #211407
   amohit@meyersnave.com

12 MEYERS, NAVE, RIBACK, SILVER & WILSON
   575 Market Street, Suite 2600

13 San Francisco, California 94105
   Telephone: (415) 421-3711

14 Facsimile:  (415) 421-3767

15 Attorneys for Respondent CITY OF DUBLIN

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18 ARROYO VISTA TENANTS ASS'N *et al.*,          Case No.: 3:07-cv-05794-MHP

19              Petitioners,                      **RESPONDENTS' MEMORANDUM OF
                                                  POINTS AND AUTHORITIES
20              v.                                REGARDING EXISTENCE OR
                                                  NONEXISTENCE OF PRIVATE RIGHT
21 CITY OF DUBLIN *et al.*,                       OF ACTION TO ENFORCE 42 U.S.C.
                                                  SECTION 1437p**
22              Respondents,

23 SCS DEVELOPMENT COMPANY *et al.*               Date:        March 31, 2008
                                                  Time:        2:00 p.m.
24              Real Parties in Interest.         Location:    Courtroom 15, United States
                                                  District Court, Northern District of
25                                                California, 450 Golden Gate Avenue, San
                                                  Francisco, California 94102

26

27

28

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

1    Respondents City of Dublin (the "City"), Dublin Housing Authority ("DHA"), and

2    Housing Authority of the County of Alameda ("HACA") (together, "Respondents") submit the

3    following points and authorities addressing this Court's February 28, 2008, request for briefing

4    on the issue of whether or not 42 U.S.C. section 1437p ("Section 1437p") gives Petitioners a

5    private right of action against Respondents' alleged violations of that statute.

6

7    **I.    INTRODUCTION AND SUMMARY OF APPLICABLE LAW**

8    The Supreme Court has developed a three-part test to determine whether or not a federal

9    statute creates rights that individuals may vindicate through litigation. As explained and applied

10   on several recent occasions by the Ninth Circuit, this test asks: (1) whether Congress intended

11   unambiguously to confer an individualized entitlement upon a class of beneficiaries that includes

12   the plaintiff(s); (2) whether the asserted right is specific enough to permit judicial enforcement;

13   and (3) whether Congress intended unambiguously to impose a binding obligation on the

14   defendant. *Ball v. Rodgers*, 492 F.3d 1094, 1104-05 (9th Cir. 2007); *Sanchez v. Johnson*, 416

15   F.3d 1051, 1056-57 (9th Cir. 2005); *Price v. City of Stockton*, 390 F.3d 1105, 1109-10 (9th Cir.

16   2004). The test is stringent, and "statutory language less direct than the individually-focused 'No

17   person shall . . .' must be supported by other indicia so unambiguous that we are left without any

18   doubt that Congress intended to create an individual, enforceable right." *Sanchez*, 416 F.3d at

19   1058.

20   A court may look to administrative regulations interpreting a statute to inform its

21   decisions regarding the scope of private rights created by federal law. *Ball*, 492 F.3d at 1106.

22   Because the inquiry's overall focus is on Congressional intent, however, any private right of

23   action extends only to administrative regulations that "authoritatively construe" a statute.

24   *Alexander v. Sandoval*, 532 U.S. 275, 284 (2001). Even if a statute confers private rights,

25   otherwise valid regulations that go beyond that statute's clear mandate do not. *Id.* at 285-86; *see*

26   *also Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008); *Save Our Valley v. Sound Transit*,

27   335 F.3d 932, 939 (9th Cir. 2003).

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

28

---

1

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    In addition to showing that the statute he or she seeks to enforce creates individual rights,

2  a plaintiff suing directly under a federal statute must also show that the statute "displays an intent

3  to create . . . a private remedy."[1] *Sandoval*, 532 U.S. at 286. As with the question of rights, the

4  Supreme Court has described several factors that should inform a court's inquiry regarding the

5  existence or nonexistence of private remedies under a federal statute: (1) evidence of

6  Congressional intent either to create a private remedy or to deny one; (2) a private remedy's

7  consistency or inconsistency with the underlying purposes of the legislative scheme; and (3)

8  whether or not the cause of action is one traditionally relegated to state law. *Cort v. Ash*, 422

9  U.S. 66, 78 (1975). A comprehensive enforcement system that does not involve federal lawsuits

10  by individual plaintiffs is a strong indication that Congress did not intend to authorize such suits.

11  *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1023-24 (9th Cir. 2007) (holding that the

12  Federal Airline Deregulation Act's Whistleblower Protection Program did not provide a private

13  cause of action for alleged violations of the statute, because the act itself incorporated a

14  comprehensive administrative remedy).

15    Petitioners' obligation in asserting a private right of action is to describe with precision

16  the right or rights they contend that Section 1437p vests in them. *Blessing v. Freestone*, 520 U.S.

