1  BAY AREA LEGAL AID
   LISA S. GREIF (State Bar No. 214537)
2  NAOMI YOUNG (State Bar No. 105041)
   PHILLIP R. MORGAN (State Bar No. 99979)
3  405 14th Street, 11th Floor
   Oakland, California 94612
4  Telephone: 510-663-4744
   Facsimile: 510-663-4740
5  Email: lgreif@baylegal.org
           nyoung@baylegal.org
6          pmorgan@baylegal.org

7  THE CALIFORNIA AFFORDABLE HOUSING LAW
   PROJECT OF THE PUBLIC INTEREST LAW PROJECT
8  DEBORAH COLLINS (State Bar No. 154532)
   MICHAEL RAWSON (State Bar No. 95868)
9  CRAIG CASTELLANET (State Bar No. 176054)
   449 15th Street, Suite 301
10 Oakland, California 94612
   Telephone: 510-891-9794, ext. 156
11 Facsimile: 510-891-9727
   Email: dcollins@pilpca.org
12         mrawson@pilpca.org
           ccastellanet@pilpca.org
13
   Attorneys for Plaintiffs ARROYO VISTA TENANTS ASSOCIATION, et al.
14
15                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
16
   ARROYO VISTA TENANTS              CASE NO. C 07-05794 MHP
17 ASSOCIATION, RHENAE KEYES,
   ANDRES ARROYO, DARLENE BROWN,
18 ELISE VEAL                        PLAINTIFFS' SUPPLEMENTAL
                                     MEMORANDUM OF POINTS AND
19         Petitioners/Plaintiffs,   AUTHORITIES REGARDING PRIVATE
                                     RIGHT OF ACTION
20      vs.

21 CITY OF DUBLIN; DUBLIN HOUSING    Hearing Date:  March 31, 2008
   AUTHORITY; HOUSING AUTHORITY      Time:  2:00 p.m.
22 OF ALAMEDA COUNTY; and DOES 1     Courtroom:  15, 18th floor
   through 20, inclusive,            Judge:  Honorable Marilyn Hall Patel
23         Respondents/Defendants.

24 SCS DEVELOPMENT COMPANY, dba
   Citation Homes Central, a California
25 Corporation; EDEN HOUSING, INC., a
   California Nonprofit, and DOES 21 through
26 50,

27         Real Parties in Interest.

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ........................ 1

ARGUMENT ........................ 3

I.   THE STATUTORY GUARANTEE OF NOTICE AND RELOCATION RIGHTS
     ENJOYED BY PUBLIC HOUSING RESIDENTS UNDER THE HOUSING ACT ARE
     ENFORCEABLE UNDER SECTION 1983 ........................ 3

     A.  The Cases Referred to in the Court's Order Are Not Determinative As to the
         Enforceability of the Notice and Relocation Rights Under Section 18 of the
         Housing Act, As Amended ........................ 4

     B.  Plaintiffs Notice and Relocation Assistance Rights Meet the *Blessing-Gonzaga*
         Standard ........................ 6

         1.  Congress Intended to Create Notice and Relocation Rights ........................ 6

         2.  The Notice and Relocation Rights Are Not Too Vague or Amorphous for Judicial
             Enforcement ........................ 10

         3.  The Notice and Relocation Rights Are Mandatory ........................ 11

     C.  The Notice and Relocation Rights of 42 U.S.C. §1437p Are Presumptively
         Enforceable Under 42 U.S.C. §1983 ........................ 11

II.  PLAINTIFFS RIGHTS TO NOTICE AND RELOCATION ASSISTANCE
     ALSO ARE ENFORCEABLE UNDER STATE LAW ........................ 13

     A.  The Housing Act and the CRA May be Enforced by Writ of Mandate ........................ 13

     B.  The California Relocation Assistance Act Is Enforceable by Tenants ........................ 14

         1.  California Courts Have Implicitly Recognized the Right to Enforce State
             Law Relocation Obligations ........................ 14

III. EVEN IF THE COURT DETERMINES THAT PLAINTIFFS' RIGHTS UNDER
     THE HOUSING ACT ARE RELOCATION RIGHTS UNDER THE HOUSING ACT
     ARE NOT ENFORCEABLE THROUGH SECTION 1983, IT COULD RETAIN
     JURISDICTION OVER THE ACTION ........................ 15

     A.  Plaintiffs Pending Motion For Leave To File a Proposed Amended Complaint
         Would Confer Original Jurisdiction ........................ 15

Plaintiffs' Supplemental Memorandum of Points
And Authorities Regarding Private Right of Action          Case No. C-07-05794

i

1

TABLE OF CONTENTS (cont.)                                                    **Page**

2

   B.  The Court Also May Assert Jurisdiction Over Plaintiffs' State Law Claims

3

      Pursuant to 28 U.S.C. §1367 And Decide Plaintiffs' Motion For Preliminary

      Injunction Under State Law                                                    16

4

CONCLUSION                                                                        18

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

3

**CASES**                                                                                          **Page**

4

*Acri v. Varian Associates, Inc.*
   114 F.3d 999 (9th Cir. 1997)                                                         16

5

6

*Anderson v. Jackson*
   2007 WL 458232 (E.D. La. 2007)                                                  1, 4, 5, 8

7

8

*Bell Atlantic Corp. v. Twombly*
   127 S.Ct. 1955 (2007)                                                                12

9

*Blessing v. Freestone*
   520 U.S. 329 (1997)                                                               *passim*

10

11

*California Alliance of Child and Family Services v. Allenby*
   459 F.Supp. 919 (N.D. Cal. 2006)                                                  8, 10

12

13

*California Homeless and Housing Coalition v. Anderson*
   31 Cal.App.4[th] 450 (1995)                                                        1, 13

