LEE C. ROSENTHAL, State Bar #58778
lrosenthal@goldfarblipman.com
ROBERT C. MILLS, State Bar #158097
rmills@goldfarblipman.com
JULIET E. COX, State Bar #214401
jcox@goldfarblipman.com
GOLDFARB & LIPMAN LLP
1300 Clay Street, Ninth Floor
Oakland, California 94612
Telephone: (510) 836-6336
Facsimile: (510) 836-1035

Attorneys for Respondents and Real Parties in Interest DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA; SCS DEVELOPMENT COMPANY; and EDEN HOUSING, INC.

JOSEPH M. QUINN, State Bar #171898
jquinn@meyersnave.com
ARIANA MOHIT, State Bar #211407
amohit@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 421-3711
Facsimile: (415) 421-3767

Attorneys for Respondent CITY OF DUBLIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASS'N *et al.*,<br><br>Petitioners,<br><br>v.<br><br>CITY OF DUBLIN *et al.*,<br><br>Respondents,<br><br>SCS DEVELOPMENT COMPANY *et al.*<br><br>Real Parties in Interest. | Case No.: 3:07-cv-05794-MHP<br><br>**RESPONDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONERS' MOTION FOR LEAVE TO AMEND PETITION AND COMPLAINT**<br><br>Date:      April 21, 2008<br>Time:     2:00 p.m.<br>Location: Courtroom 15, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102 |

# TABLE OF CONTENTS

**Page**

I. Introduction ........................................................................................................................... 1

II. Analysis ................................................................................................................................ 1

    A. This Court Need Not Permit Amendment to Add Causes of Action That the Court Will Simply Dismiss. ............................................................................ 2

    B. Amendment to Allege the Proposed First and Fifth "Claims for Relief" Would be Futile. ........................................................................................................ 2

        1. The Proposed First and Fifth "Claims for Relief" Do Not Seek Vindication of the Only Private Right of Action Petitioners Claim Under 42 U.S.C. Section 1437p. ............................................................. 2

        2. The Proposed First and Fifth "Claims for Relief" Attempt to Assert Rights Held, if at All, Only by Persons Other Than Petitioners. ................. 4

        3. Any Rights Held by Petitioners Under Section 1437p Are Not Rights Against the City of Dublin or the Housing Authority of the County of Alameda ("HACA"). ............................................................... 4

    C. Amendment to Add the Second and Third "Claims for Relief" Would Be Futile. ..................................................................................................................... 5

    D. Amendment to Add the Fourth "Claim for Relief" Would Be Futile. .................... 5

        1. The HCD Act Would Not Give Petitioners a Right to Enforce its Planning Requirements, Even if the HCD Act Applied to Arroyo Vista's Redevelopment. ................................................................................ 6

        2. The HCD Act Would Not Give Petitioners Standing to Enforce Their Former Neighbors' Rights, Even if the HCD Act Applied to Arroyo Vista's Redevelopment. ............................................................... 6

    E. Amendment to Add the Sixth "Claim for Relief" Would Be Futile. ...................... 7

    F. Amendment to Add the Seventh and Eighth "Claims for Relief" Would Be Futile. ..................................................................................................................... 7

III. Conclusion ............................................................................................................................ 9

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

# **TABLE OF AUTHORITIES**

**Page**

CASES

*Chapman v. Houston Welfare Rights Assn.*, 441 U.S. 600 (1979) ................................................. 7

*Darst-Webbe Tenant Assn. Bd. v. Saint Louis Housing Authority*,
   299 F.Supp. 2d 952 (E.D. Mo. 2004) ................................................. 8

*Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) ................................. 4

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640 (C.D. Cal. 1997) ................. 5

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ................................................. 4

*Price v. City of Stockton*, 390 F.3d 1105 (9th Cir. 2004) ................................................. 5, 6

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) ................................................. 2

*Saul v. United States of America*, 928 F.2d 829 (9th Cir. 1991) ................................................. 2

*Schlacter-Jones v. General Tel. of Cal.*, 936 F.2d 435 (9th Cir. 1990) ................................................. 5

STATUTES

42 U.S.C. § 1437p ................................................. 5

OTHER AUTHORITIES

Fed R. Civ. Proc., Rule 15 ................................................. 2

Fed R. Civ. Proc., Rule 23 ................................................. 4

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

## I.  INTRODUCTION

After moving this Court on the strength of their original Petition for Writ of Mandate (the "Petition") for a preliminary injunction in this matter,[1] and after receiving Respondents' motion for summary judgment,[2] Petitioners proposed amending their Petition.[3] This Court then requested further briefing on an issue that affects the viability of both the original Petition and the proposed First Amended Petition for Writ of Mandate and Complaint (the "First Amended Petition").[4] Despite this request, and despite Petitioners' pending, fully-briefed motion for preliminary injunction and Respondents' pending summary judgment motion, Petitioners moved for leave to amend rather than waiting for this Court's rulings to inform any amended pleading. Respondents ask this Court to deny Petitioners' ill-timed motion.

