<div style="margin-left: 3em;">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, ELISE VEAL,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF DUBLIN, DUBLIN HOUSING AUTHORITY, HOUSING AUTHORITY OF ALAMEDA COUNTY, and DOES 1 through 20, inclusive,<br><br>        Defendants.<br><br>SCS DEVELOPMENT COMPANY, dba Citation Homes Central, a California Corporation; EDEN HOUSING, INC., a California Nonprofit, and DOES 21 through 50,<br><br>        Real Parties in Interest. | No. C 07-05794 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion for Leave to File First Amended Complaint** |

Plaintiff's complaint alleges two causes of action, one for violation of the federal Housing Act of 1937 (42 U.S.C. § 1437p), and a second for violation of the California Relocation Assistance Act (Cal. Govt. Code § 7260 *et seq.*). Now before the court is plaintiffs' motion for leave to file a first amended complaint. The facts and background of this case have been thoroughly explicated in the court's separate order addressing defendant's motion to dismiss for lack of a private right of action to enforce 42 U.S.C. section 1437p. The court references that accompanying order, and repetition of the facts is unnecessary here.

Plaintiffs request leave to amend their complaint to: (1) add a cause of action for violation of the anti-displacement and relocation requirements of the federal Housing and Community

Development Act, 42 U.S.C. § 5301; (2) add a cause of action for violation of the federal Fair Housing Act, 42 U.S.C. § 3601, for discrimination on the basis of race, color, national origin, or familial status; (3) clarify that each of the claims for violation of a federal statute is brought pursuant to 42 U.S.C. § 1983; and (4) add a state cause of action for violation of the California Fair Employment and Housing Act, Cal. Govt. Code § 12955.  Additionally, plaintiffs request leave to amend and supplement the complaint by adding additional facts that have changed since the complaint was initially filed.  These facts concern changes in the plaintiffs' households, distribution of a draft relocation plan by defendants for public review, and the relocation of approximately 50 households.

LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to file amended pleadings should be freely granted "when justice so requires."  The Ninth Circuit weighs four factors when considering a Rule 15(a) motion to amend: (1) bad faith in bringing the motion; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  Griggs v. Pace American Group, Inc., 170 F.3d 877, 880–81 (9th Cir. 1999).

Moreover, Federal Rule of Civil Procedure 15(d) provides that a court may, "on just terms," permit a party to serve a "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Absent a clear showing of prejudice to opposing parties, leave to supplement a complaint pursuant to Rule 15(d)—to allege facts occurring after the original pleading was filed—is favored by the courts.  Keith v. Volpe, 858 F.2d 467, 468 (9th Cir. 1988).

DISCUSSION

In this case, defendants will not be prejudiced by the filing of an amended and supplemental complaint since plaintiffs have not engaged in any undue delay in moving for leave to amend.  This case was filed on October 15, 2007 in Alameda County Superior Court, and on November 14, 2007, defendants removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. §

1331. Docket Entry 1, Notice of Removal. After defendants declined assignment to a magistrate judge on November 21, 2007, the action was reassigned to this court on December 20, 2007. Docket Entry 9, Reassignment Order. Plaintiffs moved for preliminary injunction on January 28, 2008 and defendants moved for summary judgment on February 11, 2008. Docket Entry 11, 27.

The court declined to rule on those motions and requested, *sua sponte*, supplemental briefing on the issue of whether 42 U.S.C. section 1437p creates enforceable rights. Docket Entry 54. At that time, the court had not held an initial case management conference and discovery had not yet commenced. The court construed the parties' supplemental briefing as a Rule 12(b)(6) motion to dismiss. The court deemed plaintiffs' motion for preliminary injunction and defendants' motion for summary judgment withdrawn pending the resolution of the motion to dismiss. Having now resolved, in favor of plaintiffs, the issue of whether section 1437p creates enforceable rights and having denied defendant's Rule 12(b)(6) motion to dismiss, the court grants leave for plaintiffs to file an amended complaint. Plaintiff's motion to amend is not futile, ill-timed, or brought in bad faith.

CONCLUSION

Plaintiffs' motion for leave to file a first amended complaint is GRANTED, the proposed first amended complaint is deemed filed, and defendants shall file their answer or otherwise respond within thirty (30) days of the date of this order. The Clerk shall set this matter down for a Case Management Conference on July 14, 2008 and a Joint Case Management Conference Statement shall be filed on or before on or before July 7, 2008.

IT IS SO ORDERED.

Dated: May 22, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3