BAY AREA LEGAL AID
LISA S. GREIF (State Bar No. 214537)
NAOMI YOUNG (State Bar No. 105041)
PHILLIP R. MORGAN (State Bar No. 99979)
405 14th Street, 11th Floor
Oakland, California 94612
Telephone: 510-663-4744
Facsimile: 510-663-4740
Email: lgreif@baylegal.org
       nyoung@baylegal.org
       pmorgan@baylegal.org

THE CALIFORNIA AFFORDABLE HOUSING LAW
PROJECT OF THE PUBLIC INTEREST LAW PROJECT
DEBORAH COLLINS (State Bar No. 154532)
MICHAEL RAWSON (State Bar No. 95868)
CRAIG CASTELLANET (State Bar No. 176054)
449 15th Street, Suite 301
Oakland, California 94612
Telephone: 510-891-9794, ext. 156
Facsimile: 510-891-9727
Email: dcollins@pilpca.org
       mrawson@pilpca.org
       ccastellanet@pilpca.org

Attorneys for Petitioners ARROYO VISTA TENANTS ASSOCIATION, et al.    **E-FILED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, ELISE VEAL<br><br>Petitioner/Plaintiff,<br><br>vs.<br><br>CITY OF DUBLIN; DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF ALAMEDA COUNTY; and DOES 1 through 20, inclusive,<br>Respondents.<br><br>SCS DEVELOPMENT COMPANY, dba Citation Homes Central, a California Corporation; EDEN HOUSING, INC., a California Nonprofit, and DOES 21 through 50,<br><br>Real Parties in Interest. | CASE NO. C 07-05794 MHP<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Hearing Date: July 14, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th Floor<br>Judge: Honorable Marilyn Hall Patel |

## I. JURISDICTION AND SERVICE

This Court has original jurisdiction of the federal questions presented by this civil action under 28 U.S.C. §1331 and 42 U.S.C. §3613, and supplemental jurisdiction over Petitioners' state-law claims under 28 U.S.C. §§1367(a) and 1441(c). Respondents are subject to personal jurisdiction, and venue is proper in this district. All Respondents and Real Parties have appeared in this action.

## II. FACTS

### A. Facts on Which Petitioners and Respondents Agree

Arroyo Vista is a 150-unit federally funded public housing complex located on Dougherty Road in Dublin. The complex is the only public housing complex in Dublin. It is owned by the Dublin Housing Authority ("DHA") and administered on DHA's behalf by the Housing Authority of Alameda County ("HACA"). HACA also administers the Housing Choice ("Section 8") Voucher program in areas of Alameda County.

Some Arroyo Vista Residents have "very low" incomes and some have "extremely low" incomes, as the United States Department of Housing and Urban Development ("HUD") defines these terms. Tenant rents at the entire complex generally average less than $500 per month. Petitioners Rhenae Keyes, Andres Arroyo, Darlene Brown, and Elise Veal are tenants at Arroyo Vista. Ms. Keyes is also the chair of Petitioner Arroyo Vista Tenants Association, a 31-member association formed in October 2007.

On July 24, 2006, DHA adopted DHA Resolution No. 11-06, electing not to rehabilitate the Arroyo Vista project but instead to redevelop the property. DHA also adopted DHA Resolution 12-6, selecting the developer team of Eden Housing, Inc. (a non-profit developer) ("Eden") and Citation Homes central (a for-profit developer) ("Citation") to redevelop the Arroyo Vista property and authorizing staff to negotiate the appropriate documents with that team. On April 3, 2007, DHA approved an Exclusive Negotiating Rights Agreement among DHA, the City, and HACA (together, "Respondents") and Eden and Citation (together, "Real Parties"); and on November 21, 2006, DHA adopted DHA Resolution 17-06 approving amendments to DHA's Annual and Five-Year Plans to

provide for disposition or demolition of Arroyo Vista and authorizing DHA staff to submit these amendments to HUD.

On July 17, 2007, the Dublin City Council ("City") adopted City Council Resolution No. 136-07, approving a Disposition and Development Agreement for the Arroyo Vista Redevelopment Project with DHA, HACA, Eden, Citation, and the City ("DDA"). On July 17, 2007, DHA authorized execution of the DDA. On or about July 25, 2007, Respondents and Real Parties executed the DDA for the Redevelopment of Arroyo Vista.

