BAY AREA LEGAL AID
LISA S. GREIF (State Bar No. 214537)
NAOMI YOUNG (State Bar No. 105041)
PHILLIP R. MORGAN (State Bar No. 99979)
405 14th Street, 11th Floor
Oakland, California 94612
Telephone: 510-663-4744
Facsimile: 510-663-4740
Email: lgreif@baylegal.org
        nyoung@baylegal.org
        pmorgan@baylegal.org

THE CALIFORNIA AFFORDABLE HOUSING LAW
PROJECT OF THE PUBLIC INTEREST LAW PROJECT
DEBORAH COLLINS (State Bar No. 154532)
MICHAEL RAWSON (State Bar No. 95868)
CRAIG CASTELLANET (State Bar No. 176054)
449 15th Street, Suite 301
Oakland, California 94612
Telephone: 510-891-9794, ext. 156
Facsimile: 510-891-9727
Email: dcollins@pilpca.org
        mrawson@pilpca.org
        ccastellanet@pilpca.org

Attorneys for Petitioners ARROYO VISTA TENANTS ASSOCIATION, et al.    **E-FILED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, ELISE VEAL | CASE NO. C 07-05794 MHP |
| Petitioner/Plaintiff, | STIPULATION FOR FILING OF SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND VERIFIED PETITION FOR WRIT OF MANDATE |
| vs. | |
| CITY OF DUBLIN; DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF ALAMEDA COUNTY; and DOES 1 through 20, inclusive, | |
| Respondents. | |
| SCS DEVELOPMENT COMPANY, dba Citation Homes Central, a California Corporation; EDEN HOUSING, INC., a California Nonprofit, and DOES 21 through 50, | |
| Real Parties in Interest. | |

1    IT IS HEREBY STIPULATED by and between the parties hereto through their

2    respective attorneys of record and pursuant to Federal Rules of Civil Procedure, Rule 15(a)(2)

3    that Plaintiffs/Petitioners may file a Second Amended Complaint for Declaratory and Injunctive

4    Relief and Verified Petition for Writ of Mandate, a copy of which is attached hereto as

5    Attachment 1.

6

7    DATED:  July 28, 2008          BAY AREA LEGAL AID

8                                   CALIFORNIA AFFORDABLE HOUSING LAW PROJECT OF
                                    THE PUBLIC INTEREST LAW PROJECT
9

10                                  BY:   /s/ Lisa S. Greif_____

11                                        LISA S. GREIF
                                          Attorneys for Petitioners-Plaintiffs
12

13   DATED: July 24, 2008           GOLDFARB & LIPMAN

14

15                                  BY:   /s/ Juliet E. Cox_____

                                          JULIET E. COX
16                                        Attorneys for Respondents-Defendants Dublin Housing
                                          Authority and Alameda County Housing Authority and
17                                        Real Parties in Interest SCS Development Company and
                                          Eden Housing, Inc. Authority,
18

19

20   DATED:  July 28, 2008          MEYERS, NAVE, RIBACK, SILVER & WILSON

21

22                                  BY:    /s/ Ariana Mohit_____

                                          ARIANA MOHIT
23                                        Attorneys for Respondent-Defendant
                                          City of Dublin
24

25

26

27

28

Stipulation for Filing of Second Amended Complaint for Declaratory and Injunctive Relief
and Verified Petition for Writ of Mandate (3:07-cv-05794 MHP)

1

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.


Dated:    July 28, 2008          /s/ Lisa S. Greif_____

                                 Lisa S. Greif
                                 Attorney for Plaintiffs

Stipulation for Filing of Second Amended Complaint for Declaratory and Injunctive Relief
and Verified Petition for Writ of Mandate (3:07-cv-05794 MHP)

2

1

2

3

4

5

6

7

8

9

10

11    **ATTACHMENT 1:  SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND VERIFIED PETITION FOR WRIT OF MANDATE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation for Filing of Second Amended Complaint for Declaratory and Injunctive Relief
and Verified Petition for Writ of Mandate (3:07-cv-05794 MHP)

3

BAY AREA LEGAL AID
LISA S. GREIF (State Bar No. 214537)
NAOMI YOUNG (State Bar No. 105041)
PHILLIP R. MORGAN (State Bar No. 99979)
405 14th Street, 11th Floor
Oakland, California 94612
Telephone: 510-663-4744
Facsimile: 510-663-4740
Email: lgreif@baylegal.org
        nyoung@baylegal.org
        pmorgan@baylegal.org

THE CALIFORNIA AFFORDABLE HOUSING LAW
PROJECT OF THE PUBLIC INTEREST LAW PROJECT
DEBORAH COLLINS (State Bar No. 154532)
MICHAEL RAWSON (State Bar No. 95868)
CRAIG CASTELLANET (State Bar No. 176054)
449 15th Street, Suite 301
Oakland, California 94612
Telephone: 510-891-9794, ext. 156
Facsimile: 510-891-9727
Email: dcollins@pilpca.org
        mrawson@pilpca.org
        ccastellanet@pilpca.org

Attorneys for Plaintiffs ARROYO VISTA TENANTS ASSOCIATION, et al.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, ELISE VEAL<br><br>                Petitioners/Plaintiffs,<br><br>        vs.<br><br>CITY OF DUBLIN; DUBLIN HOUSING AUTHORITY; HOUSING AUTHORITY OF ALAMEDA COUNTY; and DOES 1 through 20, inclusive,<br>                Respondents/Defendants.<br><br>SCS DEVELOPMENT COMPANY, dba Citation Homes Central, a California Corporation; EDEN HOUSING, INC., a California Nonprofit, and DOES 21 through 50,<br><br>                Real Parties in Interest. | CASE NO. C 07-05794 MHP<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND VERIFIED PETITION FOR WRIT OF MANDATE** |

# I.    **INTRODUCTORY STATEMENT**

1.    This is an action brought against the City of Dublin, California, the Dublin Housing Authority, and the Housing Authority of the County of Alameda (collectively, Defendants), by Arroyo Vista Tenants Association, Rhenae Keyes, Darlene Brown, Andres Arroyo, and Elise Veal (collectively, Plaintiffs). Plaintiffs are a residentsø association and individual low-income public housing tenants of a 150-unit public housing complex located at 6700 Dougherty Road in Dublin, California known as Arroyo Vista.

2.    Defendant Dublin Housing Authority (õDHAö) receives a federal subsidy to maintain and provide public housing for these low-income tenants. Prior to entering into an agreement to dispose of or demolish public housing, DHA must secure written approval from the United States Department of Housing and Urban Development (õHUDö). Without HUD approval, Defendants entered into a Disposition and Development Agreement for the Redevelopment of Arroyo Vista (õDDAö) with private developers to dispose of the property, relocate Arroyo Vista residents, and demolish all 150 low-income public housing units in favor of a mixed-income development. The new development will consist of 210 market-rate õfor-saleö homes, 16 ownership homes that will be affordable to families with incomes of over $100,000, and approximately 179 rental units that will not address the affordability needs of current residents or the need for housing for families with children, and will greatly diminish the housing available to extremely low and very low income families in Dublin.

3.    Without HUD approval of an application for disposition of Arroyo Vista, including approval of a relocation plan and timeline mandated by federal law and the adoption of a relocation plan mandated by state law, defendants implemented the unauthorized DDA to relocate approximately 60 Arroyo Vista households and have pressured Plaintiffs and other residents to seek Section 8 housing vouchers and move out on a compressed time frame, so that defendants can forge ahead with the unauthorized DDA. By circumventing the HUD approval process and their relocation planning obligations, residents of Arroyo Vista, most of whom have extremely low incomes, have been displaced and/or are threatened with permanent displacement from their homes even though HUD may not approve the disposition, residents

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                                   Case No. C-07-05794 MHP

1

1   may never have to move, and are being urged and coerced to move without the requisite notice,

2   advisory services, and relocation benefits mandated by federal and state law that are necessary

3   for residents to make any informed decision as to when, where, and how to move.

4           4.      Without HUD approval of an application for disposition or demolition of

5   Arroyo Vista, defendants have refused to re-rent the vacated public housing units, have

6   boarded them up, and have subjected Plaintiffs and remaining residents to blight and hazardous

7   conditions caused by defendants' "de facto" demolition of Arroyo Vista.

8           5.      Racial and ethnic minorities and families with children are each significantly

9   over-represented in Arroyo Vista and DHA's public housing waiting list, but are significantly

10  under-represented in Dublin as a whole.  The relocation of Arroyo Vista residents without prior

11  HUD approval of a disposition application, including a relocation plan, timeline and the

12  benefits required under federal law, and without an adequate relocation plan or any relocation

13  approved by the City and HACA, notice, advisory services and relocation benefits mandated

14  by state law has and will have a foreseeable disparate impact on the minority population and

15  families with children, and has and will force the minority population and families with

16  children of Arroyo Vista out of the city.

17          6.      Defendants' actions violate their statutory and regulatory duties, including

18  Section 18 of the United States Housing Act of 1937, 42 U.S.C. §1437p (Section 18) and its

19  implementing regulations (24 C.F.R. Part 970); the California Relocation Assistance Act

20  (Govt. C. §§7260 *et seq.*) and state regulations (25 C.C.R. §§ 6000 *et seq.*); the Housing and

21  Community Development Act of 1974, as amended (42 U.S.C. §5301 *et seq.*); Title VIII of the

22  Civil Rights Act of 1968 (42 U.S.C. §3601 et seq.) (the Fair Housing Act); and the California

23  Fair Employment and Housing Act (Cal. Govt. C. §12955 *et seq.*).

24          7.      Plaintiffs seek a writ of mandate to set aside the City Council's approval of

25  the DDA for failure to comply with federal laws that govern the disposition and demolition of

26  public housing, the removal of public housing units from the housing stock, and relocation of

27  public housing residents; and a writ of mandate ordering Defendants to comply with state

28  relocation assistance laws that prohibit a public entity's displacement of residents in the

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                              Case No. C-07-05794 MHP

2

1  absence of a relocation assistance plan that complies with state law and the provision of

2  required notices, advisory services and relocation benefits as approved by the local legislative

3  bodies causing the displacement.

4      8.    Plaintiffs seek a judgment declaring that Defendants have violated 42 U.S.C.

