LEE C. ROSENTHAL, State Bar #58778
lrosenthal@goldfarblipman.com
ROBERT C. MILLS, State Bar #158097
rmills@goldfarblipman.com
JULIET E. COX, State Bar #214401
jcox@goldfarblipman.com

GOLDFARB & LIPMAN LLP
1300 Clay Street, Ninth Floor
Oakland, California 94612
Telephone:  (510) 836-6336
Facsimile:  (510) 836-1035

Attorneys for Defendants and Respondents and for
Real Parties in Interest DUBLIN HOUSING
AUTHORITY; HOUSING AUTHORITY OF THE
COUNTY OF ALAMEDA; SCS DEVELOPMENT
COMPANY; and EDEN HOUSING, INC.

JOSEPH M. QUINN, State Bar #171898
jquinn@meyersnave.com

MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, California 94105
Telephone:  (415) 421-3711
Facsimile:  (415) 421-3767

Attorneys for Defendant and Respondent
CITY OF DUBLIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROYO VISTA TENANTS ASS'N et al.,<br><br>Plaintiffs and Petitioners,<br><br>v.<br><br>CITY OF DUBLIN et al.,<br><br>Defendants and Respondents,<br><br>SCS DEVELOPMENT COMPANY et al.<br><br>Real Parties in Interest. | Case No.: 3:07-cv-05794-MHP<br><br>**ANSWER TO SECOND AMENDED PETITION AND COMPLAINT** |

Goldfarb &

Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

Defendants and Respondents DUBLIN HOUSING AUTHORITY ("DHA"), HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA ("HACA,"), and CITY OF DUBLIN (the "City") (together, "Defendants"), on their own behalf and on behalf of Real Parties in Interest SCS DEVELOPMENT COMPANY dba CITATION HOMES CENTRAL ("Citation") and EDEN HOUSING INC. ("Eden") (together, "Real Parties"), hereby answer the Second Amended Complaint for Declaratory and Injunctive Relief and Verified Petition for Writ of Mandate (the "SAC") filed in this action by Plaintiffs and Petitioners ("Plaintiffs") ARROYO VISTA TENANTS ASSOCIATION, RHENAE KEYES, ANDRES ARROYO, DARLENE BROWN, and ELISE VEAL by admitting, denying, and alleging as follows:

1.      Defendants admit that a Rhenae Keyes, an Andres Arroyo, a Darlene Brown, and an Elise Veal are tenants at the 150-unit Arroyo Vista public housing complex ("Arroyo Vista") located generally at 6700 Dougherty Road in Dublin. To the extent that Paragraph 1 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

2.      Defendants admit that DHA is a public body, corporate and politic, organized and existing under the California Housing Authorities Law (Cal. Health & Saf. Code § 34200 *et seq.*). Defendants admit further that DHA is a Public Housing Agency within the meaning of 42 U.S.C. § 1437. Defendants admit further that DHA owns Arroyo Vista and that DHA receives an annual contribution from United States Department of Housing and Urban Development ("HUD") for operation of Arroyo Vista. Defendants admit further that on July 17, 2007, the City Council of the City adopted City Resolution 136-07, approving execution by the City of a Disposition and Development Agreement (the "DDA") for redevelopment of Arroyo Vista. Defendants allege further that on the same date, the Board of Commissioners of DHA adopted DHA Resolution 10-07, approving execution of the DDA by DHA; and that on July 25, 2007, the HACA Housing Commission adopted HACA Resolution 18-07, approving execution of the DDA by HACA. Defendants admit further that Defendants and Real Parties executed the DDA on or around July 25, 2007. Defendants admit that the DDA calls for replacement of the 150 public housing units at Arroyo Vista with a mixed-income development including not less than

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

1

150 affordable housing units. Defendants admit and allege that the DDA provides for demolition of the 150 public housing units at Arroyo Vista and for replacement of those public housing units with a mixed-income development if, but only if, HUD approves the disposition plan described in the DDA. Defendants allege further that the DDA permits DHA to terminate the DDA without further obligation to the City, HACA, Eden, or Citation if HUD disapproves the disposition plan described in the DDA. To the extent that Paragraph 2 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

3.    Defendants admit that HACA has provided Housing Choice ("Section 8") vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Defendants allege further that DHA has provided relocation assistance to former Arroyo Vista residents in compliance with law. To the extent that Paragraph 3 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