17  329, 342 (1997) ("It was incumbent upon respondents to identify with particularity the rights

18  they claimed."). Moreover, this Court must evaluate each alleged "right" with respect to the

19  statutory text. *Legal Servs. of N. Cal. v. Arnett*, 114 F.3d 135, 138 (9th Cir. 1997) ("In carrying

20  out this inquiry, we are to examine whether particular statutory provisions create specific

21  enforceable rights, rather than considering the statute and purported rights on a more general

22  level."). Some paragraphs or sentences in a code section may not confer individually enforceable

23  rights even if others do. *See*, *e.g.*, *Price*, 390 F.3d at 1114 (holding that 42 U.S.C.

24  §§ 5304(d)(2)(A)(iii) and (d)(2)(A)(iv) conferred individually enforceable rights but that 42

25  U.S.C. §§ 5304(d)(2)(A)(i) and (d)(2)(A)(ii) did not).

26

27  [1] 42 U.S.C. § 1983 may supply this remedy if the statute creating the right a plaintiff seeks to
vindicate does not also show a Congressional intent to foreclose resort to Section 1983 for
28  enforcement of that right. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 n.4 (2002). In this case,
however, the Petition does not invoke 42 U.S.C. § 1983. (Petition, 11:1-4.)

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    Should this Court conclude that Section 1437p does not give Petitioners the right to press

2    some or any of their claims, this conclusion would not require this Court to dismiss this matter

3    for lack of federal jurisdiction. Rather, this conclusion would require this Court to enter

4    judgment against Petitioners on those claims, on the ground that Petitioners had not alleged facts

5    that, if true, would entitle them to relief under Section 1437p. *Ball*, 492 F.3d at 1102 n.12; *Price*,

6    390 F.3d at 1108. Respondents ask the Court to enter just such an order here.

7

8    **II.    ANALYSIS**

9    The Petition's First Cause of Action appears to allege that Section 1437p gives public

10    housing tenants several distinct rights:

11    1.    A right to control activities that might result in disposition or demolition of the

12    public housing complex in which the tenants live (Petition, 13:1-3, 5-8, 16-19);

13    2.    A right to receive relocation assistance in connection with disposition or

14    demolition of their public housing units (Petition, 10:13-18); and

15    3.    A right to control tenant relocation activities (Petition, 13:11-15).

16    Even if Section 1437p required any of the results Petitioners seek, however, Petitioners would

17    have no private right to bring suit against any Respondent to enforce these requirements.[2] For

18    this reason, Respondents ask this Court to enter judgment against Petitioners on their First Cause

19    of Action.

20    **A.    Section 1437p Gives Petitioners No Right to Control When or How DHA Arranges for Arroyo Vista's Disposition.**

21    

22    Petitioners' effort to characterize the Disposition and Development Agreement (the

23    "DDA") among Respondents and Real Parties as a violation of Section 1437p must fail, because

24    Section 1437p confers no right on public housing tenants to control utilization, disposition, or

25    demolition of public housing units. Instead, whether or not prior versions of Section 1437p

26    

27    

28    [2] Furthermore, as set forth more fully in Respondents' Memorandum of Points and Authorities in Support of Respondents' Motion for Summary Judgment, Section 1437p does not actually require most of the actions Petitioners ask this Court to order, or prohibit most of the actions Petitioners ask this Court to enjoin.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

3
POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    created rights enforceable by public housing tenants against public housing authorities ("PHAs"),

2    the current version by its plain terms simply describes how HUD must evaluate a PHA's

3    proposal to remove housing units permanently from the PHA's HUD-supported housing stock.

4    The first "right" claimed by Petitioners in this action to arise from Section 1437p fails all three

5    parts of the Supreme Court's test.

6       **1.       The 1998 Amendment to Section 1437p Eliminated Any Private Right
               of Action That Might Have Existed Under Prior Versions of the**
7               **Statute.**

8       In 1987, the text of Section 1437p was similar to the present text. Paragraph (a) of

9    Section 1437p stated that the Secretary of HUD "may not approve an application by a public

10   housing agency for permission . . . to demolish or dispose of a public housing project or a

11   portion of a public housing project unless the Secretary has determined that" key features of the

12   project justify demolition. Likewise, paragraph (b) stated that the Secretary of HUD "may not

13   approve an application or furnish assistance under this section" unless the applying agency had

14   satisfied certain tenant consultation and relocation requirements. Housing and Urban–Rural

15   Recovery Act of 1983, Pub. L. No. 98-181, § 214, 97 Stat. 1153, 1184-85 (1983) (current

16   version at 42 U.S.C.S. §§ 1437p(a), (b)).