14

15

*Cavanaugh v. State Dept. of General Services*
   85 Cal.App.3d 354 (1978)                                                             14

16

17

*Common Cause v. Board of Supervisors*
   49 Cal.3d 432 (1989)                                                               13, 14

18

19

*Edwards v. District of Columbia*
   821 F.2d 651 (D.C. Cir. 1987)                                                      1, 4, 6

20

21

*English Woods Civic Association v. Cincinnati Metropolitan Housing Authority*
   2004 WL 3019505 (S.D. Ohio 2004)                                                1, 4, 5, 6

22

23

*Executive Software North America, Inc. v. U.S. District for Central Dist. of Calif.*
   24 F.3d 1545 (9th Cir. 1994)                                                       16

24

25

*Galbraith v. County of Santa Clara*
   307 F.3d 1119 (9th Cir. 2002)                                                      12

26

27

*Garcia v. Anthony*
   211 Cal.App.3d 470 (1989)                                                            14

28

*Givens v. Butler Metropolitan Housing Authority*
   2006 WL 3759702 (S.D. Ohio 2006)                                                  *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Gonzaga University v. Doe*
    536 U.S. 273 (2002) .......................................................... *passim*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
    507 U.S. 163, 113 S.Ct. 1160 (1993) ................................ 12, 13

*Los Angeles Unified School Dist. v. Livingston*
    125 Cal.App.3d 942 (1981) ............................................... 17

*Mendoza v. Zirkle Fruit Co.*
    301 F.3d 1163 (9th Cir. 2002) ........................................... 16

*Miller v. Woods*
    148 Cal.App.3d 862 (1983) ............................................... 17

*Pennhurst State School and Hosp. v. Halderman*
    451 U.S. 1, 67 (1981) ......................................................... 6

*Price v. City of Stockton*
    394 F.Supp.2d 1256 (E.D. Cal. 2005) ............................... 2

*Price v. City of Stockton*
    390 F.3d 1105 (9th Cir. 2004) ........................................... *passim*

*Save Our Valley v. Sound Transit*
    335 F.3d 932 (9th Cir. 2003) ............................................. 9

*Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley*
    *Landscape & Maint., Inc.,* 333 F.3d 923 (9th Cir. 2003) ... 16

*Velez v. Cisneros*
    850 F.Supp. 1257 (E.D. Pa. 1994) ................................... 5, 6

*White v. Davis*
    30 Cal. 4th 528 (2003) ...................................................... 17

*Wright v. City of Roanoke Redevelopment and Housing Authority*
    479 U.S. 418 (1987) ......................................................... 10

**STATUTES**

Fed. Rule Civ. Proc. Rule 8 .................................................... 12

Government Code

Plaintiffs' Supplemental Memorandum of Points
And Authorities Regarding Private Right of Action          Case No. C-07-05794

1

TABLE OF AUTHORITIES (cont)

§ 7260 .................................................................................... 2, 11, 14

§ 12955 ............................................................................................... 15

28 U.S.C. § 1367 ............................................................................ passim

42 U.S.C. § 1331 ................................................................... 1, 2, 12, 15

42 U.S.C. § 1437p ........................................................................... passim

42 U.S.C. § 1983 ............................................................................. passim

42 U.S.C. § 3601 ...................................................................... 2, 13, 15

42 U.S.C. § 3613 ...................................................................... 2, 12, 15

42 U.S.C. § 5304 ................................................................. 2, 5, 13, 15

24 C.F.R § 970 ...................................................................................... 1

§ 970.7 ......................................................................................... 9

§ 970.19 ....................................................................................... 9

§ 970.21 .................................................................................. 9, 11

Cal. Health & Saf. C. § 33413 ............................................................. 2

Cal. Code of Civ. Proc. § 1085 ..................................................... passim

1

## INTRODUCTION AND SUMMARY OF ARGUMENT

2         In its order of February 28, 2008, the Court requested briefing as to whether plaintiffs

3  have a private right of action for violations of Section 18 of the United States Housing Act (42

4  U.S.C. §1437p) and its implementing regulations (24 C.F.R. §970 *et seq.*), and in turn, whether

5  the court may maintain jurisdiction over this action.  The answer to both questions is yes.

6         The Housing Act as amended in 1998 unambiguously confers rights to public housing

7  residents to receive specific notice and relocation assistance before displacement or demolition

8  can occur, and before disposition is complete.  The scope of these rights includes HUD approval

9  of any application prior to issuance of notices of displacement. These rights are presumptively

10  enforceable through 42 U.S.C. §1983 pursuant to the test set forth by the Supreme Court in

11  *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) and *Gonzaga University v. Doe*, 536 U.S.

12  273, 283 (2002) ("*Blessing/Gonzaga*" test).  The cases referred to in the Court's Order are not

13  determinative as to whether plaintiffs can enforce their rights to notice and relocation assistance.[1]

14  They were decided either without regard to the *Blessing/Gonzaga* standard or construed different

15  versions of the Housing Act than those at issue here.  Because plaintiffs' rights to notice and

16  relocation assistance are enforceable under §1983, the Court has jurisdiction over the action

17  pursuant to 42 U.S.C. §1331 (federal question) and supplemental jurisdiction over plaintiffs'

18  state claims pursuant to §1367(a).  *See* Argument I below.

19         If the Court determines that plaintiffs rights under the Housing Act are not enforceable

20  through Section 1983, plaintiffs are nonetheless entitled to relief for defendants' violation of

21  their duties under the Housing Act through their state claim for a writ of mandate pursuant to

22  Cal. Code of Civ. Proc. §1085.  In California, a litigant may invoke Section 1085 to enforce

23  federal statutory duties even when the statute itself does not provide a private right of action.