## II.  ANALYSIS

Petitioners' proposed First Amended Petition includes four causes of action (the First, Second, Third, and Fifth "Claims for Relief") restating allegations from the original Petition that fail to state claims upon which this Court may grant relief. In addition, the proposed First Amended Petition includes one new cause of action (the Fourth "Claim for Relief") alleging violations of the federal Housing and Community Development Act (the "HCD Act"); one new cause of action (the Sixth "Claim for Relief") alleging violations of 42 U.S.C. Section 1983; and two new causes of action (the Seventh and Eighth "Claims for Relief") alleging violations of federal and state fair housing laws. Like the causes of action repeated from the original Petition, these four new causes of action also fail to allege facts that, if true, would justify relief to Petitioners. Because all Petitioners' proposed amendments are futile, Respondents ask this Court to deny permission to Petitioners to file their First Amended Petition.

---

[1] Notice of Motion, Motion, and Memorandum of Points of Authorities in Support of Plaintiffs' Motion for Preliminary Injunction, filed January 28, 2008, as Document 11.

[2] Notice of Motion and Motion by Respondents for Summary Judgment Or, in the Alternative, for Summary Adjudication, filed February 11, 2008, as Document 27.

[3] Joint Case Management Conference Statement, filed February 25, 2008, as Document 49.

[4] Order, filed February 28, 2008, as Document 54.

### A. This Court Need Not Permit Amendment to Add Causes of Action That the Court Will Simply Dismiss.

Respondents recognize that Rule 15 of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings. Fed R. Civ. Proc., Rule 15(a)(2). An important exception to this general rule of liberality, however, is futility: This Court need not permit amendment if "the amended complaint would be subject to dismissal." *Saul v. United States of America*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991) (affirming denial of leave to amend because "the claim would certainly be defeated at summary judgment"). Because all Petitioners' proposed amendments would fail to state claims upon which this Court might grant relief, Respondents ask this Court to deny Petitioners permission to make these futile amendments.

### B. Amendment to Allege the Proposed First and Fifth "Claims for Relief" Would be Futile.

The First "Claim for Relief" in Petitioners' proposed First Amended Petition reasserts, with minor factual embellishment, the same allegations regarding Respondents' alleged violations of the United States Housing Act as were set forth in Petitioners' original Petition. (*Compare* Petition, at 11:1-14:3, *with* First Amended Petition, at 12:16-15:17.) In addition, the proposed First Amended Petition includes a redundant Fifth "Claim for Relief," seeking relief identical in effect to the relief sought in the proposed First "Claim for Relief." (*Compare* First Amended Petition, at 12:16-15:17, *with id.*, at 22:17-24:6.) Because the proposed First and Fifth "Claims for Relief" continue Petitioners' efforts to state causes of action that do not exist, however, amendment of the Petition as Petitioners propose would be futile.

#### 1. The Proposed First and Fifth "Claims for Relief" Do Not Seek Vindication of the Only Private Right of Action Petitioners Claim Under 42 U.S.C. Section 1437p.

In response to this Court's request for briefing regarding the existence or nonexistence of a private right of action to enforce the disposition and demolition provisions of the United States Housing Act, 42 U.S.C. § 1437p ("Section 1437p"), Petitioners explained their theory that Section 1437p confers on them a private right to sue "to receive specific notice and relocation

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

assistance before displacement . . . can occur, and before disposition is complete." (Plaintiffs' Supplemental Memorandum of Points and Authorities Regarding Private Right of Action ["P's Supp. Memo."], at 1:7-8; *id.* at 2:25-12:19.) Petitioners did not even suggest to this Court, however, that Section 1437p gives them any *other* personally enforceable right. Moreover, as Respondents have shown, whether or not Section 1437p confers on Petitioners a right to receive specified forms of relocation assistance in connection with Arroyo Vista's disposition, it does not give Petitioners any right to control the Dublin Housing Authority's ("DHA's") disposition decisions, or to control their neighbors' relocation with DHA's assistance. (Respondents' Memorandum of Points and Authorities Regarding Existence or Nonexistence of Private Right of Action to Enforce 42 U.S.C. Section 1437p, at 3:20-9:20, 11:3-12.)