On August 14, 2007, DHA submitted a Disposition Application (the "Application") to HUD for the Arroyo Vista public housing complex. At the time of submission, DHA's Application was incomplete, and DHA has not yet submitted an environmental review of the proposed project. HUD has not yet approved or disapproved the Application.

Among other things, if HUD approves DHA's proposal to dispose of Arroyo Vista, the DDA calls for DHA to relocate all Arroyo Vista's tenants in accordance with applicable state and federal laws. The DDA calls for HACA to provide up to 150 Section 8 vouchers to Arroyo Vista households who are eligible for the Section 8 program. The DDA then calls for DHA to convey the Arroyo Vista property to Real Parties, who will (subject to City permit approvals) demolish the public housing units at Arroyo Vista and replace them with a mixed-income development described in the DDA. The DDA calls for the City to contribute funding for the project.

Beginning in 2006, DHA distributed newsletters regarding Arroyo Vista's potential redevelopment. In April 2007, DHA began holding tenant meetings to explain the redevelopment and relocation processes. On or about February 12, 2008, DHA distributed notice that a proposed relocation plan for Arroyo Vista's residents was available for review and public comment, and that the plan would be considered at DHA's April 15, 2008 meeting. On or about June 3, 2008, DHA adopted a relocation plan for Arroyo Vista. The City and HACA have not adopted or approved a relocation plan for Arroyo Vista.

DHA began in July 2007 providing relocation assistance to at least some tenants. When DHA submitted the Application to HUD, approximately 12 households had moved using section 8 Vouchers provided by HACA. To date, approximately 60 Arroyo Vista households have relocated.

DHA has not re-rented those units, but has instead boarded them up. All Petitioners remain Arroyo Vista residents.

### B. Principal Factual Issues in Dispute

#### 1. Petitioners' Statement

Petitioners contend that Respondents (1) relocated Arroyo Vista tenants without the relocation notice and relocation assistance required by 42 U.S.C. §1437p(a)(4); (2) urged tenants of Arroyo Vista to move prior to HUD approval of an application for disposition or demolition by leading tenants to believe that the sale and demolition of Arroyo Vista is a *fait accompli,* engaging in a concerted effort to frighten and/or cajole tenants into moving from Arroyo Vista, causing blight and hazardous conditions by boarding up vacant units as tenants have been displaced, and misrepresenting and providing misleading information to tenants regarding disposition of Arroyo Vista and relocation assistance that may be available to tenants; (3) relocated 60 Arroyo Vista households without a relocation plan approved by any local legislative body; and (4) provided some relocation assistance to some Arroyo Vista tenants, but have not provided the notice, advisory services, or relocation benefits required by state law. Plaintiffs further contend that (5) Respondents and Real Party Eden intend to use HOME funds to redevelop Arroyo Vista; (6) individual plaintiffs are members of protected classes under the federal Fair Housing Act and the Fair Employment and Housing Act by reason of race, ethnicity and familial status; (7) respondents' disposition, displacement, and relocation activities have frustrated the mission of plaintiff Arroyo Vista Tenants Association and caused it to expend financial, organizational and human resources; and (8) racial and ethnic minorities and families with children are significantly over-represented in Arroyo Vista and on DHA's public housing waiting list, but are significantly under-represented in Dublin as a whole.

#### 2. Respondents' Statement

Respondents contend that (1) all tenants who have moved away from Arroyo Vista since Respondents approved the DDA have done so voluntarily; (2) Respondents have not urged or forced any tenant to move; (3) Respondents have not attempted to frighten or cajole any tenant into moving before that tenant must do so; (4) Respondents have not led tenants to believe that the sale and

demolition of Arroyo Vista is a *fait accompli*; (5) Respondents have not given tenants information regarding available relocation assistance that has been either incorrect or misleading; (6) the notice, advisory services, and relocation benefits DHA has provided to Arroyo Vista's households have exceeded the requirements of both state and federal law; (7) boarding up Arroyo Vista's vacant units has protected Arroyo Vista's remaining residents rather than exposing them to hazards; (8) Respondents and Real Parties have made no application or commitment to use HOME funds in Arroyo Vista's redevelopment; (9) Respondents' decision to redevelop Arroyo Vista as contemplated in the DDA (if HUD gives approval for that redevelopment) does not discriminate either expressly or in effect among persons on the basis of any characteristic protected by state or federal law; and (10) Arroyo Vista's redevelopment as contemplated in the DDA is not likely to increase housing segregation.