5  §1437p and implementing regulations, 42 U.S.C. §5304(d) and implementing regulations, Cal.

6  Govt. C. §7260 and Guidelines, the federal Fair Housing Act (42 U.S.C. §3601 et seq.) and

7  California Fair Employment and Housing Act (Cal. Govt. C. §12955 *et seq.*).

8      9.    Plaintiffs are faced with imminent threat of irreparable harm, are without a

9  plain, speedy, and adequate remedy at law, and seek a temporary restraining order and

10  preliminary and permanent injunctions as set forth in the Prayer for Relief.

11                        **II.    JURISDICTION**

12      10.    This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331,

13  (federal question) and 42 U.S.C. §3613 (fair housing).

14      11.    This Court may issue declaratory and injunctive relief pursuant to 28 U.S.C.

15  §§2201 and 2202, 42 U.S.C. §3601 et seq. (fair housing) and Rules 57 and 65 of the Federal

16  Rules of Civil Procedure.

17      12.    This Court has supplemental jurisdiction over Plaintiffs' state law claims

18  under 28 U.S.C. §1367(a) and 1441(c).

19                        **III.    VENUE**

20      13.    Venue is proper in this district under 28 U.S.C. §1391(b) because the claims

21  arose in Alameda County.

22                        **IV.    PARTIES**

23  **Plaintiffs**

24      14.    Plaintiff ARROYO VISTA TENANTS ASSOCIATION is an unincorporated

25  association of Arroyo Vista tenants.    The Arroyo Vista Tenants Association is an

26  unincorporated association comprised of 31 current and former residents of Arroyo Vista, and

27  is located in Alameda County, California.  The mission of Arroyo Vista Tenants Association is

28  to preserve Arroyo Vista as affordable public housing in Dublin and to ensure that Arroyo

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

3

1    Vista residents both past and present are permitted a voice in the decisions affecting the

2    potential demolition and replacement of their homes, that their housing needs are met, that they

3    are treated equitably and lawfully in the event of any displacement, and that they receive all the

4    relocation assistance to which they are entitled under the law.  Members of the association

5    have spent many hours advancing the mission of the organization through oral and written

6    communications with Defendants.

7         15.   Plaintiff RHENAE KEYES is a 48-year-old, disabled, African-American

8    woman who currently and at all times relevant herein has been a resident of Arroyo Vista in

9    Alameda County.  Ms. Keyes has been a resident of Arroyo Vista for 4 years, and currently

10   shares a four-bedroom unit with her minor daughter.  Due to the nature of her disabilities, Ms.

11   Keyes makes frequent visits to her medical providers located in Pleasanton.  Ms. Keyes would

12   face undue hardship if forced to move far from her physicians.  As a single mother, Ms. Keyes

13   has come to rely on the assistance of other tenants in caring for her daughter.  Arroyo Vista

14   provides her family with a safe neighborhood and close proximity to the public school system

15   where her daughter is in seventh grade.   Ms. Keyes' household income is very low as defined

16   by California Health and Safety Code §50105.  Her sole source of income is Supplemental

17   Security Income and child support, and she currently pays $549 in rent per month as an Arroyo

18   Vista tenant.  She is informed and believes that a comparable four-bedroom house in Dublin

19   rents for at least $2100-$2800 per month.  Ms. Keyes was informed verbally by DHA and the

20   Housing Authority of Alameda County ("HACA") that she will be required to move out of

21   Arroyo Vista by November 2008 because "HUD will approve the application."  However, in

22   April 2007, Ms. Keyes was urged to immediately apply for the Section 8 Rental Voucher

23   Program because she might "lose out" on the housing stock if she waits until November 2008.

24   Over 50 households have reportedly vacated, and the boarded up houses are visible to Ms.

25   Keyes and other tenants.  Ms. Keyes and other tenants were not included in the decision-

26   making process in a meaningful way, and were only informed after the fact of decisions made

27   by DHA regarding the redevelopment.  Ms. Keyes was never advised of her relocation rights

28   and never received a direct informational notice, notice of eligibility, or a 90-day notice.   Ms.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

4

1    Keyes wishes to remain at Arroyo Vista because it affords her family stable, affordable and
2    suitable housing. Ms. Keyes particularly likes that the Arroyo Vista tenants are a cohesive,
3    culturally diverse community that she and her daughter consider as family.

4         16.    Plaintiff DARLENE BROWN is a 54-year-old, disabled, African-American
5    woman who currently and at all times relevant herein has been a resident of Arroyo Vista in
6    Alameda County. Ms. Brown has been a resident of Arroyo Vista for 17 years. Ms. Brown
7    wishes to remain at Arroyo Vista because it affords her with a stable, affordable and suitable
8    housing. In addition, Arroyo Vista provides her family with a safe neighborhood and close
9    proximity to Livermore where she is a student. Due to the nature of Ms. Brown's disability,
10   she makes frequent visits to her physicians. She would face undue hardship if she was forced
11   to move far from her medical providers. Plaintiff Brown's household income is extremely low
12   as defined by California Health and Safety Code §50106. Her sole source of income is
13   Supplemental Security Income, and she currently pays $179 in rent per month as an Arroyo
14   Vista tenant. She is informed and believes that a comparable two-bedroom house in the Dublin
15   area rents for approximately $1900-$2000 per month or more. Ms. Brown was informed by
16   DHA and HACA that she will be required to move out of Arroyo Vista by November 2008.
17   However, Ms. Brown also was urged to immediately apply for the Section 8 Rental Voucher
18   Program because appropriate housing might not be available for her by November 2008.

19        17.    Plaintiff ANDRES ARROYO is a 66-year-old, disabled, Hispanic man who
20   currently and at all times relevant herein has been a resident of Arroyo Vista in Alameda
21   County. Mr. Arroyo has been a resident of Arroyo Vista for 21 years, and currently shares a
22   two-bedroom unit with his 69-year-old wife. Mr. Arroyo wishes to remain at Arroyo Vista
23   with his family because it affords his family stable, affordable and suitable housing. Arroyo
24   Vista provides his family with a safe neighborhood and close proximity to his adult daughter
25   and son and their families who live in Dublin and San Ramon. Due to the nature of Mr.
26   Arroyo's disability and mobility-impairment, Mr. Arroyo makes frequent visits to his medical
27   providers located in Pleasanton. Mr. Arroyo would face undue hardship if he was forced to
28   move far from his physicians. Mr. Arroyo's household income is very low as defined by

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

5

California Health and Safety Code §50105.  His sole source of income is Social Security and he currently pays $168 in rent per month as an Arroyo Vista tenant.  He is informed and believes that a comparable two-bedroom house in the Dublin area rents for approximately $1900-$2000 per month or more.  Mr. Arroyo has been urged by DHA to move out of Arroyo Vista by November 2008 and to apply for the Section 8 Rental Voucher Program.

18.     Plaintiff ELISE VEAL is a 37-year-old African-American woman who currently and at all times relevant herein has been a resident of Arroyo Vista in Alameda County.  Ms. Veal has been a resident of Arroyo Vista for 17 years, and currently shares a four-bedroom unit with her husband, five minor children, and 18-year old daughter.  Ms. Veal wishes to remain at Arroyo Vista with her family because it affords her family stable, affordable and suitable housing.  In addition, Arroyo Vista provides her family with a safe neighborhood and close proximity to the public school system and day care for her five minor children.  Ms. Veal is employed in Pleasanton and participates in local business associations for her career development.  She has developed personal and business contacts in the community and would face undue hardship if she was forced to move far from her employment.  Ms. Veal's household income is very low as defined by California Health and Safety Code §50105.  Her source of income is from employment and she currently pays $524 in rent per month as an Arroyo Vista tenant.  She is informed and believes that a comparable four-bedroom house in Dublin rents for approximately $2100-$2800 per month or more.  Ms. Veal has been urged by DHA to move out of Arroyo Vista by November 2008 and to apply for the Section 8 Rental Voucher Program.  In response to her complaint about vandalism to her car, DHA suggested that she just apply for Section 8 and move out of Arroyo Vista now.

**Defendants**

19.     Defendant CITY OF DUBLIN (the City) is a public governmental entity formed and existing under the general laws of the State of California and is a political subdivision thereof.

20.     Defendant DUBLIN HOUSING AUTHORITY (DHA) is a corporate and politic public body, created and existing under the Housing Authorities Law (Health & Saf. C.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                                    Case No. C-07-05794 MHP

6

§§34200 et seq.) of the State of California.  The DHA is a Public Housing Agency (PHA) within the meaning of 42 U.S.C. §1437 (2007).  Arroyo Vista is owned by DHA and is subject to an annual contributions contract with HUD.

21.    Defendant HOUSING AUTHORITY OF ALAMEDA COUNTY (HACA) is a corporate and politic public body, created and existing under the Housing Authorities Law (Health & Saf. C. §§34200 et seq.) of the State of California.  HACA is a PHA within the meaning of 42 U.S.C. §1437 (2007).  HACA is the managing agent for the DHA, and is charged with providing Section 8 vouchers to residents of Arroyo Vista that have been and will be displaced as a result of the DDA.

**Real Parties in Interest**

22.    Real Party in Interest S.C.S. DEVELOPMENT COMPANY, doing business as Citation Homes Central (Citation), is a California Corporation duly organized and existing under and by virtue of the laws of the State of California, and is authorized to do business and is doing business in Dublin, California.  Citation is a proposed owner and developer of the "for-sale" units at Arroyo Vista, and a party to the DDA.

23.    Real Party in Interest EDEN HOUSING, INC. (Eden) is a California nonprofit public benefit corporation duly organized and existing under and by virtue of the laws of the State of California and is authorized to do business and is doing business in Dublin, California. Eden is a proposed owner, developer, and manager of the "rental" units at Arroyo Vista, and a party to the DDA.

## V.    FACTUAL ALLEGATIONS

**Demographics of Arroyo Vista and Dublin**

24.    Arroyo Vista is a complex of 150 public housing units located in Dublin.  It consists of 94 one and two-bedroom homes and 56 three and four-bedroom homes.  Arroyo Vista is the only public housing in all of Dublin, with average rents of less than $500 per month, and some as low as $25 or $50 due to the federal subsidy.  By comparison, average market rents in Dublin range from $1350 (1-bedroom apartment) to $2495 (4-bedroom home).