4.    Defendants admit that since August 2007, they have not re-rented units at Arroyo Vista formerly occupied by tenants who have moved, and that they have secured those vacant housing units against unlawful occupancy. To the extent that Paragraph 4 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

5.    To the extent that Paragraph 5 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

6.    To the extent that Paragraph 6 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

7.    To the extent that Paragraph 7 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

8.    To the extent that Paragraph 8 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

9.      To the extent that Paragraph 9 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

10.     To the extent that Paragraph 10 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

11.     To the extent that Paragraph 11 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

12.     To the extent that Paragraph 12 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

13.     Defendants admit that Arroyo Vista is in Alameda County. To the extent that Paragraph 13 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

14.     To the extent that Paragraph 14 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

15.     Defendants admit that a Rhenae Keyes is a tenant at Arroyo Vista, and that Ms. Keyes and one other household member occupy a four-bedroom housing unit at Arroyo Vista. Defendants admit further that Ms. Keyes presently pays $549 per month in rent for her housing unit at Arroyo Vista. To the extent that Paragraph 15 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

16.     Defendants admit that a Darlene Brown is a tenant at Arroyo Vista, and that Ms. Brown occupies a two-bedroom housing unit. Defendants admit further that Ms. Brown presently pays $179 per month in rent for her housing unit at Arroyo Vista. To the extent that Paragraph 16 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

17.     Defendants admit that an Andres Arroyo is a tenant at Arroyo Vista, and that Mr. Arroyo and one other household member occupy a two-bedroom housing unit. Defendants admit and allege further that Mr. Arroyo presently pays $192 per month in rent for his housing unit at Arroyo Vista. To the extent that Paragraph 17 of the SAC includes any additional factual

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

18.     Defendants admit that an Elise Veal is a tenant at Arroyo Vista, and that Ms. Veal and seven other household members occupy a four-bedroom housing unit. Defendants admit and allege further that Ms. Veal pays $771 per month in rent for her housing unit at Arroyo Vista. To the extent that Paragraph 18 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

19.     Defendants admit and allege that the City is a municipal corporation organized and existing under the general laws of the State of California. To the extent that Paragraph 19 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

20.     Defendants admit and allege that DHA is a public body, corporate and politic, organized and existing under the California Housing Authorities Law (Cal. Health & Saf. Code § 34200 *et seq.*). Defendants admit further that DHA is a Public Housing Agency within the meaning of 42 U.S.C. § 1437. Defendants admit further that DHA owns Arroyo Vista and that DHA receives an annual contribution from HUD for operation of Arroyo Vista. To the extent that Paragraph 20 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

21.     Defendants admit and allege that HACA is a public body, corporate and politic, organized and existing under the California Housing Authorities Law (Cal. Health & Saf. Code § 34200 *et seq.*). Defendants admit further that HACA is a Public Housing Agency within the meaning of 42 U.S.C. § 1437 and that HACA is the managing agent for DHA. Defendants admit and allege further that the DDA requires HACA to provide up to 150 "Section 8" Vouchers to the Arroyo Vista households who may relocate or be displaced because of Arroyo Vista's redevelopment. To the extent that Paragraph 21 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

22.    Defendants admit and allege that Citation is a California corporation, duly organized and existing and authorized to do business in California. Defendants admit and allege further that Citation is a party to the DDA, and that the DDA requires Citation to develop for-sale housing at the Arroyo Vista site if, but only if, HUD approves the disposition plan described in the DDA. To the extent that Paragraph 22 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

23.    Defendants admit and allege that Eden is a California nonprofit public benefit corporation, duly organized and existing and authorized to do business in California. Defendants admit and allege further that Eden is a party to the DDA, and that the DDA requires Eden to develop affordable rental housing at the Arroyo Vista site if, but only if, HUD approves the disposition plan described in the DDA. To the extent that Paragraph 23 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

24.    Defendants admit that Arroyo Vista includes 150 public housing units and that Arroyo Vista is in the City of Dublin. Defendants admit that no other housing owned by a Public Housing Agency exists within the jurisdictional limits of the City of Dublin. Defendants admit that tenant-paid rents at Arroyo Vista average less than $500 per month. To the extent that Paragraph 24 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

25.    Defendants admit that DHA's Five-Year Plan for fiscal years 2005–2009 describes DHA's mission in substantially the manner alleged in the SAC. To the extent that Paragraph 25 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