17      In *Edwards v. District of Columbia*, 821 F.2d 651 (D.C. Cir. 1987), the Court of Appeals

18   for the District of Columbia Circuit held that these paragraphs did not give public housing

19   tenants any right to prevent alleged violations of the paragraphs' requirements. *Edwards*, 821

20   F.2d at 658. In terms very similar to those used more recently in the Ninth Circuit to describe the

21   test, the court analyzed whether or not Section 1437p created any personalized rights that the

22   plaintiffs could enforce: "Congress must employ 'sufficiently specific and definite' statutory

23   language in order to create rights and, at the same time, give notice to the relevant governmental

24   unit of its obligations in relation to such rights." *Id.* at 657, *quoting Wright v. City of Roanoke*

25   *Redev. & Hous. Auth.*, 479 U.S. 418, 432 (1987). Focusing on the nature of the defendant's

26   alleged obligations, the court concluded that Section 1437p created no such rights, because "as

27   written [it] does not establish independent duties on the part of the PHAs; instead, it creates

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

28

1  conditions precedent that must occur before the Secretary approves a demolition application." *Id.*

2  at 659.

3      Congress acted promptly to amend the statute. Citing *Edwards* specifically, Congress

4  added paragraph (d) to Section 1437p, imposing just the sort of independent duty on PHAs that

5  the *Edwards* court had found lacking:

6
        A public housing agency shall not take any action to demolish or dispose of a
7       public housing project or a portion of a public housing project without obtaining
        the approval of the Secretary and satisfying the conditions specified in
8       subsections (a) and (b).

9  Housing and Community Development Act of 1987, Pub. L. No. 100-242, § 121, 101 Stat. 1815,

10  1838-39 (1988) (repealed 1998). In light of this statutory revision and the strong evidence it

11  provided of Congressional intent to create rights enforceable by tenants, several district courts

12  subsequently permitted public housing tenants to maintain lawsuits against PHAs for alleged

13  violations of Section 1437p. *See Velez v. Cisneros*, 850 F. Supp. 1257, 1270 (E.D. Pa. 1994);

14  *Gomez v. Housing Auth. of El Paso*, 805 F. Supp. 1363, 1375 (W.D. Tx. 1992); *Henry Horner*

15  *Mothers Guild v. Chicago Hous. Auth.*, 780 F. Supp. 511, 514-15 (N.D. Ill. 1991); *Concerned*

16  *Tenants Ass'n of Father Panik Village v. Pierce*, 685 F. Supp. 316, 320 (D. Conn. 1988); *see also*

17  *Tinsley v. Kemp*, 750 F. Supp. 1001, 1007-09 (W.D. Mo. 1990) (permitting tenants to sue HUD

18  under Section 1437p).

19      In 1998, Congress again rewrote Section 1437p, specifically deleting the paragraph (d)

20  that Congress had added in response to *Edwards*. Pub. L. No. 105-275, § 531, 112 Stat. 2461,

21  2570-73 (1998) (codified at 42 U.S.C.S. § 1437p). Like the statute analyzed by the *Edwards*

22  court—and unlike the statute at issue in *Velez*, *Gomez*, *Henry Horner Mothers Guild*, *Concerned*

23  *Tenants Association*, and *Tinsley*—the present version of Section 1437p omits any direct

24  statement describing what PHAs must or must not do. Instead, paragraphs (a) and (b) of the

25  current statute describe conditions under which the *Secretary of HUD* "*shall approve* the

26  application" for permission to demolish or sell public housing, 42 U.S.C.S. § 1437p(a) (emphasis

27  added), or "*shall not approve* an application," *id.* § 1437p(b) (emphasis added).

28

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    Since this amendment, an Ohio district court has ruled on two occasions that tenants may

2    proceed with lawsuits against PHAs under Section 1437p. *Givens v. Butler Metro. Hous. Auth.*,

3    2006 U.S. Dist. LEXIS 91541, at *10 (S.D. Ohio 2006); *English Woods Civic Ass'n v. Cincinnati*

4    *Metro. Hous. Auth.*, 2004 U.S. Dist. LEXIS 26389, at *22-23 (S.D. Ohio 2004). In both cases,

5    however, the court relied solely on cases decided under the pre-1998 statute. *Givens*, 2006 U.S.

6    Dist. LEXIS 91541, at *10 (citing *Velez*); *English Woods*, 2004 U.S. Dist. LEXIS 26389, at *22-

7    23. More recently, the only district court to analyze the present version of Section 1437p in light

8    of the Supreme Court's recent decisions explaining when federal statutes do and do not create

9    personally enforceable rights has concluded that Section 1437p confers no right on tenants to

10    control a PHA's disposition or demolition decisions. *Anderson v. Jackson*, 2007 U.S. Dist.

11    LEXIS 9074, at *15-23 (E.D. La. 2007). Respondents urge this Court to follow the *Anderson*

12    court's sound reasoning, and to rule that Petitioners cannot challenge the DDA as a violation of

13    Section 1437p.

14    **2.    Section 1437p Expresses No Intent to Give Personalized Rights to Public Housing Tenants to Control Disposition or Demolition of**
15    **Public Housing.**

16    "[T]o create enforceable rights, the language of the statute must focus on individual

17    entitlement to benefits rather than the aggregate or systemwide policies and practices of a

18    regulated entity." *Price*, 390 F.3d at 1110. As the *Anderson* court noted, however, Section 1437p

19    "does not focus on the rights of individual residents and families." *Anderson*, 2007 U.S. Dist.