24  *California Homeless and Housing Coalition v. Anderson*, 31 Cal.App.4th 450, 457 (1995)

25  (CHHC) [federal welfare statute enforceable under Cal. Civ. Proc. §1085 regardless of whether

26

27  
28

---

[1] *Anderson v. Jackson*, 2007 WL 458232 (E.D. La. 2007); *Givens v. Butler Metropolitan Housing Authority*, 2006 WL 3759702 (S.D. Ohio 2006); *English Woods Civic Association v. Cincinnati Metropolitan Housing Authority*, 2004 WL 3019505 (S.D. Ohio 2004); and *Edwards v. District of Columbia*, 821 F.2d 651 (D.C. Cir. 1987) are discussed in Argument I.A below.

Plaintiffs' Supplemental Memorandum of Points
And Authorities Regarding Private Right of Action        Case No. C-07-05794 MHP

enforceable through 42 U.S.C. §1983]. Further, a preliminary injunction may be granted to enforce plaintiffs' relocation rights under the California Relocation Assistance Act (Cal. Govt. C. §7260 *et seq.*) and implementing regulations. *See Price v. City of Stockton*, 394 F.Supp.2d 1256 (E.D. Cal. 2005) [granting a preliminary injunction that enforced "replacement housing provisions" of the California Community Redevelopment Law (Cal. Health & Saf. C. §33413(a)) that the Ninth Circuit had held were not enforceable through Section 1983]. *See* Argument II.

The next question is whether the Court may retain jurisdiction over the action if it determines that plaintiffs' rights under the Housing Act are not enforceable through Section 1983. The Court should retain jurisdiction over all of plaintiffs' claims. First, plaintiffs have a motion pending for leave to file an Amended Complaint that raises additional federal claims – for violation of relocation rights guaranteed by the Housing and Community Development Act (42 U.S.C. §5304(d)) and violations of the federal Fair Housing Act (42 U.S.C. §3601 *et seq.*). Their rights under both are enforceable and also confer original jurisdiction under 42 U.S.C. §§1331 and 3613. Second, even assuming no federal claims remained, the Court has jurisdiction over plaintiffs' state claims pursuant to §1367(a), where as here, the state and federal claims derive from a common nucleus of operative fact. Once judicial power exists under §1367(a), retention of supplemental jurisdiction is discretionary under 28 U.S.C. §1367(c). These factors favor retaining supplemental jurisdiction and deciding plaintiffs' motion for preliminary injunction under state law. *See* Argument III.

Because plaintiffs' notice and relocation assistance rights are enforceable through §1983 and plaintiffs' motion for preliminary injunction has been fully briefed, plaintiffs respectfully request that the motion be scheduled for hearing to prevent further harm to plaintiffs.

## <u>ARGUMENT</u>

## I. THE STATUTORY GUARANTEE OF NOTICE AND RELOCATION RIGHTS ENJOYED BY PUBLIC HOUSING RESIDENTS UNDER THE HOUSING ACT ARE ENFORCEABLE UNDER SECTION 1983.

Without prior approval from HUD, defendants entered into a disposition agreement with private developers to sell Arroyo Vista, a public housing development, and have commenced a

strategy to displace residents and board up their neighborhood, depriving plaintiffs' of rights to notice and relocation services and benefits required to be provided under Section 18 of the Housing Act.  Section 18, as amended in 1998,[2] unambiguously confers rights on plaintiffs to receive notice of HUD approval of any application for disposition or demolition and relocation assistance prior to displacement, demolition, or completion of disposition of Arroyo Vista, and those rights are presumptively enforceable under 42 U.S.C. §1983.

Section 1983 authorizes a civil action against any individual who, under color of state law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983.  Private enforcement through Section 1983 turns on the source of the remedy.  Once the plaintiff demonstrates that a statute confers an individual right, that right is presumptively enforceable under Section 1983, and plaintiff need not show Congressional intent to create a remedy.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002).

The United States Supreme Court has established a three-part test for determining if Congress created a "right" under Section 1983:

> First, Congress must have intended that the provision in question benefit the plaintiff....  Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence....  Third, the statute must unambiguously impose a binding obligation on the States.  In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

*Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) [citations omitted].

As for the first criterion, "it is rights, not the broader or vaguer 'benefits' or 'interests' that may be enforced under the authority of [§1983]." *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002).  In determining whether Congress intended to confer individual rights, courts look at whether the text of the statute contains "'right- or duty- creating language.'" *Id*. at 284, n.3 (citation omitted); *see also Price v. City of Stockton*, 390 F.3d 1105, 1110-14 (9th Cir. 2004) [relocation rights under the Housing and Community Development Act (the HCD Act) enforceable under §1983].  As the Ninth Circuit explains, "to create enforceable rights the

---

[2] *See* Argument II.B below.

language of the statute must focus on individual entitlement to benefits rather than the aggregate or systemwide policies and practices of a regulated entity.ö *Price* at 1110.

The statutory notice and relocation rights at issue here satisfy the *Blessing-Gonzaga* test, and Congress did not intend to foreclose a remedy under Section 1983. None of the cases referred to in the Courtøs Order are determinative as to whether plaintiffsø rights are enforceable through §1983. Therefore, we first discuss them briefly.

### A.    The Cases Referred To In The Court's Order Are Not Determinative As to the Enforceability of Plaintiffs' Notice and Relocation Rights Under Section 18 of the Housing Act.

The Court requested briefing as to whether plaintiffs have a private right of action to enforce violations of Section 18 in light of *Anderson v. Jackson*, 2007 WL 458232 (E.D. La. 2007); *Givens v. Butler Metropolitan Housing Authority*, 2006 WL 3759702 (S.D. Ohio 2006); *English Woods Civic Association v. Cincinnati Metropolitan Housing Authority*, 2004 WL 3019505 (S.D. Ohio 2004); and *Edwards v. District of Columbia*, 821 F.2d 651 (D.C. Cir. 1987). None of these cases are determinative as to enforcement of plaintiffsø notice and relocation rights under Section 18. They either interpreted earlier versions of Section 18 or did not follow the *Blessing-Gonzaga* private right analysis.