Despite their concession that Section 1437p gives them no right to challenge DHA's alleged noncompliance with the procedural requirements governing applications for permission to dispose of public housing, Petitioners' proposed First and Fifth "Claims for Relief" repeat their demand that this Court enjoin that alleged noncompliance. (First Amended Petition, at 14:11-15:17, 21:23-24:6.) Conspicuously *absent* from both the First and the Fifth "Claims for Relief" is *any* allegation that DHA has required *any* Petitioner to move, or has completed Arroyo Vista's disposition, without giving that Petitioner the relocation assistance allegedly required by Section 1437p. (*See* P's Supp. Memo., at 7:18-8:5 [describing the relocation rights allegedly created by Section 1437p].) In fact, all Petitioners continue to allege that they remain residents at Arroyo Vista, and no Petitioner alleges that DHA has demanded that he or she move. (First Amended Petition, at 4:6-8, 27 [alleging that Petitioner Keyes resides at Arroyo Vista and has never received a "90-day notice" instructing her to vacate her residence]; 5:3-5 [alleging that Petitioner Brown resides at Arroyo Vista]; 5:18-20 [alleging that Petitioner Arroyo resides at Arroyo Vista]; 6:5-7 [alleging that Petitioner Veal resides at Arroyo Vista].)

Even if Section 1437p gave Petitioners a personally enforceable right to receive counseling, reimbursement of relocation expenses, and offers of comparable housing before DHA could complete disposition of Arroyo Vista, Petitioners do not propose to allege that DHA has completed disposition of Arroyo Vista without giving them these forms of assistance.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

Accordingly, Petitioners do not propose to allege that DHA has violated Section 1437p in any manner over which Petitioners claim any right to sue. Because amendment to add the proposed new First and Fifth "Claims for Relief" would be futile, Respondents ask this Court to deny Petitioners' motion.

### 2. The Proposed First and Fifth "Claims for Relief" Attempt to Assert Rights Held, if at All, Only by Persons Other Than Petitioners.

Petitioners' proposed allegations that DHA has relocated or displaced persons *other* than Petitioners (*see* First Amended Petition, at 10:25-26, 14:25-26, 23:1, 23:6,-11, 23:18-26) do not save their claims. Rather, because the rights Petitioners claim under Section 1437p are individual rights to notice and aid (P's Supp. Memo, at 7:18-8:5), Petitioners lack standing to assert those rights on others' behalf. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (holding that a plaintiff who had not suffered a particular injury could not sue her insurer on behalf of others who had allegedly suffered that injury). Petitioners have not proposed to allege a class action conforming to Rule 23 of the Federal Rules of Civil Procedure; and in any event, such a class action would fail, because Petitioners plead specifically that their households are *not* among the households that have already relocated, allegedly without receiving required assistance. Fed R. Civ. Proc., Rule 23(a)(3), (4) (requiring that a class representative actually be representative of the proposed class); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."); *Lierboe*, 350 F.3d at 1022-23. For this reason as well, Respondents ask this Court to deny Petitioners' motion for leave to allege claims on behalf only of persons who are strangers to this action.

### 3. Any Rights Held by Petitioners Under Section 1437p Are Not Rights Against the City of Dublin or the Housing Authority of the County of Alameda ("HACA").

Finally, Petitioners' proposals to allege the First "Claim for Relief" against "all Defendants" (First Amended Petition, at 12:17) and the Fifth "Claim for Relief" against both DHA and HACA (*id.*, at 22:28) are also futile, because DHA is the only entity that could have

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

any obligations to Petitioners under Section 1437p. Section 1437p imposes obligations, if at all, only on HUD and on a public housing agency considering disposition or demolition of HUD-funded property. 42 U.S.C. § 1437p. Even if this Court concludes that Petitioners may state claims under Section 1437p, Respondents ask this Court to deny Petitioners permission to allege those claims against any entity except their landlord, DHA.