## III.     LEGAL ISSUES IN DISPUTE

Petitioners contend that the following legal issues are in dispute in this matter:

1. Whether Respondents have deprived plaintiffs of rights to notice and relocation assistance guaranteed by the United States Housing Act of 1937, as amended (42 U.S.C. §1437p(a)(4)) and its implementing regulations (24 C.F.R. §970.21 et seq.) (the "Housing Act") by: (a) relocating Arroyo Vista tenants without prior written notice pursuant to 42 U.S.C. §1437p(a)(4)(A); and (b) relocating Arroyo Vista tenants without providing comparable housing, relocation assistance, and counseling pursuant to 42 U.S.C. §1437p(a)(4)(B)-(E).

2. Whether Respondents have violated the CRAA (Cal. Govt. Code §7260 et seq.) and its implementing regulations (25 Cal. Code Regs. §6000 et seq.) by: (a) failing to prepare, adopt, and/or approve a relocation assistance plan pursuant to the CRAA before displacing Arroyo Vista tenants; (b) issuing unauthorized notices to some Arroyo Vista tenants regarding the relocation services and benefits available to them; and (c) displacing Arroyo Vista tenants without providing the notices, advisory services, and relocation benefits required by the CRAA.

3. Whether the CRAA requires the City and HACA to adopt or approve a relocation plan for Arroyo Vista.

4.      Whether Respondents have deprived plaintiffs of relocation assistance rights guaranteed by the Housing and Community Development Act, 42 U.S.C. §5304, by displacing Arroyo Vista tenants without providing comparable housing and relocation assistance benefits pursuant to 42 U.S.C. §5304.

5.      Whether Respondents, through their disposition, displacement, and relocation activities, have discriminated against plaintiffs because of race, color, national origin or familial status in violation of the federal Fair Housing Act, 42 U.S.C. §3601 et seq., by (a) making and threatening to make housing opportunities unavailable to African American and Hispanic persons and families with children to a statistically significant greater degree than to non-minority and non-family households; and (b) depriving plaintiffs of their rights to live and associate in a community which is free of illegal discrimination and to enjoy the benefits of residing in a racially and ethnically diverse community and a community that does not disproportionately exclude families with children.

6.      Whether Respondents, through their disposition, displacement, and relocation activities, have discriminated against plaintiffs because of race, color, national origin or familial status in violation of the Fair Employment and Housing Act, Cal. Govt. C. §12955 *et seq.*, by (a) making and threatening to make housing opportunities unavailable to African American and Hispanic persons and families with children to a statistically significant greater degree than to non-minority and non-family households; and (b) depriving plaintiffs of their rights to live and associate in a community which is free of illegal discrimination and to enjoy the benefits of residing in a racially and ethnically diverse community and a community that does not disproportionately exclude families with children.

Respondents contend that the following legal issues are in dispute in this matter:

1.      Does the CRAA apply to a federally funded public housing authority undertaking disposition of a public housing complex?

2.      Has DHA violated the Housing Act or the CRAA by providing relocation assistance to Arroyo Vista tenants before HUD has approved disposition of Arroyo Vista?

3. Did DHA violate the Housing Act or the CRAA by providing relocation assistance to Arroyo Vista tenants before DHA had approved a relocation plan for Arroyo Vista?

4. Has DHA violated the Housing Act or the CRAA by failing to provide adequate relocation assistance to Petitioners?

5. Did DHA violate the Housing Act or the CRAA by failing to provide relocation assistance to Arroyo Vista tenants before April 2007?

6. Do Petitioners have standing to pursue claims on behalf of any person not a party to this action without seeking and obtaining certification of this action as a class action in accordance with the procedures set forth in Rules 23 and 23.2 of the Federal Rules of Civil Procedure?

7. Does the Housing and Community Development Act require Respondents to provide relocation assistance in accordance with its provisions if neither Respondents nor Real Parties has applied for or received HOME funds for use in Arroyo Vista's redevelopment?

8. Does Respondents' decision to redevelop Arroyo Vista as contemplated in the DDA (if HUD gives approval for that redevelopment) discriminate either expressly or in effect among persons on the basis of any characteristic protected by state or federal law?