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

7

1 Thus, Arroyo Vista provides an otherwise unattainable home to many of Dublin's poorest

2 residents.

3         25.     In its Streamlined Five-Year PHA Plan for PHA fiscal years 2005-2009

4 ("Five-Year Plan"), DHA states that its mission is "to provide an affordable housing resource,

5 free from discrimination, for extremely low income, very low income, and low income families

6 in the Dublin community."

7         26.     Arroyo Vista constitutes a racially-diverse enclave within a far more

8 homogenous city.  According to HACA's September 30, 2007 report to HUD on resident

9 characteristics, the heads of household in Arroyo Vista are 52% White, 28% African

10 American, 21% Latino/Hispanic, 15% Asian, 4% Native Hawaiian or Pacific Islander and 1%

11 American Indian or Alaska Native.  The racial breakdown of Dublin as a whole is

12 approximately 69.4% White, 10.3% Asian, 10% African American, 13.5% Latino/Hispanic,

13 .7% American Indian or Alaska Native and 0.3% Native Hawaiian or Pacific Islander.  The

14 displacement and relocation of residents pursuant to an unauthorized DDA and in the absence

15 of HUD approval of a disposition application DDA, if allowed to go forward, will have a

16 foreseeable disparate impact on racial and ethnic minorities, and will and has forced many of

17 the low-income minority residents of Arroyo Vista out of the city entirely.

18         27.     As of October 2007, 63% of the households residing at Arroyo Vista were

19 families with children, with 46% of the residents under age 18 and 57% of households

20 composed of 3 or more members.  Census data shows that only 43% of households in Dublin

21 are composed of three or more members, and that only 15% of the city's housing has four

22 bedrooms.  The displacement and relocation of residents pursuant to an unauthorized DDA and

23 in the absence of HUD approval of a disposition application, if allowed to go forward, will

24 have a foreseeable disparate impact on Dublin families with children, and will and has forced

25 many of the low-income families of Arroyo Vista out of the city entirely.

26         28.     Consistent with the DHA's mission statement and prior to the displacement of

27 Arroyo Vista residents, approximately 65% of Arroyo Vista residents fell within the extremely

28 low income category, and 24% had very low incomes.  As defined by HUD and the state, an

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

8

extremely low income family of four in 2007 had an income of up to $25,150 (30% of the area median income).  Approximately 44% or 66 of these "extremely low income" families had annual incomes far below that -- $15,000 or less.

29.     According to DHA's Five-Year Plan, there are 267 families on DHA's waiting list for public housing in Arroyo Vista.  Of these 267 families, 97.4% have very low incomes, and 73.8% of those families (or 197 families) have extremely low incomes.  In addition, 89.1% of the families on DHA's waiting list (238 families) have children, while only 3.7% (10 households) are elderly.  In terms of race and ethnicity, the waiting list is 48.3% African American, 30.7% White, 12.7% Asian, 6.8% Hispanic, and 1.5% Native American. The removal and boarding up of public housing units from DHA's only public housing stock pursuant to an unauthorized DDA and in the absence of HUD approval of a disposition or demolition application has a disparate impact on the ability of minorities and families with children to reside in Dublin.

**Defendants' Adoption and Implementation of an Unauthorized DDA**

30.     Despite its mission and DHA's awareness of these critical housing needs, on or about July 26, 2006, DHA selected a "development team" (Citation and Eden) to demolish all of the truly affordable public housing at Arroyo Vista and "replace" it with over 200 market-rate ownership units and 179 "tax-credit" rental units.

31.     On November 21, 2006, DHA amended its Five-Year and Annual PHA Plans to provide for disposition or demolition of Arroyo Vista and development by Real Parties of 226 "for-sale" units (15 of them affordable to moderate income households, and the remainder to be sold at market rates) and 179 supposedly affordable rental units.

32.     On July 17, 2007, the City Council approved the DDA between DHA, HACA, Eden and Citation by Resolution 136-07 for the express purpose of disposing of Arroyo Vista, demolishing the existing public housing units, and replacing them with a combination of market rate ownership and "affordable" rental units.   On or about July 25, 2007, defendants and real parties executed the DDA. The DDA provides for "redevelopment" of 405 residential units – 226 "for-sale" dwellings, and 179 rental units, 49 of which are to be reserved for

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

9

seniors.  Defendant City's notice of this meeting did not include language pursuant to Govt. C. §65009(b) that would limit the issues raised in this cause of action.  Accordingly, Plaintiffs were not required to raise the issues alleged herein at the July 17, 2007 public hearing.

33.    If the nonprofit developer secures "tax credit" funding, HOME funds, and HUD §202 funding, the rent levels for the "new" rental units are estimated to range from $471 (for 62 "extremely low income" one-bedroom units, 49 of them restricted for seniors) to $1307 for five "low-income" three bedroom units.

34.    Arroyo Vista residents with incomes below $15,000 can ill afford rents starting at $471 for one-bedroom units.  A family is rent-burdened if it spends more than 30% of its monthly income for rent.  Families with incomes of $15,000 can spend no more than $375 for rent and utilities.  Thus, the "new" development will not be affordable to at least 44% of Arroyo Vista residents (or 66 families) with incomes at or below $15,000.

35.    After the City approved the DDA, DHA submitted a Disposition Application to HUD on or about August 14, 2007.  In the disposition application, defendants DHA and HACA seek to sell Arroyo Vista to Real Parties Citation and Eden and to replace the 150 public housing units with 378 "mixed-income" dwellings, 194 affordable and 184 market-rate ownership units.

36.    On information and belief, HUD has not approved the August 14, 2007 application for disposition of Arroyo Vista.

**Unlawful Displacement and Relocation of Residents**

37.    Without having submitted a complete disposition application to HUD, including a complete relocation plan, and without awaiting HUD's review and approval or disapproval of the application, defendants commenced the relocation of residents in or about July 2007.

38.    Although the DDA provides for the demolition of Plaintiffs' homes, which will result in the displacement of all Arroyo Vista residents, defendants relocated nearly 50 households by early February 2008, before even distributing a relocation assistance plan to Plaintiffs for their input or comment as required by the California Relocation Assistance Act.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

10

On or about February 12, 2008, DHA distributed notice to Plaintiffs that a proposed relocation plan was available for review and public comment, and that the plan would be adopted at DHA's April 15, 2008 meeting. As of June 3, 2008, nearly 60 households had been relocated without HUD approval and without a relocation plan.

39. On June 3, 2008, the Board of Commissioners of defendant DHA approved a relocation plan that fails to comply with the California Relocation Assistance Act. As of the filing of the Second Amended Complaint, no relocation plan has been approved or adopted by the City or HACA.

40. Defendants have not adequately advised any of the Plaintiffs of their relocation assistance rights pursuant to 42 U.S.C. §1437p, 42 U.S.C. §5301 et seq. or the California Relocation Assistance Act.

41. Defendants have not provided Plaintiffs with adequate or authorized relocation notices required by the California Relocation Assistance Act, 42 U.S.C. §5301 *et seq.* or a 90-day notice as required by 42 U.S.C. §1437p.

42. Defendants have not offered or provided Plaintiffs or other residents of Arroyo Vista the relocation benefits required by the California Relocation Assistance Act, 42 U.S.C. §5301 et seq. or the counseling services, comparable housing, or actual and reasonable relocation expenses required by 42 U.S.C. §1437p.

43. Instead, defendants have pressured Plaintiffs to apply for Section 8 vouchers now or risk not receiving a voucher or a Section 8 unit later, and have encouraged Plaintiffs to move out of Arroyo Vista.

**Harm to Plaintiffs**

44. Defendants' actions threaten Plaintiffs with imminent and irreparable injury, including the involuntary displacement from their homes without benefit of careful analyses by HUD and local government of defendants' disposition application and relocation plans, the loss of a public housing subsidy and deprivation of relocation assistance required by state and federal law and the risk of homelessness as a result, the permanent loss of 150 units of public housing, the severing of personal, family and community ties, the lack of access to public

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

11

services and transportation, access to their employment and education opportunities, and discrimination in violation of fair housing laws.

45.    Defendants' actions threaten plaintiff Arroyo Vista Tenants Association with imminent and irreparable injury by depriving it and its members of the benefit of careful analyses by HUD and local government of defendants' disposition application and relocation plans, and frustrates its mission to protect its members against the above harms.   Defendants' actions also frustrate the Association's mission to preserve Arroyo Vista as public housing and cause the Association to expend time and resources to counter Defendants' illegal actions.

46.    Defendants' actions threaten to deprive individual Plaintiffs and members of the Arroyo Vista Tenants Association of opportunities to reside in affordable housing in Dublin and threaten to make affordable housing unavailable to individual Plaintiffs and members of the Association.  Defendants' actions also have deprived and threaten to deprive individual Plaintiffs and members of the Association of their right to live and associate in a community which is free of illegal discrimination and to enjoy the economic, social, psychological and other benefits of residing in a racially and ethnically diverse community.

## VI.    FIRST CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants)
### For A Writ of Mandate To Set Aside The
### DDA For Failure To Comply With
### Demolition and Disposition Provisions Of The United States Housing Act
### (42 U.S.C. §1437p; 24 C.F.R. §970 et seq.)

47.    Plaintiffs incorporate by reference herein each and every allegation of paragraphs 1 through 46 as though fully set forth herein and allege:

48.    The United States Housing Act of 1937 declares that it is "the policy of the United States to promote the general welfare of the Nation by employing its funds and credit . . . to remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families. . . ." 42 U.S.C. §1437(a)(1)(A).

49.    The national housing goal is the realization as soon as feasible of "a decent home and a suitable living environment for every American family." 42 U.S.C. §1441.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

12

50.     The demolition and disposition of public housing is authorized under Section 18 of the United States Housing Act of 1937 (Section 18), as amended in its entirety by the Quality Housing and Work Responsibility Act (QHWRA) of 1998.  42 U.S.C. §1437p.

51.     HUD has promulgated regulations, starting at 24 C.F.R. §970, detailing the administrative steps required to perform demolition and disposition activity in accordance with Section 18.  24 C.F.R. §970 *et seq*.