26.    To the extent that Paragraph 26 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

27.    To the extent that Paragraph 27 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2

28.    Defendants admit that some Arroyo Vista residents have "very low" incomes, as HUD defines "very low"; and that others have "extremely low" incomes, as HUD defines "extremely low." To the extent that Paragraph 28 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

29.    Defendants admit and allege that DHA has a waiting list for public housing at Arroyo Vista, and that this list includes approximately 280 names. To the extent that Paragraph 29 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

30.    Defendants admit and allege that on July 24, 2006, DHA adopted its Resolution 12-06, authorizing DHA staff members to negotiate appropriate agreements with Eden and Citation for redevelopment of Arroyo Vista. To the extent that Paragraph 30 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

31.    Defendants admit and allege that on November 21, 2006, DHA adopted its Resolution 17-06, approving amendments to DHA's Annual and Five-Year Plans to provide for sale and redevelopment of Arroyo Vista and authorizing DHA staff members to submit these amendments to HUD. To the extent that Paragraph 31 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

32.    Defendants admit that on July 17, 2007, the City Council of the City adopted City Resolution 136-07, approving execution by the City of the DDA. Defendants admit that the DDA calls for replacement of the 150 public housing units at Arroyo Vista with a mixed-income development including not less than 150 affordable housing units. Defendants allege further that the DDA conditions replacement of these public housing units with a mixed-income development on approval by HUD of the disposition plan described in the DDA. To the extent that Paragraph 32 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

33.     Defendants admit that the DDA includes estimates of likely rent levels for the affordable rental units in the mixed-income development that may result from performance of the DDA. To the extent that Paragraph 33 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

34.     To the extent that Paragraph 34 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

35.     Defendants admit that on or around August 14, 2007, DHA submitted an application to HUD for permission to dispose of Arroyo Vista in the manner described in the DDA. To the extent that Paragraph 35 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

36.     Defendants admit that as of the date of this Answer, HUD had not approved DHA's application for permission to dispose of Arroyo Vista in the manner described in the DDA. To the extent that Paragraph 36 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

37.     To the extent that Paragraph 37 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

38.     Defendants admit and allege that DHA distributed notice to Plaintiffs and to others on or around February 12, 2008, that a draft relocation plan for Arroyo Vista was available for public comment and that the DHA Board of Commissioners would consider that plan at its April 15, 2008, meeting. To the extent that Paragraph 38 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

39.     Defendants admit and allege that on or around June 3, 2008, DHA adopted a resolution approving a relocation plan for Arroyo Vista's redevelopment. Defendants allege further that neither the City nor HACA has taken any action for which approval of a relocation plan is a prerequisite. To the extent that Paragraph 39 of the SAC includes any other factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

40.     To the extent that Paragraph 40 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

41.     To the extent that Paragraph 41 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

42.     To the extent that Paragraph 42 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

43.     To the extent that Paragraph 43 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

44.     To the extent that Paragraph 44 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

45.     To the extent that Paragraph 45 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

46.     To the extent that Paragraph 46 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

47.     Defendants incorporate by reference all responses to Paragraphs 1 through 46 of the SAC, inclusive.

48.     To the extent that Paragraph 48 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

49.     To the extent that Paragraph 49 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

50.     To the extent that Paragraph 50 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

51.     To the extent that Paragraph 51 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

52.     To the extent that Paragraph 52 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

53.     To the extent that Paragraph 53 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2

54.    To the extent that Paragraph 54 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

55.    To the extent that Paragraph 55 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

56.    To the extent that Paragraph 56 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

57.    Defendants admit that the HUD Special Applications Center in Chicago and the HUD local field office are responsible for evaluating and for approving or denying an applicant's compliance with federal laws governing disposition of public housing projects. To the extent that Paragraph 57 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

58.    To the extent that Paragraph 58 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

59.    Defendants admit that Defendants approved the DDA before HUD had acted on DHA's application to HUD for permission to dispose of Arroyo Vista in the manner described in the DDA. Defendants allege that the DDA expressly conditions disposition and demolition of Arroyo Vista in the manner described in the DDA upon approval by HUD of that disposition. To the extent that Paragraph 59 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

60.    Defendants admit and allege that the DDA requires Defendants to comply with all laws pertaining to relocation of Arroyo Vista's current residents. Defendants allege further that approval of the DDA was not an action for which HUD approval of a relocation plan was a prerequisite. To the extent that Paragraph 60 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

61.    Defendants admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Defendants allege further that DHA has provided relocation assistance to former