20    LEXIS 9074, at *23. Rather, Section 1437p "concerns itself primarily with addressing general

21    principles of housing policy and regulating the agencies that implement those principles." *Id.* at

22    *22.

23    Many aspects of the Housing Act govern the terms on which PHAs provide housing to

24    tenants, but such provisions have not been held to confer individual tenant entitlements. For

25    example, courts have held that although Congress intended the "housing quality standards" for

26    the Section 8 program and for PHA-owned housing to ensure that federal funds do not subsidize

27    substandard housing, Congress did not intend those standards to give tenants individually

28

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

enforceable federal rights to housing meeting the standards.[3] *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 609-10 (5th Cir. 2001) (finding no personal right under former 42 U.S.C. § 1437f(e), governing housing quality in the Section 8 program); *Edwards*, 821 F.2d at 653 n.2 (finding no personal right under 42 U.S.C. § 1437d(l), governing lease terms for PHA-owned housing); *Hill v. San Francisco Hous. Auth.*, 207 F. Supp. 2d 1021, 1028-29 (N.D. Cal. 2002) (finding no personal right under 42 U.S.C. § 1437d(f), governing housing quality in PHA-owned housing); *Concerned Tenants Ass'n*, 685 F. Supp. at 321-22 (finding no personal right under 42 U.S.C. § 1437d(l)). Like Section 1437d(f), Section 1437p directs the Secretary of HUD to apply standards to PHA conduct, *compare* 42 U.S.C.S. § 1437d(f)(2) (requiring the Secretary of HUD to "establish housing quality standards") *with id.* § 1437p(a) (requiring the Secretary of HUD to apply statutory criteria to disposition and demolition applications); and like Section 1437d(f), Section 1437p does not give individual tenants a right to enforce those standards through suit in federal court.

A few aspects of the Housing Act have been held to confer individual tenant entitlements. The Supreme Court has held, for example, that tenants may sue to enforce Section 1437a of the Act, which limits total tenant rents to 30% of income in most cases, because it is a "mandatory limitation focusing on the individual family and its income." *Wright*, 479 U.S. at 430. Similarly, the Ninth Circuit has held that Section 1437d(k) of the Act, which requires each PHA to "establish and implement an administrative grievance procedure" to address individual tenant complaints, permits tenant suits to enforce their right to the benefits of such a procedure. *Saxton v. Housing Auth. of Tacoma*, 1 F.3d 881, 883-84 (9th Cir. 1993). In both cases, however, the statutory provisions at issue direct specific treatment for PHA tenants, in terms making the tenants themselves central. *See Wright*, 479 U.S. at 420 n.2 (quoting the statute as stating that "[a] family shall pay as rent" no more than the maximum); *Saxton*, 1 F.3d at 883-84 (noting that Section 1437d(k) and its regulations require an individualized grievance procedure).

---

[3] Tenants may, of course, have such rights due to their leases, or due to state and local laws regulating housing quality.

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

1    Section 1437p, by contrast, does not require PHAs to provide any particular benefits or

2    services to tenants, or to refrain from taking any particular actions with respect to tenants.

3    Instead, it says only that HUD "shall" or "shall not" approve an application for permission to

4    demolish or dispose of public housing units, depending on the circumstances surrounding that

5    application. Further, Section 1437p says nothing at all about circumstances in which a PHA may

6    remove a tenant's residence or former residence (or the residence in which a potential tenant

7    wishes to live) from the stock of residential units the PHA offers, or about circumstances under

8    which a PHA may invite or require a tenant to move;[4] and it says nothing about a tenant's right to

9    control his or her neighbors' relocation. In short, Section 1437p expresses no Congressional

10   intent to give public housing tenants a directly enforceable right to control the manner in which

11   PHAs arrange for disposition or demolition of public housing complexes.

### 3. Petitioners' Alleged Right to Control Disposition or Demolition of Public Housing is Indefinite.

14   Courts have found federal statutes to create individually enforceable rights when those

15   statutes are "explicit and detailed" regarding the rights allegedly created. *California Alliance of

16   Child & Family Servs. v. Allenby*, 459 F. Supp. 2d 919, 925 (N.D. Cal. 2006). They have

17   declined to find individually enforceable rights, by contrast, when those rights do not find

18   specific or explicit statutory support. *See*, *e.g.*, *Blessing*, 520 U.S. at 345 (holding that a statute

19   requiring a state to devote "sufficient" staffing to a program was not specific enough to confer a

20   right to any particular staffing level). In this case, Petitioners' attempt to infer personal rights in

21   themselves from Section 1437p's directive to HUD must fail as well because Petitioners cannot

22   define the scope of those rights with reference to the statute.