*Anderson* does not involve the question of whether the notice and relocation rights at issue here are enforceable through Section 1983. There, plaintiffs contended that by failing to repair New Orleans public housing damaged by Hurricane Katrina, defendants HUD and the PHA had constructively demolished public housing in violation of former Section 18(d) of the Housing Act, which plaintiffs argued conferred an implied right of action. 2007 WL 458232, Sl. Op. at *1, 5 (E.D. La. 2007). The court rejected plaintiffsø constructive demolition theory on the grounds that it was premised on an earlier version of the statute as were the cases that had relied on former Section 18(d) to find a private right of action to enforce öconstructive demolitionö rights.[3] *Id.* at 5.

_____

[3] Former section 1437p(d) provided: A public housing agency shall not take any action to demolish or dispose of a public housing project or a portion of a public housing project without

Claiming to follow the private right analysis required by *Gonzaga*, the court then examined §1437p, as a whole, to determine "if it reads more like rights/benefits-granting language . . . or more like "institutional policy and practice" language," and held the entire statute unenforceable on the grounds that it "does not focus on the rights of individual residents and families." *Id.* at *6. As the Ninth Circuit explains, however, *Gonzaga* requires courts to "examine whether particular statutory provisions create specific enforceable rights, rather than considering the statute and purported rights on a more general level." *Price*, 390 F.3d at 1110.[4] Failure to do so eludes the separate and distinct individual rights found in the statute. Thus, *Anderson* is not determinative as to the enforceability of plaintiffs' notice and relocation rights. In fact, if anything, it supports plaintiffs' position that Section 18 *creates* notice and relocation rights. *See Anderson*, Sl. Op. at 6, n. 11 [recognizing that §1437p "creates tenants "rights" to notice and relocation assistance].

Unlike *Anderson*, the *Givens* court determined that 42 U.S.C. §1437p "explicitly allows for a private right of action for tenants." 2006 WL 3759702 at *4 (S.D. Ohio 2006). In so holding, however, it relied on *pre-Gonzaga* case law. *Id.*, citing *Velez v. Cisneros*, 850 F.Supp. 1257, 1274 (E.D. Pa. 1994). *Velez*, in turn, involved enforcement of tenants' "de facto demolition" rights, relying on former Section 18(d) of the Housing Act. In *English Woods Civic Association v. Cincinnati Metropolitan Housing Authority*, 2004 WL 3019505 (S.D. Ohio 2004), the court also determined that Section 18 is enforceable, and like *Givens*, relied on *Velez* and a line of earlier cases dating back to 1988 that had challenged constructive demolitions pursuant to former Section 18(d). *English Woods* at *7 [challenge involved the "consolidation" provision of Section

---

obtaining the approval of the Secretary and satisfying the conditions specified in subsections (a) and (b) of this section. *Id.* at *5, n. 5.

[4] As illustrated in *Price*, the Ninth Circuit examined each relevant provision of the Housing and Community Development Act to determine whether "rights-creating" language existed, holding that it did exist to enforce plaintiffs' relocation rights, but not to enforce the replacement housing provisions of the same statute. *Price*, 390 F.3d at 1114 [construing provisions 42 U.S.C. §5304(d)].

18 (42 U.S.C. §1437p(e)].[5]  Therefore, *Givens* and *English Woods* also are not dispositive as to whether a private right of action exists here.

Finally, the court in *Edwards v. District of Columbia*, 821 F.2d 651 (D.C. Cir. 1987), held that there was no private right of action under Section 18 of the Housing Act to enforce a "de facto demolition" claim, finding that the Housing Act was comparable to a "federal grant-in-aid" statute.  Therefore, following the reasoning of *Pennhurst State School and Hosp. v. Halderman*, 451 U.S. 1, 67 (1981), any benefits Congress intended to confer on tenants were not sufficiently specific and definite to put the PHA on notice of its obligations.  *Id.* at 658.  Its decision long preceded both the *Blessing-Gonzaga* test and the 1998 version of the statute.  Accordingly, it is not determinative as to whether there is a private right of action under current law.

Plaintiffs are not aware of any other cases that have decided the enforceability of the notice and relocation rights under the current statute.

**B.     Plaintiffs' Notice and Relocation Rights Meet the *Blessing-Gonzaga* Standard.**

**1.  Congress Intended to Create Notice and Relocation Rights.**

Section 18, amended in 1998 by the Quality Housing and Work Responsibility Act of 1998 (QHWRA), governs the circumstances under which a public housing authority (PHA), can demolish or dispose of public housing units.  Pub. L. 105-276, 112 Stat. 2574 (Oct. 21, 1998), codified at 42 U.S.C. §1437p.[6]  Section 1437p(a) authorizes HUD to approve an application for disposition or demolition of public housing units *if* the PHA certifies, among other things, that it

---

[5] Section 18(e) is an "exception" provision that permits consolidation of residents within or among public housing buildings to improve living conditions or provide more efficient services. Prior HUD approval and compliance with other provisions of Section 18 are not required for consolidation.  *English Woods* at *9.

[6] The disposition and demolition provisions of the Housing Act were originally enacted in 1983 as Section 18 of the Housing Act,  P.L. 98-181, 97 Stat. 1184 (Nov. 30, 1983) ("Section 18"). Section 18 was amended eight times, most recently by QHWRA in 1998 when Congress streamlined and rewrote much of the Housing Act.  Section 18(d) was omitted, however, Congress retained the requirement that HUD must authorize the disposition or demolition of public housing.  Pub. L. 105-276, 112 Stat. 2574 §531.

will provide specific notice and relocation assistance and services to residents of the public housing project prior to displacement, demolition, or completion of disposition.