C. **Amendment to Add the Second and Third "Claims for Relief" Would Be Futile.**

The Second and Third "Claims for Relief" in the proposed First Amended Petition also restate claims from the original Petition. (*Compare* Petition, at 14:5-17:6, 17:8-18:25, *with* First Amended Petition, at 15:18-18:23, 18:24-20:14.) Respondents have moved this Court for summary adjudication of those claims, primarily on grounds that Petitioners' allegations, even if true, would not describe violations of the statutes under which Petitioners sue. (Notice of Motion and Motion for Summary Judgment Or, in the Alternative, for Summary Adjudication, at 10:20-13:16, 15:6-17; 19:13-22:14, 24:16-25:20.) Respondents ask this Court to address Respondents' summary adjudication motion before considering whether or not to permit Petitioners to reallege these causes of action. *See Schlacter-Jones v. General Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1990) ("A motion for leave to amend is not a vehicle to circumvent summary judgment."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640, 645 (C.D. Cal. 1997).

D. **Amendment to Add the Fourth "Claim for Relief" Would Be Futile.**

Petitioners' proposed Fourth "Claim for Relief" seeking relief under the HCD Act, 42 U.S.C. § 5301 et seq., is new. Although the Ninth Circuit has held that private rights of action do exist under the HCD Act, *see Price v. City of Stockton*, 390 F.3d 1105, 1114 (9th Cir. 2004), Petitioners' proposed claims do not address the rights the Ninth Circuit has identified. Respondents ask this Court to deny Petitioners permission to add allegations that would not state a claim for relief under the HCD Act even if the HCD Act applied in this case.[5]

---

[5] For purposes of opposing Petitioners' motion, Respondents assume but do not concede the truth of Petitioners' allegation that the HCD Act will apply to Arroyo Vista's redevelopment.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

### 1. The HCD Act Would Not Give Petitioners a Right to Enforce its Planning Requirements, Even if the HCD Act Applied to Arroyo Vista's Redevelopment.

In *Price*, the Ninth Circuit held that the HCD Act "confer[red] upon persons displaced by redevelopment activities an enforceable entitlement to the specific benefits" of plans adopted to relocate those persons. *Price*, 390 F.3d at 1113. Because it held that the HCD Act created these rights, the Court of Appeals also affirmed issuance of a preliminary injunction directing "the City to provide the benefits described in Section 104(d)(2)(A)(iii) and (iv) to individuals before displacing them." *Id.* at 1117. But the Ninth Circuit also held that portions of 42 U.S.C. § 5304(d) requiring preparation of a "replacement housing plan" were not individually enforceable, and reversed the lower court's injunction directing preparation of such a plan. *Id.* at 1113, 1117.

Petitioners proposed Fourth "Claim for Relief" does not seek to enforce Petitioners' alleged "right to 'reasonable benefits' conferred by Section 104(k) and elucidated in Section 104(d)(2)(A)(iii) and (iv)." *Id.* at 1117. Rather, Petitioners ask this Court to order Respondents to "take all reasonable steps to minimize the displacement of Plaintiffs," to adopt a relocation plan promising benefits in accordance with the HCD Act, and to "assure that comparable housing is available to the persons displaced." (First Amended Petition, at 21:22-22:7.) These are not rights the Ninth Circuit found to be individually enforceable; in fact, the Ninth Circuit expressly distinguished the "plan certification requirement" imposed by the HCD Act as a condition of receiving a grant under the Act from the "enforceable entitlement to specific benefits" held by individual residents. *Price*, 390 F.3d at 1113. Insofar as it seeks an order from this Court directing Respondents to plan differently for Petitioners' relocation, Petitioners' proposed Fourth "Claim for Relief" states no claim under the HCD Act.

### 2. The HCD Act Would Not Give Petitioners Standing to Enforce Their Former Neighbors' Rights, Even if the HCD Act Applied to Arroyo Vista's Redevelopment.

Moreover, Petitioners do not propose to allege that they themselves have suffered any deprivation of their alleged rights under the HCD Act. Instead, they propose only to allege on "information and belief" that former residents who have moved have not secured "comparable"

housing, and on "information and belief" that DHA has not computed those former residents' benefits properly. (First Amended Petition, at 22:5-7, 11-13.) Because they have not moved, however, Petitioners do not and cannot allege that they themselves have suffered harm because of having failed to receive proper moving assistance or a comparable replacement residence. As with Petitioners' proposal to enforce their neighbors' alleged rights under Section 1437p, Respondents ask this Court simply to deny Petitioners' request for permission to allege that Respondents have violated other persons' rights under the HCD Act.