## IV. MOTIONS

The parties' Stipulation and Proposed Order on Petitioners' Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction is pending. No other motions are currently pending. Petitioners also anticipate filing a Motion for Permanent Injunction and/or a Motion for Summary Judgment or adjudication of Issues after completion of relevant discovery. Following any additional amendments to the pleadings permitted by this Court, Respondents anticipate filing a motion under Rule 12(c) for judgment on the pleadings as to those issues not requiring discovery, and later a motion for summary judgment or adjudication of issues as to those issues requiring discovery.

## V. AMENDMENT OF PLEADINGS

Absent a stipulation between the parties, Petitioners anticipate filing a motion for leave to file a Second Amended Petition and Complaint, alleging that the Relocation Plan adopted by DHA on

June 3, 2008 does not comply with the CRAA and implementing regulations. In the event HUD approves an application for disposition of Arroyo Vista, Petitioners also anticipate amending the complaint to add HUD as a defendant to the litigation to challenge such approval and HUD's failure to disapprove DHA's application for disposition.

## VI.     EVIDENCE PRESERVATION

The parties certify that any evidence relevant to the issues reasonably evident in this action is being preserved.

## VII.     DISCLOSURES

In accordance with this Court's order, the parties exchanged initial disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure on February 25, 2008. The parties will disclose additional witnesses and documents if and when they identify them. Petitioners have not sought damages, and Respondents contend that they have no insurance covering the allegations of the Petition.

## VIII.     DISOVERY PLAN

### A. Subjects for Discovery; Timing; Phasing

#### 1.     Timing.

The parties have not yet commenced discovery.

#### 2.     Subjects for Discovery.

The parties agree that discovery will be necessary and appropriate as to the following subjects: (a) relocation assistance notice(s), advisory services and relocation benefits offered or provided by Respondents to Arroyo Vista tenants; and (b) activities of DHA's relocation consultant(s).

In addition, Petitioners contend that discovery will be necessary and appropriate as to the following subjects: (a) information relating to rehabilitation, disposition, and/or demolition of Arroyo Vista, including but not limited to application(s) to HUD for disposition and/or demolition; (b) communications between Respondents and HUD regarding such application(s); (c) relocation plan(s) prepared or adopted by Respondents and their agents; (d) residents of Arroyo Vista who have

moved since July 2006; (e) information relating to administration of DHA; (f) information relating to the administration of HACA, including but not limited to HACA's participation on the plans for rehabilitation, disposition and/or demolition of Arroyo Vista; (g) information related to funding applications for the disposition and redevelopment of Arroyo Vista; (h) information related to Petitioners' fair housing claims and (i) other subjects that may be relevant in the event Petitioners' Motion to Amend is granted.

Respondents contend that discovery will be necessary and appropriate as to the following subjects: (a) the identities of those persons claiming entitlement to additional relocation assistance; (b) the nature and amount of assistance those persons seek; (c) communications between Arroyo Vista's tenants and Respondents and Respondents' agents regarding Arroyo Vista's proposed redevelopment; (d) Petitioners' bases for asserting the City's liability to Petitioners; and (e) Petitioners' bases for alleging HACA's liability to Petitioners.

### 3. Document Production.

In producing documents responsive to document requests, the parties agree to identify by set and number the documents responsive to particular request(s), and to consecutively mark all documents with distinguishing letters and numbers beginning at R0001 of Respondents and P0001 for Petitioners.

### 4. Limits and Phasing.

The parties agree that no special orders regarding limits or phasing of discovery are necessary at this time.

### B. Disclosure and Discovery of Electronically Stored Information

Petitioners propose that the parties produce or disclosure unprivileged electronically stored information in electronic formats, and produce or disclose all versions of electronically stored information. Respondents contend that they use no special electronic recordkeeping or database management systems (such as bookkeeping software) for information that might be material to this action. Accordingly, Respondents propose to produce unprivileged electronically stored documents and information by printing those documents or information on paper for Petitioners, marked for identification in the same manner as documents produced directly from paper files.

### C. Privilege and Attorney Work Product Protection

The parties reserve their rights to raise claims of attorney-client privilege, attorney work-product, or confidentiality of personal information and, in such event, to produce privilege logs at the time of production. The parties will comply with Civil Local rule 37-1 in attempting to resolve such disputes.

## IX. CLASS ACTION

Petitioners have not brought this action as a class action. Respondents contend that Petitioners may not pursue claims on behalf of any person not a party to this action without seeking and obtaining certification of this action as a class action in accordance with the procedures set forth in Rules 23 and 23.2 of the Federal Rules of Civil Procedure.

## X. RELATED CASES

The parties know of no related cases or proceedings pending before any court or administrative body.

## XI. RELIEF

Petitioners seek an alternative or peremptory writ of mandate ordering Respondents to rescind or set aside the DDA; an injunction enjoining implementation of the DDA; an injunction commanding Respondents to cease displacement of Arroyo Vista residents without prior HUD approval of an application for disposition or demolition and without a relocation plan adopted pursuant to and that conforms with the CRAA; an injunction ordering respondents to locate persons already displaced and ordering respondents to provide relocation assistance and compensation, or such other relief as the Court orders, to all eligible persons that moved from Arroyo Vista after July 2006. Petitioners also seek costs incurred; an award of attorneys' fees to the Public Interest Law Project; and such other and further relief as the Court deems just and proper. Respondents do not seek any relief by way of counter-claim in this action at this time.

## XII. SETTLEMENT AND ADR

The City, DHA, HACA, and Petitioners participated in a telephonic ADR conference on February 28, 2008 at 2:00 p.m. No further conference has been scheduled.

**XIII.     CONSENT TO MAGISTRATE JUDGE AND OTHER REFERENCES**

DHA and HACA declined to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition.

**XIV.     NARROWING OF ISSUES**

The parties may stipulate to facts at trial in order to narrow issues.

**XV.      SCHEDULING AND EXPEDITED SCHEDULE**

The parties propose the following dates:

1. Petitioners motion for leave to file Second Amended Complaint:  filed on or before July 21, 2008;

| | |
|---|---|
| 2. Non-expert discovery cut-off: | June 12, 2009 |
| 3. Expert disclosure and reports to be completed: | June 26, 2009 |
| 4. Rebuttal expert disclosure: | July 31, 2009 |
| 5. Expert discovery cut-off: | August 31, 2009 |
| 6. Hearing of dispositive motions: | October 30, 2009 |
| 7. Pre-trial conference: | November 10, 2009 |
| 8. Trial is requested for: | November 2009 |

The parties have no need for expedited scheduling at this time, but agree to reconsider the need for an expedited schedule in the event HUD approves an application for disposition.

**XVI.     TRIAL**

This case will be tried to the Court.  The parties anticipate that trial will last no more than five (5) days.

**XVII.    DISCLOSURE OF NON-PARTY INTERSTED ENTITIES OR PERSONS**

Petitioners filed a certification of interested parties or entities in the proposed Amended Complaint filed with a Motion for Leave to File a First Amended Complaint on or about March 17, 2008.

As governmental entities, DHA, HACA, and the City are exempt under Civil Local rule 3-16(a) from the duty to file a Certification of Interested Entities or Persons.

Real Party in Interest Citation is a California corporation, duly organized and existing and authorized to do business in California, the formal name of which is SCS Development Company. Citation has no parent corporation, and no publicly held corporation owns 10% or more of Citation's stock.

Real Party in Interest Eden is a California nonprofit public benefit corporation, duly organized and existing and authorized to do business in California. Eden has no parent corporation and no stockholders.

DATED: July 7, 2008          BAY AREA LEGAL AID

                             CALIFORNIA AFFORDABLE HOUSING LAW PROJECT OF
                             THE PUBLIC INTEREST LAW PROJECT


                             BY: /s/ Lisa S. Greif_____
                                 LISA S. GREIF
                                 Attorneys for Petitioners-Plaintiffs

DATED: July 7, 2008          GOLDFARB & LIPMAN


                             BY: /s/ Juliet E. Cox_____
                                 JULIET E. COX
                                 Attorneys for Respondents-Defendants Dublin Housing
                                 Authority and Alameda County Housing Authority and
                                 Real Parties in Interest SCS Development Company and
                                 Eden Housing, Inc. Authority,


DATED: July 7, 2008          MEYERS, NAVE, RIBACK, SILVER & WILSON


                             BY: /s/ Ariana Mohit_____
                                 ARIANA MOHIT
                                 Attorneys for Respondent-Defendant
                                 City of Dublin

Joint Case Management Conference Statement  (3:07-cv-05794 MHP)

11