52.     Before beginning demolition or disposition activities, a PHA must submit and receive written approval from HUD of an application for disposition.  24 C.F.R. §970.7(a); 24 C.F.R. §970.25.

53.     Among other things, Section 1437p(a)(2) requires the PHA to certify in its disposition application that retention of the property is not in the best interests of the residents of the PHA for at least one of three specific reasons (24 C.F.R. §970.17); that its demolition or disposition plan is described in its Annual Plan (24 C.F.R. §970.7(a)(1)); that it has consulted with residents affected by the disposition, the resident advisory board, and appropriate government officials, and that it offered the property for sale to resident organizations (24 C.F.R. §970.9(a), (b)).   The PHA also must submit a board resolution supporting the application and authorizing the PHA to act in furtherance of that request.

54.     A PHA also must submit an independent appraisal demonstrating that the proposed sale is for fair market value (24 C.F.R. §970.19(c)), and demonstrate that it will use the net proceeds of the sale for specific approved purposes, including for low-income housing or to benefit residents of the PHA.  24 C.F.R. §970.19.

55.     The PHA also must complete an environmental review pursuant to the National Environmental Protection Act.  24 C.F.R. §970.13.

56.     The PHA must certify compliance with the Section 18 and 24 C.F.R. §970 relocation requirements, including that residents will be provided specific notice of disposition or demolition of their homes, notified of relocation assistance to be provided, and offered relocation assistance on a non-discriminatory basis that includes comparable replacement housing located in an area not generally less desirable than the location of the displaced

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

13

person's home, necessary housing counseling for displaced residents, and the payment of actual and reasonable relocation expenses. The PHA must submit a relocation assistance plan with its application that identifies the number of individual residents affected, the type of counseling and advisory services that will be provided, housing resources that will be available to provide housing for the displaced residents, and an estimate of the costs of relocation assistance and the source for payment of those funds. 42 U.S.C. §§1437p(a)(4); 24 C.F.R. §§970.7, 970.21.

57.    The HUD Special Applications Center (SAC) in Chicago, and the affected HUD local field office, are vested with the responsibility of evaluating the applicant's compliance with Section 18 and other relevant federal laws. Based on that review, SAC and the local field office approve or deny the disposition application.

58.    Defendants collaborated with one another for the purpose of disposing of, vacating and demolishing Arroyo Vista and converting the property to a "mixed income" development in the absence of HUD approval.   In doing so, defendants have failed to comply with their mandatory duties under the demolition and disposition statute and regulations.

59.    Defendants DHA and HACA entered into the DDA with Real Parties, and Defendant City approved the DDA without approval from HUD that DHA may dispose of Arroyo Vista.

60.    The DDA acknowledges that state and federal laws require Defendants to provide for relocation of the residents of Arroyo Vista. However, defendants DHA and HACA entered into the DDA with Real Parties, and the City approved the DDA, including the amount of funds set aside for relocation assistance without a relocation assistance plan approved by HUD.

61.    Despite the fact that HUD has not approved the disposition application, and that the application itself fails to provide an appropriate month-by-month relocation plan for Arroyo Vista residents, defendants DHA and HACA began providing Section 8 vouchers and relocating Arroyo Vista residents in July 2007.  Representatives of defendants have suggested to Plaintiffs and other tenants that approval of the disposition application is inevitable (to the

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

14

1    point of specifically informing Plaintiffs that they will be forced to move out by or before

2    November 2008), and that Plaintiffs and other residents of Arroyo Vista should accept

3    vouchers and move now to avoid missing out.

4        62.    Neither the planned redevelopment of Arroyo Vista permitted by the DDA,

5    nor the provision of Section 8 vouchers, will enable Plaintiffs and other Arroyo Vista residents

6    to continue to live affordably at Arroyo Vista after redevelopment or in the City of Dublin after

7    displacement.

8        63.    At all times relevant to this action, defendants have had clear, mandatory

9    duties and prohibitions imposed by the demolition and disposition statute and regulations, and

10   have violated those duties and legal prohibitions as alleged herein.

11       64.    Plaintiffs are directly and beneficially interested in having the defendants

12   comply with all applicable provisions of law and their legal duties, as set forth herein.

13       65.    Unless compelled by this Court to refrain from acts as required by law,

14   defendants will continue to refuse to perform said duties and continue to violate the law, and

15   Plaintiffs will be injured as a result.

16       66.    Plaintiffs seek a writ of mandate ordering the City Council to set aside the

17   City's Resolution 136-07 approving the DDA and enjoining Defendants from implementing

18   the DDA and from violating their statutory duties as alleged herein.

19                    **VII.    <u>SECOND CLAIM FOR RELIEF</u>**

20                    **(By All Plaintiffs Against All Defendants)**
                      **<u>For A Writ of Mandate To Set Aside DDA For</u>**
21                    **<u>Failure to Comply with State Relocation Assistance Requirements</u>**
                      **<u>(Govt. C. §7260 et seq. and 25 C.C.R. §6000 et seq.)</u>**
22

23

24       67.    Plaintiffs incorporate by reference herein each and every allegation of

25   paragraphs 1 through 46 as though fully set forth herein and allege:

26       68.    The California Relocation Assistance Act (Govt. C. §7260 *et seq.*)  (CRAA)

27   establishes the procedures that public entities must follow when displacement is or will be

28   caused by acquisition, rehabilitation, demolition, or other displacing activity by or on behalf of

     the public entity, and requires that public entities adopt relocation assistance programs and

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

15

plans and provide certain relocation assistance and benefits to persons prior to displacement of any resident.

69.     The State Department of Housing and Community Development (HCD) has promulgated Guidelines (25 C.C.R. §6000 et seq.), pursuant to its authority under Cal. Health & Saf. C. §41135, to implement, interpret and make specific the provisions of the Relocation Assistance Act.

70.     The California Legislature has declared that "[d]isplacement as a direct result of programs or projects undertaken by a public entity is caused by a number of activities" and that "[r]elocation assistance policies must provide fair, uniform, and equitable treatment of all affected persons." Govt. C. §7260.5(a)(1) and (a)(2).   "Minimizing the adverse impact of displacement is essential to maintaining the economic and social well-being of communities." Govt. C. §7260.5(a)(4).   The primary purpose of the CRAA is "to ensure that [displaced] persons shall not suffer disproportionate injuries as a result of programs and projects designed for the benefit of the public as a whole and to minimize the hardship of displacement on these persons." Govt. C. §7260.5(a)(5)(b).     The CRAA and Guidelines "shall be construed to effect this intent." 25 C.C.R. §6002.

71.     Cal. Govt. C. §7260 and 25 C.C.R. §6014 provide that no person shall be displaced and no phase of any project that will result in displacement of any person may proceed until the public entity has fulfilled all of the obligations of the CRAA.

72.     The CRAA and Guidelines (Govt. C. §7260 *et seq*. and 25 C.C.R. §§ 6010, 6038) require a public entity to prepare a relocation plan that complies with 25 C.C.R. §6038 as soon as possible following the initiation of negotiations and prior to proceeding with any phase of a project or other activity which will result in the displacement of any person.   All persons to be displaced, neighborhood groups, and any relocation committee must be given an opportunity to fully and meaningfully participate in reviewing the relocation plan and monitoring the relocation assistance program.   25 C.C.R. §6012.   The Plan also must be submitted to and approved by the legislative body of the public entity.   At least 30 days prior to

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

16

submission of the relocation plan to the legislative body, it must be submitted to the relocation committee and occupants of the property for review.  25 C.C.R. §6038.

73.    Among other things, the relocation plan required by the CRAA must include projected dates of displacement; a written analysis of the aggregate relocation needs of all persons to be displaced and a detailed explanation as to how these needs are to be met; a written analysis of relocation housing resources as required by 25 C.C.R. §6052; a detailed description of the relocation advisory services program, including specific procedures for locating and referring eligible persons to comparable replacement housing; a detailed plan by which any last resort housing as described in §6054 is to be provided; a description of relocation office operation procedures; an enumeration of the coordination activities undertaken as required by 25 C.C.R. §6052; and a written determination by the public entity that the necessary resources will be available as required.  The Plan also must be consistent with the housing element of the local general plan.  25 C.C.R. §6038.

74.    Defendants also are required to provide a series of õrelocation assistanceö notices to each Arroyo Vista resident that will be displaced as a result of the disposition and demolition of Arroyo Vista.  Those notices include an informational notice early in the process advising residents of defendantsø anticipated project or activity; a determination and notice of the residentøs eligibility for relocation assistance; and a minimum 90-day notice to relocate from the premises.  25 C.C.R. §§6038, 6042, 6046.

75.    Defendants selected Real Parties to acquire, demolish and redevelop Arroyo Vista in or about July 2006.

76.    On or about November 21, 2006, Defendant DHA amended its PHA Plan to provide for disposition or demolition of Arroyo Vista.

77.    One year later, Defendants DHA and HACA entered into a DDA with the Real Parties that calls for the demolition of all Arroyo Vista homes and the displacement of all residents.   The City Council approved the DDA on July 17, 2007.

78.    Defendant DHA did not prepare or make available for review and comment by residents or a relocation committee a relocation plan until on or about February 12, 2008.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

17

79.     On June 3, 2008, Defendant DHA's Board of Commissioners approved a relocation plan. This plan is legally deficient as alleged below.  The legislative bodies of Defendants City and HACA have not approved or adopted a relocation plan or prepared or made available for review and comment by residents, a relocation committee, or the public a relocation plan.

80.     Although Defendants determined that over 400 Arroyo Vista residents would be displaced as a result of the DDA, Defendants have failed to provide an informational notice or notice of eligibility for relocation assistance to Plaintiffs and other residents of Arroyo Vista as required by state law.  Defendants' application for disposition provides that residents will receive no more than a 90-day notice prior to their relocation.

81.     Despite their failure to adopt a relocation plan or to provide the relocation notices or advisory services mandated by state law, Defendants began issuing Section 8 vouchers to Arroyo Vista residents in July 2007, have urged Plaintiffs and other residents to seek Section 8 vouchers and move out, and have, in fact, already displaced and relocated approximately 60 households, and boarded up the vacated homes at Arroyo Vista.

82.     At all times relevant to this action, Defendants have had clear, mandatory duties and prohibitions imposed by CRAA and Guidelines, and have violated those duties and legal prohibitions as alleged herein.

83.     Plaintiffs are directly and beneficially interested in having the Defendants comply with all applicable provisions of law and their legal duties, as set forth herein.

84.     Unless compelled by this Court to refrain from acts as required by law, Defendants will continue to refuse to perform said duties and continue to violate the law, and Plaintiffs will be injured as a result.

85.     Plaintiffs request a writ of mandate ordering the City Council to set aside its Resolution 136-07 approving the DDA for failure to comply with the CRAA and Guidelines, and enjoining Defendants from implementing the DDA.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

18

## VIII.     THIRD CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants)**
**For A Writ of Mandate Commanding Defendants To**
**Comply With The CRAA and HCD Guidelines**

86.     Plaintiffs incorporate by reference herein each and every allegation of paragraphs 1 through 46 and 68 through 81, as though fully set forth herein and allege:

87.     The relocation Guidelines provide that when a public entity has not fulfilled or is not substantially fulfilling its relocation responsibilities, it shall cease displacement until such time as its responsibilities are fulfilled, and that it shall provide assistance, payments, and, when appropriate, compensation for additional costs incurred by eligible persons who moved without the requisite relocation assistance and benefits . 25 C.C.R. §6016.

88.     The DDA entered into by DHA and HACA with Real Parties Eden and Citation, and approved by the City Council on July 17, 2007, acknowledges that Defendants had not yet prepared a Relocation Plan, or even completed necessary surveys of residents to determine their individual housing needs and the resources available to meet those needs.

89.     Defendants DHA and HACA acknowledge in the application for disposition submitted to HUD in August 2007 that they had already begun to issue Section 8 vouchers to residents, and that at least 12 households had already been displaced.  As of June 3, 2008, defendants had relocated nearly 60 households.  Thus, Defendants have displaced residents from Arroyo Vista without HUD's approval of the disposition application, and without a relocation plan mandated by the CRAA.

90.     Defendants have failed to provide an opportunity or encouraged full and meaningful participation by Plaintiffs, or encouraged Plaintiffs and community organizations to form a relocation committee to participate in reviewing any relocation plan or monitoring any relocation assistance program in violation of 25 C.C.R. §6012.

91.     At the same time, Defendants urged Plaintiffs and other residents of Arroyo Vista to apply for and use Section 8 vouchers to move before Defendants even completed a survey of comparable replacement housing that is available to Plaintiffs in Dublin, analyzed

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

19

1  the suitability and affordability of replacement housing, or provided the advisory services

2  required by state law.

3      92.    Defendants have failed to provide Plaintiffs and other residents of Arroyo

4  Vista with the required informational notices, eligibility notices, or notices to vacate.

5      93.    At all times relevant to this action, Defendants have had clear, mandatory

6  duties and prohibitions imposed by CRAA and Guidelines, and have violated those duties and

7  legal prohibitions as alleged herein.

8      94.    Plaintiffs are directly and beneficially interested in having the Defendants

9  comply with all applicable provisions of law and their legal duties, as set forth herein.

10     95.    Unless compelled by this Court to refrain from acts as required by law,

11 Defendants will continue to refuse to perform said duties and continue to violate the law, and

12 Plaintiffs will be injured as a result.

13     96.    Plaintiffs request a writ of mandate enjoining Defendants from displacing or

14 threatening to displace any residents of Arroyo Vista until such time as Defendants have fully

15 complied with the CRAA and Guidelines, and ordering Defendants to provide assistance,

16 payments, and compensation for additional costs incurred by all eligible persons who moved

17 from Arroyo Vista after July 2006 without the relocation assistance and benefits mandated by

18 the CRAA and Guidelines.

19          **IX.    FOURTH CLAIM FOR RELIEF**

20          **(By All Plaintiffs Against All Defendants)**
   **Failure to Comply with Anti-Displacement and Relocation Requirements**
21 **of the Housing and Community Development Act (42 U.S.C. §5301 et seq.)**

22

23     97.    Plaintiffs incorporate by reference herein each and every allegation of

24 paragraphs 1 through 46 as though fully set forth herein and allege:

25     98.    If federal financial assistance under the HOME program (42 U.S.C. §12701 *et*

26 *seq.*) is used in connection with the demolition or disposition of public housing, the project

27 also is subject to the relocation payment and anti-displacement provisions of Section 104(d) of

28

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

20

the Housing and Community Development Act of 1974 (42 U.S.C. §5304(d)) ("Section 104(d)). 42 U.S.C. §12748(d); 12705(b)(16); 42 U.S.C. §5304(d).

99.    The DDA provides for the use of HOME funds in connection with the family-size apartments that are a component of the Arroyo Vista redevelopment project.

100.    Section 104(d) requires Defendants to take all reasonable steps to minimize the displacement of lower-income persons as a result of activities undertaken with HOME funds. 42 U.S.C. §5304(d); 24 C.F.R. §42.325.

101.    Section 104(d) requires Defendants to adopt a relocation assistance plan that provides for relocation assistance in accordance with 24 C.F.R. §42.350.   42 U.S.C. §5304(d)(2)(A)(iii); 24 C.F.R. §42.325.

102.    Section 104(d) requires Defendants to make available comparable replacement housing into which any lower-income displaced tenant can move prior to undertaking any activity which would result in the displacement of a lower-income person from his or her residence due to a project assisted with HOME funds.   42 U.S.C. §5304(d)(2)(A)(iv); 42 U.S.C. §42.350.

103.    The regulations implementing Section 104(d) define comparable replacement units as dwelling units which meet the definition of comparable housing set forth at 49 C.F.R. §24.2(d).   24 C.F.R. §42.305.  This definition states, among other things, that the units must be decent, safe and sanitary, functionally equivalent to the displaced dwelling, in a location not less desirable than the location of the displaced person's dwelling with respect to public utilities and commercial and public facilities, and reasonably accessible to the person's place of employment.  49 C.F.R. §24.2.

104.    Section 104(d) provides that tenants may elect to receive relocation benefits pursuant to Section 104(d), 42 U.S.C. §5304(d)(2)(A), 24 C.F.R. §42 or pursuant to 42 U.S.C. §4622, 49 C.F.R. §§24 et seq.  42 U.S.C. §5304(d)(2)(B); 24 C.F.R. §42.350.

105.    Defendants have failed to take all reasonable steps to minimize the displacement of Plaintiffs and lower-income residents of Arroyo Vista as a result of activities to be undertaken with HOME funds.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

21

106.     Defendants have not adopted a relocation plan that meets the minimum requirements of Section 104(d), including a plan that: a) correctly determines the rental assistance payments to which tenants are entitled; b) states that each displaced person shall be provided a security deposit if necessary for a new home; c) states that each displaced person shall be provided with the cost of credit checks if necessary for a new home; d) identifies comparable replacement housing which is in standard condition; e) identifies comparable replacement housing which, to the extent feasible, shall be located in the same neighborhood as the units to be replaced.  24 C.F.R. §§42.305, 42.350, 42.375.

107.     On information and belief, defendants have failed to assure that comparable housing is available to the persons displaced and to be displaced from Arroyo Vista pursuant to the DDA.

108.     Defendants have not given Plaintiffs or Arroyo Vista residents they have displaced the option to receive relocation assistance benefits pursuant to Section 104(d), and have not notified Plaintiffs of their rights under Section 104(d).

109.     On information and belief, defendants have not lawfully computed or provided relocation assistance benefits to persons displaced from Arroyo Vista pursuant to Section 104(d).

110.     Defendants' actions and omissions as alleged herein have caused and continue to cause harm to Plaintiffs.  Plaintiffs are without a plain, speedy and adequate remedy at law and are entitled appropriate declaratory and injunctive relief.

## X.     FIFTH CLAIM FOR RELIEF

**(By All Plaintiffs Against Defendants DHA and HACA)**
**Failure to Comply with The United States Housing Act of 1937**
**(42 U.S.C. §1437p) and 24 C.F.R. §970 et seq.**

111.     Plaintiffs incorporate by reference herein each and every allegation of paragraphs 1 through 46 and 48 through 62, as though fully set forth herein and allege:

112.     By adopting and executing a DDA for the disposition and redevelopment of Arroyo Vista without prior written approval from HUD, defendant DHA violated its duty not

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

22

to enter into any transaction for the disposition or demolition of public housing without prior written approval from HUD of a disposition application in violation of 42 U.S.C. §1437p and 24 C.F.R. §§ 970.7 and 970.25.

113.    By relocating residents of Arroyo Vista and encouraging residents to vacate their homes in advance of any approval from HUD of a disposition application, including approval of a relocation plan and timeline for relocation, DHA violated its duty not to dispose of public housing or to relocate residents without HUD approval of a disposition application in violation of 42 U.S.C. §1437p, 24 U.S.C. §§970.7, 970.21 and 970.25.

114.    By relocating Arroyo Vista residents in advance of any approval from HUD of a disposition application, including approval of a relocation plan, proposed relocation benefits, and a relocation timeline, DHA violated its duty to offer relocation assistance and benefits and to relocate residents, if at all, pursuant to an approved relocation plan, timeline, and with the relocation assistance and benefits mandated by 42 U.S.C. §1437p and 24 U.S.C. §§970.7, 970.21.

115.    By informing residents that HUD will approve the disposition, relocating residents in advance of HUD approval, and encouraging residents to vacate their homes in advance of any approval of a disposition application by HUD, DHA deprived residents of written notice of HUD approval of the application for disposition of Arroyo Vista and the relocation assistance and benefits to be provided to residents in the event of disposition in violation of 42 U.S.C. §1437p and 24 C.F.R. §970.21.

116.    By providing Section 8 vouchers to residents Defendants relocated in advance of HUD approval of a disposition application, DHA and HACA violated their duty to comply with the disposition and demolition provisions of 42 U.S.C. §1437p and 24 C.F.R. §970.7, 970.21, and 970.25.

117.    By relocating residents in advance of HUD approval of a disposition application, DHA and HACA violated 42 U.S.C. §1437p and 24 C.F.R. §970 *et seq.* by depriving Plaintiffs and Arroyo Vista residents of the relocation assistance and benefits,

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

23

1  including necessary counseling, comparable housing, reasonable accommodations, and actual

2  and reasonable relocation expenses mandated by 42 U.S.C. §1437p and 24 C.F.R. §970.21.

3      118.    By submitting an incomplete disposition application to HUD and refusing to

4  re-rent vacant units and boarding up units, DHA violated its duty to comply with the

5  disposition and demolition requirements of 42 U.S.C. §1437p, 24 C.F.R. §970.7 and 970.25.

6      119.    Defendants' actions and omissions have caused and continue to cause harm to

7  Plaintiffs.  Plaintiffs are without a plain, speedy and adequate remedy at law and are entitled

8  appropriate declaratory and injunctive relief.

## XI.    SIXTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants)
### Deprivation of Plaintiffs' Rights Protected
### under 42 U.S.C. §1983 (42 U.S.C. §1983)

120.    Plaintiffs reallege paragraphs 1 through 46, 48-62, 98-110, and 112-119

above, and incorporate them by reference as though fully set forth herein and allege:

121.    At all relevant times, Defendants DHA, HACA, and the City are "persons"

within the meaning of 42 U.S.C. §1983 and their actions described herein were taken under

color of state law.

122.    As described herein, by failing to comply with their duties under 42 U.S.C.

§1437p and 42 U.S.C. §5304(d) and implementing regulations, Defendants acted to deprive the

individual Plaintiffs of their federal rights to relocation assistance and the due process of law

which are rights protected under 42 U.S.C. §1983.

123.    Defendants' actions and omissions have caused and continue to cause harm to

Plaintiffs.  Plaintiffs are without a plain, speedy and adequate remedy at law and are entitled

appropriate declaratory and injunctive relief.

## XII.    SEVENTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants)
### Federal Fair Housing Act: 42 U.S.C. §3601 et seq.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

24

124.    Plaintiffs reallege paragraphs 1 through 46 above, and incorporate them by reference as though fully set forth herein.

125.    Under the federal Fair Housing Act (FHA), 42 U.S.C. §3601 et seq., it is unlawful for Defendants to discriminate because of race, color, national origin or familial status, among other classifications, by making housing unavailable to persons because of membership in those groups.

126.    All individual Plaintiffs are either African American or Hispanic.  Plaintiffs KEYES, BROWN and VEAL are African American, and plaintiff ARROYO is Hispanic. Plaintiffs KEYES and VEAL have minor children residing with them.  The members of the ARROYO VISTA TENANTS ASSOCIATION are predominantly racial and ethnic minorities and predominantly comprised of families with children.

127.    African Americans and persons of Hispanic descent are a minority of the population of Dublin, yet the current and past residents of Arroyo Vista a predominantly African Americans and families of Hispanic descent.  Compared to Dublin⊘s Caucasian households, a statistically significant greater proportion of both African American and Hispanic households in Dublin are very low income and in need of affordable housing.  Both African American and Hispanic households also comprise a statistically significant disproportionate share of the households on the DHA waiting list for residence in Arroyo Vista.

128.    Compared to Dublin⊘s households without minor children, a statistically significant greater proportion of households with minor children in Dublin are very low income and in need of affordable housing.

129.    The mission of Plaintiff ARROYO VISTA TENANTS ASSOCIATION is to preserve the Arroyo Vista public housing complex on behalf of its membership, the residents

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

25

and other lower income families in need of affordable housing in Dublin, and to ensure that current and past residents are not illegally displaced and denied any rights to any relocation assistance or planning or to any replacement housing benefits.

130.    Defendants' acts discriminate against individual Plaintiffs based on their race, color or national origin because the actions as alleged have a discriminatory effect on African Americans and persons of Hispanic descent by making and threatening to make housing opportunities unavailable to households in these groups, including to Plaintiffs, to a statistically significant greater degree than to non-minority households generally.  Defendants' acts also discriminate against Plaintiffs KEYES and VEAL based on their familial status because the alleged actions have a discriminatory effect on families with minor children by making and threatening to make housing opportunities unavailable to households with children, including these Plaintiffs, to a statistically significant greater degree than to households without minor children.

131.    Plaintiff ARROYO VISTA TENANTS ASSOCIATION has been damaged and continues to be damaged by the conduct of Defendants as herein alleged.  Its mission has been frustrated and its financial, organizational and human resources have been expended as a result of Defendants' conduct.  Because of Defendants' unlawful activities, including their attempts to displace all of the Association's members and dispose its members' housing, the Association has expended a substantial amount of their limited volunteer resources in providing educational, counseling, and advocacy services both to the tenants who have moved out in response to defendants' actions, and to current tenants who remain.  This "drain" on the Association's existing resources constitutes a continuing hardship to the organization.

132.    The acts and omissions of Defendants constitute unlawful discrimination on the basis of race, color, national origin, and familial status in violation of the FHA.

133.    Defendants' discriminatory actions also have deprived and will deprive individual Plaintiffs of their rights under the FHA to live and associate in a community which

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate          Case No. C-07-05794 MHP

26

is free of illegal discrimination and to enjoy the economic, social, psychological and other benefits of residing in a racially and ethnically diverse community with families with children.

134.    Plaintiffs and other Arroyo Vista residents who are threatened with or have been displaced through Defendants' actions have suffered, and will continue to suffer, irreparable injury unless and until this court enjoins Defendants from their ongoing discriminatory practices and conduct.

## XIII.    EIGHTH CLAIM FOR RELIEF

### (By All Plaintiffs Against All Defendants)
### California Fair Employment and Housing Act (Cal. Gov't Code §12955 et seq.)

135.    Plaintiffs reallege paragraphs 1 through 46 above, and incorporate them by reference as though fully set forth herein and allege:

136.    Under California's Fair Employment and Housing Act (FEHA), Cal. Government Code §12955 *et seq*., it is unlawful for Defendants to discriminate because of race, color, national origin, ancestry or familial status, among other classifications, by denying housing opportunities or otherwise making housing unavailable to persons because of membership in those groups.   A violation is shown if an act or failure to act has the effect, regardless of intent, of unlawfully discriminating on the basis of any of those classifications.

137.    All individual Plaintiffs are either African American or Hispanic.  Plaintiffs KEYES, BROWN and VEAL are African American, and plaintiff ARROYO is Hispanic. Plaintiffs KEYES and VEAL have minor children residing with them.  The members of the ARROYO VISTA TENANTS ASSOCIATION are predominantly racial and ethnic minorities and predominantly comprised of families with children.

138.    African Americans and persons of Hispanic descent are a minority of the population of Dublin, yet the current and past residents of Arroyo Vista a predominantly African Americans and families of Hispanic descent.   Compared to Dublin's Caucasian

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

27

households, a statistically significant greater proportion of both African American and Hispanic households in Dublin are very low income and in need of affordable housing. Both African American and Hispanic households also comprise a statistically significant disproportionate share of the households on the DHA waiting list for residence in Arroyo Vista.

139. Compared to Dublin's households without minor children, a statistically significant greater proportion of households with minor children in Dublin are very low income and have a need for affordable housing.

140. The mission of Plaintiff ARROYO VISTA TENANTS ASSOCIATION is to preserve the Arroyo Vista public housing complex on behalf of its membership, the residents and other families in need of affordable housing in Dublin, and to ensure that current and past residents are not illegally displaced and denied any rights to any relocation assistance or planning or to any replacement housing benefits.

141. Defendants' acts discriminate against individual Plaintiffs based on their race, color or national origin because the actions as alleged have a discriminatory effect on African Americans and persons of Hispanic descent by making and threatening to make housing opportunities unavailable to households in these groups, including to Plaintiffs, to a statistically significant greater degree than to non-minority households generally. Defendants' acts also discriminate against Plaintiffs KEYES and VEAL based on their familial status because the alleged actions have a discriminatory effect on families with minor children by making and threatening to make housing opportunities unavailable to households with children, including these Plaintiffs, to a statistically significant greater degree than to households without minor children.

142. Plaintiff ARROYO VISTA TENANTS ASSOCIATION has been damaged and continues to be damaged by the conduct of Defendants as herein alleged. Its mission has

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

28

been frustrated and its financial, organizational and human resources have been expended as a result of Defendants' conduct. Because of Defendants' unlawful activities, including their attempts to displace all of the Association's members and dispose its members' housing, the Association has expended a substantial amount of their limited volunteer resources in providing educational, counseling, and advocacy services both to the tenants who have moved out in response to defendants' actions, and to current tenants who remain. This "drain" on the Association's existing resources constitutes a continuing hardship to the organization.

143.    The acts and omissions of Defendants constitute unlawful discrimination on the basis of race, color, national origin, and familial status in violation of FEHA.

144.    Defendants' discriminatory actions also have deprived and will deprive individual Plaintiffs of their rights under the FEHA to live and associate in a community which is free of illegal discrimination and to enjoy the economic, social, psychological and other benefits of residing in a racially and ethnically diverse community with families with children.

145.    Plaintiffs and other Arroyo Vista residents who are threatened with or have been displaced through Defendants' actions have suffered, and will continue to suffer, irreparable injury unless and until this court enjoins Defendants from their ongoing discriminatory practices and conduct.


## XIV.    NINTH CLAIM FOR RELIEF

**(By All Plaintiffs Against All Defendants)**
**Failure to Comply with California Relocation Assistance Requirements**
**(Govt. C. §§7260 *et seq.*; 25 C.C.R. §§ 6000 *et seq.*)**

146.    Plaintiffs incorporate by reference herein each and every allegation of paragraphs 1 through 46, 68-73, 79, and 87 as though fully set forth herein and allege:

147.    On or about June 3, 2008 defendant DHA's Board of Commissioners adopted a relocation plan for the Arroyo Vista Development Project that fails to  comply with the

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate    Case No. C-07-05794 MHP

29

California Relocation Assistance Act   (Govt. C. §§7260 *et seq.*) and state regulations (25 C.C.R. §§ 6000 *et seq.*).

148.    Among other requirements, a relocation assistance plan must include a written analysis of the aggregate relocation housing, counseling and relocation assistance needs of all persons to be displaced, and a detailed explanation as to how these needs are to be met.   25 C.C.R. '6038(b)(3); §6048(c). The relocation plan does not adequately analyze the relocation needs of all persons that have been or will be displaced as a result of disposition of Arroyo Vista and does not adequately analyze the housing resources available to meet those needs.

149.    The displacing public entity must conduct a survey and analysis of housing needs immediately following the initiation of negotiations and before any displacement may occur.  Any household that moved from Arroyo Vista after initiation of negotiations is a õdisplaced personö within the meaning of the CRA Act, and its relocation needs must be addressed in the relocation plan.  Govt. C. §7260(c); 25 C.C.R. §6008(f); 25 C.C.R. §6048; 25 C.C.R. §6050.  Defendant DHA did not begin a survey of resident needs until in or about September 2007, three months after HACA began issuing Section 8 vouchers and DHA begun relocating residents.  As a result, the relocation plan only partially analyzes the aggregate needs of persons that were and will be displaced.  It does not consider the relocation needs of all persons that moved from Arroyo Vista between July 24, 2006 when Defendants initiated negotiations with Real Parties in Interest and September 2007 when Defendant DHA commenced a survey of resident needs.

150.    By deferring a survey and analysis of the housing needs of Arroyo Vista residents for more than 14 months, Defendant DHA unlawfully excluded households that moved from Arroyo Vista after July 24, 2006 from the survey and the relocation plan.

151.    The needs analysis of a relocation plan is to be based on an interview of the persons to be displaced in order to obtain specific information upon which to plan to meet the housing, counseling, and relocation assistance needs of each displaced person.  25 C.C.R. §6048(c).  Defendant DHA and its agents did not interview all persons to be displaced, and reportedly had direct contact with only 118 households.  By failing to interview all persons to

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                                    Case No. C-07-05794 MHP

30

1  be displaced, the aggregate needs of all persons to be displaced were not adequately surveyed

2  or analyzed in the relocation plan.

3      152.   The relocation plan fails to adequately identify or analyze the housing,

4  counseling, and relocation assistance needs of the households that were analyzed in the plan,

5  including:

6      a. The plan states that there are some elderly households and households

7  with physical or mental disabilities õto some degree,ö but fails to identify the special

8  facilities and nature of those facilities needed by such households;

9      b.  On information and belief, the plan fails to accurately identify resident

10  preferences with respect to the preferred location of replacement housing;

11      c.  The plan fails to accurately or adequately analyze residentsø needs to

12  remain reasonably close to relatives, friends, services, or organizations with whom

13  residents have an existing dependency relationship;

14      d.  The plan fails to accurately or adequately analyze residentsø needs for

15  units of a suitable size for their families;

16      e.  The plan fails to identify or analyze the location of residentsø jobs and

17  factors limiting accessibility to those jobs;

18      f.  The plan fails to identify resident preferences with respect to ownership

19  versus rental housing;

20      g.  The plan fails to identify resident needs or preferences with respect to

21  their single family or multi-family comparable replacement housing;

22      h.  The plan fails to adequately identify or analyze residentsø needs for

23  housing that is within their financial means;

24      i.  On information and belief, DHA and/or its agent did not elicit all

25  necessary information from residents to ascertain all of the housing, counseling, and

26  assistance needs of residents.

27      153.  A relocation plan must include a description of the locational characteristics

28  of the displacement area neighborhood (Arroyo Vista) and the corresponding locational

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate        Case No. C-07-05794 MHP

31

characteristics of each of the neighborhoods where comparable replacement housing is identified.  25 C.C.R. §6048(d).  A comparable replacement unit must be located in an area that is not generally less desirable than the displacement dwelling with respect to public utilities, public and commercial facilities and neighborhood conditions, including schools and municipal services, and reasonably accessible to the displaced persons' place of employment.  25 C.C.R. §6008(c)(2).  The relocation plan fails to analyze Arroyo Vista's proximity to employment sources, medical and recreational facilities, parks, community centers, shopping, transportation and schools and fails to analyze the proximity of comparable replacement housing to employment sources, medical and recreational facilities, parks, community centers, shopping, transportation and schools.

154.   A relocation plan must include a written analysis of housing resources available to provide comparable replacement housing with sufficient detail to enable the legislative body to determine the availability of comparable replacement housing to meet the needs and preferences of all potential displacees.  25 C.C.R. §§6038(b)(4), 6048(d), 6052.  Because the analysis of housing needs is deficient, the analysis of resources available to meet those needs is necessarily deficient.

155.   The analysis of relocation housing resources in the relocation plan also fails to comply with the CRA Act and regulations because it fails to analyze whether comparable replacement housing that meets the requirements of 25 C.C.R. §6008 exists.  The analysis of housing resources is deficient because:

a.     It fails to identify comparable replacement units or facilities needed for persons with disabilities that have been or will be displaced;

b.     It fails to identify sufficient comparable replacement units or facilities for elder persons that have been or will be displaced;

c.     It fails to identify sufficient comparable replacement units to meet the needs and preferences of residents that have been or will be displaced to be reasonably close to relatives, friends, services, or organizations with whom residents have an existing dependency relationship;

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

32

d.    It fails to identify sufficient comparable replacement units to meet the location preferences of residents that have been or will be displaced;

e.    The relocation plan fails to identify sufficient comparable replacement units of a suitable size to meet the needs of residents that have been or will be displaced;

f.    It fails to identify the number of ownership units by unit size and cost available to meet the housing needs and preferences of residents that have been or will be displaced;

g.    It fails to identify the number of rental units by unit size and cost available to meet the housing needs of residents that have been or will be displaced;

h.    It fails to identify the number of single-family units by size and cost available to meet the housing needs and preferences of residents that have been or will be displaced;

i.    It fails to identify the number of multi-family units by size and cost available to meet the housing needs and preferences of residents that have been or will be displaced;

j.    It fails to identify sufficient comparable replacement units that are within the financial means of residents that have been or will be displaced;

k.    There is no analysis that any of the comparable replacement units identified in the relocation plan are or will be available to residents that have been or will be displaced from Arroyo Vista without regard to race, color, sex, marital status, religion, national origin, disability, familial status, and other protected categories consistent with state and federal anti-discrimination laws;

l.    There is no indication that any of the comparable replacement units identified in the relocation plan are decent, safe, and sanitary.

156.    A relocation plan must discount the gross figure of comparable replacement units purportedly available by the number of replacement units needed for concurrent displacement.  25 C.C.R. §6052(d)(3).  The relocation plan adopted by defendant DHA

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

33

1    acknowledges that the Oakland Housing Authority is concurrently displacing 87 households to

2    demolish an Oakland public housing development.    Almost all purportedly comparable

3    replacement units for Arroyo Vista displacees identified in the relocation plan are located in

4    Oakland, and the replacement units already identified for Oakland public housing displacees

5    are nearly identical to those listed identified for Arroyo Vista displacees.    The relocation plan

6    adopted by defendant DHA does not discount the 87 units already identified for Oakland

7    displacees in violation of 25 C.C.R. §6052(d)(3).

8        157.    On information and belief, defendant DHA did not submit the housing

9    resource survey results to local housing, development and planning agencies to be reviewed

10    and compared to other existing information on housing availability as required by 25 C.C.R.

11    §6052(a)(2).

12        158.    As a result of the deficiencies in the analysis of comparable replacement units,

13    none of the units reported as available in the relocation plan can be counted as comparable

14    replacement units for failure to meet the requirements of 25 C.C.R. 6008(c), 6048, and 6052.

15        159.    When a relocation plan does not demonstrate that ôcomparable replacement

16    housingö units are or will be available for all potential displacees, the relocation plan must

17    include a detailed plan by which the public entities will provide last resort housing.    25 C.C.R.

18    §6038(b)(8).    Because the survey and analysis of relocation needs and resources are deficient,

19    defendant DHA could not lawfully determine that comparable replacement housing is or will

20    be available as required.    25 C.C.R. §6054(b).    The relocation plan does not include a detailed

21    plan for providing last resort housing.

22        160.    A relocation plan under the CRA Act must include a detailed description of

23    the relocation advisory services program, including specific procedures for locating and

24    referring eligible persons to comparable replacement housing.    An advisory services program

25    must satisfy Article 2 of HCDøs Guidelines and applicable state and federal anti-discrimination

26    laws.    25 C.C.R. §§6030, 6032.    The program must be administered so as to provide advisory

27    services which offer maximum assistance to minimize the hardship of displacement and ensure

28

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

34

1  that all persons displaced from their homes are relocated into housing that meets the criteria for

2  comparable replacement housing.  25 C.C.R. §6032.

3      161.    The relocation plan states that it will provide a list of relocation advisory

4  services required by 25 C.C.R. §6040, but it does not include a detailed description in the

5  relocation plan of how those services will be provided.  On information and belief, Defendants

6  have not and are not providing the services listed in the relocation plan.

7      162.    The relocation plan also does not provide that DHA will provide advisory

8  assistance to eligible persons in order to minimize hardship as required by 25 C.C.R. §6040.

9      163.    The relocation plan adopted by Defendant DHA provides that technical and

10  advisory assistance will be provided to displaced households, in part, through distribution of an

11  Informational Statement (Attachment 5 of the Relocation Plan).  The Informational Statement

12  conflicts with the advisory services requirements of the CRA Act and is inconsistent with the

13  relocation plan in that:

14          a.    It provides that the only assistance to be provided to residents will be

15      referrals to appropriate and available housing units, and that residents are encouraged

16      to find housing themselves;

17          b.    It does not fully inform residents of the relocation benefits to be

18      provided pursuant to the relocation plan;

19          c.    Though the relocation plan provides that relocation information and

20      assistance will be provided in Spanish, Farsi, Punjabi, Chinese, and Tagalog to insure

21      that all displacees have a complete understanding of the relocation program and their

22      eligibility for benefits, the Informational Statement is in English, with the exception

23      of one line in Spanish that õSpanish speaking representatives are availableö;

24          d.    It misinforms residents that if they are evicted, they will jeopardize the

25      relocation benefits they may be entitled to receive which conflicts both with 25

26      C.C.R. §6058 and contradicts the eviction policy set forth in the relocation plan;

27          e.    The Informational Statement provides that relocation claims must be

28      filed within 18 months from the date of a move, but no claim form or information on

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

35

1       how to obtain a claim form is included in the Informational Statement or the

2       relocation plan.

3           164.    All informational material regarding displacement must be provided in the

4    native language(s) of the residents and English.  25 C.C.R. §6046(b).  The relocation plan

5    reports that the first language of some Arroyo Vista residents is Spanish, Farsi, Punjabi,

6    Chinese and Tagalog, and that relocation information and assistance will be provided in the

7    primary language of these residents as necessary to insure that all displacees have a complete

8    understanding of the relocation program and their eligibility for benefits.  The plan offers no

9    detailed explanation as to how this assistance will be provided.  The relocation plan made

10   available in February 2008 and DHA's notice that the plan was available for review are in

11   English only, and provide no information to residents with language barriers as to the

12   availability of the relocation plan or a notice in their native language.  The Informational

13   Notice (Attachment 5) to the relocation plan indicates that unspecified services are available

14   only in Spanish.

15          165.    On information and belief, the relocation plan was not made available in

16   Spanish to residents that requested it 30 days before the Plan was adopted; it was not made

17   available in Tagalog to residents that requested it until after the relocation plan had been

18   adopted; and it was not made available at all in Farsi, Punjabi, or Chinese.

19          167.    The relocation plan provides that relocation benefits will be provided in

20   accordance with the CRA Act and Guidelines and federal regulations pertaining to demolition

21   or disposition of public housing projects.   Federal regulations require DHA to provide actual

22   and reasonable relocation expenses to displaced residents.  24 C.F.R. §970.21.  Actual and

23   reasonable relocation expenses include the actual security deposits and credit check costs

24   displaced residents may be required to pay to relocate.  Inconsistently with the relocation plan

25   and federal law, the relocation plan arbitrarily limits security deposits to one-month's rent with

26   a maximum of $2400, and caps credit check costs at $75.  A failure to pay for actual relocation

27   costs will not comply with disposition and demolition regulations or minimize the hardship of

28   displacement for low income public housing residents as is required by the CRA Act.

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate          Case No. C-07-05794 MHP

36

168.    The relocation plan fails to comply with 25 C.C.R. §6090(c) which requires the displacing entity to advance moving expenses whenever later payment would result in financial hardship for the resident.    The relocation plan provides only for expedited payment to help avoid the loss of desirable and appropriate replacement housing.

169.    The moving expense permitted for residential tenants in the relocation plan does not comply with 25 C.C.R. §§6090 and 6098.  Displaced residents are entitled to choose between payment of actual reasonable moving expenses or a fixed moving expense.  The relocation plan for residential tenants fails to delineate all actual expenses covered by 25 C.C.R. §6090 which deprives residents of information necessary to make a meaningful choice between the moving expense options.

170.    The relocation plan does not provide adequate replacement housing payment information to determine that replacement units will be within the financial means of residents that have been or will be displaced or to enable residents that have been or will be displaced to locate comparable replacement housing.

171.    The relocation plan does not provide sufficient information to determine that the amount budgeted for relocation assistance is available to meet the relocation needs of all persons that have been or will be displaced.

172.    Defendant DHA did not encourage Plaintiffs or other residents of Arroyo Vista to participate in a relocation committee as required by 25 C.C.R. §6012.

173.    Defendants' actions and omissions as alleged herein have caused and continue to cause harm to Plaintiffs.  Plaintiffs are without a plain, speedy and adequate remedy at law and are entitled appropriate declaratory and injunctive relief.

## XV.    PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that the Court grant the relief set forth below:

1.    Issue an alternative or peremptory writ of mandate commanding Defendant City to rescind or set aside Resolution No. 136-07 approving the DDA between Defendants DHA and HACA and Real Parties;

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate          Case No. C-07-05794 MHP

37

2.     Issue an alternative or peremptory writ of mandate enjoining Defendants and each of them from implementing the DDA between DHA and HACA and Real Parties;

3.     Issue an alternative or peremptory writ of mandate commanding Defendants to cease any displacement of Arroyo Vista residents before Defendants have fully complied with the CRAA and Guidelines, and ordering Defendants to locate and provide relocation assistance payments, and compensation for additional costs incurred by all eligible persons who moved from Arroyo Vista after July 2006 without the requisite relocation assistance and benefits mandated by the CRAA and Guidelines.

4.     Declare that the acts and omissions of Defendants as set forth above, violate Section 18 of the United States Housing Act of 1937, 42 U.S.C. §1437p and its implementing regulations.

5.     Declare that the acts and omissions of Defendants as set forth above, violate Section 104(d) of the Housing and Community Development Act of 1968, as amended, 42 U.S.C. §5304(d) and its implementing regulations.

6.     Declare that the acts and omissions of Defendants, as set forth above, including the Relocation Assistance Plan adopted by DHA on June 3, 2008, violate the California Relocation Assistance Act, Govt. C. §7260 et seq. and Guidelines.

7.     Declare that the acts and omissions of Defendants, as set forth above, violate the Fair Housing Act, 42 U.S.C. §3601 *et seq.*

8.     Declare that the acts and omissions of Defendants, as set forth above, violate the California Fair Employment and Housing Act, Cal. Govt. C. 12955 *et seq.*

9.     Enter a temporary restraining order, preliminary and permanent injunction, without bond or upon a nominal bond:

- Enjoining Defendants from implementing the DDA, with the exception of planning activities necessary to Defendants' disposition application;

- Commanding defendants to cease displacement and relocation of Arroyo Vista residents without prior HUD approval of the disposition application, without a relocation plan that conforms with 42 U.S.C. §1437p and implementing regulations, 42 U.S.C. §5304(d) and implementing regulations, Cal. Govt. C. §7260 and Guidelines and adopted pursuant to such federal and state laws, and without providing all of the relocation assistance notices,

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

38

advisory services, and relocation benefits mandated by such federal and state laws;

- Ordering Defendants to locate persons already displaced since July 2006 and permit them to return to their homes, or at their option, to receive all relocation assistance and compensation required by 42 U.S.C. §1437p and implementing regulations, 42 U.S.C. §5304(d) and implementing regulations, and Cal. Govt. C. §7260 and Guidelines;

- Ordering Defendants to restore and re-rent vacant public housing units unless and until HUD approves a disposition or demolition application pursuant to 42 U.S.C. §1437p and implementing regulations;

- Enjoining Defendants from displacing and relocating residents and removing residential units from the public housing stock in violation of federal and state fair housing laws.

10. Award Plaintiffs' their costs incurred herein;

11. Award attorneys' fees to Plaintiffs' counsel, The Public Interest Law Project; and

12. Grant such other and further relief as the Court deems just and proper.

Dated: July 28, 2008          BAY AREA LEGAL AID
                              Phillip R. Morgan
                              Naomi Young
                              Lisa S. Greif

                              CALIFORNIA AFFORDABLE HOUSING LAW
                              PROJECT OF THE PUBLIC INTEREST LAW
                              PROJECT
                              Deborah Collins
                              Michael Rawson
                              Craig Castellanet

                              By:  /s/ Lisa S. Greif _____
                                   Lisa S. Greif
                                   BAY AREA LEGAL AID

                                   Attorneys for Plaintiffs

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate          Case No. C-07-05794 MHP

39

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


Dated:     July 28, 2008                    /s/ Lisa S. Greif_____

                                            Lisa S. Greif
                                            Attorney for Plaintiffs




I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.


Dated:     July 28, 2008          /s/ Lisa S. Greif_____

                                  Lisa S. Greif
                                  Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **VERIFICATION**

I, <u>Rhenae Keyes</u>, am Chair of the Arroyo Vista Tenants Association (AVTA), one of the Plaintiffs in the above-titled action, pursuant to a resolution of AVTA.  I have read the First, Second, and Third Claims for Relief of the Second Amended Complaint and Verified Petition for Writ of Mandate.  The same is true, except as to those matters that are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed <u>  July 28, 2008    </u> at <u>   Dublin     </u>, California.


<u>  /s/ Rhenae Keyes                              </u>
Rhenae Keyes
Chair, Arroyo Vista Tenants Association

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                                    Case No. C-07-05794 MHP

41

**VERIFICATION**

I, __Rhenae Keyes__, am one of the Plaintiffs in the above-entitled action. I have read the First, Second and Third Claims for Relief of the foregoing Second Amended Complaint and Verified Petition for Writ of Mandate. The same is true, except as to those matters that are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed __July 28, 2008__ at __Dublin__, California.


__/s/ Rhenae Keyes_____
Rhenae Keyes

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                    Case No. C-07-05794 MHP

42

1

## **VERIFICATION**

2

I, ____Andres Arroyo____, am one of the Plaintiffs in the above-entitled action.  I have

3

4

read the foregoing First, Second, and Third Claims for Relief of the Second Amended

5

Complaint and Verified Petition for Writ of Mandate.  The same is true, except as to those

6

matters that are alleged on information and belief, and as to those matters, I believe them to be

7

true.

8

I declare under penalty of perjury under the laws of the State of California that the

9

foregoing is true and correct.

10

11

Executed __July 28, 2008____ at __Dublin____, California.

12

13

___/s/ Andres Arroyo_____

14

Andres Arroyo

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                              Case No. C-07-05794 MHP

43

**<u>VERIFICATION</u>**

I, <u>  Darlene Brown  </u>, am one of the Plaintiffs in the above-entitled action.  I have read the foregoing First, Second, and Third Claims for Relief of the Second Amended Complaint and Verified Petition for Writ of Mandate.  The same is true, except as to those matters that are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed <u>   July 25, 2008  </u> at <u>  Dublin  </u>, California.


<u> /s/ Darlene Brown             </u>
Darlene Brown

## **VERIFICATION**

I, __Elise Veal____, am one of the Plaintiffs in the above-entitled action.  I have read the foregoing First, Second, and Third Claims for Relief of the Second Amended Complaint and Verified Petition for Writ of Mandate.  The same is true, except as to those matters that are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed ____July 25, 2008_____ at ___Dublin____, California.


_____/s/ Elise Veal_____
Elise Veal

Second Amended Complaint for Declaratory and
Injunctive Relief and Verified Petition for Writ of Mandate                                   Case No. C-07-05794 MHP

45