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

Arroyo Vista residents in compliance with law. To the extent that Paragraph 61 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

62.    To the extent that Paragraph 62 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

63.    To the extent that Paragraph 63 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

64.    To the extent that Paragraph 64 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

65.    To the extent that Paragraph 65 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

66.    To the extent that Paragraph 66 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

67.    Defendants incorporate by reference all responses to Paragraphs 1 through 46 of the SAC, inclusive.

68.    To the extent that Paragraph 68 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

69.    To the extent that Paragraph 69 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

70.    To the extent that Paragraph 70 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

71.    To the extent that Paragraph 71 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

72.    To the extent that Paragraph 72 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

73.    To the extent that Paragraph 73 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

1460\03\591372.2

74.    To the extent that Paragraph 74 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

75.    Defendants admit and allege that on July 24, 2006, DHA adopted its Resolution 12-06, authorizing DHA staff members to negotiate appropriate agreements with Eden and Citation for redevelopment of Arroyo Vista. To the extent that Paragraph 75 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

76.    Defendants admit and allege that on November 21, 2006, DHA adopted its Resolution 17-06, approving amendments to DHA's Annual and Five-Year Plans to provide for sale and redevelopment of Arroyo Vista and authorizing DHA staff members to submit these amendments to HUD. To the extent that Paragraph 76 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

77.    Defendants admit and allege that on July 17, 2007, the City Council of the City adopted City Resolution 136-07, approving execution by the City of the DDA; that on the same date, the Board of Commissioners of DHA adopted DHA Resolution 10-07, approving execution of the DDA by DHA; that on July 25, 2007, the HACA Housing Commission adopted HACA Resolution 18-07, approving execution of the DDA by HACA; and that Defendants and Real Parties executed the DDA on or around July 25, 2007. Defendants admit that the DDA calls for replacement of the 150 public housing units at Arroyo Vista with a mixed-income development including not less than 150 affordable housing units. Defendants admit and allege that the DDA provides for demolition of the 150 public housing units at Arroyo Vista and for replacement of those public housing units with a mixed-income development if, but only if, HUD approves the disposition plan described in the DDA. To the extent that Paragraph 77 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

78.    Defendants admit and allege that DHA distributed notice to Plaintiffs and to others on or around February 12, 2008, that a draft relocation plan for Arroyo Vista was

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

available for public comment and that the DHA Board of Commissioners would consider that plan at its April 15, 2008, meeting. To the extent that Paragraph 78 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

79.    Defendants admit and allege that on or around June 3, 2008, DHA adopted a resolution approving a relocation plan for Arroyo Vista's redevelopment. Defendants allege further that neither the City nor HACA has taken any action for which approval of a relocation plan is a prerequisite. To the extent that Paragraph 79 of the SAC includes any other factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

80.    Defendants admit and allege that DHA's application to HUD for permission to dispose of Arroyo Vista in the manner described in the DDA certifies that DHA will give notice to Plaintiffs and to all other Arroyo Vista tenants in compliance with all laws governing relocation. To the extent that Paragraph 80 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

81.    Defendants admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Defendants allege further that DHA has provided relocation assistance to former Arroyo Vista residents in compliance with law. Defendants admit that they have not re-rented those former residents' units, and that they have secured those vacant housing units against unlawful occupancy. To the extent that Paragraph 81 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

82.    To the extent that Paragraph 82 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

83.    To the extent that Paragraph 83 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2

84.     To the extent that Paragraph 84 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

85.     To the extent that Paragraph 85 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

86.     Defendants incorporate by reference all responses to Paragraphs 1 through 46 and 68 through 81 of the SAC, inclusive.

87.     To the extent that Paragraph 87 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

88.     Defendants admit and allege that the DDA requires Defendants to comply with all laws pertaining to relocation of Arroyo Vista's current residents. Defendants allege further that no law made preparation of a relocation plan a prerequisite to approval of the DDA. To the extent that Paragraph 88 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

89.     Defendants admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Defendants allege further that DHA has provided relocation assistance to former Arroyo Vista residents in compliance with law. To the extent that Paragraph 89 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

90.     To the extent that Paragraph 90 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

91.     Defendants admit that HACA has provided "Section 8" vouchers to some former Arroyo Vista tenants, who have used those vouchers to move from Arroyo Vista into other housing. Defendants allege further that DHA has provided relocation assistance to former Arroyo Vista residents in compliance with law. To the extent that Paragraph 91 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2

92.    Defendants allege that as of the date of this Answer, no Respondent and no Real Party had taken any action for which any law makes provision of "notices to vacate" a prerequisite. To the extent that Paragraph 92 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

93.    To the extent that Paragraph 93 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

94.    To the extent that Paragraph 94 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

95.    To the extent that Paragraph 95 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

96.    To the extent that Paragraph 96 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

97.    Defendants incorporate by reference all responses to Paragraphs 1 through 46 of the SAC, inclusive.

98.    To the extent that Paragraph 98 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

99.    Defendants admit that the DDA lists federal financial assistance under the HOME program, 42 U.S.C. § 12701 *et seq.*, as one of many possible but unconfirmed funding sources for some housing units in the mixed-income development that will replace Arroyo Vista if HUD approves the disposition plan described in the DDA. Defendants deny that any Defendant or Real Party has applied for, received, or used federal financial assistance under the HOME program to carry out any aspect of Defendants' and Real Parties' planning for Arroyo Vista's potential redevelopment. To the extent that Paragraph 99 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

100.    To the extent that Paragraph 100 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP

1300 Clay Street

Ninth Floor

Oakland

California

94612

510 836-6336

510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2

101.    To the extent that Paragraph 101 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

102.    To the extent that Paragraph 102 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

103.    To the extent that Paragraph 103 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

104.    To the extent that Paragraph 104 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

105.    To the extent that Paragraph 105 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

106.    To the extent that Paragraph 106 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

107.    To the extent that Paragraph 107 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

108.    To the extent that Paragraph 108 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

109.    To the extent that Paragraph 109 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

110.    To the extent that Paragraph 110 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

111.    Defendants incorporate by reference all responses to Paragraphs 1 through 46 and 48 through 62 of the SAC, inclusive.

112.    To the extent that Paragraph 112 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

113.    To the extent that Paragraph 113 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

114.    To the extent that Paragraph 114 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

15

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

115.    To the extent that Paragraph 115 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

116.    To the extent that Paragraph 116 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

117.    To the extent that Paragraph 117 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

118.    To the extent that Paragraph 118 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

119.    To the extent that Paragraph 119 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

120.    Defendants incorporate by reference all responses to Paragraphs 1 through 46, 48 through 62, 98 through 110, and 112 through 119 of the SAC, inclusive.

121.    Defendants admit and allege that the City is a municipal corporation organized and existing under the general laws of the State of California and that DHA and HACA are public bodies, corporate and politic, organized and existing under the California Housing Authorities Law. To the extent that Paragraph 121 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

122.    To the extent that Paragraph 122 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

123.    To the extent that Paragraph 123 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

124.    Defendants incorporate by reference all responses to Paragraphs 1 through 46 of the SAC, inclusive.

125.    To the extent that Paragraph 125 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

126.    Defendants admit and allege that Plaintiffs KEYES, BROWN, and VEAL have identified themselves to DHA as African Americans. Defendants admit and allege further that

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

Plaintiff ARROYO has identified himself to DHA as Hispanic. Defendants admit and allege further that the households of Plaintiffs KEYES and VEAL at Arroyo Vista include minor children. To the extent that Paragraph 126 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

127.    To the extent that Paragraph 127 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

128.    To the extent that Paragraph 128 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

129.    To the extent that Paragraph 129 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

130.    To the extent that Paragraph 130 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

131.    To the extent that Paragraph 131 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

132.    To the extent that Paragraph 132 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

133.    To the extent that Paragraph 133 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

134.    To the extent that Paragraph 134 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

135.    Defendants incorporate by reference all responses to Paragraphs 1 through 46 of the SAC, inclusive.

136.    To the extent that Paragraph 136 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

137.    Defendants admit and allege that Plaintiffs KEYES, BROWN, and VEAL have identified themselves to DHA as African Americans. Defendants admit and allege further that Plaintiff ARROYO has identified himself to DHA as Hispanic. Defendants admit and allege further that the households of Plaintiffs KEYES and VEAL at Arroyo Vista include minor

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

17

1460\03\591372.2

children. To the extent that Paragraph 137 of the SAC includes any additional factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

138.    To the extent that Paragraph 138 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

139.    To the extent that Paragraph 139 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

140.    To the extent that Paragraph 140 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

141.    To the extent that Paragraph 141 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

142.    To the extent that Paragraph 142 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

143.    To the extent that Paragraph 143 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

144.    To the extent that Paragraph 144 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

145.    To the extent that Paragraph 145 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

146.    Defendants incorporate by reference all responses to Paragraphs 1 through 46, 68 through 73, 79, and 87 of the SAC, inclusive.

147.    Defendants admit and allege that on or around June 3, 2008, DHA adopted a resolution approving a relocation plan for Arroyo Vista's redevelopment. To the extent that Paragraph 147 of the SAC includes any other factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

148.    To the extent that Paragraph 148 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

149.    To the extent that Paragraph 149 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

150.   To the extent that Paragraph 150 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

151.   To the extent that Paragraph 151 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

152.   To the extent that Paragraph 152 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

153.   To the extent that Paragraph 153 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

154.   To the extent that Paragraph 154 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

155.   To the extent that Paragraph 155 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

156.   To the extent that Paragraph 156 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

157.   To the extent that Paragraph 157 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

158.   To the extent that Paragraph 158 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

159.   To the extent that Paragraph 159 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

160.   To the extent that Paragraph 160 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

161.   To the extent that Paragraph 161 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

162.   To the extent that Paragraph 162 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

163.   To the extent that Paragraph 163 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2

164.    To the extent that Paragraph 164 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

165.    To the extent that Paragraph 165 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

166.    The SAC includes no Paragraph 166.

167.    To the extent that Paragraph 167 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

168.    To the extent that Paragraph 168 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

169.    To the extent that Paragraph 169 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

170.    To the extent that Paragraph 170 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

171.    To the extent that Paragraph 171 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

172.    To the extent that Paragraph 172 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

173.    To the extent that Paragraph 173 of the SAC includes any factual allegations potentially material to Plaintiffs' claims, Defendants and Real Parties deny those allegations.

## FIRST AFFIRMATIVE DEFENSE

The SAC fails to state any claim upon which this Court may grant relief to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over any potential claim stated in the SAC, because any such claim is not yet ripe for this Court's adjudication.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over any potential claim stated in the SAC, because some or all Plaintiffs lack standing to bring those claims.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

1460\03\591372.2

## FOURTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over persons whose participation in this action is necessary to accomplish complete adjudication of any claims stated by Plaintiffs, because Plaintiffs have failed to join all indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' unclean hands bar any recovery by them on the claims alleged in the SAC.

## SIXTH AFFIRMATIVE DEFENSE

Some or all Plaintiffs, by their own acts and omissions, have caused any harm to Plaintiffs of which Plaintiffs complain.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all Plaintiffs have waived any right to the recovery they seek in the SAC.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all Plaintiffs are estopped by their own acts to claim the recovery they seek in the SAC.

WHEREFORE, Defendants and Real Parties pray:

1.    That Plaintiffs take nothing by their SAC in this action;

2.    That Defendants and Real Parties be awarded costs of suit herein; and

3.    For such other and further relief as this Court may deem just and proper.

DATED:  August 18, 2008                    GOLDFARB & LIPMAN LLP


By:    /s/ Juliet E. Cox
       JULIET E. COX
       Attorneys for Defendants and Respondents and
       for Real Parties in Interest DUBLIN
       HOUSING AUTHORITY; HOUSING
       AUTHORITY OF THE COUNTY OF
       ALAMEDA; SCS DEVELOPMENT
       COMPANY; and EDEN HOUSING, INC.

Goldfarb &
Lipman LLP
1300 Clay Street
Ninth Floor
Oakland
California
94612
510 836-6336
510 836-1035 FAX

1460\03\591372.2

1  DATED: August 18, 2008                    MEYERS, NAVE, RIBACK, SILVER &
                                             WILSON
2

3
                                    By:    /s/ Joseph M. Quinn
4                                          JOSEPH M. QUINN
                                           Attorneys for Defendant and Respondent
5                                          CITY OF DUBLIN

6        I hereby attest that I have on file all holograph signatures for any signatures indicated by

7  a "conformed" signature (/s/) within this efiled document.

8

9

10

11

12

13

14

15

16

17

18

19

Goldfarb &    20

Lipman LLP    21

1300 Clay Street  22

Ninth Floor   23

Oakland       24

California    25

94612         26

510 836-6336  27

510 836-1035 FAX  28

ANSWER TO SECOND AMENDED COMPLAINT (3:07-cv-05794-MHP)

1460\03\591372.2