---

[4] If a PHA sought to violate its tenants' leases, the tenants might have causes of action under the leases to prevent those violations. Similarly, if tenants disagree with HUD's decision on a PHA's disposition or demolition application, tenants might have a remedy against HUD under the Administrative Procedures Act. *See Edwards*, 821 F.2d at 658; *Aponte-Rosario v. Acevedo Vila*, 476 F. Supp. 2d 74, 78-79 (D.P.R. 2007). In this case, however, Petitioners rely only on Section 1437p as the source of their claimed right to intervene against allegedly improper activities in preparation for Arroyo Vista's disposition.

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

Goldfarb & Lipman LLP 1300 Clay Street Ninth Floor Oakland California 94612 510 836-6336 510 836-1035 FAX

1    Petitioners claim, for example, a right in themselves that would preclude DHA's

2  agreement to the DDA, but Section 1437p itself nowhere addresses a PHA's conduct in

3  contracting—conditionally or otherwise—to sell its public housing units.[5] Moreover, Petitioners

4  claim the present right to have this Court review whether or not DHA's plans for disposition and

5  redevelopment of Arroyo Vista satisfy the standards allegedly set by Section 1437p; yet

6  Congress phrased Section 1437p in terms of criteria not for disposition or demolition itself, but

7  for HUD approval of that disposition or demolition. Because Petitioners cannot point to statutory

8  text conferring the specific rights they seek, they cannot state claims under Section 1437p for

9  violations of those alleged rights.

10
### 4.    Section 1437p Expresses No Intent to Impose Obligations Directly on PHAs.
11

12    Finally, as noted in *Edwards*, the only obligation described by Section 1437p is an

13  obligation imposed upon the Secretary of HUD. *Edwards*, 821 F.2d at 658-59; *see also* 42

14  U.S.C.S. §§ 1437p(a), (b). In 1998, Congress removed the paragraph that it had added ten years

15  earlier to impose an obligation directly on PHAs, and removed with that paragraph any basis for

16  inferring Congress's intent to regulate PHAs through Section 1437p. HUD adopted revised

17  regulations to interpret the revised statute, but noted when it did so that it did not intend those

18  regulations "to create any private right of action." Demolition or Disposition of Public Housing

19  Projects, Final Rule, 71 Fed. Reg. 62354 (Oct. 24, 2006). For this reason as well, Respondents

20  urge this Court to rule that Petitioners have no cause of action under Section 1437p.

21
### B.    Section 1437p Gives Petitioners No Right to Receive Relocation Assistance in Connection with Arroyo Vista's Disposition.
22

23    The textual structure of Section 1437p also precludes any inference that Congress

24  intended *that section* to create individualized rights in tenants to receive relocation assistance in

---

[5] Disposition or demolition of public housing units without HUD approval would likely breach a PHA's "Annual Contributions Contract" with HUD, however, exposing the PHA to a variety of remedies at HUD's election. *See Edwards*, 821 F.2d at 664-65 (Williams, J., concurring); *see also Hill*, 207 F. Supp. 2d at 1028-29 (noting remedies made available to HUD by contract against PHAs maintaining substandard housing).

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

1  connection with demolition or disposition of their public housing. In contrast to the statute

2  governing relocation benefits at issue in *Price*, which stated specifically that "each grantee shall

3  provide" relocation assistance, 390 F.3d at 1110 (*citing* 42 U.S.C. § 5304(k)), Section 1437p

4  states only that the Secretary of HUD "shall approve" a disposition or demolition application if

5  the applying PHA certifies that it will provide certain forms of assistance, 42 U.S.C.S.

6  § 1437p(a)(4). *See Anderson*, 2007 U.S. Dist. LEXIS 9074, at *23. Moreover, and again in

7  contrast to the statute at issue in *Price*, Section 1437p includes only a list of relocation assistance

8  requirements phrased in general terms, rather than specific criteria for measuring Petitioners'

9  alleged entitlement. *Compare* 42 U.S.C.S. § 5304(d)(2)(A)(iii) & (iv) *with* 42 U.S.C.S.

10  § 1437p(a)(4)(B) & (C); *see also Price*, 390 F.3d at 1112 (noting that the statute at issue

11  "precisely enumerates the monetary benefits to which displaced persons of low and moderate

12  income are entitled").

13      Rather than directly ordering PHAs to provide specific relocation assistance, Section

14  1437p makes a PHA's commitment to provide general categories of assistance a prerequisite to

15  HUD's approval of the PHA's disposition or demolition plan. 42 U.S.C.S. § 1437p(a)(4). The

16  Supreme Court confronted a similar provision in *Suter v. Artist M.*, 503 U.S. 347, 358-59 (1992).

17  In *Suter*, the Court analyzed whether or not plaintiffs had any private right of action in federal

18  court to enforce features of a state plan for providing child welfare services, where federal

19  approval of that plan was a condition of federal funding to the state. *Id.* The Court held that

20  plaintiffs had no such right, because the statute and regulations requiring the plan did not impose

21  "any requirement for state receipt of federal funds other than the requirement that the State

22  submit a plan to be approved by the Secretary." *Id.* at 361.

23      Congress subsequently amended the statute at issue in *Suter* to provide for enforcement

24  in federal court of the plan terms upon which a state relied to receive its funding under the

25  statute. *See Ball*, 492 F.3d at 1111-12. But no similar provision appears in the Housing Act, and

26  its absence implies that Congress did not intend to give public housing tenants the right to bring

27  federal suits to enforce specific terms of any plan the Housing Act might require their PHAs to

28

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    submit to HUD. Petitioners cannot enforce their alleged relocation rights by suing under Section

2    1437p.

3    **C.    Section 1437p Gives Petitioners No Right to Control Their Neighbors'**
4    **Relocation.**

5    Finally, Petitioners assert in themselves a right under Section 1437p to stop DHA from

6    helping or requiring[6] *any* tenant, whether or not that tenant is a Petitioner, to relocate in advance

7    of HUD's approval for Arroyo Vista's disposition. Yet Section 1437p includes no language

8    suggesting either that it restrains a PHA's authority to offer attractive relocation assistance to

9    tenants or that it gives tenants any right to keep their neighbors from moving. Because Section

10    1437p plainly does not give Petitioners a right to prevent their neighbors' relocation,

11    Respondents ask this Court to rule that Petitioners have stated no claim under Section 1437p on

12    which this Court may grant relief.

13    **D.    Section 1437p Expresses No Congressional Intent to Create Private**
14    **Remedies for Alleged Violations.**

15    Even if Congress had intended Section 1437p to create obligations ultimately benefiting

16    tenants, the overall structure of the Housing Act shows that Congress did not intend tenants to

17    enforce its provisions through federal lawsuits. Instead, Congress intended HUD to enforce a

18    PHA's obligation to obtain approval from HUD before removing HUD-supported units

19    permanently from the PHA's housing stock, just as HUD enforces the PHA's obligation to

20    comply with the Housing Act's other provisions governing the number and quality of housing

21    units the PHA provides. Because private enforcement would be inconsistent with the

22    enforcement system set forth in the Housing Act, Respondents ask this Court to rule that

23    Petitioners cannot maintain their suit under Section 1437p against Respondents.

24    Sections 1437d(g) and 1437d(j) of the Act give HUD authority to enforce a PHA's

25    compliance with the overall standards governing PHA funding. Under Section 1437d(j), HUD

26    _____

27    [6] DHA has not evicted any tenant since 2006, when DHA evicted a tenant for nonpayment of
rent. Moreover, unless and until HUD approves DHA's application for permission to dispose of
28    Arroyo Vista, DHA has no intention of demanding that any tenant relinquish possession of his or
her apartment so that DHA may proceed with the proposed sale of Arroyo Vista to Real Parties.

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    must establish and apply "indicators to assess the management performance of public housing

2    agencies." 42 U.S.C.S. § 1437d(j)(1). The statute specifically requires HUD to consider among

3    these indicators the "number and percentage of vacancies within an agency's inventory," the

4    "average period of time that an agency requires to repair and turn-around vacant units," and the

5    "extent to which the public housing agency is providing acceptable basic housing conditions."

6    *Id.* §§ 1437d(j)(1)(A), (E), (K). In addition, HUD must "ensure that [PHAs] are not penalized as

7    [a] result of circumstances beyond their control," and consider "differences in the difficulty of

8    managing individual projects that result from their physical condition and their neighborhood

9    environment." *Id.* §§ 1437d(j)(1)(J).

10    If HUD determines that a PHA has too many vacancies, takes too long to repair and re-

11    rent vacant units, or maintains too many units in too poor condition, HUD may designate the

12    PHA as "troubled." *Id.* §§ 1437d(j)(2)(A). This designation authorizes HUD to take certain steps

13    to assist or compel the PHA to improve its performance, ranging in severity from making a

14    technical assistance agreement with the PHA to taking over the PHA's management. *See id.*

15    §§ 1437d(j)(2)(B), (2)(C), (3). In addition, should the PHA commit a "substantial default" under

16    its contract with HUD, HUD may proceed directly to the more drastic remedial steps. *Id.*

17    §§ 1437d(g), (j)(3).

18    To qualify for federal funding, a PHA must use a form of lease satisfying Section

19    1437d(l) of the Act. That lease gives each tenant certain contractual rights against the PHA,

20    which he or she may enforce not through a federal action under Section 1437d(l) but through a

21    suit on the lease. *Edwards*, 821 F.2d at 653 n.2. But if federal courts recognized private rights of

22    action in PHA tenants to enforce PHA-wide standards relating to housing condition, vacancy

23    rates, or re-rental policies, tenants would have the power to circumvent HUD's statutory

24    authority to regulate PHAs. Tenants and courts, rather than HUD, would determine in the first

25    instance how many vacancies were too many, how long was too long to leave a unit vacant

26    before re-renting, or what overall level of dilapidation was unacceptable.

27    Petitioners' lawsuit under Section 1437p amounts to an effort to circumvent HUD's

28    discretion under Section 1437d to control the number of vacancies at Arroyo Vista and the

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    overall physical condition of the complex. The statutory scheme, however, reflects Congress's

2    intent that HUD, not Petitioners, should decide whether, when, and how to require DHA to

3    change its management practices.[7] Because the Housing Act shows affirmatively that Congress

4    did not intend private enforcement of the rights Petitioners claim under Section 1437p,

5    Respondents ask this Court to enter judgment against Petitioners on their First Cause of Action.

6
       E.      **Section 1437p Gives Petitioners No Rights or Remedies At All Against the
7              City or HACA.**

8        Petitioners have attempted to assert their causes of action under Section 1437p against all

9    Respondents (Petition, 11:1), but Section 1437p does not apply to all Respondents. Instead,

10   Section 1437p applies to an application by a "public housing agency" for permission "to

11   demolish or dispose of a public housing project." 42 U.S.C.S. § 1437p(a). Nothing in Section

12   1437p even purports to apply to the city in which the project proposed for disposition or

13   demolition is located, or to a different PHA that may provide services to residents displaced by

14   the proposed disposition or demolition.

15       Even if Petitioners had a right under Section 1437p to restrain or control DHA's actions,

16   they would have no right *under Section 1437p* to control the City's decision to participate in the

17   DDA. Likewise, they would have no right *under Section 1437p* to control HACA's provision of

18   Section 8 vouchers. For this reason as well, Respondents ask this Court to rule that Petitioners

19   have stated no claim under Section 1437p against either the City or HACA.

20

21   **III.    CONCLUSION**

22       42 U.S.C. Section 1437p displays no Congressional intent either to create private rights

23   in public housing tenants or to give those tenants a personal remedy for any violations of the

24   statute. Instead, Section 1437p constrains HUD's exercise of discretion to approve or disapprove

25   permanent removal of public housing units from a PHA's HUD-funded housing stock. So that

26

27   [7] Petitioners may have the right under the Administrative Procedures Act to ask a court to review
     HUD's decision on DHA's disposition application *after* HUD has made it. *See Edwards*, 821
28   F.2d at 658; *Aponte-Rosario v. Acevedo Vila*, 476 F. Supp. 2d 74, 78-79 (D.P.R. 2007). Even
     then, though, Petitioners' cause of action would not arise directly under Section 1437p.

Goldfarb &
Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1    HUD may exercise this discretion free from Petitioners' interference, Respondents ask this Court

2    to rule that Petitioners' First Cause of Action states no claim for relief under Section 1437p and

3    to enter judgment against them.

4    DATED:  March 19, 2008                    GOLDFARB & LIPMAN LLP

5

6                                              By:    /s/ Juliet E. Cox
                                                      JULIET E. COX
7                                                     Attorneys for Respondents and Real Parties in
                                                      Interest DUBLIN HOUSING AUTHORITY;
8                                                     HOUSING AUTHORITY OF THE COUNTY
                                                      OF ALAMEDA; SCS DEVELOPMENT
9                                                     COMPANY; and EDEN HOUSING, INC.

10
     DATED:  March 19, 2008                    MEYERS, NAVE, RIBACK, SILVER &
11                                             WILSON

12

13                                             By:    /s/ Joseph M. Quinn
                                                      JOSEPH M. QUINN
14                                                    Attorneys for Respondent CITY OF DUBLIN

15          I hereby attest that I have on file all holograph signatures for any signatures indicated by

16   a "conformed" signature (/s/) within this efiled document.

17

18

19

Goldfarb &      20

Lipman LLP      21

1300 Clay Street  22

Ninth Floor      23

Oakland          24

California       25

94612            26

510 836-6336     27

510 836-1035 FAX 28

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

**TABLE OF CONTENTS**

**Page**

I.    Introduction and Summary of Applicable Law ................................................................. 1

II.    Analysis ........................................................................................................................... 3

    A.    Section 1437p Gives Petitioners No Right to Control When or How DHA Arranges for Arroyo Vista's Disposition. ............................................................. 3

        1.    The 1998 Amendment to Section 1437p Eliminated Any Private Right of Action That Might Have Existed Under Prior Versions of the Statute. ...................................................................................... 4

        2.    Section 1437p Expresses No Intent to Give Personalized Rights to Public Housing Tenants to Control Disposition or Demolition of Public Housing. ..................................................................................... 6

        3.    Petitioners' Alleged Right to Control Disposition or Demolition of Public Housing is Indefinite. .......................................................... 8

        4.    Section 1437p Expresses No Intent to Impose Obligations Directly on PHAs. ........................................................................................ 9

    B.    Section 1437p Gives Petitioners No Right to Receive Relocation Assistance in Connection with Arroyo Vista's Disposition. .................................. 9

    C.    Section 1437p Gives Petitioners No Right to Control Their Neighbors' Relocation. ....................................................................................................... 11

    D.    Section 1437p Expresses No Congressional Intent to Create Private Remedies for Alleged Violations. ................................................................... 11

    E.    Section 1437p Gives Petitioners No Rights or Remedies At All Against the City or HACA. ...................................................................................... 13

III.    Conclusion ..................................................................................................................... 13

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

**TABLE OF AUTHORITIES**

**Page**

CASES

*Alexander v. Sandoval*, 532 U.S. 275 (2001)............................................................... 1, 2

*Anderson v. Jackson*, 2007 U.S. Dist. LEXIS 9074 (E.D. La. 2007) ........................................ 6, 10

*Aponte-Rosario v. Acevedo Vila*, 476 F. Supp. 2d 74 (D.P.R. 2007) ........................................ 8, 13

*Ball v. Rodgers*, 492 F.3d 1094 (9th Cir. 2007)............................................................... 1, 3, 10

*Banks v. Dallas Hous. Auth.*, 271 F.3d 605 (5th Cir. 2001) ........................................ 7

*Blessing v. Freestone*, 520 U.S. 329 (1997) ........................................ 2, 8

*California Alliance of Child & Family Servs. v. Allenby*,

459 F. Supp. 2d 919 (N.D. Cal. 2006)........................................ 8

*Concerned Tenants Ass'n of Father Panik Village v. Pierce*,

685 F. Supp. 316 (D. Conn. 1988)........................................ 5, 7

*Cort v. Ash*, 422 U.S. 66 (1975) ........................................ 2

*Edwards v. District of Columbia*, 821 F.2d 651 (D.C. Cir. 1987)........................................ passim

*English Woods Civic Ass'n v. Cincinnati Metro. Hous. Auth.*,

2004 U.S. Dist. LEXIS 26389 (S.D. Ohio 2004) ........................................ 6

*Givens v. Butler Metro. Hous. Auth.*, 2006 U.S. Dist. LEXIS 91541 (S.D. Ohio 2006)............... 6

*Gomez v. Housing Auth. of El Paso*, 805 F. Supp. 1363 (W.D. Tx. 1992)........................................ 5

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) ........................................ 2

*Henry Horner Mothers Guild v. Chicago Hous. Auth.*, 780 F. Supp. 511 (N.D. Ill. 1991) ........... 5

*Hill v. San Francisco Hous. Auth.*, 207 F. Supp. 2d 1021 (N.D. Cal. 2002)............................... 7, 9

*Legal Servs. of N. Cal. v. Arnett*, 114 F.3d 135 (9th Cir. 1997) ........................................ 2

*Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008) ........................................ 1

*Price v. City of Stockton*, 390 F.3d 1105 (9th Cir. 2004) ........................................ passim

*Sanchez v. Johnson*, 416 F.3d 1051 (9th Cir. 2005) ........................................ 1

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003)........................................ 1

*Saxton v. Housing Auth. of Tacoma*, 1 F.3d 881 (9th Cir. 1993) ........................................ 7

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3

1

**TABLE OF AUTHORITIES**
(continued)

2
**Page**

3    *Suter v. Artist M.*, 503 U.S. 347 (1992) ...................................................................... 10

4    *Tinsley v. Kemp*, 750 F. Supp. 1001 (W.D. Mo. 1990) ................................................. 5

5    *Velez v. Cisneros*, 850 F. Supp. 1257 (E.D. Pa. 1994) ............................................... 5

6    *Williams v. United Airlines, Inc.*, 500 F.3d 1019 (9th Cir. 2007)................................. 2

7    *Wright v. City of Roanoke Redev. & Hous. Auth.*, 479 U.S. 418 (1987) .................................... 4, 7

8

STATUTES

9

10    42 U.S.C.S. § 1437d ................................................................................................ 8, 13

   42 U.S.C.S. § 1437p .............................................................................................. passim
11
   42 U.S.C.S. § 5304 ..................................................................................................... 11
12

13    Housing and Community Development Act of 1987, Pub. L. No. 100-242,

14       § 121, 101 Stat. 1815 (1988)....................................................................................... 5

15    Housing and Urban–Rural Recovery Act of 1983, Pub. L. No. 98-181,

16       § 214, 97 Stat. 1153 (1983) ........................................................................................ 4

   Pub. L. No. 105-275, § 531, 112 Stat. 2461 (1998).......................................................... 6
17

18

19

20    Goldfarb &

21    Lipman LLP

22    1300 Clay Street

23    Ninth Floor

24    Oakland

25    California

26    94612

27    510 836-6336

28    510 836-1035 FAX

POINTS AND AUTHORITIES REGARDING PRIVATE RIGHTS OF ACTION UNDER 42 U.S.C. § 1437p
1460\03\539916.3