Subsection (a)(4) of section 1437p sets forth plaintiffsø notice and relocation assistance rights. Section 1437p(a)(4)(A) provides for the following notice to public housing residents:

õ[T]he Secretary shall approve the application *if* the [PHA] certifies that [it] . . .

will notify *each family residing in a project subject to demolition or disposition* 90 days prior to the displacement date, except in cases of imminent threat to health or safety, consistent with any guidelines issued by the Secretary governing such notifications, that:

    (i)    the public housing project will be demolished or disposed of;

    (ii)    the demolition of the building *in which the family resides* will not commence *until each resident* of the building is *relocated; and*

    (iii)    *each family displaced by such action* will be offered comparable housing . . . [I] that meets housing quality standards; [II] that is located in an area that is generally not less desirable than the location of the displaced personøs housing; and [III] which may include . . . tenant-based assistance, except that the requirement under this clause regarding offering of comparable housing shall be fulfilled by use of tenant-based assistance only upon the relocation of *such family* into such housing. . . .

42 U.S.C. §1437p(a)(4)(A) [emphasis added].[7]

With respect to relocation assistance and services, section 1437p(a) and subsections (a)(4)(B) through (E) provide that HUD shall approve the application õif the PHA certifies . . . that [it] . . .

B.    will provide for the payment of the actual and reasonable relocation expenses *of each resident* to be displaced;

C.    will ensure that *each displaced resident* is offered comparable housing in accordance with the notice under subparagraph A;

---

[7] Comparable housing also may include project-based assistance or occupancy in a unit operated or assigned by the public housing agency. *See* 42 U.S.C. §1437p(a)(4)(A)(iii)(III)(bb) and (cc). Defendantsø disposition application calls for tenant-based assistance (Section 8 vouchers); thus, the proposed disposition does not involve these forms of comparable housing. *See* Greif Declaration in Support of Plaintiffsø Motion for Preliminary Injunction, Ex. 3.

D.   will provide any necessary counseling *for residents who are displaced*; and

E.   will not commence demolition or complete disposition *until all residents residing in the building* are relocated.ö

42 U.S.C. §1437p(a)(4)(B)-(E) [emphasis added].

All of these provisions include õrights-creatingö language with an õunmistakable focus on the benefitted classö ó the residents of the public housing who will be displaced if an application for disposition or demolition is approved. *Gonzaga*, 536 U.S. at 284. The statute also is not phrased in terms of õinstitutional policy and practiceö (*Id*. at 288), but entitles particular persons to notice containing specific information, including that the property õwill beö demolished or disposed of, that the notice must issue within a specific time period prior to displacement, and that residents must be offered comparable replacement housing. Likewise, the relocation provisions enumerate a list of relocation services and benefits that parallel the entitlement to relocation benefits created under the HCD Act for residents displaced by CDBG-funded redevelopment. *Price*, 390 F.3d 1105, 1112; *see also California Alliance of Child and Family Services v. Allenby*, 459 F.Supp. 919 (N.D. Cal. 2006) [conferring right to foster care maintenance payments to foster care providers under the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. §§670-679b]. Likewise, even the *Anderson* court acknowledges that the notice and relocation assistance provisions of Section 18 can reasonably be interpreted as rights-creating language because they are ÷phrased in terms of persons benefited.øö *Anderson v. Jackson*, 2007 U.S. Dist. LEXIS 73319 (E.D. La., Sept. 28, 2007). Thus, §1437p(a)(4) demonstrates a clear intent to create federal rights to notice and relocation assistance.

The scope of plaintiffsø rights include the right to notice of prior HUD approval of an application for demolition or disposition before 90-day notices issue, because the notice must inform the public housing residents that the property õwill beö demolished or disposed of. Yet, a PHA is without authority to make a determination that the property will be õdemolishedö or õdisposed ofö before HUD approves an application for disposition or demolition. The only exceptions to the application process of Section 18 are õconsolidationsö and õde minimus

demolitions.ö 42 U.S.C. §1437p(e), (f); *see also Givens*, 2006 WL 3759702 (S.D. Ohio 2006) at *31 [Congress has not repealed the application process]. All other disposition and demolition must comply with the application process.

HUDøs regulations implementing the notice and relocation rights under Section 1437p also assist in determining the scope of the rights required by the statute. While õregulations alone cannot create rights enforceable through . . . Section 1983 . . . they may be relevant in determining the scope of the right conferred by Congress and therefore may be considered in applying the three-prong *Blessing* test.ö  *Price*, 390 F.3d at 1112, n.6 (emphasis in original; internal quotation marks omitted), citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003).

Among other requirements, the regulations reiterate that the PHA is responsible for notifying each family of the information set forth in the statute, in addition to information regarding reasonable accommodations for persons with disabilities.  24 C.F.R. §970.21(e). The regulations also provide that the PHAøs application shall include supporting information, including: õa plan for the relocation of tenants who would be displaced by the proposed demolition or disposition (including persons with disabilities requiring reasonable accommodations and a relocation timetable . . . )ö (24 C.F.R. §970.7(a)(6)) and õan estimate of costs for any required relocation housing, moving costs, and counselingö (24 C.F.R. §970.7(a)(11). The relocation plan must indicate the number of persons to be displaced; the type of counseling and advisory services the PHA plans to provide; what housing resources are expected to be available to provide housing for displaced residents; and an estimate of the costs for counseling and advisory services and resident moving expenses, and the expected source for payment of these costs. 24 C.F.R. §970.21(f). The PHA also õmay pay the reasonable costs of disposition, and of relocation of displaced tenants . . .ö out of the proceeds õas approved by HUD.ö 24 C.F.R. §970.19(b).    Thus, the regulations reiterate Congressø intent to create enforceable rights.

As in *Price*, the statutory provisions of §1437p(a)(4) meet the first prong of *Blessing-Gonzaga* and confer on plaintiffs an enforceable entitlement to specific notice, relocation

services and benefits.  390 F.3d at 1111.  Thus, the question becomes whether plaintiffs' notice and relocation rights are judicially enforceable.

### 2.  The Notice and Relocation Rights Are Not Too Vague or Amorphous for Judicial Enforcement.

As for the second part of the *Blessing* test, there is nothing so vague or amorphous about the rights plaintiffs seek to enforce that it would strain judicial competence.  *Blessing*, 520 U.S. at 340-341.   Congress "conferred entitlements sufficiently specific and definite to qualify as enforceable rights".  *Gonzaga*, 536 U.S. at 279.  Section 1437p(a)(4) specifically delineates the content of the notice, to whom it is to be provided, and when.  The relocation services and benefits that displaced persons are entitled to receive -- actual and reasonable relocation expenses; comparable housing as defined in the notice and the statute; necessary counseling; and timing of relocation – are no less specific than the costs to be reimbursed for foster care providers or the relocation benefits enforceable under the HCD Act.  *California Alliance,* 459 F.Supp. at 921 [cost of providing food, clothing, shelter, daily supervision, school supplies, and the like]; *Price*, 390 F.3d at 1112 [reimbursement of actual and reasonable costs, security deposits, credit checks, other moving expenses, including interim living costs]; *see also Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 431 (1987) [provision for "reasonable" allowance for utilities not too vague and amorphous].   Plaintiffs' rights are judicially enforceable.

### 3.  The Notice and Relocation Rights Are Mandatory.

Finally, as can be seen from the provisions of §1437p(4) quoted above, all the duties delineated by the statute and HUD's regulations are "couched in mandatory, rather than precatory, terms."  *Blessing*, 520 U.S. at 341.  The language with respect to notice and relocation rights provides that HUD *shall* approve an application for demolition or disposition *if* the PHA certifies that it *will provide* notice and relocation services and benefits to the public housing residents to be displaced by its action.  42 U.S.C. §1437p(a)(4).  The notice and relocation regulations reiterate those duties in clear terms.  24 C.F.R. §970.21.

By restricting HUD's authority to approve demolition and disposition applications on such certification, Congress evinced a clear intent to make the notice and benefits rights mandatory. The statute also provides, in unwavering terms, that HUD must disapprove an application where it has information or data showing that the PHA has not fulfilled this duty. 42 U.S.C. §1437p(b). Thus, in clear language, the statute requires a PHA to certify that it will provide the notice and relocation services and benefits delineated in the statute. If it does not do so, HUD will not approve the application. Conversely, if HUD obtains information that is inconsistent with the PHA's certifications, the PHA's application must be disapproved.

The terms of the statute and its implementing regulations are clearly mandatory, rather than precatory or merely hortatory. Thus, plaintiffs have met the final prong of the *Blessing-Gonzaga,* establishing enforceable rights to notice and relocation services and benefits under Section 18.

### C. The Notice and Relocation Rights of 42 U.S.C. §1437p Are Presumptively Enforceable Under 42 U.S.C. §1983.

Once an enforceable right is established, the burden falls on the defendants to show that Congress intended to foreclose a §1983 remedy. *Gonzaga*, 536 U.S. at 284, n. 4. This is a difficult burden that can only be met by express statutory language or by the creation of a comprehensive scheme to enforce the rights at issue. *Price*, 390 F.3d at 1114. As in *Price*, defendants cannot meet that burden. *Id*. at 1114-15. The courts will not "lightly conclude that Congress intended to preclude reliance on §1983 as a remedy for the deprivation of a federally secured right." *Id*. [citation omitted]. Nothing in 42 U.S.C. §1437p forecloses a §1983 remedy; nor does the statute create a comprehensive scheme to enforce plaintiffs' relocation assistance rights.

Section 1437p contains no remedial language from which an intent to preclude enforcement could be implied. The only "check" on the PHA's compliance with its notice and relocation obligations is HUD's obligation to disapprove an application under specific circumstances, such as where it obtains information that the PHA's certifications are inconsistent with that information. 42 U.S.C. §1437p(b). No time limit is imposed on HUD to disapprove the application, so that cannot serve as an adequate remedy. In the period between submission of

1    an application and any such disapproval, the PHA could, as defendants have done here, displace

2    residents without the notice and relocation rights guaranteed them.  During such period, residents

3    (like the 50 families already displaced from Arroyo Vista) could be deprived of their rights.  As

4    there is no comprehensive enforcement scheme that would enable plaintiffs to secure benefits

5    guaranteed under 42 U.S.C. §1437p, §1983 enforces the right of tenants displaced from Arroyo

6    Vista.

7          Finally, Plaintiffs' Petition for Writ of Mandate does not include a claim for relief under

8    §1983.  However, such relief may be granted pursuant to plaintiffs' prayer for "such other and

9    further relief as the Court deems just and proper."  *See* Petition for Writ of Mandate, Prayer ¶ 6.

10   The enumerated remedies sought by plaintiffs in their state court petition give more than

11   adequate notice to defendants of their claim to enjoin displacing and relocation activities, which

12   are the same remedies available through § 1983.  Fed. Rule Civ. Proc. Rule 8, *Leatherman v.*

13   *Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993) [applying

14   liberal notice pleading requirements in Rule 8 to Section 1983 claims], *Bell Atlantic Corp. v.*

15   *Twombly,* 127 S.Ct. 1955, 1973, n. 14 (2007), *Galbraith v. County of Santa Clara*, 307 F.3d

16   1119, 1124 (9th Cir. 2002) [discussing and upholding the *Leatherman* rule].  Plaintiffs also have

17   a motion pending for leave to file an Amended Complaint which includes a claim for relief

18   through §1983.  However, should the Court determine that plaintiffs have enforceable rights

19   under the Housing Act, such relief can be granted pursuant to noticed pleading rules.

20   **II.     PLAINTIFFS RIGHTS TO NOTICE AND RELOCATION ASSISTANCE**
21   **ALSO ARE ENFORCEABLE UNDER STATE LAW**

22         Even if there were any remaining question as to plaintiffs' ability to enforce their notice

23   and relocation assistance rights under §1983, plaintiffs would be entitled to preliminary relief

24   under California state law.  Plaintiffs' notice and relocation rights under the Housing Act may be

25   enforced under state law by writ of mandate.  There also is no doubt that the California

26   Relocation Assistance Act may be enforced through a private action.

27

28

1

**A.    The Housing Act and the CRA Act May be Enforced by Writ of Mandate**

2

If California courts were required to address the issue directly, they would conclude that

3

the CRA Act can be enforced by, among other vehicles, a writ of mandate under Code of Civil

4

Procedure §1085.  Section 1085 provides that a writ "may be issued by any court to any inferior

5

. . . board, or person, to compel the performance of an act which the law specially enjoins . . . ."

6

A litigant may invoke Section 1085 to enforce a statutory duty even when the statute itself

7

does not provide a right of action, as illustrated by *California Homeless and Housing Coalition*

8

*v. Anderson*, 31 Cal.App.4th 450 (1995) (CHHC).   In *CHHC*, an organization sued to enforce a

9

provision in a federal welfare statute.   The defendant argued that the statute could not be

10

enforced through 42 U.S.C. §1983, and thus the petitioner organization was not entitled to seek

11

relief.  *CCHC*, 31 Cal.App.4th at 457.  The *CHHC* court rejected this argument.  A holding that a

12

statute is unenforceable by a §1983 action "does not necessarily impact the broader remedy

13

available under Code of Civil Procedure section 1085." 31 Cal.App.4th at 458.  Section 1085

14

relief "is available not only to those who have enforceable private rights, but to those who are

15

'beneficially interested' parties . . . ." *Id.*   The Court of Appeal thus decided the petitioner's

16

claims on the merits.

17

It also does not matter that the instant motion seeks a preliminary injunction rather than a

18

writ.  In *Common Cause v. Board of Supervisors*, 49 Cal.3d 432 (1989), the plaintiffs secured a

19

preliminary injunction, and the defendants appealed, arguing that plaintiffs lacked standing to

20

sue as taxpayers.  The California Supreme Court found it unnecessary to decide the taxpayer

21

standing issue because the ultimate relief sought in the complaint included a writ of mandate

22

under Section 1085, and the plaintiffs had standing to invoke Section 1085.  *Common Cause*, 49

23

Cal.3d at 439.  "Given that plaintiffs have standing to seek the relief granted here at a trial on the

24

merits, they have standing to seek the same relief on a provisional basis, if such relief is

25

otherwise proper." *Id.*   In this case, Section 1085 confers on plaintiffs a right to enforce

26

defendants' duties under state and federal law.  As in *Common Cause*, they are entitled to seek

27

the same relief on a provisional basis.

28

1

**B.     The California Relocation Assistance Act Is Enforceable by Tenants.**

2

There is no serious question that plaintiffs may enforce their notice and relocation

3

assistance claims under state law.     California courts have routinely enforced relocation

4

obligations under the state statutes in question.

5

6

1.   **California Courts Have Implicitly Recognized the Right to Enforce State Law Relocation Obligations.**

7

To our knowledge, no court has ever questioned the right of a Californian to enforce in

8

court the relocation obligations imposed by the California Relocation Assistance Act (Govt.

9

Code §§7260-77) (the CRA Act).

10

California courts have routinely enforced the CRA Act, agreeing with tenants that

11

relocation plans were inadequate and that these tenants were entitled to be paid relocation

12

benefits.  In *Garcia v. Anthony*, 211 Cal.App.3d 470 (1989), the court reversed a denial of a

13

petition for writ of mandate, and held the plaintiff displaced tenants were entitled not just to

14

moving expenses and advisory assistance, but also to the provision of last resort comparable

15

replacement housing where no such housing is already available.  Similarly, in *Cavanaugh v.*

16

*State Dept. of General Services*, 85 Cal.App.3d 354, 358 (1978), the court held that relocation

17

benefits must be paid to persons who began their tenancies after the State had bought property it

18

later sought to vacate.

19

Since courts have implicitly upheld the rights of litigants to challenge the adequacy of a

20

relocation or replacement housing plan and to seek payments, it follows that a plaintiff may also

21

sue to require enactment of a plan.   Failure to adopt a plan is the epitome of an inadequate plan.

22

Permitting tenants to sue under the CRA is consistent with an unbroken line of California

23

decisions.

24

Plaintiffs, in short, have a right of action under state law to secure the relief sought, and as

25

set forth in their briefs in support of the motion for preliminary injunction, plaintiffs are

26

substantially likely to succeed on the merits of their claims under the CRA Act.

27

28

1

2

### III.  EVEN IF THE COURT DETEMINES THAT PLAINTIFFS' RIGHTS UNDER THE HOUSING ACT ARE NOT ENFORCEABLE THROUGH § 1983, IT CAN RETAIN JURISDICTION OVER THE ACTION.

3

4

#### A.  Plaintiffs' Proposed Amended Complaint Would Confer Original Jurisdiction.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Should the Court determine that plaintiffs' rights are not enforceable under the Housing Act, it could retain jurisdiction over the action by permitting plaintiffs to amend the Petition for Writ of Mandate which would confer original jurisdiction pursuant to 42 U.S.C. §§1331 and 3613.  As indicated in the Joint CMC Statement filed on February 25, 2008, plaintiffs filed a motion for leave to file an Amended Complaint on March 17, 2008.  The proposed Amended Complaint alleges causes of action to enforce anti-displacement and relocation rights under Section 104(d) of the HCD Act of 1974, as amended, 42 U.S.C. §5304(d) and violations of federal and state fair housing laws, 42 U.S.C. §3601 *et seq*. and Cal. Govt. C. §12955 *et seq*.[8] There is no question that plaintiffs have a right to enforce the relocation assistance provisions of the HCD Act through 42 U.S.C. §1983.  That issue has already been determined by the Ninth Circuit in *Price v. City of Stockton*, 390 F.3d 1105, 1110-1114 (9th Cir. 2004).  Likewise, plaintiffs have an express right of action to enforce violations of the Fair Housing Act pursuant to 42 U.S.C. §3613.  Thus, filing of the proposed Amended Complaint would resolve any question as to whether the Court may retain jurisdiction over the action.  It would have original jurisdiction over federal claims pursuant to 42 U.S.C. §§1331 and 3613 and supplemental jurisdiction over plaintiffs' state claims pursuant to 42 U.S.C. §1367(a).

21

22

23

24

#### B.  The Court Also May Assert Jurisdiction Over Plaintiffs' State Law Claims Pursuant To 28 U.S.C. §1367 And Decide Plaintiffs' Motion For Preliminary Injunction Under State Law.

25

26

The Court has jurisdiction to assert supplemental jurisdiction over state claims even if no federal claims remain, where as here, the state and federal claims derive from a common nucleus

27

28

---

[8] The proposed Amended Complaint also includes a claim for relief pursuant to 42 U.S.C. §1983 to enforce plaintiffs rights under the Housing Act and the HCD Act.

of operative fact.  28 U.S.C. §1367(a); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002).  State claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) *cert. denied*, 540 U.S. 1017 (2003).

There is no distinction in this case between the facts claims of the petition for writ of mandate and the federal claim.  Plaintiffs' first cause of action seeks a petition for writ of mandate based on defendants' failure to comply with its duties under the Housing Act.  Thus, jurisdiction is proper under §1367(a).

Once judicial power exists under §1367(a), retention of supplemental jurisdiction is discretionary under 28 U.S.C. §1367(c).  *Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997).  The Court has the discretion to decline supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons to decline jurisdiction.  28 U.S.C. §1367(c); *Acri*, 114 F.3d at 1000.  However, in considering those factors, courts look to principles of economy, convenience, fairness, and comity in so deciding.  *Executive Software North America, Inc. v. U.S. District Court for Central Dist. of California*, 24 F.3d 1545 (9th Cir. 1994).  These factors mitigate in favor of exercising supplemental jurisdiction in order to secure preliminary relief for plaintiffs.

First, plaintiffs' state law claims do not raise novel or complex issues.  One cause of action involves enforcement of the Housing Act by way of writ of mandate and the other two involve enforcement of relocation assistance rights under the CRA Act.  Writs are routinely issued by California courts to enforce duties that arise under federal law.  *White v. Davis*, 30 Cal.4[th] 528, 577-78 (2003) [writ based, in part, on federal Fair Labor Standards Act]; *Los Angeles Unified School Dist. v. Livingston*, 125 Cal.App.3d 942, 946 (1981) [federal Unemployment Insurance regulations provide mandatory duty for writ]; *Miller v. Woods*, 148 Cal.App.3d 862, 880-81

1   (1983) [federal Rehabilitation Act regulations].[9]  The California relocation claims are no more

2   novel or complex than relocation claims under federal law.  Moreover, because plaintiffs seek to

3   file additional federal claims, one involving a federal relocation statute, efficiency warrants that

4   the claims be litigated in the same court.

5       Second, if plaintiffs are permitted leave to file an Amended Complaint, raising additional

6   federal claims, the second and third factors support retention of jurisdiction.

7       Exceptional circumstances favor retaining jurisdiction rather than declining to exercise

8   supplemental jurisdiction.  Plaintiffs have a strong probability of success on the merits of their

9   state claims.  If plaintiffs were forced to return to state court, the additional delay would threaten

10  additional harm to plaintiffs.  For example, at the time plaintiffs filed the case in state court,

11  defendants had displaced 12 households.  To date, nearly 50 households or one-third of the

12  population of Arroyo Vista have been displaced.

13      For these reasons, should the Court decide that plaintiffs' do not have enforceable rights

14  under the Housing Act, plaintiffs request that the Court retain supplemental jurisdiction so that

15  plaintiffs can secure relief  on their state claims.

16                              **CONCLUSION**

17      Plaintiffs have enforceable rights to notice and relocation services and benefits under the

18  Housing Act, and are likely to succeed on the merits of their preliminary injunction.  Should the

19  Court determine otherwise, plaintiffs should nonetheless be permitted relief pursuant to their

20  state claims.

21

22

23

24

25

26

27

28

---

[9] However, plaintiffs' claims should not be bifurcated between the courts.

Plaintiffs' Supplemental Memorandum of Points
And Authorities Regarding Private Right of Action          Case No. C-07-05794 MHP

17

1

2      Dated: March 19, 2008                    Respectfully Submitted:

3

4
                                               By: _____/s/ Lisa S. Greif_____
5                                                 BAY AREA LEGAL AID
                                                  Lisa S. Greif
6                                                 Phillip R. Morgan
                                                  Naomi Young
7

8                                                 CALIFORNIA AFFORDABLE HOUSING
                                                  LAW PROJECT OF THE PUBLIC INTEREST
9                                                 LAW PROJECT
                                                  Deborah Collins
10                                                Michael Rawson
                                                  Craig Castellanet
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28