### E. Amendment to Add the Sixth "Claim for Relief" Would Be Futile.

The proposed First Amended Petition would add a Sixth "Claim for Relief" "under 42 U.S.C. § 1983." (First Amended Petition, 24:7-22.) The law is plain, though, that Section 1983 supplies only a remedy and not a right of action. *Chapman v. Houston Welfare Rights Assn.*, 441 U.S. 600, 617 (1979). Because amendment to add a claim based solely on Section 1983 would be futile, Respondents ask this Court to deny Petitioners' motion for leave to add their Sixth "Claim for Relief."

### F. Amendment to Add the Seventh and Eighth "Claims for Relief" Would Be Futile.

Petitioners' proposed Seventh "Claim for Relief" under the federal Fair Housing Act and Eighth "Claim for Relief" under the California Fair Employment and Housing Act rest on the unremarkable assertion that persons of color and families with children are more likely than the general population in Dublin to be eligible for, and to receive, DHA's and HACA's affordable housing services. (First Amended Petition, at 2:8-15, 25:6-23, 27:18-28:7.) Neither proposed "Claim for Relief" alleges that DHA or HACA has done anything to discriminate expressly among Arroyo Vista's tenants or potential tenants on the basis of those persons' race or family status. Instead, both proposed "Claims for Relief" allege that DHA and HACA have taken "acts" that have a "discriminatory effect on "African Americans and persons of Hispanic descent" and a "discriminatory effect on families with minor children." (*Id.*, at 26:3-13, 28:15-24.)

Petitioners fail, however, to identify precisely what "acts" by DHA or HACA have the effect of discriminating among persons affected by those acts on the basis of those persons' race,

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

ethnicity, or family composition. Moreover, even assuming that Petitioners mean to allege a fair housing challenge to DHA's decision to redevelop Arroyo Vista, and to HACA's decision to provide Section 8 vouchers to Arroyo Vista residents who want them, Petitioners do not allege that those acts affect Arroyo Vista's tenants of color or families with children in a manner that differs at all from the manner in which those acts affect non-Hispanic white tenants or tenants without children. Rather, Petitioners compare the entire Arroyo Vista tenant and potential tenant pool with the general population of Dublin—most of whom are not affected in any way by DHA's or HACA's decisions. *See Darst-Webbe Tenant Assn. Bd. v. Saint Louis Housing Authority*, 299 F.Supp. 2d 952, 957-58 (E.D. Mo. 2004) (holding that plaintiffs had failed to show disparate impact resulting from housing authority's redevelopment decision simply by showing that housing authority's tenants, or even potentially eligible low-income population in city at large, were disproportionately members of protected classes).

Finally, Petitioners appear to propose to prove that disposition of Arroyo Vista and relocation of its residents using Section 8 vouchers will result in a reduction of housing opportunities available in Dublin to people of color and families with children. (First Amended Petition, 26:5-7, 11-13; 28:17-19, 22-24.) Yet they acknowledge that DHA's application to HUD for permission to dispose of Arroyo Vista proposes not to eliminate below-market-rate housing at the site but eventually to provide more of it, mixed with market-rate housing. (First Amended Petition, at 10:3-6, 12-16.) Without any allegations regarding the demographic characteristics of persons likely to occupy this housing, Petitioners' conclusion that Arroyo Vista's redevelopment will *increase* Dublin's housing segregation is sheer speculation.

Should this Court permit Petitioners to amend the Petition in part, Respondents intend to develop more fully these challenges to Petitioners' fair housing allegations. Alternatively, however, these flaws are sufficient to support this Court's denial on futility grounds of leave for Petitioners to amend the Petition to add their proposed Seventh and Eighth "Claims for Relief." Respondents ask this Court to deny Petitioners' motion for leave to file the First Amended Petition.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

8
RESPONDENTS' POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONERS' MOTION FOR LEAVE TO AMEND
1460\03\544188.2

## III. CONCLUSION

Petitioners' proposed First Amended Petition repeats all the flaws in Petitioners' original Petition. Furthermore, its new allegations do not constitute legally cognizable claims against Respondents. Respondents ask this Court to deny Petitioners' motion for leave to amend, and to proceed with adjudication of this matter.

DATED: March 31, 2008

GOLDFARB & LIPMAN LLP

By: /s/ Juliet E. Cox
JULIET E. COX
Attorneys for Respondents and Real Parties in Interest DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA; SCS DEVELOPMENT COMPANY; and EDEN HOUSING, INC.

DATED: March 31, 2008

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/ Joseph M. Quinn
JOSEPH M. QUINN
Attorneys for Respondent CITY OF DUBLIN

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX